UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

FILED

NOV 0 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MICHAEL C. ANTONELLI,                )
No. 04053-164,                       )
Federal Correctional Institution)
Box 4000,                            )
Manchester, Kentucky  40962,         )
                                     )
              v     Plaintiff,       )
                                     )
FEDERAL BUREAU OF PRISONS,           )
320 First Street, NW                 )
Washington, D. C.  20534,            )
          and                        )
FEDERAL BUREAU OF INVESTIGATION,)
J. Edgar Hoover Building,            )
Washington, D. C.  20530,            )
          and                        )
UNITED STATES MARSHALS SERVICE, )
Department of Justice                )
Washington, D. C.  20530,            )
          and                        )
OFFICE OF INFORMATION & PRIVACY )
United States Department of          )
Justice, Suite 11050,                )
1425 New York Avenue, NW.,           )
Washington, D.C.  20530-0001,        )
          and                        )
UNITED STATES IMMIGRATION AND        )
CUSTOMS ENFORCEMENT,                 )
425 I. Street, NW                    )
Washington, D. C.  20536,            )
                                     )
          Defendants. )

Case: 1:07-cv-02016
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 11/07/2007
Description: FOIA/PRIVACY ACT

FOIA/PA SUIT

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF PURSUANT TO THE FREEDOM OF INFORMATION ACT, 5 USC SECTION 552 AND THE PRIVACY ACT 5 USC SECTION 552(a) FOR THE CORRECTION OF ERRONEOUS RECORDS**

NOW COMES, Plaintiff, MICHAEL C. ANTONELLI, Pro Se, and respectfully complains under the FOIA/PA as follows:

### Plaintiff

Plaintiff, MICHAEL C. ANTONELLI, Pro Se, is a federal prisoner housed at the Federal Correctional Institution, Box 4000, Manchester, Kentucky 40962 and is a legal resident of Lemont, Illinois 60439.

### Defendants

Defendants, FEDERAL BUREAU OF PRISONS (Hereinafter "BOP"); the FEDERAL BUREAU OF INVESTIGATION (Hereinafter "FBI"); the UNITED STATES MARSHALS SERVICE (Hereinafter "USMS"); OFFICE OF INFORMATION AND PRIVACY (Hereinafter "OIP"); and UNITED STATES IMMIGRATION AND CUSTOMS ENFOREMENT (ICE"), are federal agencies subject to the FOIA/PA.

-1-

RECEIVED

OCT 1 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## Jurisdiction

Jurisdiction of this Court is had through the Freedom of Information Act (Hereinafter "FOIA") and the Privacy Act (Hereinafter "PA").

## Venue

Venue is proper and lies in the District of Columbia.

## FREEDOM OF INFORMATION ACT COUNTS

### Count I

1. On October 21, 2006 plaintiff mailed an FOIA REQUEST to the Director of the BOP asking to review the entire BOP files of ANTHONY ALLAN LEMAY. Plaintiff submitted a Written Authorization for the release of records to him from Lemay.
2. The BOP never responded to plaintiff's request.
3. Defendant, BOP, is in gross derrogation of the FOIA.
4. This action is proper to obtain access to the requested records.
5. Plaintiff requests judicial review of the action/inaction of the BOP.

### Count II

1. On August 9, 2005 plaintiff mailed an FOIA REQUEST to the Director of the BOP asking for a copy of all video tapes taken on June 16, 2005 in B-2 Unit.
2. On September 2, 2005 plaintiff sent an FOIA APPEAL to the OIP claiming the BOP has not responded and the time limits within which to do so have expired.
3. By letter dated September 21, 2005, the BOP sent plaintiff a no records response.
4. By another letter dated September 21, 2005, the BOP advised plaintiff that his request would be handled as expeditiously as possible.
5. By letter dated October 8, 2005 plaintiff appealed the no records response of September 21, 2005 to the OIP.
6. The OIP acknowledge receipt of the FOIA APPEAL on October 28, 2005.
7. By letter from OIP dated December 27, 2006, plaintiff was advised that his appeal was administratively closed because he owed the USMS $42.10.
8. By letter to the OIP dated January 11, 2007, plaintiff notified the OIP that he paid the $42.10 to the USMS and asked them to reopen his appeal.
9. By letter dated April 9, 2007 the OIP then notified plaintiff that he owed the EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS (Hereinafter "EOUSA") $50.00 in fees and that his appeal was therefore closed.
10. By letter dated April 15, 2007 plaintiff notified the OIP that he had paid everything he owed the EOUSA on March 3, 2007, before the OIP even decided to close his appeal.
11. The plaintiff is entitled to the records requested and the BOP has no justifiable cause to deny him same.
12. The plaintiff hereby asks for judicial review of the action/inaction of the BOP and the OIP.

-2-

## Count III

1.    By INMATE REQUEST TO STAFF dated January 1, 2007, plaintiff requested from Ms Walters, Supervisor of Education at USP Big Sandy, a copy of all records she had with "some person high up in the ranks of the Department of Justice" concerning plaintiff's Freedom of Information Act requests.

2.    Attached to the request was a copy of the identical letter that plaintiff mailed to the Director of the BOP requesting the same information on that same date.

3.    Plaintiff filed an appeal under the FOIA to the OIP concerning that request on March 4, 2007.

4.    Plaintiff is entitled to the records requested and there is no legal reason to deny him them.

5.    The BOP has not provided plaintiff any of the records requested pursuant to this request.

6.    Plaintiff asks for judicial review of the action/inaction of the BOP.

## Count IV

1.    By letter to K. Taylor, VT Coordinator at FCC, Ark plaintiff requested a copy of the syllabus/curriculum that he had submitted to the education department at Forrest City, Arkansas FCC,

2.    By letter dated August 27, 2006 to the Director of the BOP plaintiff requested copies of everything in the Education Department files at Forrest City, Arkansas Medium Facility in connection to the classes he tutored or attempted to tutor.

3.    By letter dated October 12, 2006 the BOP acknowledged receipt of the request.

4.    By letter dated November 29, 2006 plaintiff received 7 pages of material from BOP.

5.    Plaintiff appealed the insufficient search for records by the BOP.

6.    Plaintiff is entitled to the records requested and there is no reason to deny him same.

7.    Plaintiff asks for judicial review of the action/inaction of the BOP.

## Count V

1.    By letter dated April 19, 2007, plaintiff requested the electronic phone records of a phone call he made to his son Michael on Christmas Eve 2006, from the Director of the BOP.

2.    By letter to BOP dated May 5, 2007 plaintiff clarified the phone number called on Christmas Eve.

3.    By letter dated June 5, 2007, the BOP blanket denied the plaintiff's request.

4.    Plaintiff appeal that blanket denial to OIP on June 6, 2007.

5.    Plaintiff is entitled to the requested information and there is no legal basis for the denial of same by BOP.

6.    Plaintiff asks for judicial review of the action/inaction of the BOP.

## Count VI

1.    By letter dated March 5, 2007, plaintiff requested a copy of all telephonic recordings had with his attorney Doug Roller in the possession of the BOP.
2.    The BOP acknowledged receipt of the request on March 20, 2007.
3.    The BOP sent plaintiff a no records response on April 12, 2007.
4.    Plaintiff appealed the no records response to the OIP on April 18, 2007.
5.    The OIP acknowledged receipt of the appeal on May 7, 2007.
6.    On June 5, 2007 plaintiff was advised by OIP that his appeal was closed because he owed money to the EOUSA.
7.    By letter dated July 29, 2007 to the OIP plaintiff provided the OIP with concrete factual evidence that he paid what he purportedly owed to the EOUSA on March 14, 2007.  He further asked that all his closed appeals be reopened.
8.    Plaintiff is entitled to the requested records and there is no legal reason to deny him them by BOP.
9.    Plaintiff asks for judicial review of the action/inaction of the BOP.

## Count VII

1.    By request to the BOP dated August 3, 2005, plaintiff requested all SIS, SIS and investigative records compiled at FCC Medium in Forrest City, Arkansas.
2.    By FOIA APPEAL dated August 31, 2005 to the OIP plaintiff claimed the BOP did not respond within the FOIA time limits.
3.    By letter dated September 13, 2005 the BOP advised plaintiff to contact local staff to review the records and that the investigative records sought were being processed.
4.    By letter dated October 3, 2005, the OIP acknowledged receipt of plaintiff's FOIA APPEAL.
5.    By letter dated January 6, 2006 the BOP released certain highly exporged records and blanket denied some information.
6.    Plaintiff again appealed to OIP.
7.    The OIP acknowledge receipt.
8.    The OIP generically affirmed the initial action/inaction of BOP by letter dated March 30, 2006.
9.    Plaintiff asks for judicial review of the BOP action/inaction.

## Count VIII

1.    By letter to BOP plaintiff requested all records in connection to the tort claims he had filed.
2.    BOP acknowledged receipt of the request on September 11, 2006.
3.    On October 31, 2006 certain records were released by BOP and 32 pages contained exporgations and 31 pages were blanket denied the plaintiff.
4.    Plaintiff appealed the withholdings to OIP on November 12, 2006.
5.    Plaintiff asks for judicial review of the action/inaction of the BOP.

-4-

## Count IX

1.    By INMATE REQUEST TO STAFF MEMBER Alison Luekefeld at FCC
Forrest City dated September 10, 2005, plaintiff requested a copy of
his entire RDAP Treatment File including a hard-copy of all computer
entries generated.
2.    By INMATE REQUEST TO STAFF MEMBER James Lee Hoover at FCC
Forrest City plaintiff requested same.
3.    By letter to the Director of the BOP dated September 18,
2005, plaintiff requested same.
4.    On October 7, 2007 the BOP advised plaintiff to review the
records locally.
5.    By FOIA APPEAL dated October 11, 2005 the plaintiff appealed
the failure of the BOP to act within the time limits.
6.    By INMATE REQUEST TO STAFF MEMBER James Lee Hoover at FCC
Forrest City the plaintiff requested all entries put into the computor
in connection to his name.
7.    By FOIA REQUEST dated October 24, 2005 to the Director of
the BOP plaintiff requested all entries put into the computer in
connection to his name.
8.    By INMATE REQUEST TO STAFF MEMBER dated October 24, 2005 the
plaintiff requested from Alison Marie Luekefeld a copy of the records
showing the reasons he was expelled from RDAP.
9.    By FOIA APPEAL dated November 3, 2005, plaintiff appealed
the delay in responding to his request.
10.    By FOIA APPEAL dated November 14, 2005 plaintiff appealed
the withholding of certain records by BOP and the fact that BOP had
not claimed any exemptions nor stated any reasons for the deletions.
11.    OIP acknowledged receipt of an appeal on November 30, 2005.
12.    OIP acknowledged receipt of an appeal on December 1, 2005.
13.    By letter from OIP dated December 21, 2006, a year later,
the OIP advised plaintiff that they had closed an appeal because the
plaintiff owed the USMS $42.10.
14.    By letter from OIP dated December 27, 2006, plaintiff was
advised that another appeal was closed for the same reason.
15.    By two letters to OIP dated January 11, 2007, plaintiff
advised the OIP that he had paid the USMS the money and asked that both
appeals be reopened.
16.    The OIP responded on April 9, 2007 advising the plaintiff
that now the appeals were closed because he purportedly owes the EOUSA
money.
17.    By letter to OIP dated April 15, 2007, plaintiff advised
that he had completely paid the EOUSA all monies thought to be owed
them, plus more and asked that his appeals again be reopened.
18.    Plaintiff asks for judicial review of the action/inaction
of the BOP and the OIP.

## Count X

1.    By request to the Director of the BOP dated April 15, 2006,
plaintiff asked for all records in connection to the incident report
he received on June 16, 2005.
2.    By release dated July 25, 2006 the plaintiff received
certain records and BOP withheld many records.
3.    Plaintiff appealed the withholdings to OIP on August 1, 2006.
4.    OIP acknowledged the appeal on August 16, 2006.

-5-

5.    The OIP on January 16, 2007 advised plaintiff that his appeal was closed because he owed the USMS $42.10.
6.    On January 22, 2007 plaintiff advised OIP that he paid the $42.10 to the USMS and asked that his appeal be reopened.
7.    Plaintiff asks for judicial review of the BOP and OIP actions/inactions.

## Count XI

1.    By request to the Director of the BOP dated August 13, 2006, the plaintiff requested all information in connection to Incedent Report No. 1440394 and Administrative Remedy No. 411235.
2.    By release dated October 31, 2006 the BOP released certain records and withheld some in part and some in full.
3.    By request dated August 4, 2006 plaintiff requested a copy of all SENSITIVE BP-10's or BP-11's in connection to Administrative Remedy No. 383161.
4.    BOP responded to this request by stating that the request could not be processed until the $42.10 owed the USMS was paid.
5.    Plaintiff appealed that denial to OIP on March 5, 2007.
6.    Plaintiff also appealed the October 31, 2006 withholdings by the BOP to the OIP.
7.    Plaintiff asks for judicial review of the action/inactions of the BOP and OIP.

## Count XII

1.    By request to the Director of BOP dated August 24, 2005, the plaintiff asked for all records in connection to the Document For Inmate Review form brought to him on August 23, 2005.
2.    BOP never responded.
3.    BOP is in violation of the FOIA.
4.    Plaintiff asks for judicial review of this inaction by the BOP.

## Count XIII

1.    Plaintiff requested from BOP a copy of all records in connection to Administrative Remedy Number 406470.
2.    BOP release certain records and withheld some on October 20, 2006.
3.    Plaintiff appealed the withholdings to OIP.
4.    Plaintiff asks for judicial review of the OIP and BOP action/inactions.

## Count XIV

1.    On June 13, 2006 plaintiff requested all records in connection to Central Office Remedy ID No. 411064.
2.    On July 5, 2006 the BOP denied the request.
3.    Plaintiff appealed to OIP on August 2, 2006.
4.    Plaintiff asks for judicial review of the BOP and OIP action/inactions.

-6-

## Count XV

1.    By request to the Director of the BOP dated August 3, 2006, plaintiff asked for all records in connection to Administrative Remedy No. 386968.
2.    By letter to BOP dated August 6, 2006 plaintiff asked for all records in connection to Administrative Remedy No 392038.
3.    By letter to BOP the plaintiff also asked for all records in connection to Remedy ID No. 402868.

4.    The BOP sent these requests back unanswered on August 1st and August 8, 2006.
5.    Plaintiff appeal to OIP on August 16, 2006.
6.    The BOP answered the requests on September 12, 2006.
7.    Plaintiff appealed the insuffiecient search to OIP on October 24, 2006.
8.    OIP acknowledged receipt on October 10, 2006.
9.    Plaintiff asks for judicial review of the BOP and OIP actions/inactions.

## Count XVI

1.    A portion of a request to the USMS was forwarded to ICE for processing.
2.    ICE released one page with exporgations on May 10, 2007.
3.    Plaintiff appealed the withholdings to OIP on June 21, 2007.
4.    Plaintiff asks for judicial review of the actions/inactions of the ICE and their appeals faction.

## Count XVII

1.    By letter to the Director of the USMS dated November 4, 2006, plaintiff asked the USMS who he must send the $42.10 he owes to.
2.    Plaintiff then paid the $42.10 debt he owed the USMS.
3.    The USMS then released certain records to plaintiff and withheld some in part and blamket denied some.
4.    Plaintiff appealed the withholdings to OIP.
5.    Plaintiff asks for judicial review of the action/inaction of the USMS and OIP.

## Count XVIII

1.    By request to the Director of the FBI the plaintiff asked for addresses of all FBI Field Offices in every state.
2.    Plaintiff appealed to OIP the FBI failure to respond on August 8, 2005.
3.    On November 5, 2006 plaintiff asked for the FBI to search the I-Files and/or Hard Drives for information in connection to Nancy Antonelli and James Valona who had submitted releases.
4.    Plaintiff appealed the failure of FBI to respond to OIP.
5.    The OIP advised plaintiff his appeal was closed because he failed to pay USMS $42.10 he owed them.
6.    Plaintiff on January 10, 2007 sent the FBI an extension to his FOIA request that was being blocked by FBI Field Office in Chicago, Illinois.

-7-

7.    By letter to OIP dated January 11, 2007 plaintiff advised OIP that he had paid the $42.10 in connection to the USMS request, and asked that his appeal be reopened.

8.    By letter dated February 9, 2007 the FBI asked plaintiff to submit a privacy waiver from Nancy Antonelli and James Valona.

9.    By appeal to OIP dated February 11, 2007 plaintiff appealed the refusal of the Chicago Field Office of the FBI to accept mail from him.

10.    By letter to FBI dated February 18, 2007 plaintiff advised the FBI that it had already sent the required waivers from Ms Antonelli and Mr. Valona.

11.    By letter to OIP dated February 19, 2007 plaintiff appealed the fact that the FBI wanted a second waiver from Ms Antonelli and Mr. Valona.

12.    By letter to plaintiff dated March 6, 2007 the FBI in Washington, D.C. notified the plaintiff that he would have to direct his request to the Field Offices of FBI.

13.    By letter dated March 12, 2007, plaintiff requested an extension of his prior FOIA requests for information in connection to Nancy Antonelli and James Valona.

14.    By letter to OIP dated March 12, 2007, plaintiff appealed the failure of the FBI to process his requests for information from the Chicago and Milwaukee Field Offices of the FBI.

15.    By letter to plaintiff dated March 30, 2007, the OIP advised plaintiff that his requests concerning Nancy Antonelli, James Valona and himself were forwarded to the FOIA/PA Public Information Officer in Winchester, Virginia.

16.    By letter from OIP dated April 9, 2007 the OIP advised plaintiff that his appeal concerning James Valona was closed because plaintiff purportedly owed EOUSA money.

17.    By letter to OIP dated April 15, 2007 plaintiff advised the OIP that he had paid his bills with EOUSA on March 14, 2007.

18.    By letter dated April 17, 2007 the FBI advised plaintiff that it had not searched the computer network shared drives for the requested I-Drives concerning Michael C. Antonelli, Nancy Antonellli and James Valona.

19.    By appeal to OIP dated April 24, 2007 plaintiff appealed the improper search for the I-Drives concerning Ms. Antonelli, Mr. Valona and plaintiff.

20.    By letter dated May 18, 2007 the OIP advised plaintiff that all his appeales were closed because he purportedly owed the EOUSA money.

21.    Plaintiff does not owe EOUSA any money whatsoever and that notion was the result of error upon the EOUSA and OIP.

22.    Plaintiff asks for judicial review of the FBI and OIP actions/inactions.

23.    Plaintiff is entitled to access to the requested records and there is no legal reason to deny him same.

24.    FBI and OIP are in violation of the FOIA.

25.    This action is proper to obtain access to the requested records.

## PRIVACY ACT COUNTS

### Count A

1.    The FEDERAL BUREAU OF PRISONS maintain inacurate records in the files of plaintiff concerning the false and fictitious fact that the plaintiff was properly put on FRP refusal and the plaintiff has a "Learning Contract" in his RDAP files.  This FRP refusal and Learning Contract was given plaintiff in retaliation for his having filed inmate grievances and was improvidently entered.  This FRP refusal and the Learning Contract were deliberately impugned upon plaintiff by MARTHA DEPOORTER and ALISON LUEKEFELD of FCC Arkansas.  Plaintiff has been ejected out of the RDAP Class and retaliatory transferred, the proximate cause of which was the erroneous records of FRP Refusal and Learning Contract maintained to this day by the BOP.

2.    Plaintiff has fully exhausted all the available administrative remedies in his efforts to correct yhese erroneous records maintained by the BOP to no avail.

3.    Plaintiff asks for expungement/correction of these erroneous records and $10,000.00 damages from the BOP.

### Count B

1.    The FEDERAL BUREAU OF PRISONS maintain inacurate records in their computer database concerning plaintiff and the false and fictitious entries by ALISON LUEKEFELD on or after August 30, 2005 that contain information showing the legitimacy of a learning contract.  Alison Luekefeld backdated here computer entries in order to make the fact that she gave me a "Learning Contract" legitimate when in fact it was not.  This was done for improper motive in order to cover up the fact that the learning contract was improvidently issued plaintiff.  This backdating of the computer entries was done deliberately and willful and wanton and with malice.  Plaintiff has been ejected from the RDAP class and retaliatory transfered and the records erroneously reflect that he is a "Program Failure."

2.    Plaintiff has fully exhausted all available administrative remedies in his efforts to correct these erroneous computer entries mainted by the BOP to no avail.

3.    Plaintiff asks for expungement/correction of these erroneous computer entries and $10,000.00 damages from BOP.

### Count C

1.    The FEDERAL BUREAU OF PRISONS maintain inacurate records in that plaintiff is shown to have been expelled from the RDAP due to a pattern of behavior which showed lack of treatment readiness and progress.  This is false and fictitious and the real reason the plaintiff was ejected from RDAP was reprisal for exercising his constitutional right to file grievances and assist other inmates in drafting their grievances.  This was intentional and deliberate by ALISON LUEKEFELD and JAMES LEE HOOVER and done with malice and afore-thought.  This adverse determination leaves plaintiff with the stigma of being a "Program Failure" and he has been prejudiced at a parole determination thereafter, retaliatory transfered, and the proximate

-9-

cause of these adverse determinations is the constant maintainence
of the aforesaid inacurate records by the BOP.
2.    Plaintiff has fully exhausted all available administrative
remedies in his efforts to correct these records maintained to no avail.
3.    Plaintiff asks for correction of these erroneous records and
$10,000.00 damages from the BOP.

## Count D

1.    The FEDERAL BUREAU OF PRISONS maintain inacurate records
in that a Progress Report in the records kept depicts him as having
"Poor Adjustment" which is an inacurate characterization of him.  The
plaintiff has been retaliatory transfered because of these inacurate
records which were put into his files by Francine Hellaire of the FCC
in Arkansas.  This was done deliberately and intentionally in reprisal
for plaintiff having exercised his First Amendment rights.  Adverse
Determinations done to plaintiff were done intentionally and willfully
and with malice and aforethought to prejudice him, the proximate cause
of which was the inacurate characterization of plaintiff in the BOP
records.
2.    Plaintiff has fully exhausted all available remedies
administratively in his efforts to correct these erroneous records kept
by the BOP to no avail.
3.    Plainti ff asks for correction of these erroneous records
and $10,000.00 damages from BOP.

## Count E

1.    The FEDERAL BUREAU OF PRISONS maintain inacurate records
in that I stand purportedly convicted of institutional offenses of
INSOLENCE and REFUSING AN ORDER.  Plaintiff has been ejected out of
RDAP, retaliatory transfered, and denied a parole because of these
inacurate records kept by BOP and disemminated by them.  This was
done deliberately, intentionally, and willfully by MARTHA DEPOORTER
of the FCC Arkansas staff and with malice and aforethought in order
to prejudice plaintiff, the proximate cause of which was the reprisal
for his having exercised his First Amendment Rights.
2.    Plaintiff has fully exhausted all available remedies
administratively in his efforts to correct these erroneous records
kept by the BOP.
3.    Plaintiff asks for correction of these records and
$10,000.00 damages from BOP.

## Count F

1.    The FEDERAL BUREAU OF PRISONS maintain inacurate records
in that plaintiff's records reflect that he owes an FRP deby of $50.00
to some State agency.  This erroneous records portrays plaintiff as one
who cannot be financially responsible and is the basis for adverse
determinations now and the future, the proximate cause of which is
the erroneous records as aforesaid kept by the BOP.  These records are
being kept intentionally and willfully by BOP staff.
2.    Plaintiff has fully exhausted all available administrative
remedies in his efforts to correct these erroneous records kept by
the BOP to no avail.

-10-

3.    Plaintiff asks for correction of these records and
$10,000.00 damages from BOP.

## Count G

1.    The FEDERAL BUREAU OF PRISONS maintain inacurate records
in that plaintiff's records reflect that he committed the institutional
offense of ENGAGING IN A GROUP DEMONSTRATION.  Plaintiff has been
retaliatory transfered, denied parole and his sentence extended due
to the inacurate records as aforesaid kept intentionally and will-
fully by the BOP staff with malice and aforethought by ALISON
LUEKEFELD, JAMES LEE HOOVER and SIS BALTAZAR of FCC Arkansas.  The
proximate cause of this was plaintiff having exercised his First
Amendment Rights.
2.    Plaintiff has fully exhausted all available administrative
remedies in his efforts to correct these erroneous records kept by
the BOP to no avail.
3.    Plaintiff asks for correction of these records and
$10,000.00 in damages as an award from the BOP.

## Count H

1.    The FEDERAL BUREAU OF PRISONS maintain inacurate records
in their files of plaintiff in that the SECURITY DESIGNATION DATA
SHEET reflects him as burning a victums house, convicted of ASSAULT,
which causes numerous adverse determinations against plaintiff in
that he has been retaliatory transfered, his security/custody rating
increased erroneously, he was denied a parole and has been kept from
a transfer closer to home.  These records are kept intentionally,
willfully, with malice and aforethought by MARK CUNEEN and MILISSA
PARR of the BOP staff in order to prejudice plaintiff.
2.    Plaintiff has fully exhausted all available administrative
reemedies in his efforts to correct these erroneous records.
3.    Plaintiff asks for correction of these records and
$10,000.00 in damages as an award from the BOP.

## COUNT I

1.    The FEDERAL BUREAU OF PRISONS maintain inacurate records
in their files of plaintiff in that they falsely and fictiously depict
him as a "Program Failure" in a second Progress Report authored by
the nefarious Milissa Parr at USP Big Sandy.  Plaintiff is unequivocally
a "Superior Program Acheiver" and has earned 65 certificates of acheivement
at USP BSY and has proven that he is not adjusting poorly.  This was done
by Melissa Parr intentionally, deliberately and with malice and aforethought
in direct contradiction to what was staring Melissa Parr square in the
face.  Adverse Determinations were rendered against plaintiff by the
United States Parole Commission and any future reader of the records kept
by the BOP on plaintiff.  The proximate cause of these adverse deter-
minations is the erroneous records generated by Melissa Parr.
2.    Plaintiff has fully exhausted all available administrative
remedies in his efforts to correct these records with the BOP.
3.    Plaintiff asks for correction of these erroneous records
and $10,000.00 damages be awarded him and against the BOP.

WHEREFORE, Plaintiff prays for the following relief:

1
This cause be expedited according to FOIA/PA law;

2
Plaintiff be granted immediate access to the requested records;

3
It be declared that each agency has violated the FOIA;

4
It be declared that the BOP has violated the PA;

5
That the BOP amend or correct the erroneous records maintained;

6
That those intentionally and wrongfully withholding information from plaintiff be sanctioned;

7
That those intentionally and wrongfully refusing to correct the erroneous records be sanctioned;

8
Plaintiff be awarded the damage awards sought under the PA;

9
Plaintiff be granted reasonable attorney/researchers/clerical and filing fees incurred;

10
Any further relief that this Court deems just and proper.

Respectfully Submitted this 11th day of October, 2007.

By _____
MICHAEL ANTONELLI, Pro Se
No. 04053-164
Federal Correctional Institution
Box 4000
Manchester, Kentucky  40962

-12-

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

07-2016
CKK

## I (a) PLAINTIFFS

Michael C. Antonelli

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **88888**
(EXCEPT IN U.S. PLAINTIFF CASES)

PRo SE (PRo)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

# 04053-164

### DEFENDANTS

Federal Bureau of Prisons, et al.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
~~IN CONDEMNATION CASES, USE THE LOCATION OF THE~~

Case: 1:07-cv-02016
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 11/07/2007
Description: FOIA/PRIVACY ACT

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

□ 1 U.S. Government Plaintiff

□ 3 Federal Question
(U.S. Government Not a Party)

☒ 2 U.S. Government Defendant

□ 4 Diversity
(Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | □ 1 | □ 1 | Incorporated or Principal Place of Business in This State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

□ **A. Antitrust**

□ 410 Antitrust

□ **B. Personal Injury/ Malpractice**

□ 310 Airplane
□ 315 Airplane Product Liability
□ 320 Assault, Libel & Slander
□ 330 Federal Employers Liability
□ 340 Marine
□ 345 Marine Product Liability
□ 350 Motor Vehicle
□ 355 Motor Vehicle Product Liability
□ 360 Other Personal Injury
□ 362 Medical Malpractice
□ 365 Product Liability
□ 368 Asbestos Product Liability

□ **C. Administrative Agency Review**

□ 151 Medicare Act

**Social Security:**
□ 861 HIA ((1395ff)
□ 862 Black Lung (923)
□ 863 DIWC/DIWW (405(g)
□ 864 SSID Title XVI
□ 865 RSI (405(g)

**Other Statutes**
□ 891 Agricultural Acts
□ 892 Economic Stabilization Act
□ 893 Environmental Matters
□ 894 Energy Allocation Act
□ 890 Other Statutory Actions (If Administrative Agency is Involved)

□ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

□ **E. General Civil (Other)** OR □ **F. Pro Se General Civil**

**Real Property**
□ 210 Land Condemnation
□ 220 Foreclosure
□ 230 Rent, Lease & Ejectment
□ 240 Torts to Land
□ 245 Tort Product Liability
□ 290 All Other Real Property

**Personal Property**
□ 370 Other Fraud
□ 371 Truth in Lending
□ 380 Other Personal Property Damage
□ 385 Property Damage Product Liability

**Bankruptcy**
□ 422 Appeal 28 USC 158
□ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
□ 535 Death Penalty
□ 540 Mandamus & Other
☒ 550 Civil Rights
□ 555 Prison Condition

**Property Rights**
□ 820 Copyrights
□ 830 Patent
□ 840 Trademark

**Federal Tax Suits**
□ 870 Taxes (US plaintiff or defendant
□ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
□ 610 Agriculture
□ 620 Other Food &Drug
□ 625 Drug Related Seizure of Property 21 USC 881
□ 630 Liquor Laws
□ 640 RR & Truck
□ 650 Airline Regs
□ 660 Occupational Safety/Health
□ 690 Other

**Other Statutes**
□ 400 State Reapportionment
□ 430 Banks & Banking
□ 450 Commerce/ICC Rates/etc.
□ 460 Deportation

□ 470 Racketeer Influenced & Corrupt Organizations
□ 480 Consumer Credit
□ 490 Cable/Satellite TV
□ 810 Selective Service
□ 850 Securities/Commodities/ Exchange
□ 875 Customer Challenge 12 USC 3410
□ 900 Appeal of fee determination under equal access to Justice
□ 950 Constitutionality of State Statutes
□ 890 Other Statutory Actions (If not administrative agency review or Privacy Act

7016