UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MICHAEL C. ANTONELLI, | ) | |
| | ) | |
| Plaintiff *pro se*, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 07-2016 (CKK) |
| | ) | |
| FEDERAL BUREAU OF PRISONS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

DEFENDANT ICE'S OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT AND
DEFENDANT'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant U.S. Immigration and Custom Enforcement ("ICE"), by and through

undersigned counsel, hereby files its opposition to Plaintiff's motion for partial summary

judgment against Defendant ICE, and moves the Court, pursuant to Rule 56 of the Federal Rules

of Civil Procedure, for partial summary judgment on the grounds that no genuine issue of

material fact exists and that Defendant ICE is, therefore, entitled to judgment as a matter of law.

In support of this opposition and cross-motion for partial summary judgment, the Court is

respectfully referred to the accompanying Memorandum of Points and Authorities in Opposition

to Plaintiff's Motion for Partial Summary Judgment and in Support of Defendant ICE's Cross-

Motion for Partial Summary Judgment, Statement of Material Facts To Which There Is No

Genuine Issue, and Declaration of Mark Vugrinovich attached hereto.

*Pro se* Plaintiff will please take note that the assertions contained in the accompanying

declarations and other attachments in support of Defendant's motion will be accepted by the

Court as true unless Plaintiff submits his own affidavit or other documentary evidence

contradicting the assertions in Defendant's declaration and attachments. *See Neal v. Kelly*, 963

F.2d 453, 456 (D.C. Cir. 1992), and Local Rule 7(h). Furthermore, Rule 56(e) of the Federal

Rules of Civil Procedure provides that:

> A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must –by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e).

Because this is a dispositive motion, Defendant ICE has not sought Plaintiff's consent

before filing. *See* LCvR 7(m).

Respectfully submitted,

/s/
_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
_____
JUDITH A. KIDWELL
Assistant United States Attorney
555 Fourth Street, N.W.- Civil Division
Washington, D.C. 20530
(202) 514-7250

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL C. ANTONELLI, | ) |
| | ) |
| Plaintiff *pro se*, | ) |
| | ) |
| v. | )    Civil Action No.: 07-2016 (CKK) |
| | ) |
| FEDERAL BUREAU OF PRISONS, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

STATEMENT OF MATERIAL FACTS AS TO WHICH
THERE IS NO GENUINE ISSUE

Pursuant to LCvR 7(h), Defendant, Immigration and Custom Enforcement ("ICE"), hereby submits the following statement.

1.    On March 30, 2007, ICE received a referral from the United States Marshals Service ("USMS") of a one-page document with one redaction which was responsive to a Freedom of Information Act  ("FOIA"), request made by Plaintiff.  The USMS referred this record to ICE for a determination of whether the document or any portion thereof was exempt from disclosure under FOIA.  *See* Defendant's Exhibit A, Declaration of Mark Vugrinovich ("Vugrinovich Decl.") at ¶ 3.

2.    Upon receipt of the referral from the USMS, ICE's FOIA Office assigned the document case number 06-FOIA-51638.  ICE's FOIA Office processes FOIA requests on a first-in first-out basis.  Vugrinovich Decl. ¶ 4.

3.    Upon review of the one-page document, ICE determined that certain portions of the document were exempt from disclosure pursuant to Exemptions 2, 6, and 7(C) of the FOIA. Vugrinovich Decl. ¶ 5.  ICE withheld the last four digits of the direct telephone numbers of

agency employees, one file number used for indexing, storing, locating, retrieving and distributing information in investigative files, the name of a Federal law enforcement individual, and information related to a criminal law enforcement matter.  Vugrinovich Decl. ¶¶ 8-11.

4.      On May 10, 2007, ICE's FOIA Office released to Plaintiff a one-page document containing five additional redactions.  Plaintiff was notified that he had 60 days to appeal this determination to the Associate General Counsel (General Law), Department of Homeland Security.  Vugrinovich Decl. ¶ 6.

5.      By letter dated June 21, 2007, Plaintiff appealed the response made by ICE's FOIA Office.  The DHS acknowledged Plaintiff's appeal in a letter dated July 12, 2007.  On October 15, 2007, the DHS issued its final determination affirming the response of ICE's FOIA Office.  Vugrinovich Decl.  ¶ 7.

6.      ICE is a law enforcement agency which enforces federal and criminal immigration and customs laws and maintains law enforcement records.  Vugrinovich Decl.  ¶ 10.

7.      All reasonably segregable information was released to Plaintiff.  Vugrinovich Decl. ¶ 12.

Respectfully submitted,

 /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

 /s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

2

    /s/
_____
JUDITH A. KIDWELL
Assistant United States Attorney
555 Fourth Street, N.W.- Civil Division
Room E4905
Washington, D.C. 20530
(202) 514-7250

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | ) | |
| **MICHAEL C. ANTONELLI,** | ) | |
| | ) | |
| **Plaintiff *pro se*,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.: 07-2016 (CKK)** |
| | ) | |
| **FEDERAL BUREAU OF PRISONS,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL**
**SUMMARY JUDGMENT AND IN SUPPORT OF DEFENDANT**
**U.S. IMMIGRATION AND CUSTOM ENFORCEMENT'S**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

**I. <u>INTRODUCTION</u>**

Plaintiff brought this action pursuant to the Freedom of Information Act ("FOIA"), 5

U.S.C. § 552 and the Privacy Act of 1974, 5 U.S.C. § 552a, against five defendants.[1]  Only Count

XVI of the complaint contains averments against Defendant U.S. Immigration and Custom

Enforcement ("ICE"), a component of the U.S. Department of Homeland Security ("DHS").

On March 30, 2007, ICE received a referral from the United States Marshals

Service ("USMS") of a one-page document with one redaction which was responsive to a

Freedom of Information Act ("FOIA"), request made by Plaintiff.  *See* Defendant's Attachment A,

Declaration of Mark Vugrinovich ("Vugrinovich Decl.") at ¶ 3.  The USMS referred this record to

ICE for a determination of whether the document or any portion thereof was exempt from

---

[1] According to the complaint, the Defendants are: the Federal Bureau of Prisons, the
Federal Bureau of Investigation, the United States Marshals Service, the Office of Information
and Privacy of the United States Department of Justice, and the United States Immigration and
Customs Enforcement.

disclosure under FOIA. *Id.* Upon receipt of the referral from the USMS, ICE's FOIA Office assigned the document case number 06-FOIA-51638. Vugrinovich Decl. ¶ 4. ICE's FOIA Office processes FOIA requests on a first-in first-out basis. *Id.*

Upon review of the one-page document, ICE determined that certain portions of the document were exempt from disclosure pursuant to Exemptions 2, 6, and 7(C) of the FOIA. Vugrinovich Decl. ¶ 5. On May 10, 2007, ICE's FOIA Office released to Plaintiff a one-page document containing five additional redactions. Vugrinovich Decl. ¶ 6. Plaintiff was advised that he had a right to appeal the response from ICE's FOIA Office. *Id.*

By letter dated June 12, 2007, Plaintiff appealed ICE's response.[2] Vugrinovich Decl. ¶ 7. In a letter dated July 12, 2007, the DHS acknowledged Plaintiff's appeal. *Id.* On October 15, 2007, the DHS issued its final determination affirming ICE's response to Plaintiff concerning the withheld information. *Id.*

Plaintiff filed this FOIA action on November 7, 2007, naming ICE as one of five Defendants. In his complaint, Plaintiff requests "judicial review of the actions/inactions of the ICE and their appeals faction."[3] Prior to any of the Defendants responding to his complaint, Plaintiff moved for partial summary judgment against all of the Defendants. For the reasons discussed below, Defendant ICE opposes Plaintiff's motion for partial summary judgment against

---

[2] In his complaint, Plaintiff alleges that he appealed ICE's redactions to the Office of Information Policy, U.S. Department of Justice. *See* Compl., Count XVI, ¶ 3. However, in his declaration submitted with his motion for partial summary judgment, Plaintiff declares that he appealed to the DHHS.

[3] Because Plaintiff has not alleged that ICE improperly withheld agency records, it is questionable as to whether the Court has subject matter jurisdiction of the claim against ICE. *See* Compl., Count XVI. However, because Plaintiff is *pro se*, Defendant ICE has interpreted his request for judicial review as an allegation of improper withholding of information or records.

Defendant ICE and moves for partial summary judgment in favor of ICE on the basis that all of the information withheld from Plaintiff by Defendant ICE was exempt under FOIA.  Therefore, there are no genuine issues of material fact, and Defendant ICE is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c).

## I. GOVERNING LAW AND STANDARDS OF REVIEW

### A. Motion for Summary Judgment Under Rule 56

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  A "genuine issue" is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  To determine which facts are material, the Court must look to the substantive law on which each claim rests. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In determining whether there exists a genuine issue of material fact sufficient to preclude summary judgment, the Court must regard the non-movant's statements as true and accept all evidence and make all inferences in the non-movant's favor.  *Id.*, at 255.  A non-moving party, however, must establish more than the "mere existence of a scintilla of evidence" in support of his position.  *Id*. at 252.  By pointing to the absence of evidence proffered by the non-moving party, a moving party may succeed on summary judgment.  *Celotex Corp. v. Catrett*, 477 U.S. at 322.  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  *Anderson v. Liberty Lobby, Inc*., at 249-250.  The non-movant cannot manufacture genuine issues of material fact with "some metaphysical doubt as to the material facts."  *Matsushita Elc. Indus. Radio Corp*., 475 U.S. 574,

3

586 (1986).

### B. Summary Judgment In FOIA Cases

For purposes of summary judgment, an agency's decision to withhold information from a FOIA requester is subject to *de novo* review by the Courts. *Hayden v. National Security Agency Cent. Sec. Serv.*, 608 F.2d 1381, 1384 (D.C. Cir. 1979), *cert. denied*, 446 U.S. 937 (1980). In a FOIA suit, an agency is entitled to summary judgment once it demonstrates that no material facts are in dispute and that each document that falls within the class requested either has been produced, is unidentifiable, or is exempt from disclosure. *Students Against Genocide v. Dept. of State*, 257 F.3d 828, 833 (D.C. Cir. 2001); *Weisberg v. U.S. Dept. of Justice*, 627 F.2d 365, 368 (D.C. Cir. 1980).

An agency satisfies the summary judgment requirements in a FOIA case by providing the Court and a plaintiff with affidavits or declarations which show that the documents are exempt from disclosure. *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973); *Canning v. United States Dep't of Justice*, 848 F. Supp. 1037, 1042 (D.D.C.) (agencies are typically permitted to meet [their] heavy burden by 'filing affidavits describing the material withheld and the manner in which it falls within the exemption claimed." (quoting *King v. United States Dep't of Justice*, 830 F.2d 210, 217 (D.C. 1987)). Summary judgment may be granted to an agency in a FOIA case solely on the basis of agency affidavits or declarations if the "affidavits [or declarations] are 'relatively detailed, non-conclusory, and not impugned by evidence . . . of bad faith on the part of the agency.'" *McGhee v. Central Intelligence Agency*, 697 F.2d 1095, 1102 (D.C. Cir. 1983). *See also Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *Hayden v. National Security Agency Cent. Sec. Serv.*, 608 F.2d at 1387. "Summary judgment is warranted on the

basis of agency affidavits when the affidavits describe 'the justification for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'"  *Miller v. Casey,* 730 F.2d 773, 776 (D.C. Cir. 1984) (quoting *Military Audit Project v. Casey*, 656 F.2d at 738)).

In a FOIA case, the Court may award summary judgment solely based on the information provided in affidavits or declarations when they describe "the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith."  *Military Audit Project v. Casey*, 656 F.2d at 738.

## ARGUMENT

### II.  DEFENDANT ICE PROPERLY INVOKED FOIA EXEMPTIONS 2, 6, AND 7(C)

#### A.  Exemption 2

Exemption 2 exempts from mandatory disclosure records that are "related solely to the internal personnel rules and practices of an agency."  5 U.S.C. § 552(b)(2).  The information need not be actual rules or practices; agencies can also invoke Exemption 2 for matters related to rules and practices.  *See Department of Air Force*, 425 U.S. 352, 369-70 (1976).  The courts have interpreted this statutory provision to encompass two very different categories of information: (1) internal matters of a relatively trivial nature (referred to as "low-2"); and (2) more substantial internal matters, the disclosure of which would risk circumvention of a legal requirement (referred to as "high-2").  *See Department of Air Force*, 425 U.S. at 369-70; *Schiller v. NLRB*, 964 F.2d

1205, 1207 (D.C. Cir. 1992); *National Treasury Employees Union v. United States Customs Service*, 802 F.2d 525, 528-30 (D.C. Cir. 1986).  As an initial matter, an agency may withhold information under Exemption 2 if the information is "used for predominantly internal purposes." *Crooker v. ATF*, 670 F.2d 1051, 1073 (D.C. Cir. 1981) (*en banc*).  If this threshold test is met, an agency may withhold the material "by proving that either [1] disclosure may risk circumvention of agency regulation, or [2] the material relates to trivial administrative matters of no genuine public interest." *Schiller v. NLRB*, 964 F.2d at 1207.

Pursuant to Exemption 2, ICE properly withheld the last four digits of the direct telephone numbers of agency employees.  Vugrinovich Decl. ¶ 8.  These telephone numbers relate to the internal practices of the agency and assist employees in the performance of their jobs.  *Id.*  The disclosure of these telephone numbers would not assist the public in understanding how the agency carries out its statutory mission.  *Id.*  Moreover, disclosure of the direct telephone numbers of agency employees would pose a risk to ICE operations because such disclosure could subject employees to harassing telephone calls by members of the public and, thereby, interfere with employees' performance of his or her official duties.  *Id.*  Therefore, ICE exempted this information under both Exemptions high-2 and low-2.

In addition, ICE redacted one file number in the document referred to ICE by the USMS.  This number is used for indexing, storing, locating, retrieving and distributing information in investigative files.  This file number has internal significance, but is trivial in nature and has no relationship to the substantive contents of records.  ICE withheld this information under Exemption low-2.  Accordingly, ICE properly relied on Exemption 2 to withhold this limited information from Plaintiff.

_____B. **Exemption 6**

Exemption 6 permits an agency to withhold all information about individuals in "personnel and medical files and similar files" when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy."  5 U.S.C § 552(b)(6).  The U.S. Supreme Court has interpreted the scope of Exemption 6 broadly, holding that any information that "applies to a particular individual" may qualify for protection if its disclosure would rise to the level of a "clearly unwarranted invasion of privacy*." United States Department of State v. Washington Post Co.*, 456 U.S. 595, 602 (1982); *Judicial Watch, Inc. v. FDA*, 449 F.3d 141, 152 (D.C. Cir. 2006) ("The Supreme Court has read Exemption 6 broadly, concluding the propriety of an agency's decision to withhold information does not 'turn upon the label of the file which contains the damaging information.'") (quoting *Washington Post*, 456 U.S. at 601)).

Pursuant to Exemption 6, ICE withheld the name of a Federal law enforcement individual contained on the one-page document referred by the USMS, because the disclosure of the name could cause this individual to be harassed and interfere with the performance of his or her official duties.  Vugrinovich Decl. ¶ 10.  ICE determined that this individual's privacy interests were not outweighed by any public interest in disclosure.  *Id; see Department of Justice v. Reporters Comm. For Freedom of the Press*, 489 U.S. 749 (1989) (requiring balancing of the individuals' interest in privacy against the public interest in disclosure)).  Moreover, the disclosure of this name would not inform the public about ICE's performance of its mission to enforce federal and immigration or customs laws.  *Id*.  Accordingly, ICE has demonstrated that it properly withheld information that would constitute a clearly unwarranted invasion of personal privacy.  Thus, FOIA Exemption 6 was properly invoked and ICE is entitled to summary judgment on this issue.

_____C. **Exemption 7(C)**

Under Exemption 7(C), the FOIA does not apply to matters that are:  (7) records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy.  5 U.S.C. § 552(7)(C).  This exemption "requires the agency and the reviewing court to weigh the public interest in the release of information against the privacy interest in nondisclosure."  *Schrecker v. U.S. Dep't of Justice*, 349 F.3d 657, 661 (D.C. Cir. 2003).  "The public interest in disclosure must be evaluated in light of FOIA's central purpose: 'to open agency action to the light of public scrutiny.'"  Id. (quoting *U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. at 771-72)).  Thus, "unless a FOIA request advances 'the citizens' right to be informed about what their government is up to,' no relevant public interest is at issue."  *Nat'l Ass'n of Home Builders v. Norton*, 309 F.3d 26, 34 (D.C. Cir. 2002) (quoting *U.S. Dep't of Justice v. Reporters's Comm.* 489 U.S. at 773)).

Pursuant to this exemption, the names of law enforcement officers who work on criminal investigations have traditionally been protected from disclosure by Exemption 7(C)*.  See Davis v. U.S. Dept. Of Justice*, 968 F.2d 1276, 1281 (D.C. Cir. 1992); *Lesar v. U.S. Dept. Of Justice*, 636 F.2d 472, 487-88 (D.C. Cir. 1980).  Likewise, individuals who provide information to law enforcement authorities have protectable privacy interests in their anonymity.  *Computer Prof'ls for Social Responsibility v. U.S. Secret Serv.*, 72 F.3d 897, 904 (D.C. Cir. 1996); *Farese v. U.S. Dept. Of Justice*, 683 F. Supp. 273, 275 (D.D.C. 1987).  Once a privacy interest has been demonstrated, it must be balanced against any public interest that would be served by disclosure of the information.

8

Defendant ICE's mission is to enforce federal and criminal immigration and customs laws. Vugrinovich Decl. ¶ 10.  As a law enforcement agency, ICE maintains records and information for law enforcement purposes.  Vugrinovich Decl. ¶¶ 10, 11.    In the instant case, ICE received a referral from another law enforcement agency, the USMS.  Vugrinovich Decl. ¶ 3.  This referral included a facsimile cover sheet containing the name of a law enforcement officer and information related to a criminal law enforcement matter.  Vugrinovich Decl. ¶ 11.  Defendant ICE withheld the name of the law enforcement officer identified on the facsimile cover sheet because the release of his or her name would constitute an unwarranted invasion of personal privacy and might subject the officer to harassment, unwanted attention, or other action that could affect his or her ability to carry out law enforcement duties.  Vugrinovich Decl. ¶ 11. Accordingly, ICE properly invoked Exemption 7(C) in regard to this redaction of information and is entitled to summary judgment as a matter of law.

### III.  ALL REASONABLY SEGREGABLE INFORMATION <br> HAS BEEN RELEASED TO PLAINTIFF

"The FOIA requires that '[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt.'"  *Juarez v. Department of Justice*, 518 F.3d 54, 61 (D.C. Cir. 2008) (citing 5 U.S.C. § 552(b)).  "This Circuit has long recognized, however, that documents may be withheld in their entirety when nonexempt portions 'are inextricably intertwined with exempt portions [of the record].'"  *Id.* (citing *Mead Data Cent., Inc. v. United States Dept. Of the Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977)).  "A court may rely on government affidavits that show with reasonable specificity why documents withheld pursuant to a valid exemption cannot be further segregated for this reason."  *Id.* (citing

9

*Armstrong v. Executive Office of the President*, 97 F.3d 575, 578 (D.C. Cir. 1996).

A review of Mr. Vugrinovich's Declaration demonstrates that ICE carefully reviewed the one-page document "line by line" and confirms that all reasonably segregable non-exempt information has been released to Plaintiff. *See* Vugrinovich Decl. ¶ 12.

Respectfully submitted,

    /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

    /s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

    /s/
JUDITH A. KIDWELL
Assistant United States Attorney
555 Fourth Street, N.W.- Civil Division
Room E4905
Washington, D.C.  20530
(202) 514-7250

10

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that copies of Defendant ICE's Opposition to Plaintiff's Motion for

Partial Summary Judgment and Cross-Motion for Partial Summary Judgment, Statement of

Material Facts Not In Genuine Issue, Declaration of Mark Vugrinovich, and Memorandum of

Points and Authorities in Opposition and Support; were mailed, postage pre-paid, to Michael

Antonelli, Plaintiff *pro se*, on this 2nd day of June 2008, to the following address:

Michael Antonelli
No. 04053-164
Federal Correctional Institution
Box 34550
Memphis, Tennessee 31884-0550

_____/s/_____
JUDITH A. KIDWELL
Assistant U.S. Attorney

11

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL C. ANTONELLI,                     )
    Plaintiff, *pro se*,                      )
                                              )
      v.                                      )    CIVIL ACTION NO. 1:07-CV-02016
                                              )
FEDERAL BUREAU OF PRISONS, *et al.*,      )
    Defendants.                               )
                                              )

## DECLARATION OF MARK VUGRINOVICH

1) I, Mark Vugrinovich, do hereby declare that I am a Paralegal Specialist in the

Freedom of Information Act/Privacy Act ("FOIA/PA") Office at the U.S. Department of

Homeland Security (DHS), Immigration and Customs Enforcement ("ICE"). I have been

employed with ICE in this position since February 18, 2007. The information provided in

this declaration is based on my personal knowledge or on information provided to me

during the course of my official duties.

2) As a Paralegal Specialist, I have access to records maintained by ICE in the normal

course of business. As a part of my official duties I process and review Freedom of

Information Act (FOIA) and Privacy Act (PA) requests from the public, media and other

organizations for documents. Due to the nature of my official duties, I am familiar with

the procedures followed by ICE in responding to requests for information from its files

pursuant to the provisions of the FOIA, 5 U.S.C. § 552.

**DECLARATION OF MARK VUGRINOVICH**                                    **Page 1**

3) On March 30, 2007, the United States Marshals Service ("USMS") referred one record responsive to a request it received from Plaintiff under the FOIA to ICE for a determination of whether the document, or any portion thereof, was exempt from disclosure under the FOIA. The referred record consisted of one page and already contained one redaction. This redaction appeared in the first line of the section of the record entitled "Additional Notes". A handwritten "7C" appeared immediately above the redaction. (Exhibit 1).

4) Upon receipt of this referral from USMS, the ICE FOIA Office assigned it case number 06-FOIA-51638. The ICE FOIA Office processes FOIA requests on a first-in first-out basis. This referral was assigned to me for review on April 11, 2007.

5) Upon review of the one page document referred by USMS, I determined that portions of it were exempt from disclosure pursuant to Exemptions (b)(2), (b)(6), and (b)(7)(C). 5 U.S.C. § 552(b)(2),(b)(6), and (b)(7)(C).

6) On May 10, 2007, the ICE FOIA Office released to Plaintiff one page containing five additional ICE redactions, and notified Plaintiff of his right to appeal the determination of the ICE FOIA Office by sending an appeal within 60 days of the date of the ICE determination to the Associate General Counsel (General Law), Department of Homeland Security, FOIA Appeals, Washington, DC 20528.    (Exhibit 2).  The appeals notice provided to Plaintiff was pursuant to DHS regulations at 6 C.F.R. § 5.9(a).

**DECLARATION OF MARK VUGRINOVICH**                                    **Page 2**

7)  On June 21, 2007, Plaintiff appealed the ICE FOIA response to DHS. (Exhibit 3). DHS acknowledged Plaintiff's appeal in a letter dated July 12, 2007 (Exhibit 4). On October 15, 2007, DHS issued its final decision in this matter, affirming in its entirety the ICE response to Plaintiff. (Exhibit 5).

## APPLICATION OF EXEMPTIONS

8) Exemption (b)(2) - 5 U.S.C. § 552(b)(2):  Under FOIA Exemption (b)(2), an agency may withhold records relating solely to the internal personnel rules and practices of the agency.  Under Exemption (b)(2) (low), an agency may withhold internal records that are relatively trivial in nature. The agency does not need to show any harm that would result from disclosure of information exempt from disclosure under Exemption (b)(2)(low). Under Exemption (b)(2)(high), an agency may withhold internal records of a more substantial nature, the disclosure of which would risk the circumvention of a statute or agency regulation.  With respect to the record referred to ICE by USMS, ICE withheld the last four digits of the direct telephone numbers of agency employees under Exemption (b)(2)(high). Upon further review as a result of this litigation, I have determined that these numbers are also appropriately withheld under Exemption (b)(2)(low).  Telephone numbers relate to the internal practices of the agency because they are utilized by agency personnel in the performance of their jobs.  They are trivial in nature in that the disclosure of the telephone numbers would not assist the public in understanding how ICE is carrying out its statutory responsibilities.  Based on these considerations, I have determined that this information is exempt under Exemption (b)(2)(low).  However, disclosure of the telephone numbers would pose a risk to ICE operations.  Once disclosed publicly, the direct telephone numbers could subject ICE

employees to harassing telephone calls by members of the public interested in this or other matters and would thereby interfere with the individual employee's performance of his or her official duties, and thereby inhibit the ability of ICE to carry out its statutory and regulatory responsibilities. For these reasons, I determined that the telephone numbers were exempt under Exemption (b)(2)(high).

9) In addition, pursuant to Exemption (b)(2)(high), ICE redacted one file number in the document referred by USMS. Upon further review as a result of this litigation, I have determined that this file number is more appropriately withheld under Exemption (b)(2)(low). The file number appearing on the page is used for the purposes of indexing, storing, locating, retrieving and distributing information in investigative files. While this file number has internal significance, it is trivial in nature and bears no relation to the substantive contents of the records. Therefore, the disclosure of this number to the public would not assist the public in understanding how the agency is carrying out its statutory or regulatory responsibilities. Based on these considerations, I have determined that the file number is exempt from disclosure under Exemption (b)(2)(low). ICE no longer intends to assert Exemption (b)(2)(high) to this file number.

10) Exemption (b)(6) - 5 U.S.C. § 552(b)(6): Under FOIA Exemption (b)(6), an agency may withhold personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. When withholding information pursuant to this exemption, the agency is required to balance the privacy interests of the individuals mentioned in records against any public interest in disclosure.

The public interest disclosure of this information is determined by whether the information in question would inform a plaintiffs and the general public about the agency's performance of its mission to enforce federal and criminal statutes or how the agency actually conducts its internal operations and investigations. Pursuant to Exemption (b)(6), ICE withheld the name of a third party contained in the document. The individual identified on the document is a Federal law enforcement officer. In each instance where the law enforcement officer's name was withheld, it was determined that his or her individual privacy interests were not outweighed by any public interest in disclosure. To reveal the name and/or identifying information of the officer in the context of these records would not inform the public about ICE's performance of its mission to enforce federal and criminal immigration or customs laws. Nor would it provide information regarding how ICE actually conducts its internal operations or investigations. However, disclosure of this name would reasonably be expected to constitute a clearly unwarranted invasion of the individuals' personal privacy. The disclosure of their name in connection to this matter could lead to the officer being harassed and thereby interfere with their performance of his or her official duties.

11) Exemption (b)(7)(C) – 5 U.S.C. § 552(b)(7)(C): Under Exemption (b)(7)(C), an agency may withhold records or information compiled for a law enforcement purposes to the extent that such records or information could reasonably be expected to constitute an unwarranted invasion of personal privacy. Here, ICE invoked Exemption (b)(7)(C) to withhold portions of a facsimile cover sheet that was part of a transmission between two law enforcement agencies – Federal Protective Service and USMS. The information

being transmitted related to a criminal law enforcement matter and the name of the law enforcement officer contained on the facsimile cover sheet was identified as the sender because of his or her law enforcement role with respect to the underlying criminal matter. ICE withheld the identity of the ICE law enforcement officer identified on the facsimile cover sheet as the release of his or her name could constitute an unwarranted invasion of personal privacy. As law enforcement personnel, the officer could be subject to harassment, unwanted attention, and other action that could affect his or her ability to carry out law enforcement duties.

## SEGREGABILITY

12) In processing this request, I reviewed this record line by line and have disclosed all portions that are reasonably segregable.

I declare under penalty of perjury that the forgoing is true and correct to the best of my knowledge and belief.

Mark Vugrinovich



GSA Office of Citizen Services
and Communications

March 13, 2007

Memorandum To:  Bureau of Immigration and Customs Enforcement (ICE)
Attn;  Gloria Marshall
425 "I" Street, NW
CAB Building, Room 4038
Washington, DC  20536

**51638**

From:        Sharon V. Lighton
GSA FOIA Office

The U.S. Department of Justice, U.S. Marshals Service, sent to the GSA, for
determination of release one responsive document.  This document was found
within their files while responding to a FOIA request.

The function of the responsive document was transferred to your agency.  I have
therefore, attached that document along with the referral letter from DOJ for your
appropriate action.

3 '07

U.S. General Services Administration
1800 F Street, NW
Washington, DC  20405-0002
www.gsa.gov

Exhibit 1



GSA Office of Citizen Services
and Communications

March 13, 2007

Memorandum To:  Bureau of Immigration and Customs Enforcement (ICE)
               Attn;  Gloria Marshall
               425 "I" Street, NW
               CAB Building, Room 4038
               Washington, DC  20536

51638

From:             Sharon V. Lighton
                GSA FOIA Office

The U.S. Department of Justice, U.S. Marshals Service, sent to the GSA, for
determination of release one responsive document.  This document was found
within their files while responding to a FOIA request.

The function of the responsive document was transferred to your agency.  I have
therefore, attached that document along with the referral letter from DOJ for your
appropriate action.

'07

U.S. General Services Administration
1800 F Street, NW
Washington, DC  20405-0002
www.gsa.gov

RECEIVED
GE          ...SEL
02          ...... November 5, 2001

Director
United States Marshals Service
600 Army Navy Drive          U.S.          ...... CE
Arlington, Va  22202-210

Dear Sir:

This is a request under the Freedom of Information Act.

I request a copy of any and all records, documents and
information that any part of your agency has or had in its poss-
ession that is in any way related to, connected to and even remotely
in reference to my name.

This includes records generated in Chicago, Il; Springfield,
Il; Terre Haute, IN; Oxford, WI; Milan, MI; Oklahoma City, Ok; and
Greenville, Il.(also Hammond, IN)

FULL NAME :  MICHAEL CARLIE ANTONELLI

Alias' :  RICHARD ANTONELLI; RON LEE; MICKEY

Date of Birth :  ██████████████████

Place of Birth :  Chicago, Il

SS# :  ████████████

Prison #'s :  ████████████████

I declare under the penalty of perjury that the above is true
and correct and that the signature below is my signature.

Executed this ___5th___ day of November, 2001.

By  _Michael Antonelli_

MICHAEL ANTONELLI, Affiant

(28 USC Section 1746)

cc : file

71 W. Van Buren
Chicago, Il 60605



Special
Mail

Director
United States Marshals Service
600 Army Navy Drive
Arlington, Va

22202+4200

To: _____ FOIA/PA _____ Date: November 2, 2002

United States Marshals Service

12th Floor, 600 Army Navy Drive

Department of Justice

Arlington, Virginia    22202

Dear Sir:

    This is a request under the Freedom of Information Act.

    I request a copy of any and all documents, records and information
that any part of your agency has or had in its possession that is in any
way connected to, related to, or even remotely in reference to my name.

    In addition, the following particulars may assist you in your search :

All records compiled from January, 1978 to date. Northern District of

Illinois only. I will pay reasonable fees.

My Biographical Data is as follows:

FULL NAME: _____ MICHAEL CARMIE ANTONELLI _____

Alias' : _____ MICKEY _____

DATE OF BIRTH : ████████████████

PLACE OF BIRTH: _____ Chicago, Illinois _____

SOCIAL SECURITY NUMBER: ████████████

    I declare under the penalty of perjury that the aforementioned
biographical data is that pertaining to my person, and that the signature
below is my true and correct signature.

Executed this  2nd day of November,        , 2002

                                    By x _Michael Antonelli_
                                        Requestor-Affiant

(28 USC Section 1746)

MICHAEL ANTONELLI

Prison Number: ████████████

United States Penitentiary
Box 26030
Beaumont, Texas        77720

Michael Twichell

United States Penitentiary
Box 26030
Beaumont, Texas 77720

FOIA/PA - 12TH Floor
U.S. Marshals Service
600 Army Navy Drive
Dep
Aer

USMA600×   222023001 1C01 34 11/08/02
NOTIFY SENDER OF NEW ADDRESS
:US MARSHALLS SERVICE - USMS
US MARSHALS SERVICE
WASHINGTON DC 20530-1000





**GENERAL SERVICES ADMINISTRATION**
**FEDERAL PROTECTIVE SERVICE**

# US Marshal Service Message Form

**BATTLE CREEK FPS MEGACENTER**
**74 N. Washington Ave.**
**Battle Creek, Michigan 49017**
**TELEPHONE NUMBER (817) 719-____** (b)(2)
**FAX NUMBER (616)-515-0331**

**TO:  US Marshall Service      Fax to: 312-353-4132**

Date/time call received: _13 OCT 01 / 1216_ ......... For: _DUSM_

(b)(6), (b)(7)(C)
From: _____ Representing Agency: _F-BI_

Daytime phone: _312-446-___ Evening phone: _____
                                      (b)(2)

Do you have an immediate need?: _YES_

Reason for call: _MICHAEL ANTONELLI IN CUSTODY - CASE# 0240012766_
_WARRANT SIGNED 8-29-01. IN CUSTODY CHARGED W/BANK ROBBERY._
_MCC IS FULL - WILL BE LODGED AT WILL COUNTY JAIL. POST ARRAIGNMENT_

(b)(2)

DOB 12-446

USMS-

Priority type  (circle one) High  Low  _MC_

Additional Notes: _ASA DUSM _____ RETURNED CALL AT 1227_
_GAVE AGENT _____  Operator _109_

(b)(6), (b)(7)(C)

# Page _2_ of _6_  Date Faxed _10/15/01_

U.S. Department of Homeland Security
425 I Street, NW
Washington, DC 20536



**U.S. Immigration
and Customs
Enforcement**

FOIA Case Number: 06-FOIA-51638

May 10, 2007

Mr. Michael Antonelli
Prison # ████████
United States Penitentiary
Box 26030
Beaumont, TX 77720

Dear Mr. Antonelli:

You submitted a Freedom of Information Act (FOIA) request dated November 2, 2002 to the
United States Marshall Service (USMS) seeking a copy of documents regarding you compiled
from January 1978 to date. A portion of the records responsive to your request (1 page) were
forwarded to Immigration and Customs Enforcement (ICE) for review and release.

We have processed your request under the FOIA, 5 U.S.C. § 552.

The document (1 page) referred by USMS has been reviewed and portions of the page are being
withheld under Exemptions 2, 6, and 7C of the FOIA. A more complete explanation of the
exemptions cited is outlined below.

I have determined that certain portions of the requested records are properly withheld from
disclosure as "high" (b)(2) information, in that they contain internal administrative and/or
personnel matters to the extent that disclosure would risk circumvention of a regulation or statute
or impede the effectiveness of law enforcement activities. A more detailed explanation follows.

Sensitive materials are exempt from disclosure under high 2 when the requested document is
predominantly internal, and disclosure significantly risks circumvention of a regulation or
statute, including civil enforcement and regulatory matters. Whether there is any public interest
in disclosure is legally irrelevant. Rather, the concern under high 2 is that a FOIA disclosure
should not benefit those attempting to violate the law and avoid detection.

Exemption 6 of the FOIA permits the government to withhold all identifying information that
applies to a particular individual when the disclosure of such information "would constitute a
clearly unwarranted invasion of personal privacy." This requires a balancing of the public's
right to disclosure against the individual's right to privacy. After performing this analysis, I have

www.ice.gov

Exhibit 2

determined that the privacy interest in the identities of individuals in the records you have requested outweigh any minimal public interest in disclosure of the information. Please note that any private interest you may have in that information does not factor into the aforementioned balancing test.

Exemption 7(C) of the FOIA permits the government to withhold all law enforcement information the disclosure of which "could reasonably be expected to constitute an unwarranted invasion of personal privacy." Based upon the traditional recognition of strong privacy interests in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate. As such, I have determined that the privacy interest in the identities of individuals in the records you have requested clearly outweigh any minimal public interest in disclosure of the information. Please note that any private interest you may have in that information does not factor into this determination.

There is no charge for processing this request because the search time expended and the number of pages duplicated fall within the statutory limitations regulating fee assessments under the FOIA.

The undersigned is the person responsible for this determination. You may appeal this finding by writing to the Associate General Counsel (General Law), Department of Homeland Security, FOIA Appeals, Washington, DC 20528, within 60 days from the date of this determination. It should contain any information and state, to the extent possible, the reasons why you believe the initial determination should be reversed and the envelope in which the appeal is mailed in should be prominently marked "FOIA Appeal." The Associate General Counsel's determination will be administratively final.

If you have any questions, or would like to discuss this matter, please feel free to contact our office at (202) 732-0300.

Sincerely,

Catrina M. Pavlik-Keenan
FOIA Officer

Enclosure

www.ice.gov

Associate General Counsel (General Law)       June 21, 2007
Department of Homeland Security
FOIA APPEALS
Washington, D. C.  20528

RE:  FOIA No. 06-FOIA-51638

Dear Sir:

This is an appeal under the Freedom of Information Act.

By letter dated May 10, 2007 the US ICE released certain information to me pursuant to the FOIA and denied me access to certain information under the guise and subterfuge of several exemptions cited of the FOIA/PA.

I hereby appeal those withholdings as arbitrary and capricious action of the USICE.

Initially, I appeal the unreasonable delay by USICE in the processing of my request which was initiated on November 2, 2002. This is a flagrant violation of the FOIA statutory time limits.

I ask that USICE be compelled to provide itemization and indexing according to Vaughn v Rosen and that sworn affidavits accompany this indexing with justifications for refusal to disclose any portions of the claimed exempt material withheld.

Sincerely,

Michael Antonelli
              ; Laurel A
Federal Correctional Institution
Box 4000
Manchester, KY  40962-4000

cc : file

'07 JUN 29 PM 2:42

WASHINGTON DC.
DHS GENERAL COUNSEL

**Exhibit 3**

NAME *Michael Antonell,*
REG. NO. ▓▓▓▓▓▓ QTR. *Laurel A*
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 4000
MANCHESTER, KY 40962-4000

FEDERAL CORRECTIONAL INSTITUTION
MANCHESTER, KY 40962

Date: *6-21-07*

The enclosed letter was processed through special
mailing procedures for forwarding to you. The letter has
been neither opened nor inspected. If the writer raises a
question or problem over which this facility has
jurisdiction, you may wish to return the material for
further information or clarification. If the writer enclosed
correspondence for forwarding to another addressee
please return correspondence to the above address





Associate Attorney (General) (General Law)
Department of Homeland Security
FOIA Appeals
Washington, D.C 20528



U.S. Department of Homeland Security
Office of General Counsel
Washington, DC 20528

# Homeland
Security

July 12, 2007

Mr. Michael Antonelli
Reg. No. ███████; Laurel A
Federal Correctional Institution
Box 4000
Manchester, KY  40962-4000

Dear Mr. Antonelli:

The Department of Homeland Security has received your letter dated June 21, 2007, appealing the adverse determination of your Freedom of Information Act/Privacy Act (FOIA/PA) request by US Immigration and Customs Enforcement.  On behalf of the Deputy Associate General Counsel for General Law, we acknowledge your appeal request and are assigning it number 07-204 for tracking purposes.  Please reference this number in any future communications about your appeal.

A high number of FOIA/PA requests have been received by the Department.  Accordingly, we have adopted the court-sanctioned practice of generally handling backlogged appeals on a first-in, first-out basis.[1]  While we will make every effort to process your appeal on a timely basis, there may be some delay in resolving this matter.  Should you have any questions concerning the processing of your appeal, please contact Howard Plofker at (571) 227-2726, or howard.plofker@dhs.gov.

Sincerely,

for Victoria Newhouse
Attorney-Advisor

---

[1] Appeals of expedited treatment denials will be handled on an expedited basis.

Exhibit 4

U.S. Department of Homeland Security
Office of General Counsel
Washington, DC 20528



OCT 1 5 2007

Michael Antonelli
Reg. No. ████████; Laurel A
Federal Correctional Institution
Box 4000
Manchester, KY 40962-4000

RE: DHS07-204

Dear Mr. Antonelli:

This is in response to your letter dated June 21, 2007, appealing ICE 06-FOIA-51638, the May 10, 2007 adverse determination concerning your Freedom of Information Act/Privacy Act (FOIA/PA) request by U.S. Immigration and Customs Enforcement (ICE). Your initial request for records was addressed to the U.S. Marshals Service and asked for:

- Records [about you] compiled from January 1978 to date.

The U.S. Marshals Service forwarded one page of responsive records to ICE for review and direct response to you. ICE denied your request in part by withholding a portion of the record pursuant to the FOIA exemptions (b)(2), (b)(6), and (b)(7)(C). We have reviewed the records in question and affirm in full ICE's initial decision. Our analysis follows.

Certain portions of the records released to you were redacted pursuant to 5 U.S.C. § 552(b)(2), because disclosure would pose a risk of circumvention of a statute or regulation, or would reveal guidelines for the conduct of an investigation. *See., e.g., Prows v. United States Dep't of Justice,* No. 90-2561, 1996 WL 228463, at *2 (D.D.C. Apr. 25, 1996); *Kuffel v. United States Bureau of Prisons,* 882 F. Supp. 1116, 1123 (D.D.C. 1995). Information withheld under this rationale would, if released, benefit someone attempting to violate the law and avoid detection. *Voinche v. FBI,* 940 F. Supp. 323, 328 (D.D.C. 1996). Additionally, we note that some of the material exempted from disclosure under this exemption is material in which the public has no substantial interest and bears no relation to the substantive contents of the records released. *Lesar v. Department of Justice,* 636 F.2d 472, 485-86 (D.C. Cir. 1980).

Information which would tend to identify third parties in the record released to you was redacted pursuant to 5 U.S.C. § 552(b)(6). Exemption 6 permits the government to withhold all identifying information about individuals in "personnel and medical and similar files" when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy." Allowing disclosure of sensitive personal information such as that requested requires balancing the subjects obvious privacy interests against any public interest in revealing how the government operates. Please note that your private need to examine the records does not constitute a public interest, as an analysis of a public interest does not permit attention to the special circumstances of any particular FOIA requester. *See Schiffer v. FBI,* 78 F.3d 1405, 1410-11 (9th Cir. 1996); *Schwarz v. United States Dep't of Justice,* No. 97-1342, slip op. at 1-5 (D.D.C. Mar. 20, 1998), *aff'd per curiam,* 172

Exhibit 5

2

F.3d 921 (D.C. Cir.)(unpublished table decision), *cert. denied*, 525 U.S. 1025 (1998), *reh'g denied*, 525 U.S. 1096 (1999). As such, your need for the information is immaterial to any determination of disclosure. *See United States Dep't of Justice v. Reporters' Comm. For Freedom of the Press*, 489 U.S. 749 (1989).

Information which would tend to identify third parties in the record released to you were redacted pursuant to 5 U.S.C. § 552(b)(7)(C). This exemption is in keeping with the traditional recognition of the strong privacy interests inherent law enforcement records – particularly the names and or identities of third parties that appear in records pertaining to another individual. *See, e.g., Fitzgibbon v. C.I.A.*, 911 F.2d 755, 767 (D.C. Cir. 1990); *Dunkelberger v. Department of Justice*, 906 F.2d 779, 781 (D.C. Cir. 1990). The use of the term "law enforcement purposes" envisions not only criminal investigations within the scope of the (b)(7) exemptions, but also includes civil investigations and proceedings within that scope. *Pratt v. Webster*, 673 F.2d 408, 420 (D.C. Cir. 1982).

This decision is the final action of the Department of Homeland Security concerning your FOIA/PA request. Inasmuch as you consider this to be a denial of your appeal, you may obtain judicial review of this decision pursuant to the provisions of 5 U.S.C. § 552(a)(4)(B) in the United States District Court in the district in which you reside, or in which the agency records are situated, or in the District of Columbia.

Sincerely,

Victoria Newhouse
Attorney-Advisor