# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **MICHAEL C. ANTONELLI,** | ) | |
| | ) | |
| **Plaintiff *pro se*,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.: 07-2016 (CKK)** |
| | ) | |
| **FEDERAL BUREAU OF PRISONS, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## DEFENDANT UNITED STATES MARSHALS
## SERVICE'S MOTION TO DISMISS

Defendant, the United States Marshals Service ("USMS"), by and through undersigned

counsel, hereby moves the Court, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to dismiss

Plaintiff's claims against USMS in Count XVII of Plaintiff's complaint on the bases that

Plaintiff's claims are barred by the doctrines of *res judicata* and collateral estoppel, and because

Plaintiff failed to exhaust administrative remedies.  In support of this motion, the Court is

respectfully referred to the accompanying Memorandum of Points and Authorities in Support of

Defendant USMS's Motion to Dismiss and Declaration of Janice McLeod, Associate Director,

Office of Information and Policy, United States Department of Justice attached hereto.  Because

this is a dispositive motion, Defendant USMS has not sought Plaintiff's consent before filing.

LCvR 7(m).

Respectfully submitted,

 /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_/s/_
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


_/s/_
JUDITH A. KIDWELL
Assistant United States Attorney
555 Fourth Street, N.W.- Civil Division
Room E4905
Washington, D.C. 20530
(202) 514-7250

2

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that copies of the foregoing Defendant's Motion to Dismiss,

Memorandum of Points and Authorities in Support of Defendant USMS' Motion to Dismiss, and

Declaration of Janice McLeod, Associate Director, Office of Information and Policy, United

States Department of Justice were mailed, postage pre-paid, to Michael Antonelli, Plaintiff *pro*

*se*, on this 10th day of June 2008, to the following address:

Michael Antonelli
No. 04053-164
Federal Correctional Institution
Box 34550
Memphis, Tennessee 31884-0550

　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　JUDITH A. KIDWELL
　　　　　　　　　　　　　　Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MICHAEL C. ANTONELLI, | ) |
| | ) |
| Plaintiff *pro se*, | ) |
| | ) |
| v. | ) Civil Action No.: 07-2016 (CKK) |
| | ) |
| FEDERAL BUREAU OF PRISONS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT UNITED STATES
MARSHALS SERVICE'S MOTION TO DISMISS

## I. INTRODUCTION

Plaintiff brought this action pursuant to the Freedom of Information Act ("FOIA"), 5

U.S.C. § 552 and the Privacy Act of 1974, 5 U.S.C. § 552a, against five defendants.[1]  Only Count

XVII of the complaint contains claims against Defendant U.S. Marshals Service ("USMS").

Count XVII of Plaintiff's complaint alleges that "by letter to the Director of the USMS dated

November 4, 2006, plaintiff asked the USMS who he must send the $42.10 he owes to."  *See*

Complaint ("Compl.") XVII, ¶ 1.  Plaintiff then alleges that he "paid the $42.10 debt he owed

USMS," but fails to provide the date of payment.  *Id*. ¶ 2.  Plaintiff further avers that "[T]he

USMS then released certain records to plaintiff and withheld some in part and blanket denied

some."  *Id*. ¶3.  Plaintiff alleges that he "appealed the withholdings to OIP."  Id. ¶ 4.  He requests

judicial review of the action/inaction of the USMS and OIP.  *Id*. ¶ 5.

---

[1] According to the complaint, the Defendants are:  the Federal Bureau of Prisons, the Federal Bureau of Investigation, the United States Marshals Service, the Office of Information and Privacy ("OIP") of the United States Department of Justice, and the United States Immigration and Customs Enforcement.

Notably, Plaintiff fails to advise the Court that he litigated some of these same issues in an earlier action and lost. *See Antonelli v. ATF*, Civil Action No. 04-1180 (CKK), Memorandum Opinions ("Opinions") dated January 18, 2006, and January 29, 2007, Docket Nos. 131 and 179. In 2004, Plaintiff filed a 68-Count complaint naming sixteen federal agencies or agency components, one of which was USMS. *See* Opinion, January 18, 2006. In that case, the Court addressed two requests made to USMS by Plaintiff in November 2001 and November 2002, requesting records pertaining to himself. *Id*. The Court granted summary judgment with respect to USMS's withholding of records based on Plaintiff's failure to exhaust administrative remedies by paying the assessed fee to USMS in the amount of $42.20.[2] *Id*. Additionally, the Court granted summary judgment with respect to USMS's invocation of certain exemptions in regard to 110 records released by USMS to Plaintiff without charge. *Id*., Opinion, January 29, 2007. Accordingly, to the extent that Plaintiff is re-litigating the fee issue[3] or any issue related to the 110 records, his claims must be dismissed, because such claims are barred by the doctrines of *res judicata* or collateral estoppel.

In any event, although Plaintiff alleges an administrative appeal to OIP by letter dated February 17, 2007, challenging USMS's withholding of records or information after payment of his past-due fee, (*See* Compl., Count XVII, ¶¶ 3,4; Statement, Count XVII, ¶ 4), OIP has no record of such an administrative appeal. *See* Defendant's Exhibit A, Declaration of Janice

---

[2] In this current action, Plaintiff alleges that the amount was $42.10. *See* Compl., Count XVII.

[3] Although Plaintiff's complaint fails to allege the date of his payment of the fee to USMS, he concedes in his Statement of Material Facts Not In Genuine Dispute ("Statement"), that it was not until January 8, 2007. *See* Statement, Count XVII, ¶ 3.

Mcleod, Associate Director, OIP ("McLeod Decl.") ¶ 65.[4]  Plaintiff's claims against USMS should, therefore, be dismissed for failure to exhaust administrative remedies.

## II.  LEGAL STANDARDS OF REVIEW

### A.  Motion to Dismiss Under Rule 12(b)(1)

A motion under 12(b)(1) "presents a threshold challenge to the court's jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987), *aff'd*, 213 F.3d 735 (D.C. Cir. 2000), *cert. denied*, 531 U.S. 1153 (2001).  "In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." *Thompson v. Capitol Police Board*, 120 F. Supp. 2d 78, 81 (D.D.C. 2000) (citations omitted). "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." *Rann v. Chao, Dep't. of Labor*, 154 F. Supp. 2d 61, 64 (D.D.C. 2001) (citations omitted), *affirmed*, 346 F.3d 192 (D.C. Cir. 2003), *cert. denied*, 543 U.S. 809 (2004).  In addition, "[o]n a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence." *Thompson*, 120 F. Supp. at 81.

A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) in two ways.  First, the court may determine the motion based solely on the complaint.  *Herbert v. National Academy of Science*, 974 F.2d 192, 197 (D.C. Cir. 1992). Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations

---

[4] Plaintiff also states that he sent a letter to OIP dated February 18, 2007, requesting that his appeal 05-1520 be reopened.  Statement, Count XVII, ¶ 5.  However, appeal 05-1520 concerned the Executive Office of United States Attorneys, not USMS.  *See* McLeod Decl. ¶ 65.

3

of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence. *Id*.

Courts must liberally construe pleadings submitted by a *pro se* party. *See United States* v. *Palmer*, 296 F.3d 1135, 1143 (D.C. Cir. 2002) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972), for the proposition that the allegations of a *pro se* litigant, "however inartfully pleaded," are subject to "less stringent standards than formal pleadings drafted by lawyers".). However, a court may not entertain "what[ever] claims a [*pro se* litigant] may or may not want to assert" without an adequate jurisdictional basis. *Jarrell v. Tisch*, 656 F.Supp. 237, 239 (D.D.C. 1987).

**B.    Motion to Dismiss Under Rule 12(b)(6)**

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court will dismiss a claim if Plaintiff's complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S.Ct. 1955, 1974 (2007) (clarifying the standard from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Aktieselskabet v. Fame Jeans, Inc.*,--F.3d--, 2008 WL 1932768 (D.C. Cir. Apr. 29, 2008); *In re Sealed Case*, 494 F.3d 139, 145 (D.C. Cir. 2007) (citing *Twombly*). Hence, the focus is on the language in the complaint, and whether that language sets forth sufficient factual allegations to support a plaintiff's claims for relief.

The Court must construe the factual allegations in the complaint in the light most favorable to Plaintiff and must grant Plaintiff the benefit of all inferences that can be derived from the facts as they are alleged in the complaint. *Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004) (citing *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

However, the Court need not accept any inferences or conclusory allegations that are unsupported by the facts pleaded in the complaint. *Kowal*, 16 F.3d at 1276. Moreover, the Court need not "accept legal conclusions cast in the form of factual allegations." *Id*.

### III.  ARGUMENT

### A.  PLAINTIFF'S CLAIMS ARE BARRED, IN PART, BY THE DOCTRINES OF RES JUDICATA OR COLLATERAL ESTOPPEL

In this case, Plaintiff appears to be attempting to re-litigate issues raised and ruled on by the Court in his earlier litigation. *See Antonelli v. ATF*, Civil Action No. 04-1180 (CKK), Compl. Counts 54, 55 and 56; January 18, 2006 and January 29, 2007, Opinions (Docket Nos. 131, 178, and 179). However, a plaintiff cannot continuously re-litigate the same cause of action against the same defendant. *See Katz v. U.S. Department of Justice,* 596 F.Supp. 196 (1984) (citing *Vorbeck v. Whaley,* 478 F.Supp. 1117, 1119 (E.D. Mo. 1979)).

The doctrine of *res judicata* operates to preclude claims in situations where there has been an earlier, valid, final judgment involving the same cause of action and the same parties. *See generally Montana v. United States*, 440 U.S. 147, 153 (1979); *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n. 5 (1979); *Lawlor v. National Screen Serv. Corp.*, 349 U.S. 322, 326 (1955). The doctrine applies equally to a party's rights regarding matters that could have been litigated, as well as those matters that were actually litigated in another suit. *See Hardison v. Alexander*, 655 F.2d 1281; 1288 (D.C. Cir. 1981).

Moreover, it is well-settled that the doctrine of collateral estoppel requires that " 'once a court had decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first

case.' " *McLaughlin v. Bradlee*, 803 F.2d 1197, 1201 (D.C. Cir. 1986) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). Collateral estoppel applies if three criteria are met. First, "the same issue 'must have been actually litigated, that is, contested by the parties and submitted for determination by the court.' " *Id*. at 1201 (quoting *Otherson v. Department of Justice*, 711 F.2d 267, 273 (D.C. Cir. 1983)). Second, the issue must actually and necessarily have been determined by a court of competent jurisdiction. *McLaughlin*, 803 F.2d at 1201. Third, preclusion in the second case must not work a basic unfairness to the party bound by the first determination. *See Otherson v. Department of Justice*, 711 F.2d at 273.

Therefore, to the extent that Plaintiff is attempting to relitigate the withholding of records by USMS because of the fee issue of $42.20, or relitigate the exemptions invoked by USMS as to the 110 records released to Plaintiff, his claims are barred and should be dismissed.

## B. **PLAINTIFF FAILED TO EXHAUST ADMINISTRATIVE REMEDIES**

Exhaustion of administrative remedies is required under FOIA before a party can seek judicial review. *Dettmann v. United States Dep't of Justice*, 802 F.2d 1472, 1477 (D.C. Cir. 1986). A FOIA requester is deemed to have failed to exhaust administrative remedies whenever the requester fails to comply with the administrative procedures set forth under FOIA, including: (1) providing the required proof of identity, *Summers v. United States Dep't of Justice*, 999 F.2d 570, 572-73 (D.C. Cir. 1993); (2) reasonably describing the records sought, *Gillin v. IRS*, 980 F.2d 819, 822-23 (1ˢᵗ Cir. 1992); (3) complying with fee requirements, *Trueblood v. United States Dep't of Treasury*, 943 F. Supp. 64, 68 (D.D.C. 1996); and (4) administratively appealing a denial of records, *Oglesby v. United States Dep't of the Army*, 920 F.2d 57 (D.C. Cir. 1990). *See also* 5 U.S.C. § 552(a)(3) (requester must follow agency's published regulations governing

6

FOIA requests); *Kessler v. United States*, 899 F. Supp. 644, 645 (D.D.C. 1995) (failure to follow agency regulations constitutes failure to exhaust administrative remedies).  Where a FOIA plaintiff attempts to obtain judicial review without having first fully exhausted his administrative remedies, his lawsuit is subject to dismissal for lack of subject matter jurisdiction.  *Oglesby*, 920 F.2d at 57.

In the instant case, there is no record that Plaintiff filed an appeal to OIP on February 17, 2007, concerning an action by USMS, and his letter of February 18, 2007, concerning an agency which is not a party to this suit, is irrelevant to this proceeding.  Accordingly, Plaintiff's claims against USMS should be dismissed.

<u>Conclusion</u>

For the foregoing reasons, Plaintiff's claims against USMS should be dismissed.

Respectfully submitted,


  /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


  /s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


  /s/
JUDITH A. KIDWELL
Assistant United States Attorney
555 4th Street, N.W., Room E4905
Washington, D.C. 20530
(202) 514-7250

EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Michael C. Antonelli,                          )
                                               )
          Plaintiff,                           )
                                               )
          v.                                   )     Civil Action No. 07-02016 (CKK)
                                               )
Federal Bureau of Prisons, et al.              )
                                               )
          Defendants.                          )
                                               )
_____)

DECLARATION OF JANICE GALLI McLEOD

I, Janice Galli McLeod, declare the following to be true and correct:

(1) I am the Associate Director, Office of Information and Privacy (OIP), United States Department of Justice.  In this capacity, I am the delegated final decision-making authority for the Administrative Appeals Unit (Appeals Unit), OIP.  The Appeals Unit is responsible for adjudicating administrative appeals submitted by requesters in response to actions taken by Department components on requests for information submitted under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 (2006), amended by OPEN Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524, and the Privacy Act of 1974, 5 U.S.C. § 552a (2006).  The Appeals Unit renders decisions on the issue(s) raised on appeal by a FOIA requester.

(2) I make the statements herein on the basis of my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations made by me in accordance therewith.

(3) Due to the nature of my official duties, I am familiar with the procedures followed by OIP in responding to appeals from actions taken by Department components on requests for information made under the FOIA and the Privacy Act.  Specifically, I am familiar with the

administrative FOIA appeals filed by Michael C. Antonelli in connection with this litigation and have personally reviewed each of the administrative appeal files referenced in this declaration.

(4) The purpose of this declaration is to provide the Court with the history of the correspondence received by OIP with regard to several administrative appeals submitted or claimed to have been submitted by Mr. Antonelli over approximately a two-year time period -- between August 8, 2005 and June 21, 2007 and to inform the Court of correspondence related to plaintiff's FOIA fee delinquencies.

(5) Plaintiff's "Statement Of Material Facts Not In Genuine Dispute" [hereinafter Plaintiff's Statement of Material Facts], filed on January 9, 2008, follows the ordering of the counts in his original Complaint filed November 8, 2007. Unlike his November 2007 filing, plaintiff's statement now includes exhibits.[1]

## I. Correspondence

(6) This section addresses those Counts of plaintiff's Complaint in which plaintiff appealed to OIP from the action of a Department of Justice component with regard to a FOIA request that plaintiff claims he submitted to that component. In a limited number of instances plaintiff does not specify that he submitted an appeal of the action complained of to OIP. OIP personnel, however, have conducted searches of OIP's appeal tracking database for any indication that plaintiff did appeal the subject matter, if referenced in those particular Counts.[2] The results of

---

[1] A comparison of plaintiff's Complaint and Plaintiff's Statement of Material Facts involved a line-by-line review of plaintiff's twelve-page Complaint, his twelve-page Statement of Material Facts, as well as a comparison of facts pled in his Complaint with the above-described statement and exhibits (which totaled 207 pages).

[2] This DOS-based system is most typically searched by using requester's/appellant's name.
(continued...)

2

those searches are included under the appropriate headings below. Declarant follows the same ordering sequence used by plaintiff in his Complaint.

### Count I - Federal Bureau of Prisons

(7) By letter dated October 21, 2006, plaintiff asserts that he submitted a FOIA request to the Director of BOP for all BOP files on Anthony Allan Lemay and complains that he never received a response from BOP. (See Complaint, Count I, ¶ 1, 2.) Plaintiff does not allege that he submitted an administrative appeal to OIP with regard to this FOIA request. OIP personnel conducted a search of its appeal tracking database for an appeal submitted by plaintiff under the subject of "Anthony Allan Lemay," BOP Request No. 07-02059, and found none.

### Count II - Federal Bureau of Prisons

(8) By letter dated September 2, 2005, plaintiff submitted an administrative FOIA appeal to OIP, appealing BOP's failure to respond to a request mailed on August 9, 2005. (See Exhibit A, with attachment; Complaint, Count II, ¶¶ 1, 2.) Plaintiff did not provide a BOP request number to OIP but attached a copy of a letter to BOP dated August 9, 2005, to his appeal in which he requested a copy of "all video tapes" of a common area at the Federal Correctional Complex, Forrest City, Arkansas, for the time period "between 2:00 p.m. and 3:00 p.m." on June 16, 2005. (See Exhibit A, Attachment.) OIP personnel subsequently identified plaintiff's request as BOP Request No. 2005-08421, acknowledged it by letter dated October 3, 2005, and subsequently numbered it Appeal No. 05-2789 for accounting purposes. (See Exhibit B.)

---

[2](...continued)
In instances where a particular requester/appellant has made numerous requests, the database can also be searched by the number of the request or the date of the request, if provided, which, in its most efficient manner, involves a screen-by-screen review of the data entered for each appeal under a particular requester/appellant name.

(9) In its letter dated October 3, 2005, OIP also advised plaintiff that it was unable to act on his appeal until there had been an initial determination by BOP. (See id.) Plaintiff was advised that he could again appeal to OIP once BOP completed its action on this request if BOP denied any of the requested material. (See id.) Plaintiff was further advised that he could instead consider BOP's failure to timely respond to his request as a denial of that request and if he so chose, seek judicial review of that denial. (See id.)

(10) By letter dated October 8, 2005, plaintiff submitted a second administrative FOIA appeal to OIP of the action taken by BOP on his request for a video tape of a common area at the Federal Correctional Complex, Forrest City, Arkansas as described in paragraph 9 above. (See Exhibit C; see also Complaint, Count II, ¶ 5.) In that letter, plaintiff referenced a BOP Request No. 2005-08428 dated September 21, 2005. (See id.)

(11) On October 24, 2005, OIP received plaintiff's appeal, acknowledged it by letter dated October 28, 2005, and assigned Appeal No. 06-0302 to it. (See Exhibit D; see also Complaint, Count II, ¶ 6; Pl.'s Statement of Material Facts, Count II, ¶ 6, Pl.'s Exhibit H.)

(12) By letter dated December 27, 2006, OIP advised plaintiff that Appeal No. 06-0302 had been administratively closed due to his failure to pay past-due FOIA processing fees to the USMS for Request No. 2003USMS4609. (See Exhibit E; see also Complaint, Count II, ¶ 7.)

(13) By letter dated January 11, 2007, in response to OIP's letter of December 27, 2006, plaintiff stated that he had paid USMS the $42.10 fee owed to it in connection with his Request No. 2003USMS4609.[3] (See Exhibit F; see also Complaint, Count II, ¶ 8.) Plaintiff, however, did

---

[3] Department regulations require that checks (or money orders) be made payable to the Treasury of the United States. FOIA fees owed by requesters are submitted directly to the

(continued...)

4

not specify when he had paid that debt. (Id.) On March 8, 2007, USMS confirmed that on

January 8, 2007, plaintiff had paid the past-due FOIA debt owed to it that plaintiff incurred in

2003.

(14) By letter dated April 9, 2007, in further response to plaintiff's letter of January 11,

2007, OIP reminded plaintiff that other past-due FOIA processing fees were also owed to EOUSA

(see Exhibit G) which had also been the subject of OIP's April 2, 2007 letter (see Exhibit H) to

him in connection with other FOIA requests made to EOUSA, and which were the subject of

other FOIA appeals made to OIP. (See also Complaint, Count II, ¶ 9.) OIP further advised

plaintiff that Appeal No. 06-0302 had been closed because of the past-due fees owed in

connection with the EOUSA request. (See Exhibit G; see also 28 C.F.R. 16.11(i)(3) (2007.)

(15) By letter dated April 15, 2007, in response to OIP's letter of April 9, 2007, plaintiff

claimed that he had paid "the entire bill" of $143.60 for the requests referenced in OIP's

correspondence of April 2, 2007. (See Exhibit I; see also Complaint, Count II, ¶ 10.) Plaintiff

asked that Appeal No. 06-0302 be reopened. (Id.)

(16) By letter dated May 7, 2007, in response to plaintiff's letter of April 15, 2007, OIP

informed plaintiff that it had again contacted EOUSA and that EOUSA confirmed that "it has no

record of your payment." (Exhibit J.)

(17) As of the outset of this litigation in November 2007, plaintiff had not substantiated

that his past-due FOIA debt to EOUSA had been paid.

---

[3](...continued)
component of the agency that performed the FOIA work for accounting purposes; thereafter these
funds are transferred to the Treasury. See Uniform Freedom of Information Act Fee Schedule
and Guidelines, 52 Fed. Reg. 10012, 10012 (1987) (issued by Office of Management and
Budget).

### Count III - Federal Bureau of Prisons

(18) By letter dated March 4, 2007, plaintiff submitted an administrative appeal to OIP asserting that BOP had "never responded" to a request he submitted "nearly two months ago." (See Exhibit K.) Plaintiff attached a copy of a letter dated January 12, 2007, to "Director Federal Bureau of Prisons." (See Exhibit L; Complaint, Count III, ¶ 3.)

(19) By letter dated April 26, 2007, OIP acknowledged plaintiff's letter of March 4, 2007, advised plaintiff that BOP had informed OIP that it had "no record of receiving this request from you," and informed plaintiff that OIP was referring his letter of March 4, 2007 to BOP for "processing and a direct response to you." (See Exhibit M.)

### Count IV - Federal Bureau of Prisons

(20) Although plaintiff stated in his Complaint that he "appealed the insufficient search for records by the BOP," he did not provide sufficient information to enable OIP personnel to conduct a search of OIP's appeal tracking database. (See Complaint, Court IV, ¶ 5.) Plaintiff subsequently asserted that he submitted that appeal to OIP by letter dated January 25, 2007. (See Pl.'s Statement of Material Facts, Count IV, ¶ 5.) OIP personnel thereafter conducted a search of OIP's appeal tracking database for any FOIA appeal of any BOP matter submitted by plaintiff dated on or about January 25, 2007, but found none.

### Count V - Federal Bureau of Prisons

(21) By letter dated June 6, 2007, plaintiff submitted an administrative FOIA appeal to OIP in which he referenced BOP Request No. 2007-05576, which concerned a request for a copy of a recording of a telephone call. (See Exhibit N; see also Complaint, Count V, ¶ 4.)

(22) By letter dated June 20, 2007 to plaintiff, OIP acknowledged receipt of plaintiff's

appeal and assigned Appeal No. 07-1732 to it. (See Exhibit O.) OIP had not yet adjudicated that

appeal as of the outset of this litigation.

**Count VI - Federal Bureau of Prisons**

(23) By letter dated April 18, 2007, plaintiff submitted an administrative FOIA appeal to

OIP in which he challenged BOP's "no records" response to Request No. 2007-04383 for copies of

all recordings of telephone conversations between himself and an attorney over a multi-year

period. (See Exhibits P-Q; see also Complaint, Count VI, ¶ 4.) By letter dated May 7, 2007, OIP

acknowledged receipt of plaintiff's appeal and assigned Appeal No. 07-1324 to it. (See Exhibit R;

see also Complaint, Count VI, ¶ 5.)

(24) By letter dated June 5, 2007, OIP informed plaintiff that his appeal had been closed

due to his failure to pay past-due FOIA processing fees on certain earlier requests made to

EOUSA. (See Exhibit S, a copy of which is attached hereto; see also 28 C.F.R. 16.11(i)(3)

(2007); Complaint, Count VI, ¶ 6.) Plaintiff was further advised that he would need to

substantiate the payment of the overdue fees before action would be taken on any new appeals he

submitted to OIP. (See id.)

(25) By letter dated July 29, 2007, plaintiff provided OIP with a copy of a letter dated

March 3, 2007 addressed to EOUSA, attached to which was a copy of a money order dated March

14, 2007. Plaintiff described this as "factual evidence" that he had paid his debt in full and asked

that his appeal be reopened. (See Exhibit T; see also Complaint, Count VI, ¶ 7.) For a further

discussion of plaintiff's letter of July 29, 2007, see Plaintiff's Fee Delinquencies, *infra* at 22-23, ¶¶

79, 80, 82.

7

(26) In response to plaintiff's July 29, 2007 letter and subsequent to the outset of this litigation in November 2007, OIP informed plaintiff that EOUSA had again searched its records for any evidence of payment of his past-due FOIA debt, but found none. (See Exhibit DDD.)

### Count VII - Federal Bureau of Prisons

(27) By letter dated August 31, 2005, plaintiff submitted an administrative FOIA appeal to OIP in which he appealed BOP's failure to respond to an unnumbered request, subsequently designated by BOP as Request No. 2005-08429. (See Exhibit U; see also Complaint, Count VII, ¶ 2.)

(28) By letter dated October 3, 2005, OIP acknowledged receipt of plaintiff's appeal, and subsequently assigned Appeal No. 05-2790 to it for accounting purposes. (See Exhibit V; see also Complaint, Count VII, ¶ 4.) OIP advised plaintiff that it was unable to act on his appeal until there had been an initial determination made by BOP. (See id.) Plaintiff was advised that he could again appeal to OIP once BOP completed its action on this particular request if BOP denied any of the requested material. (See id.) Plaintiff was further advised that he could instead consider BOP's failure to timely respond to his request as a denial of that request and if he chose, seek judicial review of that denial. (See id.)

(29) By letter dated January 23, 2006, plaintiff submitted a second administrative FOIA appeal in which he challenged BOP's action on Request No. 2005-08429, specifically the "exporgated records and blanket denial of some information." (See Exhibit W; see also Complaint, Count VII, ¶ 6.) By letter dated February 17, 2006, OIP acknowledged receipt of this second appeal and assigned Appeal No. 06-1154 to it. (See Exhibit X, a copy of which is attached hereto; see also Complaint, Count VII, ¶ 7.)

8

(30) By letter dated March 30, 2006, OIP adjudicated plaintiff's appeal, made a supplemental release of additional information from two pages of BOP records previously released to plaintiff in part, but otherwise affirmed BOP's use of Exemption 7(C) to the records at issue, 5 U.S.C. § 552(b)(7)(C).  (See Exhibit Y; see also Complaint, Count VII, ¶ 8.)

### VIII - Federal Bureau of Prisons

(31) Plaintiff alleges in his Complaint that by letter dated November 12, 2006, he "appealed the withholdings to OIP" made by BOP to records related to tort claims he had filed. (See Complaint, Count VIII, ¶ 4.)  OIP personnel conducted a search of its appeal tracking database using the date provided by plaintiff but was unable to identify any administrative appeal dated or received from plaintiff on November 12, 2006.  Thereafter, OIP personnel conducted an additional search of OIP's appeal tracking database extending the search to include any appeal submitted by plaintiff within the month of November 2006.  No appeal submitted by plaintiff, concerning BOP's action on his request for records pertaining to tort claims filed by plaintiff, was identified.

### IX - Federal Bureau of Prisons

(32) By letter dated October 11, 2005, plaintiff asserts that he "appealed the failure of the BOP to act within the time limits" on his request for a copy of his "entire RDAP Treatment File including a hard-copy of all computer entries generated." (See Complaint, Count XI, ¶¶ 1, 5.) OIP personnel conducted a search of OIP's appeal tracking database using the date provided by plaintiff, but was unable to identify any administrative appeal dated October 11, 2005.  Thereafter, an additional search of OIP's appeal tracking database was conducted extending the search to include any appeal submitted by plaintiff within the month of October 2005.  No appeal submitted

by plaintiff concerning BOP's failure to timely respond to his request for records pertaining to "RDAP file Treatment File" was identified.

(33) Although OIP did not identify an appeal dated October 11, 2005, OIP did locate an appeal dated November 3, 2005, which concerned the same general subject matter referenced by plaintiff in paragraph one of plaintiff's Complaint, Count IX, in which he referenced BOP Request No. 00068, and likewise challenged BOP's failure to timely respond to his request.  (<u>See</u> Complaint, Count IX, ¶ 9; <u>see also</u> Pl.'s Statement of Material Facts, Count IX, ¶ 9, Pl.'s Exhibit YY.)

(34) OIP acknowledged this appeal by letter dated December 1, 2005, and assigned Appeal No. 06-0480 to it.  (<u>See</u> Exhibit Z; <u>see also</u> Complaint, Count IX, ¶ 12.)

(35) By letter dated November 14, 2005, plaintiff submitted another appeal in connection with BOP Request No. 2006-00068, challenging BOP's "action of 11/10/05" and its withholding of "certain records."  (Exhibit AA; <u>see also</u> Complaint, Count IX, ¶ 10.)  By letter dated November 30, 2005, OIP acknowledged receipt of this appeal and assigned Appeal No. 06-0572 to it.  (<u>See</u> Exhibit BB; <u>see also</u> Complaint, Count IX, ¶ 11.)

(36) By letters dated December 21, 2006 and December 27, 2006, OIP advised plaintiff that Appeal No. 06-0480 and Appeal No. 06-0572 respectively, had been administratively closed by OIP due to his failure to pay past-due FOIA processing fees with regard to Request No. 2003SMS4609, on which a fee of $42.10 was owed.  (<u>See</u> Exhibit CC, with attachments, DD; <u>see also</u> Complaint, Count IX, ¶¶ 13,14.); 28 C.F.R. 16.11(i)(3) (2007).  In its letter of December 21, 2006, OIP provided plaintiff with a courtesy copy of his earlier correspondence to

10

USMS dated March 19, 2003, in which he had committed to pay $42.20 in FOIA fees.  (See Exhibit CC, Attachment 2.)

(37) By letters dated January 11, 2007, plaintiff informed OIP that he had paid his past-due FOIA processing fees to USMS and asked that Appeal Nos. 06-0480 and 06-0572 be reopened. (See Exhibits EE, FF; see also Complaint, Count IX, ¶ 15.)  Plaintiff, however, did not indicate when that debt had been paid.  (Id.)

(38) On March 8, 2007, OIP confirmed that on January 8, 2007, plaintiff had paid the past-due FOIA debt owed to USMS that he incurred in 2003.

(39) By letter dated April 9, 2007, OIP reminded plaintiff of other past-due FOIA processing fees owed for FOIA work done by EOUSA.  (See Exhibit GG; see also Complaint, Count IX, ¶ 16.)  This debt had been the subject of OIP's April 2, 2007 letter to plaintiff in connection with other FOIA requests made to EOUSA and other FOIA appeals submitted to OIP. (See Exhibit HH; see also Complaint, Count IX, ¶ 16.)

(40) By letter dated April 15, 2007, in response to OIP's letter of April 9, 2007, plaintiff stated that he had paid "the entire bill" of $143.60 for the two requests referenced in OIP's earlier correspondence concerning past-due fees owed to EOUSA.  (See Exhibit II; see also Complaint, Count IX, ¶ 17.)  Plaintiff asked that Appeal No. 06-0572 be reopened.  (See Exhibit II.)  By letter dated May 7, 2007, OIP informed plaintiff that EOUSA had again been contacted and that it had no record of his payment.  (See Exhibit T.)  As of the outset of this litigation in November 2007, plaintiff had not substantiated that his past-due FOIA debt to EOUSA had been paid.

11

**Count X - Federal Bureau of Prisons**

(41) By letter dated August 1, 2006, plaintiff submitted an administrative FOIA appeal to

OIP challenging the withholdings made by BOP to records responsive to Request No. 2006-

06825, which pertained to an Incident Report filed in June 2005 at Federal Correctional Complex,

Forrest City, Arkansas.  (See Exhibit JJ; Complaint, Count X, ¶ 3.)

(42) By letter dated August 16, 2006, OIP acknowledged receipt of plaintiff's appeal and

assigned Appeal No. 06-2818 to it.  (See Exhibit KK; see also Complaint, Count X, ¶ 4.)

(43) By letter dated January 16, 2007, OIP advised plaintiff that Appeal No. 06-2818 had

been administratively closed by OIP due to his failure to pay past-due FOIA processing fees to

USMS with regard to Request No. 2003USMS4609, on which a fee of $42.10 was owed.  (See

Exhibit LL; see also 28 C.F.R. 16.11(i)(3) (2007); Complaint, Count X, ¶ 3.)

(44) Plaintiff alleges that by letter dated January 22, 2007, he informed OIP that his debt to

USMS had been paid and asked that his appeal be reopened.  (See Complaint, Count X, ¶ 6.)

(45) I have hand-searched the file of Appeal No. 06-2818 and have found no letter dated

January 22, 2007.  In connection with other FOIA appeals submitted by plaintiff, OIP became

aware that plaintiff paid his USMS debt but that FOIA fees were owed to another Department of

Justice component.  (See, e.g., Exhibit G.)  As of the outset of this litigation in November 2007,

plaintiff had not substantiated that his over-due debt to EOUSA had been paid.

**Count XI - Federal Bureau of Prisons**

(46) By letter dated March 5, 2007, plaintiff stated that he submitted an administrative

FOIA appeal to OIP in which he challenged BOP's refusal to take action on Request No. 2006-

06375 because of his failure to pay $42.10 in fees to USMS, claiming that he had paid the over-

due fee. (See Exhibit MM; see also Complaint, Count XI, ¶ 5.)

(47) By letter dated April 6, 2007, OIP acknowledged receipt of plaintiff's appeal dated

March 5, 2006 and assigned Appeal No. 07-1004 to it. (See Exhibit NN.) At the request of OIP,

BOP provided it copies of plaintiff's underlying request for this appeal as well as its denial

thereof. (See Exhibits OO and PP.)

(48) OIP had not yet adjudicated that appeal at the time of the outset of this litigation.

(49) Plaintiff also claims that he submitted an appeal to OIP with regard to the "October

31, 2006 withholdings" made by BOP but does not reference a BOP request number. (See

Complaint, Count XI, ¶ 6.)

(50) OIP personnel conducted a search of its appeal tracking database but did not identify

any appeal that referenced BOP's "October 31, 2006 withholdings."

(51) Plaintiff subsequently asserted that his appeal of the October 31 withholdings was

submitted by letter dated November 11, 2006. (See Pl.'s Statement of Material Facts, Count XI,

¶ 4, Pl.'s Exhibit RRR.) That letter identified the request as Request No. 2006-10600. (See id.)

OIP personnel again conducted a search of OIP's appeal tracking database but did not identify any

appeal from plaintiff dated November 11, 2006, nor for any date in November 2006 challenging

the withholdings made on October 31, 2006 by BOP. OIP also searched for any appeal

referencing the subject matter as BOP Request No. 2006-10600 but found none.

## Count XII -Federal Bureau of Prisons

(52) Plaintiff does not contend that he submitted an administrative appeal to OIP with

regard to this BOP request. (See Complaint, Count XII). OIP personnel conducted a search of its

13

appeal tracking database for any appeal that might have been submitted by plaintiff under the

subject of "For Inmate Review" form (or similar words), as suggested in this Complaint but found

none.  (See id.)

### Count XIII - Federal Bureau of Prisons

(53) Plaintiff contends that he "appealed the withholdings to OIP" (see Complaint, Count

XIII, ¶ 3) but provided no underlying request number, OIP appeal number, or the date of his

appeal.

(54) OIP personnel conducted a search of its appeal tracking database for any appeal

submitted by plaintiff under the subject of "Administrative Remedy Number 406470," the only

information provided by plaintiff in Count XIII under which a search could be conducted, but

found none.  Thereafter plaintiff stated that this appeal was dated November 15, 2006.  (See Pl.'s

Statement of Material Facts, Count XIII, ¶ 3 & Pl.'s Exhibit ZZZ.  OIP personnel conducted a

search of OIP's appeal tracking database and identified no appeal dated November 15, 2006.

Thereafter, OIP personnel conducted an additional search of OIP's appeal tracking database

extending the search to include any appeal submitted by plaintiff within the month of November

2006 that concerned Administrative Remedy 406470, but found none.

### Count XIV- Federal Bureau of Prisons

(55) By letter dated August 2, 2006, plaintiff submitted an appeal to OIP referencing an

unnumbered BOP request in which he seemingly challenged BOP's lack of response to a request

that he stated was dated June 13, 2006.  (See Exhibit QQ.)

(56) By letter dated September 19, 2006, OIP acknowledged its receipt of this letter,

assigned Appeal No. 06-2830 to it, and informed plaintiff that until BOP acted upon his request

14

there was no adverse determination for OIP to review. (See Exhibit RR.) OIP further advised plaintiff that his letter had been forwarded to BOP and that he was entitled to construe BOP's failure to respond as a denial of his request for which his remedy was to seek judicial review under 5 U.S.C. § 552(a)(6)(C)(i). (See id.)

### Count XV - Federal Bureau of Prisons

(57) By letters dated August 16, 2006 and October 24, 2006, plaintiff claims that he submitted two administrative FOIA appeals to OIP; plaintiff does not reference any underlying FOIA request number(s) in his Complaint for these appeals. (See Complaint, Count XV, ¶¶ 5, 7, 8.)

(58) By letter dated October 10, 2006, OIP acknowledged receipt of an appeal from plaintiff dated August 16, 2006 and assigned Appeal No. 06-3182 to it. (See Exhibit SS.) Plaintiff attached to this appeal a letter to the "Director, Federal Bureau of Prisons," dated July 19, 2006, in which he complained to the Director of BOP that he had not received responses to three Administrative Remedy requests sent to BOP "on proper BP-11's."[4] (See Exhibit UU & Attachment 3.) In his FOIA appeal, plaintiff complained that the "attached request should have been processed under the FOIA."[5]

---

[4] The Administrative Remedy Program is separate and distinct from FOIA procedures and is administered solely within BOP. The purpose of this program is "to allow an inmate to seek formal review of an issue relating to any aspect of his/her confinement." (See Program Statement 1300.13 at www.bop.gov. The cover page of this fourteen-page statement, from which the above quotation is taken, also states that there are additional statutorily-mandated procedures, such as the Freedom of Information Act, which an inmate may avail him/herself of when the issue in an Administrative Remedy request or appeal cannot be resolved through that program. (See Exhibit TT, copy of cover page to Program Statement 1300.13.)

[5] The request complained of had been processed under BOP's Administrative Remedy
(continued...)

15

(59) By letter dated September 12, 2006, subsequent to plaintiff's appeal to OIP, BOP released eighty-five pages to plaintiff in their entireties in response to his letter of July 19, 2006, identified by BOP as Request No. 2006-09337. (See Summers Decl. ¶ 53.)

(60) By letter to plaintiff dated November 13, 2006, OIP closed Appeal No. 06-3182, stating to plaintiff that "your appeal from BOP's failure to respond to your request is now moot." (See Exhibit VV.)

(61) Plaintiff claimed he submitted a second appeal to OIP by letter dated October 24, 2006, concerning "the insufficient search," conducted by BOP. OIP personnel conducted a search of OIP's appeal tracking database and found no record of an administrative FOIA appeal submitted by plaintiff dated on or about October 24, 2006, that challenged the adequacy of BOP's search. (See Complaint, Count XV, ¶ 7.) Thereafter, OIP personnel conducted an additional search of OIP's appeal tracking database extending the search to include any appeal submitted by plaintiff within October or November of 2006 that concerned BOP request No. 2006-09337, but found none.

## Count XVI - Immigration and Customs Enforcement

(62) Plaintiff suggests that he submitted a FOIA appeal to OIP by letter dated June 21, 2007. (See Complaint, Count XVI, ¶3.)

---

[5](...continued)
Program. That decision, rendered August 8, 2006, informed plaintiff that Administrative Remedy Appeals #392038-A1 and #306968-A1 had been answered, that Appeal #402868-A2 was pending, and that for copies of the former he needed to submit a FOIA request. (See Exhibit UU, Attachment 1.)

(63) OIP personnel conducted a search of its appeal tracking database; there is no record of

any administrative appeal from plaintiff dated June 21, 2007, from the action of Immigration and

Customs Enforcement.

### Count XVII - United States Marshals Service

(64) Plaintiff alleges in his Complaint that he "appealed the withholdings to OIP" from

"certain records" released to plaintiff by USMS but plaintiff did not provide a request number, an

appeal number, the subject matter of his appeal, or the date of his appeal to OIP. (See Complaint,

Count XVII, ¶ 4.)  Plaintiff failed to provide OIP with sufficient information that would allow OIP

to effectively search its appeal tracking database for his appeal.

(65) Plaintiff thereafter alleged that by letter dated February 17, 2007, he appealed

"the delay by USMS in releasing records to him." (See Pl.'s Statement of Material Facts, Count

XVII, ¶ 4.)  OIP personnel conducted a search of its appeal tracking database; there is no record of

an administrative appeal from plaintiff dated February 17, 2007 from an action of the USMS.

Plaintiff also asserts that by letter dated February 18, 2007, he asked OIP to reopen his previously

closed Appeal No. 05-1520. (See Pl.'s Statement of Material Facts, Count XVII, ¶ 5.)  I have

hand-searched the file associated with Appeal No. 05-1520; no letter from plaintiff to OIP dated

February 18, 2007, was found in that appeal file.  Further, Appeal No. 05-1520, which was not

identified in plaintiff's Complaint, does not concern an action of USMS, but rather an action of

EOUSA, a component of the Department of Justice that is not a party to this action.

### Count XVIII - Federal Bureau of Investigation[6]

(66) Plaintiff claims to have appealed "the FBI's failure to respond on August 8, 2005" with regard to his request "for addresses of all FBI Field Offices in every state." (See Complaint, Count XVIII, ¶¶ 1-2.)

(67) Although plaintiff provided no request or appeal number, OIP personnel conducted a search of OIP's appeal tracking database using the date, August 8, 2005, provided by plaintiff. No record of an administrative appeal from plaintiff dated August 8, 2005 was found. Thereafter, OIP personnel conducted additional searches of its appeal tracking database for any appeal submitted by plaintiff under the general topic of "FBI Field Offices," extending the search to include any appeal submitted by plaintiff during the month of August 2005. OIP identified none that concerned the FBI's lack of action on a request for records pertaining to field office addresses.

(68) By letter dated April 24, 2007, plaintiff submitted a single appeal to OIP referencing actions taken by the FBI on three administrative FOIA requests, Request Nos. 1075126-000, 1075127-000, 1075128-000. Plaintiff's Complaint identifies the subject matters as "Ms. Antonelli, Mr. Valona and plaintiff." (See Exhibit WW; Complaint, Count XVIII, ¶ 19.)

(69) By letter dated May 18, 2007, OIP informed plaintiff that the three requests referenced above, assigned Appeal Nos. 07-1425, 07-1426, 07-1427 respectively, had been administratively closed due to his failure to pay past-due fees to EOUSA and that he would have

---

[6] Count XVIII appears to concern multiple appeals which plaintiff claims that he made with regard to actions of the FBI. Although plaintiff does not identify any request or appeal by number in this Count, he provided several dates in connection with correspondence seemingly related to these requests and appeals, and, in some instances, the subject matter(s). (See generally, Complaint, Count XVIII.)

18

to substantiate that this debt had been paid before any action on additional administrative appeals was taken in accordance with 28 C.F.R. § 16.11(i)(3) (2007).  (See Exhibit XX; see also Complaint, Count XVIII, ¶ 20.)

(70) Plaintiff further claims to have "appealed the failure of FBI to respond" with regard to a request he made to the FBI dated November 5, 2006 "for information in connection" with two named third parties from whom he had obtained privacy waivers.  (Complaint, Count XVIII, ¶¶ 3, 4.)

(71) Although plaintiff provided no time frame within which he submitted this "failure to respond" appeal, OIP personnel conducted a search of OIP's appeal tracking database for the general time period -- December 2006 through March 2007 -- within which plaintiff would likely have submitted such an appeal.  No responsive appeal that concerned the FBI's failure to respond in connection with a request pertaining to the two third parties referenced in plaintiff's letter of November 5, 2006, was identified.[7]

(72) Thereafter, plaintiff identified Appeal No. 05-0672 as the appeal to which paragraph four of his Complaint referred and which appears to concern plaintiff's November 5, 2006 letter. (See Pl.'s Statement of Material Facts, Count XVIII, ¶ 5, Pl.'s Exhibit VVVV.)[8]  That appeal, however, does not concern the subject matters denoted in plaintiff's letter of November 5, 2006, but rather concerns a referral of records from the Office of the Inspector General (OIG) to the FBI

---

[7] The only appeals received from plaintiff during that time period concerned three appeals submitted in connection with BOP requests.

[8] Plaintiff's Complaint identified two third parties as the subjects of his November 5, 2006 request to the FBI (see Complaint, Count XVIII, ¶ 3) while Plaintiff's Statement of Material Facts, identified three individuals (including himself).  (See Pl.'s Statement of Material Facts, Count XVIII, Pl.'s Exhibit UUUU.)

for processing under the FOIA; it predates by several months any appeal that plaintiff made with respect to his request of November 5, 2006 to the FBI. (See Exhibits YY and ZZ, Pl.'s appeal of Dec. 11, 2004 and OIP's acknowledgment of Dec. 30, 2004, respectively.) Further, it appears that plaintiff's request to the FBI dated November 5, 2006 has been the subject of litigation in Civil Action No. 04-1180 as suggested by that letter. (See Pl.'s Statement of Material Facts, Count XVIII, Pl.'s Exhibit UUUU.)

(73) By letter dated April 15, 2007, plaintiff submitted a letter to OIP in which he challenged the April 9, 2007 closure of Appeal No. 05-1957 by OIP due to his failure to pay an over-due debt to EOUSA. (See Exhibits AAA and BBB; see also Complaint, Count XVIII, ¶ 17; Pl.'s Statement of Material Facts, Count XVIII, ¶¶ 16-17, Pl.'s Exhibits GGGGG and HHHHH.) By letter May 7, 2007, OIP reiterated that EOUSA had not received his payment. (See Exhibit CCC.) As of the outset of this litigation, plaintiff had not substantiated that his past-due FOIA debt had been paid.

(74) Other paragraphs of the Complaint, Count XVIII, refer to a purported FOIA appeal submitted to OIP that concerned the mail service at the FBI's Chicago Field Office. (See Complaint, Count XVIII, ¶¶ 9, 15; see also Pl.'s Statement of Material Facts, Count XVIII, Pl.'s Exhibits ZZZZ.) OIP referred plaintiff to the FBI's Public Information Office. (See Pl's Statement of Material Facts, Count XVIII, Pl.'s Exhibit FFFFF.)[9]

---

[9] Three other paragraphs of Count XVIII refer to FOIA appeal matters. (See Complaint, Count XVIII, ¶¶ 7, 11, and 14.) Paragraph 7 concerns additional correspondence with regard to an appeal of the records referred by the OIG to the FBI which does not concern the subject matters referenced in plaintiff's letter of November 5, 2006. See supra at 19-20, ¶ 72. Paragraphs 11and 14 concern additional appeals that plaintiff claims he submitted to OIP but for which OIP, after a search of its appeal tracking database by OIP personnel, has no record. Both
(continued...)

## II. Plaintiff's Fee Delinquencies

(75) From information provided by Department of Justice components to OIP during OIP's routine review of requester FOIA files in connection with adjudicating administrative appeals submitted by requesters, it became apparent by December 2006 that plaintiff owed a FOIA debt to USMS that had been incurred in 2003. (See, e.g., Exhibits E, CC, DD.)

(76) Although plaintiff ultimately paid his over-due debt to USMS in January 2007 (see, e.g., supra at 4-5, ¶ 13 & Exhibit F), other over-due FOIA debts incurred with another Department of Justice component, the Executive Office for United States Attorneys (EOUSA), were reported to OIP. By letter dated April 2, 2007, OIP informed plaintiff that because of debts owed by plaintiff in connection with the processing of EOUSA Request Nos. 03-2204 and 03-2373, the appeal currently before OIP had been closed, that he would be required to substantiate that he had paid these debts, and that no action would be taken on any new appeal until he did so. (See Exhibits H, HH; see also 28 C.F.R.§ 16.11(i).) By letters dated April 9, 2007, in connection with several of his appeals, plaintiff was reminded that he owed past-due FOIA fees. (See, e.g., Exhibits G, GG.)

(77) By letters dated April 15, 2007, plaintiff disputed that he owed any debt to EOUSA, claiming that he had paid "the entire bill" of $143.60 for the two EOUSA requests referenced in OIP's correspondence of April 2, 2007. (See, e.g., Exhibit I.)

(78) By letter dated May 7, 2007, in connection with several of plaintiff's appeals, OIP further responded to plaintiff, advising him that it had again contacted EOUSA and that EOUSA

---

[9](...continued)
purported appeals are seemingly connected with the matters discussed supra at 18-19, ¶¶ 70-71.

had again confirmed that it had no record of his payment of $143.60. (See Exhibit J.) Plaintiff

was advised that it was his responsibility to substantiate that his debt had been paid, suggesting

that any documentation he had that would substantiate his claim could be sent directly to OIP.

(See id.) Plaintiff also was reminded that interest on unpaid debts was chargeable in accordance

with Department regulation 28 C.F.R. § 16.11(g) and that because of his history of delinquent

payments, Department of Justice components were permitted to require advance payment in

advance of processing any future requests he might submit in accordance with 28 C.F.R.

§ 16.11(i). (See id.)

(79) By letter dated July 29, 2007, plaintiff claimed that he was attaching "concrete factual

evidence" that he had paid his debt to EOUSA on March 14, 2007. (See Exhibit T, with

attachments.) To his July 29, 2007 letter, plaintiff enclosed a copy of a letter dated March 3,

2007, addressed to EOUSA which referenced an attached money order. (See id.) Plaintiff also

attached was a copy of a money order in the amount of $143.60 dated March 14, 2007, which he

claimed showed that he had paid his debt in full for EOUSA Request Nos. 03-2204 and 03-2373.

(See id.) OIP thereafter forwarded plaintiff's July 29, 2007 letter and its attachments to EOUSA.

(80) In his letter dated July 29, 2007, plaintiff listed fourteen administrative appeals

that had been previously closed, asking OIP to reopen them. (See id.) Several of the appeals

listed by plaintiff in that letter are now the subject of this litigation.[10]

-----

[10] All appeal numbers provided by plaintiff in that letter were checked against OIP's
appeal tracking database to confirm that the numbers concerned appeals submitted by plaintiff,
and then against plaintiff's Complaint to determine if they were part of the litigation filed under
Civil Action No. 07-2016 in November 2007. The following seven appeals listed in plaintiff's
July 29, 2007 letter to OIP are part of this litigation: 05-1957, 06-0302, 06-0572, 07-1324, 07-
1425, 07-1426, 07-1427.

(81) EOUSA subsequently advised OIP that plaintiff raised the matter of the alleged

March 3, 2007 payment in other litigation before this Court, Antonelli v. BATF, No. 04-1180

(DDC). Specifically, plaintiff questioned whether the FOIA debts for EOUSA Request Nos. 03-

2204 and No. 03-2373 were both attributable to him. Based on the information provided by

plaintiff in Antonelli v. BATF and from additional information gathered by EOUSA, it was

determined that the debt for EOUSA Request No. 03-2373 (in the amount of $60.90) was

seemingly not incurred by Michael Antonelli, Register No. 04053-164, the plaintiff in this action,

but rather by another requester named Michael Antonelli, Register, No. 06445-052.[11] The debt for

plaintiff's EOUSA Request No. 03-2204, however, is plaintiff's and had not been paid by plaintiff

at the outset of this litigation.

(82) By letter dated January 15, 2008, and in response to his letter of July 29, 2007, OIP

informed plaintiff that EOUSA had again searched its records for any evidence that it had

received a money order dated March 14, 2007. (See Exhibit DDD.) EOUSA informed OIP that a

search of its fee payment log and other record keeping locations found no record of a $143.60

payment from plaintiff. (See id.)

(83) In early April 2008, EOUSA informed OIP that it had received payment from plaintiff

on or about March 21, 2008. This payment, in the form of a money order dated March 14, 2008,

was in the same amount that plaintiff claimed he previously submitted to EOUSA in 2007. (See

Exhibit FFF, with attachments.) Attached to the money order was a copy of the same March 3,

---

[11] In connection with plaintiff's Appeal No. 05-2715 to OIP of an EOUSA matter,
however, plaintiff asserted that he believed that EOUSA Request Nos. 03-2204 and 03-2373
were both submitted by him as "surrogate requests" on behalf of other prisoners. (See Exhibit
EEE.)

2007 letter previously submitted to OIP, but without the cover letter dated July 29, 2007.  (See id.)

This March 14, 2008 money order included payment for both EOUSA Request Nos. 03-2204 and

03-2373, despite plaintiff's prior assertion that a portion of that debt -- the amount associated with

EOUSA Request No. 03-2373 -- had not been incurred by him.  On the copy of the letter

accompanying this $143.60 payment, a second but more current date of March 13, 2008 appeared

directly below the earlier date of March 3, 2007.  (Id.)

(84) By letters dated May 9, 2008, and with reference to pending administrative appeals,

Nos. 07-1004 and 07-1732, discussed *supra* at 8, 14-15, ¶¶ 22, 47, 48, plaintiff was informed that

both appeals had been administratively closed without adjudication in accordance with 28 C.F.R.

§ 16.9(a)(3), inasmuch as these matters are before the Court in this litigation.  (See Exhibits GGG,

HHH.)

(85) As a result of plaintiff's payment and EOUSA's receipt of plaintiff's over-due debt,

those appeals that are the subject of this litigation and were previously closed for non-payment of

fees remain closed as the matters complained of are before this Court.  See 28 C.F.R. §16.9(a)(3).

By letter dated May 15, 2008, plaintiff was so advised.  (See Exhibit III.)

I declare under penalty of perjury that the foregoing is true and correct.

JANICE GALLI McLEOD

Executed this 9th day of June 2008.

24

# Exhibit A

No. 07-02016 (D.D.C.)(CKK)

*rec'd 9-9-05*                    **FOIA APPEAL**        Date: September 2, 2005

To: Co-Director

Office of Information & Privacy         RE: FOIA to   BOP

Department of Justice                   Request No.   none yet

FLAG BUILDING, Suite 570

Washington, DC 20530                    Date of Request   9/9/05

Dear Sir:

This is an appeal under the Freedom of Information Act.
Please review the action or inaction of the following agency:

_____BOP_____ in conjunction to my request for records.
                    (check appropriate box or boxes below)

| X | The agency has not responded and the time limits within which to do so has expired. |
| ___ | The agency has claimed that no records could be found and I want to appeal that "no records" response. |
| ___ | The agency has blanket denied release of records. |
| ___ | The agency has released certain records and withheld some by claiming certain exemptions. |
| ___ | The agency has withheld certain records but has not claimed any exemptions or stated any reason for the deletions. |
| ___ | The agency has claimed there are no records available or they have been destroyed and I believe they have not made a sufficient search. |
| ___ | The agency has stated records were destroyed but has not stated where, how, when and for what reason and by whome they were destroyed and under what provision of the law. |
| X | I believe the agency action or inaction otherwise unjust for the following reason : |

SEE ATTACHED

_____

     Appellant believes the agency or public body has acted arbitrary
and/or capricious and he asks for review of the agency action/inaction.
     The burden is on the agency or public body to show the material
withheld fits within the parameters of the exemptions claimed.  The
Appellant asks that the agency itemize and index the withheld material
and include detailed affidavits & explanations in support of the
justifications for refusal to disclose.

                              Sincerely,
                          X  _____

OFFICE OF INFORMATION         (name)   Michael Antonelli
AND PRIVACY
                              (No.)   04053-164
SEP 0 9 2005
                              Federal Correctional Complex
RECEIVED
                              Box 3000 (MEDIUM)

                              Forrest City, Arkansas 72336

cc: file

NOTICE:  Failure to respond to this administrative appeal in a
         timely manner will result in civil action suit.

To: Director

Federal Bureau of Prisons

320 First Street, NW

Washington, D. C. 20534

Date: August 9, 2005

Dear Sir:

    This is a request under the Freedom of Information Act.

    I request a copy of any and all documents, records and information that any part of your agency has or had in its possession that is in any way connected to, related to, or even remotely in reference to my name.

    The following particulars may assist you in your search: I request a copy of all video tapes taken in B2 Unit at the Forrest City Medium facility in Arkansas on June 16, 2005 between 2:00pm and 3:00pm showing all activity that occured in the common area of unit B2 during that hour. I ask that these records be preserved.

    I will pay reasonable search and reproduction fees.

    My biographical data is as follows:

FULL NAME  MICHAEL CARMIE ANTONELLI

DATE OF BIRTH : ███████████

PLACE OF BIRTH : Chicago, Illinois USA

SOCIAL SECURITY NUMBER: ███████████

    I declare under penalty of perjury that the aforementioned biographical data is that of my person and the signature below is my true and correct original signature signed under oath.

Executed this 9th day of August, 2005

By X _Michael Antonelli_
                   Affiant Herein

(28 USC Section 1746)

Name: MICHAEL ANTONELLI

Reg. No. 04053-164

Federal Correctional Institution
Box 3000 (MEDIUM)
Forrest City, Arkansas 72336

# Exhibit B

No. 07-02016 (D.D.C.)(CKK)



**U.S. Department of Justice**

Office of Information and Privacy

_Telephone: (202) 514-3642_                    _Washington, D.C. 20530_

OCT 0 3 2005

Mr. Michael Antonelli
Register No. 04053-164
Federal Correctional Complex
P.O. Box 3000
Forrest City, AR  72336

  Re:  Request Nos. 2005-08421 and 05-08429

Dear Mr. Antonelli:

  This responds to your letters dated August 31 and September 2, 2005, in which you sought to appeal from the failure of the Federal Bureau of Prisons to respond to your requests for access to records.

  I have notified the BOP of your communication.  It is my understanding that the BOP is still processing your requests.  Although the Act authorizes you to treat the failure of the BOP to act on your requests within the specified time limit as a denial thereof, this Office, because it lacks the personnel resources to conduct the record reviews that are necessary to make initial determinations on requests for records, cannot act until there has been an initial determination by the BOP.  Our function is limited to the review of those records to which access is in fact denied.  You may appeal again to this Office when the BOP completes its action on these particular requests if any of the material is denied.  We will then open new appeals and review the BOP's substantive action on your requests.

  In the event that the BOP still has not responded to your requests at the time you receive this letter, you may, if you choose, treat my letter as a denial of your appeal and bring action in an appropriate federal court.  I hope that, in making a decision, you will give sympathetic consideration to the fact that the Department of Justice has many requests pending at this time and is making every possible, reasonable effort to process them.

        Sincerely,


        Richard L. Huff
        Co-Director


RLH:PAJ:CIH



# Exhibit C

No. 07-02016 (D.D.C.)(CKK)

*Recd 10-24-05*

*06-0302*

*FOIA (A) BOP*

**FOIA APPEAL**

To: Co-Director
Office of Information & Privacy
Department of Justice
FLAG BUILDING, Suite 570
Washington, D.C.  20530

Date: October 8, 2005

RE: FOIA to ___BOP___

Request No. 2005-08428

Date of Request: 9/21/05

Dear Sir:

This is an appeal under the Freedom of Information Act.
Please review the action or inaction of the following agency:

_____BOP_____ in conjunction to my request for records.
(check appropriate box or boxes below)

_____ The agency has not responded and the time limits within which
to do so has expired.

_____ The agency has claimed that no records could be found and
I want to appeal that "no records" response.

_____ The agency has blanket denied release of records.

_____ The agency has released certain records and withheld some
by claiming certain exemptions.

__X__ The agency has withheld certain records but has not claimed
any exemptions or stated any reason for the deletions.

__X__ The agency has claimed there are no records available or
they have been destroyed and I believe they have not made
a sufficient search.

_____ The agency has stated records were destroyed but has not
stated where, how, when and for what reason and by whome
they were destroyed and under what provision of the law.

_____ I believe the agency action or inaction otherwise unjust
for the following reason :

_____

_____

_____

Appellant believes the agency or public body has acted arbitrary
and/or capricious and he asks for review of the agency action/inaction.
The burden is on the agency or public body to show the material
withheld fits within the parameters of the exemptions claimed. The
Appellant asks that the agency itemize and index the withheld material
and include detailed affidavits & explanations in support of the
justifications for refusal to disclose.

*Vaughn*

Sincerely,

X _Michael Antonelli_

(name)  Michael Antonelli

(No.)     04053-164

Federal Correctional Complex

Box 3000 (MEDIUM)

Forrest City, Arkansas 72336

*App*

OFFICE OF INFORMATION
AND PRIVACY

OCT 24 2005

RECEIVED

cc: file

NOTICE:  Failure to respond to this administrative appeal in a
timely manner will result in civil action suit.

# Exhibit D

No. 07-02016 (D.D.C.)(CKK)



**U.S. Department of Justice**

Office of Information and Privacy

_____

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

OCT 2 8 2005


Mr. Michael Antonelli
Register No. 04053-164
Federal Correctional Complex
P.O. Box 3000 - Medium
Forrest City, AR 72336

      Re: Request No. 2005-08428

Dear Mr. Antonelli:

      This is to advise you that your administrative appeal from the action of the Federal Bureau of Prisons on your request for information from the files of the Department of Justice was received by this Office on October 24, 2005.

      The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number **06-0302**. Please mention this number in any future correspondence to this Office regarding this matter.

      We will notify you of the decision on your appeal as soon as we can. The necessity of this delay is regretted and your continuing courtesy is appreciated.

                         Sincerely,

                         Priscilla Jones
                         Chief, Administrative Staff



# Exhibit E

No. 07-02016 (D.D.C.)(CKK)

**U.S. Department of Justice**

Office of Information and Privacy

_Telephone: (202) 514-3642_                    _Washington, D.C. 20530_

**DEC 2 7 2006**

Mr. Michael Antonelli
Register No. 04053-164
United States Penitentiary            Re:    Appeal No. 06-0302
Post Office Box 2068                          Request No. 2005-08428
Inez, KY  41224                               JGM:KM

Dear Mr. Antonelli:

     You appealed from the action of the Federal Bureau of Prisons (BOP) on Request Number 2005-08428.

     A member of my staff has found that you owe the United States Marshals Service (USMS) $42.10 in duplication fees for records processed in response to Request Number 2003USMS4609.  In previous letters to you, I enclosed the administrative correspondence between USMS and yourself that concerns your earlier request.  Additionally, those previous letters state that USMS has no record of receiving any payment from you with regard to the earlier request.

     Because you have not paid this past-due fee to USMS, your current appeal from BOP's action on Request Number 2005-08428 has been administratively closed by this Office.  See 28 C.F.R. § 16.11(i)(3) (2006).  You will be required to substantiate that you have paid this debt before this Office takes action on any new appeals you submit.

     If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

                         Sincerely,

                         Daniel J. Metcalfe
                         Director

FILE

# Exhibit F

No. 07-02016 (D.D.C.)(CKK)

Daniel J. Metcalf, Director                          January 11, 2007
Office of Information & Privacy
Department of Justice
Washington, D. C. 20530

RE:  Appeal No. 06-0302
Request No. 2005-08428

Dear Mr Metcalf:

Please be advised that I paid the Marshals $42.10 in connection to
FOIA Request No. 2003USMS4609.

Therefore, kindly reopen Appeal No. 06-0302.

Thank You.

Sincerely,

Michael Antonelli
04053-I64
USP Big Sandy
Box 2068
Inez, KY 41224

cc : file

# Exhibit G

No. 07-02016 (D.D.C.)(CKK)



**U.S. Department of Justice**

Office of Information and Privacy

_Telephone: (202) 514-3642_                    _Washington, D.C. 20530_

APR - 9 2007

Mr. Michael Antonelli
Register No. 04053-164
United States Penitentiary                    Re:    Appeal No. 06-0302
Post Office Box 2068                                  Request No. 2005-08428
Inez, KY 41224-2068                                   JGM:KM

Dear Mr. Antonelli:

        You appealed from the action of the Federal Bureau of Prisons (BOP) on Request
Number 2005-08428.

        A member of my staff has found that you owe the Executive Office for United States
Attorneys (EOUSA) $50.00 in fees for records processed in response to Request Numbers
03-2204 and 03-2373. In my previous letter to you dated April 2, 2007, I explain the specific
fees owed to EOUSA and I address your argument that you do not owe any fees.

        Because you have not paid these past-due fees to EOUSA, your current appeal from
BOP's action on Request Number 2005-08428 has been administratively closed by this Office.
See 28 C.F.R. § 16.11(i)(3) (2006). You will be required to substantiate that you have paid this
debt before this Office takes action on any new appeals you submit.

        If you are dissatisfied with my action on your appeal, you may seek judicial review in
accordance with 5 U.S.C. § 552(a)(4)(B).

                                        Sincerely,

                                        _[signature]_

                                        Janice Galli McLeod
                                        Associate Director

File

# Exhibit H

No. 07-02016 (D.D.C.)(CKK)

**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

**APR - 2 2007**

Mr. Michael Antonelli
Register No. 04053-164
United States Penitentiary          Re:    Appeal No. 05-2715
Post Office Box 2068                        Request No. 04-3952
Inez, KY 41224-2068                         JGM:CAS

Dear Mr. Antonelli:

     You appealed from the action of the Executive Office for United States Attorneys (EOUSA) on your request for access to records pertaining to <u>Antonelli v. Foster</u>.

     After carefully considering your appeal, I am affirming, on modified grounds, EOUSA's action on your request. As a result of a review of the administrative record in this case, a member of my staff has determined that you owe fees to EOUSA in connection with two separate Freedom of Information Act requests that you submitted to it.

     As you know, the filing of a FOIA request is considered to be an agreement by you to pay fees up to $25.00. <u>See</u> 28 CFR § 16.3(c). Further before any fees are assessed, the FOIA entitles you to the first two hours of search time and up to 100 pages of duplication at no cost. <u>See</u> 5 U.S.C. § 552(a)(4)(A)(iv)(II). As more fully detailed in letters dated November 19, 2003 and February 27, 2004, EOUSA informed you that it had searched beyond your statutory entitlement of two hours per request and billed you according in the amount of $60.90 for Request No. 03-2373 and in the amount of $73.70 for Request No. 03-2204 prior to processing the request that is the subject of this appeal, Request No. 04-3952. I note, however, that EOUSA did not obtain your commitment to pay those additional search and duplication fees that were in excess of $25.00 as required by agency regulation. <u>See</u> 28 C.F.R. § 16.11(e). Consequently, your total fees for requests 03-2373 and 03-2204 are limited to $25.00 per request for a total of $50.00.

     You assert on appeal that these earlier FOIA requests were submitted by you on behalf of other inmates and, therefore, those inmates are responsible for any related fees. However, I note that you submitted and signed both Requests Nos. 03-2373 and 03-2204 and that one of these requests asks for information pertaining to yourself. I find, therefore, that you are responsible for the costs associated with both of these requests.

     Accordingly, this appeal is being administratively closed in this Office and you will be required to substantiate that you have paid these debts before this Office takes action on any new appeal that you may submit to this Office. You should remit your payments made payable to the Treasury of the United States directly to EOUSA.

CAS

-2-

If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Janice Galli McLeod
Associate Director

# Exhibit I

No. 07-02016 (D.D.C.)(CKK)

Janice Galli McLeod, Associate Director                April 15, 2007
Office of Information & Privacy
Department of Justice - Suite 11050
1425 New York Ave., NW
Washington, D.C. 20530-0001

RE: Appeal No. 06-0302
BOP Request No. 2005-08428

Dear Smuck:

    Kindly reopen the appeal you so rudely closed on April 9, 2007.

    You and your staff are incompetent ! I paid $143.60 by money order dated March 14, 2007 with an accompanying letter dated March 3, 2007. I paid the entire bill, not just $50.00 of it !

    Therefore, before you even decided to close any appeal on April 2, 2007, the entire bill was paid. Your action is improvident !

    Kindly quit harassing me. I pay all my bills. You damn well know that you conjured, concocted, manufactured and created this facade in order to escape your duties, obligations and responsibilities owed me under the FOIA.

    This is an outright obstruction of justice !

    I grant you will refrain from any further nonsense such as your efforts to weasel out of doing your job in the future.

Utterly Dismayed, I Remain:

Michael Antonelli
No. 04053-164
Box 2068
Inez, KY 41224

cc : file

# Exhibit J

No. 07-02016 (D.D.C.)(CKK)

**U.S. Department of Justice**

Office of Information and Privacy

_____

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

**MAY − 7 2007**

Mr. Michael Antonelli                    Re:    Appeal Nos. 07-0786, 05-2715,
Register No. 04053-164                          05-1957, 05-1608, 05-0672,
United States Penitentiary                      05-1520, 06-0302, 06-0572,
Post Office Box 2068                            06-1062, 06-2702, 06-3268
Inez, KY  41224-2068                            JGM:CAS

Dear Mr. Antonelli:

        This letter responds to the concerns addressed in your letters dated April 15, 2007.  In
these letters, you state that our Office has incorrectly closed several of your pending
administrative appeals on the basis of delinquent fees.  As detailed in my letter dated April 2,
2007, I have determined that you owe $50 in connection with two separate Freedom of
Information Act requests submitted to the Executive Office for United States Attorneys
(EOUSA).  You assert that you have paid the "entire bill" via a money order in the amount of
$143.60, which was dated March 14, 2007.

        This Office has again contacted EOUSA.  That office has confirmed that, as of this date,
it has no record of your payment.  If you still maintain that this debt has been satisfied, it is your
responsibility to substantiate that you have paid it.  Any documentation evidencing your payment
to EOUSA, such as money order receipts or canceled checks, may be sent to our Office.
Otherwise, you may remit payment to EOUSA in the form of a check or money order made
payable to the Treasury of the United States.  I further note that in accordance with 28 C.F.R.
§ 16.11(g), EOUSA has the administrative discretion to charge interest on unpaid bills that are
delinquent for more than 31 days.

        Furthermore, as you were formerly advised, delinquent payments will effect the request
and the appeals processes.  In instances where your pending requests were closed for non-
payment in relation to this matter, you should contact the appropriate Department of Justice
component to advise them of your interest in pursuing the request once your debt with EOUSA is
satisfied.  Additionally, our Office will not adjudicate any future appeals prior to payment of this
debt.  Also, please note that in light of your history of delinquent payments, Department of
Justice components may require that you pay any anticipated fees in advance regardless of the
amount before they initiate processing of your future FOIA requests.  See 28 C.F.R. § 16.11(i).

-2-

Lastly, please be advised that our Office accords every appellant the utmost consideration and respect. I expect that you will extend the same courtesy to us. If you wish to continue to maintain a professional relationship with our Office, I trust that your future correspondence will not contain the expletives or the tone exhibited in your letter dated April 15, 2007.

If you remain dissatisfied with this Office's action on your appeal, judicial review thereof is available to you as indicated in the letter of April 2, 2007.

Sincerely,

Janice Galli McLeod
Associate Director

# Exhibit K

No. 07-02016 (D.D.C.)(CKK)

DANIEL J. ANTONELLI

OFFICE OF INFORMATION + PRIVACY  No req. no. listed  3/4/07

DEPARTMENT OF JUSTICE

WASHINGTON, D.C. 20530

Bop Copy  FOIA F

07-1002

BOP-MRO

3/23/07

RE: FOIA TO BOP
JANUARY 12, 2007

DEAR SIR:

This is an Appeal under the FOIA.

Nearly two months ago I requested information from the BOP in connection to records of "some person high in the ranks of the Department of Justice" that communicated with Ms WAITERS of the USP Big-Sandy Education Department in connection to me and my FOIA Requests, (copy enclosed).

The BOP has never responded ~~with~~ which is a violation of the FOIA time limits to do so.

I Appeal the Failure of BOP to respond and the violations of the FOIA Act to you.

Michael Antonelli

Michael Antonelli, app.
04053-164
USP Big-Sandy
Box 2068
Inez, KY 41224

OFFICE OF INFORMATION
AND PRIVACY

MAR 23 2007

RECEIVED

cc: file

# Exhibit L

No. 07-02016 (D.D.C.)(CKK)

Director                                                    January 12, 2007
Federal Bureau of Prisons
320 First Street, NW
Washington, D.C. 20534

                          RE:    Meeting between MICHAEL ANTONELLI and the
                                 Supervisor of Education, Ms Walters on November 14,
                                 2006 in the Education Department at USP Big Sandy

Dear Sir:

          This is a request under the Freedom of Information Act.

          On November 14, 2006 in the Office of the Supervisor of Education at USP Big Sandy
at approximately 10:00am I was told by Ms Walters, Supervisor of Education that she had
communicated with "some person high up in the ranks of the Department of Justice" about my
Freedom of Information Act requests. I request a copy of any and all records, recordings, fax
records, phone records, e-mail records, and any memoranda, or any other record of the
conversation or communication between Ms Walters of USP Big Sandy Education Department
and "some person high up in the ranks of the Department of Justice" that is in any way
connected to, related to, or even remotely in reference to my person.

          According to law you have twenty working days to respond.

          I will pay reasonable search, copy or other fees incurred.

FULL NAME: Michael Carmie Antonelli
Date of Birth: ▮▮▮▮▮▮
Place of Birth: Chicago, Illinois USA
SS No.: ▮▮▮▮▮▮

          I declare under the penalty of perjury that the aforementioned is true and correct data
of my person and the signature below is my signature.

Executed this _12th_ day of January, 2007.

                                 By _Michael Antonelli_
(28 USC Section 1746)            Michael Antonelli, declarant
                                 No. 04053-164
                                 United States Penitentiary
                                 1197 Airport Road
                                 Inez, KY 41224

cc: file
    Ms Walters, Educ Sup. USP Big Sandy
    Warden Davis, USP Big Sandy
    AW Grindstaff, USP Big Sandy

# Exhibit M

No. 07-02016 (D.D.C.)(CKK)

**U.S. Department of Justice**

Office of Information and Privacy

_____

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

**APR 2 6 2007**

Mr. Michael Antonelli
Register No. 04053-164
United States Penitentiary
P.O. Box 2068
Inez, KY  41224

Dear Mr. Antonelli:

    This responds to your letter dated March 4, 2007, which you are attempting to appeal from the failure of the Federal Bureau of Prisons (BOP) to respond to your request for access to records.

    A member of my staff has been advised by BOP that it has no record of receiving this request from you. Accordingly, by copy of this letter, we are referring your letter to BOP for processing and direct response to you. Once BOP takes action on your request, if you are dissatisfied, you may appeal again to this Office.

                  Sincerely,

                  Priscilla Jones
                  Supervisory Administrative Specialist

PAJ:CIH

cc:    Federal Bureau of Prisons
       FOIA/PA Unit
       Suite 738, HOLC Building
       Washington, DC 20530

# Exhibit N

No. 07-02016 (D.D.C.)(CKK)

*(handwritten top right:)* FOIA
(A)
BOP
Closed 5/5/07
Partial Release

# FOIA APPEAL

To: Office of Information + Privacy
Department of Justice - Suite 11050
1425 New York Avenue, NW
Washington DC 20530-0001

DATE 6/6/07

FOIA To: BOP

Request No. 2007-05576

Date of Request Response of 5/5/07

This is an appeal under the Freedom of Information Act.
Please review the action or inaction of the following agency: _____ BOP _____
in conjunction to my request for records. (check appropriate box(es) below:

_____ The agency has not responded and the time limits within which to do so has expired.

_____ The agency has claimed that no records could be found and I want to appeal that "no records response.

_____ The agency has blanket denied release of records.

__✓__ The agency has released certain records and withheld some by claiming certain exemptions.

_____ The agency has withheld certain records but has not claimed any exemptions or stated any reason for the deletions.

_____ The agency has claimed there are no records available or they have been destroyed and I believe they have not made a sufficient search.

_____ The agency has stated records were destroyed but has not stated where, how, when and for what reason they were destroyed and under what provision of the law.

__✓__ I believe the agency action or inaction otherwise unjust for the following reason: The people on the other end knew they were being Recorded.

Appellant believes the agency or public body has acted arbitrary and/or capricious and he asks for review of the agency action/inaction.

The burden is on the agency or public body to show the material withheld fits within the parameters of the exemptions claimed. The appellant asks that the agency itemize and index the withheld material and including detailed affidavits & explanations to support any justifications for refusal to disclose.

## RECEIVED
### JUN 19 2007
#### Office of Information and Privacy

Sincerely,

X *Michael Antonelli* (signature)

michael Antonelli 04053-164
(name)                        (number)
USP Big Sandy; 1197 Airport Road
Box 2068; Inez, KY 41224

cc: file
**(Failure to timely respond to this administrative appeal will result in complaint for judicial review)**

# Exhibit O

No. 07-02016 (D.D.C.)(CKK)



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

**JUN 2 0 2007**

Mr. Michael Antonelli
Register No. 04053-164
United States Penitentiary
Post Office Box 2068
Inez, KY  41224

      Re:  Request No. 2007-05576

Dear Mr. Antonelli:

      This is to advise you that your administrative appeal from the action of the Federal Bureau of Prisons was received by this Office on June 19, 2007.

      The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number **07-1732**.  Please mention this number in any future correspondence to this Office regarding this matter.

      We will notify you of the decision on your appeal as soon as we can.  We regret the necessity of this delay and appreciate your continued patience.

                            Sincerely,

                            Priscilla Jones
                            Supervisory Administrative Specialist

*Fik*

# Exhibit P

No. 07-02016 (D.D.C.)(CKK)

*FOIA*
*(A)*
*BOP*
*Closed 4/12/07*

# FOIA APPEAL

To: __Office of Information & Privacy__     DATE __April 18, 2007__
United States Department of Justice
Suite 11050                                  FOIA To: __BOP__
1425 New York Ave., NW
Washington, D. C.  20530-0001                Request No. __2007-04383__

                                             Date of Request __Response 4/12/07__

        This is an appeal under the Freedom of Information Act.
        Please review the action or inaction of the following agency: ___BOP___
in conjunction to my request for records. (check appropriate box(es) below:

_____  The agency has not responded and the time limits within which to do so has expired.

__X__  The agency has claimed that no records could be found and I want to appeal that "no records
        response.
__X__  The agency has blanket denied release of records.

_____  The agency has released certain records and withheld some by claiming certain exemptions.

__X__  The agency has withheld certain records but has not claimed any exemptions or stated any reason
        for the deletions.
__X__  The agency has claimed there are no records available or they have been destroyed and I believe
        they have not made a sufficient search.
__X__  The agency has stated records were destroyed but has not stated where, how, when and for what
        reason they were destroyed and under what provision of the law.
_____  I believe the agency action or inaction otherwise unjust for the following reason: _____

_____

    Appellant believes the agency or public body has acted arbitrary and/or capricious and he asks for
review of the agency action/inaction.
    The burden is on the agency or public body to show the material withheld fits within the parameters of
the exemptions claimed.  The appellant asks that the agency itemize and index the withheld material and
including detailed affidavits & explanations to support any justifications for refusal to disclose.

## RECEIVED

### APR 2 7 2007

#### Office of Information and Privacy

Sincerely,

X _Michael Antonelli_
            (signature)
__Michael Antonelli No. 04053-164__
    (name)                    (number)
USP Big Sandy; 1197 Airport Road
Box 2068; Inez, KY 41224

cc: file
**(Failure to timely respond to this administrative appeal will result in complaint for judicial review)**

# Exhibit Q

No. 07-02016 (D.D.C.)(CKK)

DIRECTOR        07-04383                    3/5/07
FEDERAL BUREAU OF PRISONS
320 FIRST STREET, NW
WASHINGTON, D.C. 20534                  SCNO

DEAR SIR:
    THIS IS A REQUEST UNDER THE FREEDOM
OF INFORMATION ACT.
    I REQUEST A COPY OF ALL RECORDINGS THE BOP
MADE OF ALL CONVERSATIONS I HAD WITH ATTORNEY
DOUG ROLLER AT #'s (314) 909-7560; (314) 368-6368; 725-
9000; AND (312) 337-6368 USING THE INMATE Telephone
SYSTEM (ITS) AT MCC CHICAGO, FTS OKLAHOMA CITY, OK;
USP BEAUMONT, TX; FCC MEDIUM BEAMONT; El RENO, OK,
FORREST CITY, AR; AND USP BIG SANDY; All FROM AND
BETWEEN THE DATES OF 10/12/01 AND 3/5/07.
    I Will PAY REASONABLE FEES INCURRED.
MY NAME: Michael CARMIE ANTONELLI
    DOB: ████████                    RECEIVED
    POB: CHICAGO ILLINOIS
    SS #: ████████
    ITS#: 155 886 407
    I DECLARE UNDER PENALTY OF PERJURY THAT THE
AFOREMENTIONED IS MY BIOGRAPHICAL DATA AND THE
SIGNATURE BELOW IS MY SIGNATURE;

                    BY  Michael Antonelli
                        Michael ANTONelli
                        No. 04053-164
EXECUTED: 3/5/07        USP BIG SANDY
                        1197 AIRPORT ROAD
                        INEZ, KY 41224

(28 USC SECTION 1746)



UNITED STATES GOVERNMENT
## Federal Bureau of Prisons
*Federal Medical Center*
*Consolidated Legal Center*
*3301 Leestown Road*
*Lexington, Kentucky 40511-8799*

April 12, 2007

Michael Antonelli
Reg. No. 04053-164
United States Penitentiary
Big Sandy
Post Office Box 2068
Inez, Kentucky 41224

Re:    FOIA/PA Request No. 2007-04383

Mr. Antonelli:

This letter is in response to your request for Federal Bureau of Prisons records.  You requested a copy of all recordings of telephone conversations you had with Doug Rolles, Attorney, from October 12, 2001 through March 5, 2007.  You listed the phone numbers as 314-909-7560; 314-368-6368; 725-9000; and 312-337-6368.

No documents were found to be responsive to your request.

Pursuant to Title 28, Code of Federal Regulations, Section 16.8, this response may be appealed to the Attorney General by filing a written appeal within sixty days of the date of this letter.  The appeal should be addressed to the Office of Information and Privacy, United States Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, DC  20530-0001.  Both the envelope and the letter of appeal itself must be clearly marked: "Freedom of Information Act Appeal."

Sincerely,

Michelle T. Fuseyamore
Regional Counsel

# Exhibit R

No. 07-02016 (D.D.C.)(CKK)



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                  *Washington, D.C. 20530*

MAY 0 7 2007

Mr. Michael Antonelli
Register No. 04053-164
United States Penitentiary
P.O. Box 2068
Inez, KY 41224

      Re:  Request No. 2007-04383

Dear Mr. Antonelli:

      This is to advise you that your administrative appeal from the action of the Federal Bureau of Prisons was received by this Office on April 27, 2007.

      The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number **07-1324**.  Please mention this number in any future correspondence to this Office regarding this matter.

      We will notify you of the decision on your appeal as soon as we can.  We regret the necessity of this delay and appreciate your continued patience.

                Sincerely,

                Priscilla Jones
                Supervisory Administrative Specialist

# Exhibit S

No. 07-02016 (D.D.C.)(CKK)



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

**JUN 0 5 2007**

Mr. Michael Antonelli                    Re:    Appeal No. 07-1324
Register No. 04053-164                          Request No. 2007-4383
United States Penitentiary                      JTR:SJV
Post Office Box 2068
Inez, KY  41224-2068

Dear Mr. Antonelli:

You appealed from the action of the Federal Bureau of Prisons (BOP) on your request for recordings of telephone conversations you had with your attorney while confined at several BOP institutions.

A member of my staff has found that you owe the Executive Office for United States Attorneys (EOUSA) $50.00 in fees for records processed in response to Request Numbers 03-2204 and 03-2373.  In my previous letter to you dated April 2, 2007, I explained the specific fees owed to EOUSA.

Because you have not paid these past-due fees to EOUSA, your current appeals from BOP's action on these requests have been administratively closed by this Office.  See 28 C.F.R. § 16.11(i)(3) (2006).  You will be required to substantiate that you have paid this debt before this Office takes action on any new appeals you submit.

If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Janice Galli McLeod
Associate Director

*17/c*

# Exhibit T

No. 07-02016 (D.D.C.)(CKK)

Janice Galli McLeod, Associate Director                July 29, 2007
Office of Information & Privacy
Department of Justice - Suite 11050
1425 New York Ave., NW
Washington, D. C.  20530-0001

                    RE:   Appeal & Request Nos:  07-1324(2007-4383);
                          07-1425, 07-1426, 07-1427 (1075126, 1075127,
                          1075128); 05-1957 (971337-001); 06-0572 (2006-
                          00068); 06-2702 (2006-04998); 06-1062 (2006-
                          01299); 06-0302 (2005-08428); 05-0672 (1012903/
                          GR 04-2238); 05-1608 (05-960); 05-1520 (04-3945);
                          05-2715 (04-3952); 06-3268 (2006-09821); and
                          any and all others you so rudely denied or
                          closed.

Dear Janice McLeod:

     Please find enclosed concrete factual evidence that I paid in
full the $143.60 owed on requests 03-2204 and 03-2373 to the EOUSA on
March 14, 2007.

     Therefore, kindly reopen the above appeals and requests along
with any and all others you closed stating I did not pay.

     Utterly Dismayed, I Remain:

                                         Michael Antonelli

                                   Michael Antonelli
                                   04053-164
                                   Federal Correctional Institution
                                   Box 4000
                                   Manchester, Kentucky  40962


cc : file

## CUSTOMER'S RECEIPT

KEEP THIS RECEIPT FOR YOUR RECORDS

PAY TO: Director Rau
Treasury of the United States

ADDRESS: Executive office for United States Attorneys

C.O.D. OR USED FOR: FOIA/PA UNIT
600 E. Street NW Washington DC 20530

SEE BACK OF THIS RECEIPT FOR IMPORTANT CLAIM INFORMATION

**NOT NEGOTIABLE**

| SERIAL NUMBER | YEAR, MONTH, DAY | POST OFFICE | AMOUNT | CLERK |
|---|---|---|---|---|
| 0968596037 | 2007-03-14 | 604800 | $143.60 | 0002 |

**UNITED STATES POSTAL SERVICE**

### POSTAL MONEY ORDER / COPY

| SERIAL NUMBER | YEAR, MONTH, DAY | POST OFFICE | U.S. DOLLARS AND CENTS |
|---|---|---|---|
| 0968596037 | 2007-03-14 | 604800 | $143.60¢ |

**ONE HUNDRED FORTY THREE DOLLARS & 60¢**

AMOUNT

PAY TO: Treasury of The United States

ADDRESS: Director-Rm 7300 FOIA/PA Unit
600 E. Street NW Washington DC 20530

C.O.D. NO. OR USED FOR: 032204 & 03-2373

NEGOTIABLE ONLY IN THE U.S. AND POSSESSIONS
SEE REVERSE WARNING

FROM: Michael Antonelli 04053-164
ADDRESS: USP Big Sandy Box 2068
Inez, KY 41224

CLERK 0002

⑈00000800⑈    0968596037⑈

...KM 1300
...VE OFFICE FOR UNITED STATES ATTORNEYS
...A/PA UNIT
...0 E. STREET NW
...ASHINGTON, DC 20530

RE: FOIA REQUESTS TO EOUSA
03-2204 AND 03-2373

DEAR SIR:

PLEASE FIND ENCLOSED A CHECK IN THE AMOUNT OF #143.60 MADE OUT TO THE "TREASURY OF THE UNITED STATES" TO PAY FOR THE FEES IN ARREARS FOR BOTH REQUESTS NOS: 03-2204 AND 03-2373.

PLEASE REOPEN THESE REQUESTS AND PROCESS THEM.

THANK YOU.

SINCERELY,

Michael Antonelli

MICHAEL ANTONELLI
04053-164
USP BIG SANDY
BOX 2068
INEZ, KY 41224

3-2373 = 60.90
3-2204 = 73.70
LOW → #143.60

cc: File

P.S. PLEASE NOTE MY NEW ADDRESS!

# Exhibit U

No. 07-02016 (D.D.C.)(CKK)

*rec'd 9-9-05*

**FOIA APPEAL**    Date: August 31, 2005

To:  Co-Director

Office of Information & Privacy

Department of Justice

FLAG BUILDING, Suite 570

Washington, D. C. 20530

RE: FOIA to BOP

Request No. none yet

Date of Request: 8/5/05

Dear Sir:

This is an appeal under the Freedom of Information Act.
Please review the action or inaction of the following agency:
BOP                         in conjunction to my request for records.

(check appropriate box or boxes below)

| | |
|---|---|
| X | The agency has not responded and the time limits within which to do so has expired. |
| | The agency has claimed that no records could be found and I want to appeal that "no records" response. |
| | The agency has blanket denied release of records. |
| | The agency has released certain records and withheld some by claiming certain exemptions. |
| | The agency withheld certain records but has not claimed any exemption stated any reason for the deletions. |
| | The agency has claimed there are no records available or they have been destroyed and I believe they have not made a sufficient search. |
| | The agency has deleted records were destroyed but has not stated where, how, when and for what reason and by whome they were destroyed and under what provision of the law. |
| X | I believe the agency action or inaction is otherwise unjust for the following reason : |

More than twenty working days have passed and the BOP is now in
violation of the statutory time limits within which to respond.

(See attached request)

Appellant believes the agency or public body has acted arbitrary
and/or capricious and he asks for review of the agency action/inaction.
The burden is on the agency or public body to show the material
withheld fits within the parameters of the exemptions claimed.  The
Appellant asks that the agency itemize and index the withheld material
and include detailed affidavits & explanations in support of the
justifications for refusal to disclose.

Sincerely,
X

(name)  Michael Antonelli

(No.)  04053-164

Federal Correctional Complex

Box 3000 (MEDIUM)

Forrest City, Arkansas 72336

OFFICE OF INFORMATION
AND PRIVACY

SEP 0 9 2005

RECEIVED

cc: file

NOTICE:  Failure to respond to this administrative appeal in a
timely manner will result in civil action suit.

To: _____          Date: _____
                                                August 3, 2005
        Director

Federal Bureau of Prisons

320 First Street, NW

Washington, D. C. 20534

Dear Sir:

        This is a request under the Freedom of Information Act.

        I request a copy of any and all documents, records and information
that any part of your agency has or had in its possession that is
in any way connected to, related to, or even remotely in reference
to my name.

        The following particulars may assist you in your search:

I want a copy of all SIS, SIA, and any investigative records compiled

since February 3, 2005 at FCC MEDIUM Forrest City, AR.

        I will pay reasonable search and reproduction fees.

                My biographical data is as follows:

FULL NAME   MICHAEL CARMIE ANTONELLI

DATE OF BIRTH : ████████████████

PLACE OF BIRTH : Chicago, Illinois USA

SOCIAL SECURITY NUMBER: ████████████

        I declare under penalty of perjury that the aforementioned biograph-
ical data is that of my person and the signature below is my true
and correct original signature signed under oath.

Executed this _____ day of _____, _____
                   3rd          August           2005

                              By_____
                                       X
                                       Affiant Herein

(28 USC Section 1746)

Name: _____
         MICHAEL ANTONELLI

Reg. No. _____04053-164,_____

Federal Correctional Institution

    Box 3000 (MEDIUM)
    Forrest City, Arkansas 72336

# Exhibit V

No. 07-02016 (D.D.C.)(CKK)

**U.S. Department of Justice**

Office of Information and Privacy

_Telephone: (202) 514-3642_          _Washington, D.C. 20530_

OCT 0 3 2005

Mr. Michael Antonelli
Register No. 04053-164
Federal Correctional Complex
P.O. Box 3000
Forrest City, AR  72336

        Re:  Request Nos. 2005-08421 and 05-08429

Dear Mr. Antonelli:

        This responds to your letters dated August 31 and September 2, 2005, in which you sought to appeal from the failure of the Federal Bureau of Prisons to respond to your requests for access to records.

        I have notified the BOP of your communication. It is my understanding that the BOP is still processing your requests. Although the Act authorizes you to treat the failure of the BOP to act on your requests within the specified time limit as a denial thereof, this Office, because it lacks the personnel resources to conduct the record reviews that are necessary to make initial determinations on requests for records, cannot act until there has been an initial determination by the BOP. Our function is limited to the review of those records to which access is in fact denied. You may appeal again to this Office when the BOP completes its action on these particular requests if any of the material is denied. We will then open new appeals and review the BOP's substantive action on your requests.

        In the event that the BOP still has not responded to your requests at the time you receive this letter, you may, if you choose, treat my letter as a denial of your appeal and bring action in an appropriate federal court. I hope that, in making a decision, you will give sympathetic consideration to the fact that the Department of Justice has many requests pending at this time and is making every possible, reasonable effort to process them.

                        Sincerely,

                        Richard L. Huff
                        Co-Director

RLH:PAJ:CIH



# Exhibit W

No. 07-02016 (D.D.C.)(CKK)

1/31/06

06-1154

PA
A
BOP

**FOIA APPEAL**

To: Co-Director
Office of Information & Privacy
Department of Justice
FLAG BUILDING, Suite 570
Washington, D. C. 20530

Date: January 23, 2006

RE: FOIA to ___BOP___

Request No. 2005-08429

Date of Request: 1/6/06
(release date)

Dear Sir:

This is an appeal under the Freedom of Information Act.
Please review the action or inaction of the following agency:

___BOP___ in conjunction to my request for records.

(check appropriate box or boxes below)

_____ The agency has not responded and the time limits within which
to do so has expired.

_____ The agency has claimed that no records could be found and
I want to appeal that "no records" response.

__X__ The agency has blanket denied release of records.

__X__ The agency has released certain records and withheld some
by claiming certain exemptions.

_____ The agency has withheld certain records but has not claimed
any exemptions or stated any reason for the deletions.

_____ The agency has claimed there are no records available or
they have been destroyed and I believe they have not made
a sufficient search.

_____ The agency has stated records were destroyed but has not
stated where, how, when and for what reason and by whome
they were destroyed and under what provision of the law.

__X__ I believe the agency action or inaction otherwise unjust
for the following reason :

I believe you have more records than just 30 pages.

_____

_____

Appellant believes the agency or public body has acted arbitrary
and/or capricious and he asks for review of the agency action/inaction.
The burden is on the agency or public body to show the material
withheld fits within the parameters of the exemptions claimed. The
Appellant asks that the agency itemize and index the withheld material
and include detailed affidavits & explanations in support of the
justifications for refusal to disclose.

OFFICE OF INFORMATION
AND PRIVACY

JAN 31 2006

RECEIVED

Sincerely,
X _Michael Antonelli_

(name)  Michael Antonelli

(No.)  04053-164

Federal Correctional Complex

Box 3000 (MEDIUM)

Forrest City, Arkansas 72336

cc: file

NOTICE:   Failure to respond to this administrative appeal in a

# Exhibit X

No. 07-02016 (D.D.C.)(CKK)





**U.S. Department of Justice**

Office of Information and Privacy

_____

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*


Mr. Michael Antonelli                    FEB 1 7 2006
Register No. 04053-164
Federal Correctional Complex-Medium
P.O. Box 3000
Forrest City, AR 72336

         Re:  Request No. 2005-08429

Dear Mr. Antonelli:

         This is to advise you that your administrative appeal from the action of the Federal
Bureau of Prisons was received by this Office on January 31, 2006.

         The Office of Information and Privacy, which has the responsibility of adjudicating such
appeals, has a substantial backlog of pending appeals received prior to yours.  In an attempt to
afford each appellant equal and impartial treatment, we have adopted a general practice of
assigning appeals in the approximate order of receipt.  Your appeal has been assigned number
**06-1154**.  Please mention this number in any future correspondence to this Office regarding this
matter.

         We will notify you of the decision on your appeal as soon as we can.  We regret the
necessity of this delay and appreciate your continued patience.

                         Sincerely,

                         Priscilla Jones
                         Chief, Administrative Staff

BOP

Exhibit Y

No. 07-02016 (D.D.C.)(CKK)



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                                    *Washington, D.C. 20530*

**MAR 3 0 2006**

Mr. Michael Antonelli
Register No. 04053-164
Federal Correctional Complex                Re:      Appeal No. 06-1154
Post Office Box 3000                                           Request No. 2005-08429
Forrest City, AR  72336                                       BVE:ALB:CL

Dear Mr. Antonelli:

        You appealed from the action of the Federal Bureau of Prisons on your request for access
to records concerning yourself.

        After carefully considering your appeal and as a result of discussions between the BOP
and a member of my staff, I have decided to release to you two additional pages, copies of which
are enclosed.  I am, however, otherwise affirming the BOP's action on your request.

        These records are exempt from the access provision of the Privacy Act of 1974 pursuant
to 5 U.S.C. § 552a(j)(2).  See 28 C.F.R. § 16.97(a) (2005).  Because these records are not
available to you under the Privacy Act, your request has been reviewed under the Freedom of
Information Act in order to afford you the greatest possible access to the records you requested

        The BOP properly withheld this information because it is protected from disclosure under
the Freedom of Information Act pursuant to 5 U.S.C. § 552(b)(7)(C).  This provision concerns
records or information compiled for law enforcement purposes, the release of which could
reasonably be expected to constitute an unwarranted invasion of the personal privacy of third
parties.  I have also determined that this material is not appropriate for discretionary release.

        If you are dissatisfied with my action on your appeal, you may seek judicial review in
accordance with 5 U.S.C. § 552(a)(4)(B).

                                        Sincerely,

                                        Daniel J. Metcalfe
                                        Director

                                        By:
                                        Janice G. McLeod
                                        Senior Counsel

Enclosure

File





**U.S. DEPARTMENT OF JUSTICE**

Federal Bureau of Prisons

SEP 2 2 2005

Federal Correctional Complex
Forrest City, Arkansas, 72335

July 12, 2005

MEMORANDUM FOR    LINDA SANDERSON, WARDEN

    THRU:

    THRU:

    THRU:

    FROM:

  SUBJECT:  Review of Information
        RE: Allegations of an Inmate
        at FCC Forrest City Medium


**INTRODUCTION:**

On June 16, 2005, I received two BP-10's, #378871-R1 and #378835-R1 written by Inmate Antonelli, Michael #04053-164.  In these BP-10's, Antonelli is alleging███████████████████████████████████████████████████████red the safety of inmates by releasing information about their crimes to other inmates.  Antonelli is also alleging███████████████████████████to interfere with an inmate protective custody investigation caused by ████████████████████ Due to the severity of the allegations, additional inquiry was deemed necessary as a prelude to a possible referral to the Office of Internal Affairs.


F. O. I. EXEMPT – D. O. J. SENSITIVE



**U.S. DEPARTMENT OF JUSTICE**

Federal Bureau of Prisons

SEP 2 3 2005

Federal Correctional Complex
Forrest City, Arkansas, 72335

July 13, 2005

MEMORANDUM FOR    LINDA SANDERS, WARDEN

      THRU: ███████████████████████

      THRU: ███████████████████████

      THRU: ███████████████████

      FROM: ███████████████████████

  SUBJECT:    OIA Complaint #2005-C-01052

**INTRODUCTION:**

On July 7, 2005, I received an OIA Complaint, #2005-C-01052.  In
this Complaint, Inmate Antonelli, Michael #04053-164, is alleging
███████████████████████████████████████████████,
endangered the safety of inmates by releasing information about
their crimes to other inmates.  Antonelli is also alleging ████
████████████████████████████████████████████████
interfere with an inmate protective custody investigation caused
by ████████████

F. O. I. EXEMPT – D. O. J. SENSITIVE
Page 1 of 7

# Exhibit Z

No. 07-02016 (D.D.C.)(CKK)



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

DEC 0 1 2005

Mr. Michael Antonelli
Register No. 04053-164
Federal Correctional Complex
P.O. Box 3000 (Medium)
Forrest City, AR  72336

      Re:    Request No. 2006-00068 - RDAP Treatment File

Dear Mr. Antonelli:

     This is to advise you that your administrative appeal from the action of the Federal Bureau of Prisons on your request for information from the files of the Department of Justice was received by this Office on November 10, 2005.

     The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number **06-0480**.  Please mention this number in any future correspondence to this Office regarding this matter.

     We will notify you of the decision on your appeal as soon as we can.  The necessity of this delay is regretted and your continuing courtesy is appreciated.

                Sincerely,

                Priscilla Jones
                Chief, Administrative Staff

file

# Exhibit AA

No. 07-02016 (D.D.C.)(CKK)

*rec d 11-25-05*

*060572*

*PA/FOIA*
*@*
*BOP*

**FOIA APPEAL**

Date: November 14, 2005

To: Co-Director

Office of Information & Privacy

Department of Justice

FLAG BUILDING, Suite 570

Washington, D.C. 20530

RE: FOIA to BOP

Request No. 2006-00068

Date of Request: action of 11/10/05

Dear Sir:

This is an appeal under the Freedom of Information Act.
Please review the action or inaction of the following agency:

BOP  Forrest City Ark MEDIUM in conjunction to my request for records.
(check appropriate box or boxes below)

_____ The agency has not responded and the time limits within which to do so has expired.

_____ The agency has claimed that no records could be found and I want to appeal that "no records" response.

_____ The agency has blanket denied release of records.

_____ The agency has released certain records and withheld some by claiming certain exemptions.

(X) The agency has withheld certain records but has not claimed any exemptions or stated any reason for the deletions.

_____ The agency has claimed there are no records available or they have been destroyed and I believe they have not made a sufficient search.

_____ The agency has stated records were destroyed but has not stated where, how, when and for what reason and by whome they were destroyed and under what provision of the law.

_____ I believe the agency action or inaction otherwise unjust for the following reason :

_____

_____

_____

Appellant believes the agency or public body has acted arbitrary and/or capricious and he asks for review of the agency action/inaction.
The burden is on the agency or public body to show the material withheld fits within the parameters of the exemptions claimed. The Appellant asks that the agency itemize and index the withheld material and include detailed affidavits & explanations in support of the justifications for refusal to disclose.

Sincerely,

X *Michael Antonelli*

(name)  Michael Antonelli

(No.)  04053-164

Federal Correctional Complex

Box 3000 (MEDIUM)

Forrest City, Arkansas 72336

OFFICE OF INFORMATION
AND PRIVACY

NOV 2 5 2005

RECEIVED

cc: file

NOTICE:  Failure to respond to this administrative appeal in a timely manner will result in civil action suit.

# Exhibit BB

No. 07-02016 (D.D.C.)(CKK)



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

NOV 3 0 2005

Mr. Michael Antonelli
Register No. 04053-164
Federal Correctional Complex - Medium
P.O. Box 3000
Forrest City, AR 72336

      Re: Request No. 2006-00068

Dear Mr. Antonelli:

      This is to advise you that your administrative appeal from the action of the Federal Bureau of Prisons on your request for information from the files of the Department of Justice was received by this Office on November 25, 2005.

      The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number **06-0572**. Please mention this number in any future correspondence to this Office regarding this matter.

      We will notify you of the decision on your appeal as soon as we can. The necessity of this delay is regretted and your continuing courtesy is appreciated.

                Sincerely,

                Priscilla Jones
                Chief, Administrative Staff

file

# Exhibit CC

No. 07-02016 (D.D.C.)(CKK)



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

DEC 2 1 2006

Mr. Michael Antonelli                          Re:    Appeal No. 06-0480
Register No. 04053-164                                 Request No. 2006-00068
United States Penitentiary                             JGM:CL
Post Office Box 2068
Inez, KY 41224

Dear Mr. Antonelli:

    You appealed from the action of the Federal Bureau of Prisons (BOP) on your request for a copy of your RDAP Treatment File. I regret the delay in responding to your appeal.

    A member of my staff has found that you owe the United States Marshals Service (USMS) $42.10 in duplication fees for records processed in response to Request Number 2003USMS4609. As a courtesy to you, I am enclosing the administrative correspondence between USMS and yourself that concerns your earlier request: USMS letter dated March 14, 2003, asking for your commitment to pay fees; your response dated March 19, 2003, committing to pay fees of $42.20; USMS's letter dated May 20, 2003, advising you that the processing of request number 2003USMS4609 was complete and requesting payment of $42.10. USMS has no record of receiving any payment from you with regard to the earlier request.

    Because you have not paid this past-due fee to USMS, your current appeal from the BOP's action on Request Number 2006-00068 has been administratively closed by this Office. See 28 C.F.R. § 16.11(i)(3) (2006). You will be required to substantiate that you have paid this debt before this Office takes action on any new appeals you submit.

    If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Daniel J. Metcalfe
Director

Enclosures (3)

File

March 14, 2003

Michael C. Antonelli
Reg. No. 04053-164
U.S. Penitentiary
Box 26030
Beaumont, TX  77720

      Re:    **Freedom of Information/Privacy Act Request No. 2003USMS4609**
            **Subject of Request: Self**

Dear Mr. Antonelli:

      This is in response to your above-captioned request.

      Pursuant to your request, the U.S. Marshals Service (USMS) conducted a search of its files and located approximately 522 pages of documents indexed to your name.  These records were located  in U.S. Marshals Offices for the Northern and Central Districts of Illinois.  In accordance with 28 C.F.R. Section 16.11(d), the USMS is disclosing to you 100 pages of material without charge.  However, the names of federal and non-federal law enforcement officers, other government and third-party individuals, including other prisoners are being withheld pursuant to exemption 7(C) of the Freedom of Information Act, 5 U.S.C. Section 552(b)(7)(C).  Exemption 7(C) allows an agency to withhold records or information compiled for law enforcement purposes, to the extent that the production of such records or information could reasonably be expected to constitute an unwarranted invasion of personal privacy.  No other deletions have been made and none of the withheld information is appropriate for discretionary release.

      The estimated fee for copying the remaining documents may amount to approximately $42.20 depending upon the total number of documents to be released to you.

      Therefore, if you wish to obtain copies of the remaining documents located responsive to your request, please indicate in writing your willingness to pay the estimated fee of $42.20.  Please send your agreement to pay to the U.S. Marshals Service, Office of General Counsel, ATTN: Shaaron L. Keys, Suite 1200, CS III, Washington, D.C. 20530-1000.  **Do not send any payment at this time, as you will be notified of the exact fee upon completion of our processing.**

We are closing our file on your request at this time. Upon receipt of your written agreement to pay the estimated fee for satisfying your request, we will continue our processing and correspond with you again upon completion.

If you are dissatisfied with my action on this request, you may appeal by writing to the Co-Director, Office of Information and Privacy, United States Department of Justice, Suite 570 Flag Building, Washington, D..C. 20530, within 60 days of the date of this letter. Both the letter and the envelope should be clearly marked "Freedom of Information/Privacy Act Appeal." In the event you are dissatisfied with the results of any such appeal, judicial review will thereafter be available to you in the United States District Court for the judicial district in which you reside or have your principal place of business, or in the District of Columbia.

Sincerely,

**FLORASTINE P. GRAHAM**
**FOI/PA Officer**
**Office of General Counsel**

Enclosures

RECEIVED
GENERAL COUNSEL

03 MAR 28  AM 9: 56

U.S. MARSHALS SERVICE

March 19, 2003

ATT: Sharon Keys, Suite 1200
Office of General Counsel
United States Marshals Service
CS III
Washington, D.C.  20530-1000

FOIA/PA Request No 2003USMS4609

Dear Ms Keys:

In response to your letter of March 14, 2003, I hereby reply.

Please know I am willing to pay the estimated fees of $42.20 for processing and copying of the requested records in excess of the 100 pages you sent.

Thank You.

Sincerely,

Michael Antonelli
04053-164
United States Penitentiary
Box 26030
Beaumont, Texas
77720

cc : file

May 20, 2003

Michael Antonelli
Reg. No. 04053-164
U.S. Penitentiary
Box 26030
Beaumont, TX    77720

Re:    **Freedom of Information/Privacy Act Request No. 2003USMS4609**
          **Subject: Self**

Dear Requester:

The United States Marshals Service (USMS) is prepared to release **421**  pages of material responsive to your request.

Pursuant to your request, [X] the Marshals Service conducted a search of its files and located documents which are responsive, or [ ] the Marshals Service received documents referred from another agency for disclosure determination and direct response to you.

The statutory fee for copying the records, as implemented by Department of Justice regulations at 28 C.F.R. § 16.10, amounts to **$42.10.**  Your check or money order should be made payable to the United States Treasury.  To avoid further delay, please ensure that your name appears on your remittance and that it is sent to the U.S. Marshals Service, Office of General Counsel, ATTN: Shaaron Keys,  CS III, Washington, D.C.  20530-1000.

We are closing our file on your request at this time, pending receipt of your payment of the fee for satisfying your request.  **However, once we are in receipt of your check or money order in the amount of $42.10 we will forward the requested material to you.  The paragraphs checked below apply to your request:**

[ ] The Marshals Service is prepared to release [ ] all documents located or [ ] all documents referred from another agency without deletions.

[X] Documents will be released to you; however, certain documents or portions of documents will be withheld pursuant to the Freedom of Information Act, 5 U.S.C. § 552, and/or the Privacy Act, 5 U.S.C. § 552a. Please refer to the list on page 2 of this letter for a description of information being withheld and the basis for withholding.

[X] Our search located document(s) which originated with or contain(s) information which originated with (an)other component(s) of the Department of Justice or with (an)other government agency(ies).

[ ] Information contained in Marshals Service records which originated with (an)other agency(ies) and a copy of your request will be referred to the originator(s) for consultation in accordance with 28 C.F.R. § 16.4 and/or § 16.42. The Marshals Service will correspond with you again upon completion of this consultation.

[X] Records which originated with (an)other agency(ies) and a copy of your request will be referred to the originator(s) for disclosure determination and direct response to you in accordance with 28 C.F.R. § 16.4 and/or § 16.42.

[ ] Your request is being denied pursuant to the Freedom of Information Act and/or Privacy Act exemption(s) identified by mark(s) on the following list.

[X] If you are dissatisfied with my action on this request, you may appeal from this partial denial by writing to the Co-Director, Office of Information and Privacy, United Department of Justice, Flag Building, Suite 570, Washington, D.C. 20530, within 60 days of the date of this letter. Both the letter and the envelope should be clearly marked "Freedom of Information/Privacy Act Appeal." In the event you are dissatisfied with the results of any such appeal, judicial review will thereafter be available to you in the United States District Court for the judicial district in which you reside or have your principal place of business, or in the District of Columbia.

[X] The enclosed material is provided for your further information.

Sincerely,


FLORASTINE P. GRAHAM
FOI/PA Officer
Office of General Counsel

Enclosures

| | |
|---|---|
| Number of Documents Located or Referred from anothr agency: | 620 |
| Pages previously released - no charge | 100 |
| Number of Documents to be Released: | 421 |
| Number of Documents to be Referred to another agency: | 99 |
| Number of Documents to be Withheld: | 0 |

Freedom of Information Act                     Privacy Act
5 U.S.C. § 552                                        5 U.S.C. § 552a

Exemptions cited                                      Description of Information Withheld

[ ](b)(1)  [ ](b)(2)   [ ](b)(3)  [ ](d)(5)  [ ](j)(2)         [ ] Administrative marking(s)
[ ](b)(4)  [ ](b)(5)   [ ](b)(6)  [ ](k)(1)  [ ](k)(2)         [X] Names of and/or information on
[ ](b)(7)(A) [ ](b)(7)(B)  [ ](k)(5)  [ ](k)(6)                     government employees
[X](b)(7)(C) [ ](b)(7)(D)                                      [X] Names of and/or information
[X](b)(7)(E) [ ](b)(7)(F)                                          pertaining to third-party individual(s)
                                                              [X] Names of and/or information
                                                                  pertaining to other prisoners
                                                              [ ] Confidential source information
                                                              [X] Other: Investigative techniques/
                                                                  procedures

FREEDOM OF INFORMATION ACT
5 U.S.C. § 552

Disclosure mandates of the Freedom of Information Act do not apply to matters that are--

(b)(1)  specifically authorized and properly classified pursuant to an Executive order to be kept secret in the interest of national defense or foreign policy;

(b)(2)  related solely to the internal rules and practices of an agency;

(b)(3)  specifically exempted from disclosure by another statute;

(b)(4)  privileged or confidential trade secrets and commercial or financial information obtained from a person;

(b)(5)  predecisional information, including attorney work-product and attorney-client material, reflective of the deliberative process and contained in inter-agency or intra-agency correspondence which is not routinely available to a private party in litigation with an agency;

(b)(6)  personnel, medical and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)  records or information compiled for law enforcement purposes to the extent that the production of such records or information (A) could reasonably be expected to interfere with enforcement proceedings, (B) would deprive a person of a right to a fair trial or an impartial adjudication, (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, (D) could reasonably be expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and , in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, (E) would disclose techniques and procedures for law enforcement investigation or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life or physical safety of any individual.

PRIVACY ACT
5 U.S.C. § 552a

(d)(5)  Nothing in the Privacy Act shall allow an individual access to any information compiled in reasonable anticipation of civil action or proceeding.

**Further, an agency may exempt from the access provisions and other provisions of the Privacy Act:**
(j)(2)  Material related to the enforcement of criminal laws including efforts to prevent, control or reduce crime or to apprehend criminals;

(k)(1)  Material specifically authorized and properly classified pursuant to an Executive order to be kept secret in the interest of national defense or foreign policy;

(k)(2)  Material compiled during civil investigations for law enforcement purposes;

(k)(5)  Investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment, military service, Federal contracts, or access to classified information, the disclosure of which would reveal the identity of a source who furnished information to the Government under an express promise that the source's identity would be held in confidence, or pursuant to an implied promise of confidentiality if such information was furnished prior to September 27, 1975.

(k)(6)  Testing or examination material used solely to determine individual qualifications for appointment or promotion in the Federal service.

# Exhibit DD

No. 07-02016 (D.D.C.)(CKK)

**U.S. Department of Justice**

Office of Information and Privacy

_Telephone: (202) 514-3642_                    _Washington, D.C. 20530_

**DEC 2 7 2006**

Mr. Michael Antonelli
Register No. 04053-164
United States Penitentiary          Re:    Appeal No. 06-0572
Post Office Box 2068                        Request No. 2006-00068
Inez, KY 41224                              JGM:KM

Dear Mr. Antonelli:

        You appealed from the action of the Federal Bureau of Prisons (BOP) on Request
Number 2006-00068.

        A member of my staff has found that you owe the United States Marshals Service
(USMS) $42.10 in duplication fees for records processed in response to Request Number
2003USMS4609.  In previous letters to you, I enclosed the administrative correspondence
between USMS and yourself that concerns your earlier request.  Additionally, those previous
letters state that USMS has no record of receiving any payment from you with regard to the
earlier request.

        Because you have not paid this past-due fee to USMS, your current appeal from BOP's
action on Request Number 2006-00068 has been administratively closed by this Office.  See
28 C.F.R. § 16.11(i)(3) (2006).  You will be required to substantiate that you have paid this debt
before this Office takes action on any new appeals you submit.

        If you are dissatisfied with my action on your appeal, you may seek judicial review in
accordance with 5 U.S.C. § 552(a)(4)(B).

                                    Sincerely,

                                    Daniel J. Metcalfe
                                    Director

File

# Exhibit EE

No. 07-02016 (D.D.C.)(CKK)

Daniel J. Metcalf, Director                          January 11, 2007
Office of Information & Privacy
Department of Justice
Washington, D. C. 20530

RE:  Appeal No. 06-0480
     Request No. 2006-00068

Dear Mr Metcalf:

Please be advised that I paid the Marshals $42.10 in connection to
FOIA Request No. 2003USMS4609.

Therefore, kindly reopen Appeal No. 06-0480.

Thank You.

Sincerely,

Michael Antonelli
04053-I64
USP Big Sandy
Box 2068
Inez, KY 41224

cc : file

# Exhibit FF

No. 07-02016 (D.D.C.)(CKK)

Daniel J. Metcalf, Director                              January 11, 2007
Office of Information & Privacy
Department of Justice
Washington, D. C. 20530

RE:  Appeal No. 06-0572
Request No. 2005-00068

Dear Mr Metcalf:

    Please be advised that I paid the Marshals $42.10 in connection to
FOIA Request No. 2003USMS4609.

    Therefore, kindly reopen Appeal No. 06-0572.

    Thank You.

                              Sincerely,

                              Michael Antonelli
                              04053-I64
                              USP Big Sandy
                              Box 2068
                              Inez, KY 41224

cc : file

Exhibit GG

No. 07-02016 (D.D.C.)(CKK)



**U.S. Department of Justice**

Office of Information and Privacy

_Telephone: (202) 514-3642_                    _Washington, D.C. 20530_

APR − 9 2007

Mr. Michael Antonelli
Register No. 04053-164
United States Penitentiary                    Re:    Appeal No. 06-0572
Post Office Box 2068                                  Request No. 2006-00068
Inez, KY  41224-2068                                  JGM:KM

Dear Mr. Antonelli:

        You appealed from the action of the Federal Bureau of Prisons (BOP) on Request
Number 2006-00068.

        A member of my staff has found that you owe the Executive Office for United States
Attorneys (EOUSA) $50.00 in fees for records processed in response to Request Numbers
03-2204 and 03-2373.  In my previous letter to you dated April 2, 2007, I explain the specific
fees owed to EOUSA and I address your argument that you do not owe any fees.

        Because you have not paid these past-due fees to EOUSA, your current appeal from
BOP's action on Request Number 2006-00068 has been administratively closed by this Office.
See 28 C.F.R. § 16.11(i)(3) (2006).  You will be required to substantiate that you have paid this
debt before this Office takes action on any new appeals you submit.

        If you are dissatisfied with my action on your appeal, you may seek judicial review in
accordance with 5 U.S.C. § 552(a)(4)(B).

                                              Sincerely,

                                              Janice Galli McLeod
                                              Associate Director

File

# Exhibit HH

No. 07-02016 (D.D.C.)(CKK)

**U.S. Department of Justice**

Office of Information and Privacy

_____

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

**APR - 2 2007**

Mr. Michael Antonelli
Register No. 04053-164
United States Penitentiary                Re:    Appeal No. 05-2715
Post Office Box 2068                             Request No. 04-3952
Inez, KY  41224-2068                             JGM:CAS

Dear Mr. Antonelli:

    You appealed from the action of the Executive Office for United States Attorneys
(EOUSA) on your request for access to records pertaining to <u>Antonelli v. Foster</u>.

    After carefully considering your appeal, I am affirming, on modified grounds, EOUSA's
action on your request. As a result of a review of the administrative record in this case, a
member of my staff has determined that you owe fees to EOUSA in connection with two separate
Freedom of Information Act requests that you submitted to it.

    As you know, the filing of a FOIA request is considered to be an agreement by you to pay
fees up to $25.00. <u>See</u> 28 CFR § 16.3(c). Further before any fees are assessed, the FOIA entitles
you to the first two hours of search time and up to 100 pages of duplication at no cost. <u>See</u>
5 U.S.C. § 552(a)(4)(A)(iv)(II). As more fully detailed in letters dated November 19, 2003 and
February 27, 2004, EOUSA informed you that it had searched beyond your statutory entitlement
of two hours per request and billed you according in the amount of $60.90 for Request No.
03-2373 and in the amount of $73.70 for Request No. 03-2204 prior to processing the request
that is the subject of this appeal, Request No. 04-3952. I note, however, that EOUSA did not
obtain your commitment to pay those additional search and duplication fees that were in excess
of $25.00 as required by agency regulation. <u>See</u> 28 C.F.R. § 16.11(e). Consequently, your total
fees for requests 03-2373 and 03-2204 are limited to $25.00 per request for a total of $50.00.

    You assert on appeal that these earlier FOIA requests were submitted by you on behalf of
other inmates and, therefore, those inmates are responsible for any related fees. However, I note
that you submitted and signed both Requests Nos. 03-2373 and 03-2204 and that one of these
requests asks for information pertaining to yourself. I find, therefore, that you are responsible for
the costs associated with both of these requests.

    Accordingly, this appeal is being administratively closed in this Office and you will be
required to substantiate that you have paid these debts before this Office takes action on any new
appeal that you may submit to this Office. You should remit your payments made payable to the
Treasury of the United States directly to EOUSA.

-2-

If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Janice Galli McLeod
Associate Director

# Exhibit II

No. 07-02016 (D.D.C.)(CKK)

Janice Galli McLeod, Associate Director
Office of Information & Privacy
Department of Justice - Suite 11050
1425 New York Ave., NW
Washington, D.C.  20530-0001

April 15, 2007

RE:  Appeal No. 06-0572
BOP Request No. 2006-00068

Dear Smuck:

Kindly reopen the appeal you so rudely closed on April 9, 2007.

You and your staff are incompetent !  I paid $143.60 by money order dated March 14, 2007 with an accompanying letter dated March 3, 2007.  I paid the entire bill, not just $50.00 of it !

Therefore, before you even decided to close any appeal on April 2, 2007, the entire bill was paid.  Your action is improvident !

Kindly quit harassing me.  I pay all my bills.  You damn well know that you conjured, concocted, manufactured and created this facade in order to escape your duties, obligations and responsibilities owed me under the FOIA.

This is an outright obstruction of justice !

I grant you will refrain from any further nonsense such as your efforts to weasel out of doing your job in the future.

Utterly Dismayed, I Remain:

Michael Antonelli
No. 04053-164
Box 2068
Inez, KY  41224

cc : file

# Exhibit JJ

No. 07-02016 (D.D.C.)(CKK)

Co-Director                                             August 1, 2006
Office of Information & Privacy
Department of Justice
FLAG BUILDING, Suite 570
Washington, D.C. 20530

                    RE:   FOIA to BOP # 2006-06825
                          Release dated July 25, 2006

DEar Sir:

        This is an appeal under the Freedom of Information Act.

        I appeal the action of the BOP in excising, deleting and
withholding information from me arbitrarily and capriciously.
The 29 pages of the 91 pages released had had excisions, had
things excised from the submissions I sent to BOP.  These were
outright arbitrary and capricious excisions because I submitted
the information that you excised.
        As further abuse of discretion, BOP deleted information that
it had already provided me in their own responses to my admin-
istrative appeals.
        Most poignant is the use of (b)(5) to delete the reasons my
appeal was sent back to Warden Linda Sanders on March 30, 2006
by Harrell Watts, Administrator National Appeals in Washington,
D.C.  I believe that excision to be improper and the BOP has not
met their burden of proving that the material withheld actually
fits within the parameters of (b)(5).  Therefore, their action
is arbitrary and capricious and an abuse of their discretion.
        I further ask that BOP be ordered to provide Vaughn indexing
and itemization with justifications for use of the exemptions
claimed with supporting sworn affidavits.
        And, of course, I appeal the blanket denial of the remaining
seven pages pursuant to the panoply of exemptions claimed, as an
abuse of discretion and arbitrary and capricious and I ask for
the same Vaughn indexing, itemization, justifications and sworn
affidavits in support.

        I grant you will respond with expedience !  I ask that you
expedite because these purportedly corrections of the present
records that the National Appeals faction has ordered has never
been done, and those records unequivocally prejudice me to this
very day.

**RECEIVED**

AUG 1 4 2006

Office of Information and Privacy

                              Utterly Dismayed, I Remain,

                              Michael Antonelli
                              04053-164
                              USP Big Sandy
                              Box 2068
                              INEZ, KY 41224

cc : file
     Ralph Nader

Exhibit KK

No. 07-02016 (D.D.C.)(CKK)



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

AUG 16 2006

Mr. Michael Antonelli
Register No. 04053-164
United States Penitentiary                Re:   Appeal No. 06-2818
Post Office Box 2068                            Request No. 2006-06825
Inez, KY 41224                                  DJM:JTR

Dear Mr. Antonelli:

    This is to advise you that your administrative appeal from the action of Federal Bureau of Prisons (BOP) on your request for access to records pertaining to your administrative appeals with BOP was received in this Office on August 14, 2006.

    Your appeal has been assigned number **06-2818**.  Please mention this number in any future correspondence to this Office regarding this appeal.

    You have requested expedited treatment of your appeal.  An appeal will be taken out of chronological order based on the date of receipt and given expedited treatment by the Department of Justice only when it is determined to involve:  (1) circumstances in which lack of such treatment could reasonably be expected to pose an imminent threat to the life or safety of an individual; (2) an urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information; (3) the loss of substantial due process rights; or (4) a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence.  See 28 C.F.R. § 16.5(d)(1) (2006).  This Office makes determinations regarding the first three categories, while initial requests made pursuant to the fourth standard are acted upon by the Department's Director of Public Affairs in the first instance.  See id. § 16.5(d)(2).

    Requesters seeking expedited treatment are required to submit a statement explaining in detail the basis for their request for such treatment.  See id. § 16.5(d)(3).  This statement must be certified to be true and correct.  See id.  You have not provided such a statement.  Rather, you request expedited treatment "because these purportedly [sic] corrections of the present records that the National Appeals faction has order has [sic] never been done, and those records unequivocally prejudice me to this very day."  Under Department of Justice regulations, I can discern no valid reason for granting expedited treatment to your appeal on this basis.  As a result, I am denying your request for expedited treatment of your appeal.  If you choose to provide the required certified explanation of the basis for seeking expedited treatment, I will make a decision under the appropriate standard.

File

-2-

If you are dissatisfied with my action on your request for expedited treatment of your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(6)(E)(iii).

Sincerely,

Daniel J. Metcalfe
Director

# Exhibit LL

No. 07-02016 (D.D.C.)(CKK)



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

**JAN 1 6 2007**

Mr. Michael Antonelli                          Re:     Appeal No. 06-2818
Register No. 04053-164                                 Request No. 06-06825
United States Penitentiary
Post Office Box 2068                                    ALB:CAS
Inez, KY  41224

Dear Mr. Antonelli:

    You appealed from the action of the South Central Regional Office of the Federal Bureau
of Prisons (BOP) on your request for records pertaining to an incident report that was filed at the
Federal Correctional Institution, Forrest City, in June 2005.

    A member of my staff has found that you owe the United States Marshals Service
(USMS) $42.10 in duplication fees for records processed in response to Request Number
2003USMS4609.  In previous letters to you, this Office enclosed the administrative
correspondence between USMS and yourself that concerns your earlier request.  Additionally,
those previous letters state that USMS has no record of receiving any payment from you with
regard to the earlier request.

    Because you have not paid this past-due fee to USMS, your current appeal from BOP's
action on Request Number 2006-04998 has been administratively closed by this Office.  See
28 C.F.R. § 16.11(i)(3) (2006).  You will be required to substantiate that you have paid this debt
before this Office takes action on any new appeals you submit.

    If you are dissatisfied with my action on your appeal, you may seek judicial review in
accordance with 5 U.S.C. § 552(a)(4)(B).

                                        Sincerely,

                                        Janice Galli McLeod
                                        Associate Director

File

# Exhibit MM

No. 07-02016 (D.D.C.)(CKK)

DIRECTOR 3/23/07

OFFICE OF INFIRMATION + PRIVACY

DEPARTMENT OF JUSTICE

WASHINGTON, D.C. 20530

3/5/07

07-1004

FOIA
BOP-SCRO

RE: FOIA TO BOP NO. 2006-06375

DEAR SIR:

This is an Appeal under the FOIA.

By letter dated 2/28/07 the Regional Counsel of the South Central Regional Office of the Federal Bureau of Prisons denied my request enumerated above because I supposedly owe the USMS $42.10 in connection to request number 2003USMS4609.

Please know that I paid the $42.10 to the United States Marshals Service two (2) months ago. Therefore, the denial of request 2006-06375 by the BOP is improvident.

I therefore appeal that denial as arbitrary, capricious and improvident.

Sincerely,

Michael Antonelli

Michael Antonelli

04053-164    pp.

Box 2068

USP Big Sandy

Inez, KY 41224

OFFICE OF INFORMATION AND PRIVACY

MAR 23 2007

RECEIVED

cc: file

# Exhibit NN

No. 07-02016 (D.D.C.)(CKK)



**U.S. Department of Justice**

Office of Information and Privacy

_Telephone: (202) 514-3642_                    _Washington, D.C. 20530_

APR 0 6 2007

Mr. Michael Antonelli
Register No. 04053-164
United States Penitentiary
P.O. Box 2068
Inez, KY 41224

      Re:  Request No. 2006-06375

Dear Mr. Antonelli:

      This is to advise you that your administrative appeal from the action of the Federal Bureau of Prisons was received by this Office on March 23, 2007.

      The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number **07-1004**.  Please mention this number in any future correspondence to this Office regarding this matter.

      We will notify you of the decision on your appeal as soon as we can.  We regret the necessity of this delay and appreciate your continued patience.

                         Sincerely,

                         Priscilla Jones
                         Supervisory Administrative Specialist

# Exhibit OO

No. 07-02016 (D.D.C.)(CKK)

Director        O                                MAY 8, 2006
Federal Bureau of Prisons          FOM
320 First Street, NW
Washington D.C. 20534

This is a Request under the (FOIA)

I Request a copy of all Records in connection to the
Incedent Reports written at FCCM Forrest City since 2/1/06
including my submissions on Appeals BP-8 and BP-9's (382462) and
DHO No. 411235 and UDC Appeal 411066 including all Exhibits and BP-10
and DHO Reports at the South Central Region.

I Also Request a copy of all "Sensitive" BP-10 and
BP-11's that I filed and include all Rejection Notices
after 2/3/05. I ask that all these be unsensitized
and made public Record. Search South Central Region + Central
Offices.

I will pay Reasonable Fees.

Full Name: Michael Carmie Antonelli
DOB: ██████████
POB: Chicago, Illinois

I Declare under penalty of perjury that the
above data is true and correct and this is my true signature:

Executed: May 8 2006          By: _Michael Antonelli_
                                   Michael Antonelli, Affiant
**RECEIVED**                       04053-164
MAY 17 2006                        Federal Correctional Complex
FOIA/PA SECTION                    Box 3000 (Medium)
FEDERAL BUREAU OF PRISON           Forrest City, Arkansas
                                                72336,
(28 USC Section 1746)

# Exhibit PP

No. 07-02016 (D.D.C.)(CKK)



**U.S. Departmer of Justice**

Federal Bureau of Prisons

*South Central Regional Office*

---

*4211 Cedar Springs Road, Suite 300*
*Dallas, Texas 75219*

FEB 2 8 2007

Michael Antonelli
Register Number 04053-164
USP Big Sandy
Post Office Box 2068
Inez, Kentucky 41224

Re:  Freedom of Information Request Number 2006-06375

Dear Mr. Antonelli:

This is in response to your request for a copy of specific
Federal Bureau of Prisons records pertaining to you.  You
requested a copy of all records pertaining to incident reports
you received at the Federal Correctional Complex in Forrest City,
Arkansas, specifically the Discipline Hearing Officer's (DHO)
report for incident report number 411235 and the related
administrative remedy appeals numbered 382462 and 411066.  You
also requested a copy of all "Sensitive" requests for
administrative remedy you submitted after February 3, 2005, to
the South Central Regional Office in Dallas, Texas, and the
Central Office in Washington, DC.

The Bureau of Prisons obtained information from the Office of
Information and Privacy indicating you owe the United States
Marshals Service a fee of forty-two dollars and ten cents
($42.10) for the duplication of records processed in response to
Request Number 2003USMS4609.

Please be advised that in accordance with Title 28, Code of
Federal Regulations, Section 16.11(i)(3), no further action will
be taken on this request, or any new request, until the fee of

SENSITIVE BUT UNCLASSIFIED

FOIA Req. No. 2006-06375
Michael Antonelli; Reg. No. 04053-164
Page 2

forty-two dollars and ten cents ($42.10) is paid, for the
processing of FOIA Request Number 2003USMS4609.  You will be
required to substantiate that you have paid this debt before this
office accepts any new request you submit.

Sincerely,

Michael D. Hood
Regional Counsel

lc

SENSITIVE BUT UNCLASSIFIED

Exhibit QQ

No. 07-02016 (D.D.C.)(CKK)

8/14/06                    06-2830                FOIA
                                                   (F)
**FOIA APPEAL**                                    BOP

**To:** Co-Director                    **Date:** August 2, 2006

Office of Information & Privacy

Department of Justice                  **RE: FOIA to** BOP

FLAG BUILDING, Suite 570               **Request No.** none assigned

Washington, D.C. 20530                 **Date of Request:** 6/13/06

                                       NO request # 2006-09132
**Dear Sir:**                          # (site)  Still Pending

    This is an appeal under the Freedom of Information Act.
    Please review the action or inaction of the following agency:

Federal Bureau of Prisons          in conjunction to my request for records.
        (check appropriate box or boxes below)

_____ The agency has not responded and the time limits within which
      to do so has expired.

_____ The agency has claimed that no records could be found and
      I want to appeal that "no records" response.

_____ The agency has blanket denied release of records.

_____ The agency has released certain records and withheld some
      by claiming certain exemptions.

__X____ The agency has withheld certain records but has not claimed
      any exemptions or stated any reason for the deletions.

_____ The agency has claimed there are no records available or
      they have been destroyed and I believe they have not made
      a sufficient search.

_____ The agency has stated records were destroyed but has not
      stated where, how, when and for what reason and by whome
      they were destroyed and under what provision of the law.

__X____ I believe the agency action or inaction otherwise unjust
      for the following reason :

The attached request should have been treated as an FOIA request but

was not. I appeal the bureaucratic run-a-round.

    Appellant believes the agency or public body has acted arbitrary
and/or capricious and he asks for review of the agency action/inaction.
    The burden is on the agency or public body to show the material
withheld fits within the parameters of the exemptions claimed. The
Appellant asks that the agency itemize and index the withheld material
and include detailed affidavits & explanations in support of the
justifications for refusal to disclose.

               Sincerely,

               X _Michael Antonelli_ (signature)

OFFICE OF INFORMATION          **(name)** Michael Antonelli
AND PRIVACY
                               **(No.)** 04053-164
AUG 1 4 2006
                               **Federal Correctional Complex**
**RECEIVED**
                               **Box 3000 (MEDIUM)**

                               **Forrest City, Arkansas 72336**

cc: file

**NOTICE:** Failure to respond to this administrative appeal in a

...U OF PRISONS
...REET NW
...GTON 20534

Dear Sir : This is a Request under The FOI/PA. I Request a copy of The Sensitive BP-10 + Sensitive BP-11 I sent to The Region (SCR) and Central Office. Remedy ID # 411064-A1 That The Central Office received 5/15/06. I also ask for a copy of The SCR Rejection Notice.

Michael Carmie Antowell 34053-164
DOB: ████████  POB: chicago illinois
I will Pay fees incurred.

I Declare under Penalty of Perjury That The above is True and The below is my signature This 6-9-03

Michael Antowell

Michael Antowell
Federal Transfer Center
Oklahoma City Oklahoma
Box 898801
73189

NAME:
REG#:
FEDERAL TRANSFER CENTER
P.O. BOX 898801
OKLAHOMA CITY, OK 73189-8801

...ou have not received your ...istrative Remedy ...e Warden's Administrative

...nse is still in progress. ...ing date, you are entitled ...me cases cannot be decided ...e time for response may be ... will provide you with a ...rm you of the extension.

...ference has not been filed

...for us to respond to your ...nistrative remedy, please ...s office or date mailed by ...ject of your administrative ...rmation, please provide as

...ues you should first bring ...are unable to resolve the ...aint to the Warden via the ...re is available to inmates ...bout any aspect of their

...ommission is untimely by no ...are only considered when

...ponses are the final agency ...ponse, you may pursue any

...jurisdiction of the Federal Bureau

...to you on _____.

...ately handled through a Freedom of ...ust be made in writing and addressed ...t, NW, Washington, D.C. 20534. Both ...arly marked, "Freedom of Information

UNITED STATES GOVERNMENT
MEMORANDUM
FEDERAL BUREAU OF PRISONS

July 5, 2006

REPLY TO
ATTN OF:  National Inmate Appeals, Central Office

Michael Antonelli #04053-164
FTC Oklahoma

_____1. Your appeal was answered on_____.  If you have not received your
copy by now, you may ask the institution Administrative Remedy
Coordinator to provide you with a copy from the Warden's Administrative
Remedy File.

_____2. Your appeal was filed on_____, and a response is still in  progress.
If more than 40 days have elapsed since the filing date, you are entitled
to consider your appeal denied.  However, some cases cannot be decided
within this time period.  In that event, the time for response may be
extended for an additional 20 days.  Staff will provide you with a
computer-generated notice of extension to inform you of the extension.

_____ 3. Our records indicate that the appeal you reference has not been filed
with this office.

_____4. You have not provided sufficient information for us to respond to your
inquiry.  If your inquiry concerns an administrative remedy, please
provide the **case number**, the date filed in this office or date mailed by
you, your name and register number, and the subject of your administrative
remedy.  If you cannot provide all of this information, please provide as
much as possible.

_____5. A review of your inquiry reveals it contains issues you should first bring
to the attention of institution staff.  If you are unable to resolve the
issue(s) informally, you may present your complaint to the Warden via the
Administrative Remedy Procedure.  This procedure is available to inmates
confined in federal facilities to complain about any aspect of their
confinement.

_____6. Extensions are granted only if an inmate's submission is untimely by no
fault of his own.  Requests for extensions are only considered when
submitted with the complete appeal packet.

_____7. Central Office Administrative Remedy Appeal responses are the final agency
position.  If you are dissatisfied with the response, you may pursue any
legal recourse you deem appropriate.

_____ 8. We can only address issues within the jurisdiction of the Federal Bureau
of Prisons.

_____9. Your appeal was rejected and returned to you on_____.

__X_10. Other:  Your request is more appropriately handled through a Freedom of
Information/Privacy Act request.  Such requests must be made in writing and addressed
to the Director, Bureau Of Prison, 320 First Street, NW, Washington, D.C.  20534.  Both
the face of the letter and envelope should be clearly marked, "Freedom of Information
Request."

# Exhibit RR

No. 07-02016 (D.D.C.)(CKK)



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

**SEP 19 2006**

Mr. Michael Antonelli
Register No. 04053-164
Federal Correctional Complex          Re:    Appeal No. 06-2830
Post Office Box 3000                          Request No. 2006-09132
Forrest City, AR  72336                       ALB:JTR:CIH

Dear Mr. Antonelli:

You attempted to appeal from the failure of the Federal Bureau of Prisons (BOP) to respond to your request for access to records pertaining to Administrative Remedy Number 411064-Al.

Department of Justice regulations provide for an administrative appeal only after there has been an adverse determination by a component. See 28 C.F.R. § 16.9 (2006). As no adverse determination has yet been made, there is no action for this Office to consider on appeal. In particular, the Freedom of Information Act itself contemplates judicial review, rather than an administrative appeal, when an agency has failed to respond to a request within the statutory time limits. See 5 U.S.C. § 552(a)(6)(C)(i).

I have forwarded your letter to BOP. You may also wish to contact it directly and inquire about the status of your request. You may appeal any further adverse determination made by BOP.

Sincerely,

Daniel J. Metcalfe
Director

*File*

# Exhibit SS

No. 07-02016 (D.D.C.)(CKK)



**U.S. Department of Justice**

Office of Information and Privacy

_____

_Telephone: (202) 514-3642_                    _Washington, D.C. 20530_


OCT 1 0 2006

Mr. Michael Antonelli
Register No. 04053-164
Federal Correctional Complex
Box 3000
Forrest City, AR  72336

     Re:  Request No. 06-09337

Dear Mr. Antonelli:

     This is to advise you that your administrative appeal from the action of the Federal Bureau of Prisons was received by this Office on September 22, 2006.

     The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number **06-3182**.  Please mention this number in any future correspondence to this Office regarding this matter.

     We will notify you of the decision on your appeal as soon as we can.  We regret the necessity of this delay and appreciate your continued patience.

                          Sincerely,

                          Priscilla Jones
                          Chief, Administrative Staff

File

# Exhibit TT

No. 07-02016 (D.D.C.)(CKK)



**U.S. Department of Justice**
Federal Bureau of Prisons

# Program Statement

Reformatted to renumber pages and remove CN notations from chapters 4/2/07.

**OPI:** OGC
**NUMBER:** 1330.13
**DATE:** 8/13/2002
**SUBJECT:** Administrative Remedy Program

**RULES EFFECTIVE DATE:** 8/6/2002

---

1. [<u>PURPOSE AND SCOPE</u> §542.10

   a. <u>Purpose</u>. The purpose of the Administrative Remedy Program is to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement. An inmate may not submit a Request or Appeal on behalf of another inmate.

   b. <u>Scope</u>. This Program applies to all inmates in institutions operated by the Bureau of Prisons, to inmates designated to contract Community Corrections Centers (CCCs) under Bureau of Prisons responsibility, and to former inmates for issues that arose during their confinement. This Program does not apply to inmates confined in other non-federal facilities.]

   The president of a recognized inmate organization may submit a request on behalf of that organization regarding an issue that specifically affects that organization.

   [c. <u>Statutorily-mandated Procedures</u>. There are statutorily-mandated procedures in place for Tort claims (28 CFR 543, subpart C), Inmate Accident Compensation claims (28 CFR 301), and Freedom of Information Act or Privacy Act requests (28 CFR 513, subpart D). If an inmate raises an issue in a request or appeal that cannot be resolved through the Administrative Remedy Program, the Bureau will refer the inmate to the appropriate statutorily-mandated procedures.]

2. **PROGRAM OBJECTIVES.** The expected results of this program are:

   a. A procedure will be available by which inmates will be able to have any issue related to their incarceration formally reviewed by high-level Bureau officials.

# Exhibit UU

No. 07-02016 (D.D.C.)(CKK)

*(handwritten annotations: rec'd 9/22/06, 8-11, 06-3182, 1A7, BOP)*

**To:** Co-Director            **FOIA APPEAL**            Date: August 16, 2006

Office of Information & Privacy

Department of Justice                    RE: FOIA re: BOP

FLAG BUILDING, Suite 570                Request No. none assigned

Washington, D.C. 20530                  Date of Request: 7/19/06

*(handwritten: #2006-0933? Closed 9/12/06 Full Release)*

Dear Sir:

This is an appeal under the Freedom of Information Act.
Please review the decision or inaction of the following agency:

                    BOP                                    in conjunction to my request for records.
                    (check appropriate box or boxes below)

_____   The agency has not responded and the time limits within which
        to do so has expired.

_____   The agency has claimed that no records could be found and
        I want to appeal that "no records" response.

_____   The agency has blanket denied release of records.

_____   The agency has released certain records and withheld some
        by claiming certain exemptions.

__X__   The agency has withheld certain records but has not claimed
        any exemptions or stated any reason for the deletions.

_____   The agency has claimed there are no records available or
        they have been destroyed and I believe they have not made
        a sufficient search.

_____   The agency has stated records were destroyed but has not
        stated where, how, when and for what reason and by whome

__X__   they were destroyed and under what provision of the law.
        I believe the agency action or inaction otherwise unjust
        for the following reason :

The attached request should have been processed under the FOIA as
opposed to sending it back unanswered.

_____

        Appellant believes the agency or public body has acted arbitrary
and/or capricious and he asks for review of the agency action/inaction.
        The burden is on the agency or public body to show the material
withheld fits within the parameters of the exemptions claimed. The
Appellant asks that the agency itemize and index the withheld material
and include detailed affidavits & explanations in support of the
justifications for refusal to disclose.

                                    Sincerely,

                                    X _Michael Antonelli_

OFFICE OF INFORMATION
AND PRIVACY

SEP 22 2006

RECEIVED

                                    (name) Michael Antonelli
                                    (No.)  04053-164
                                    Federal Correctional Complex
                                    Box 3000 (MEDIUM)
                                    Forrest City, Arkansas 72336

cc: file

NOTICE:  Failure to respond to this administrative appeal is a...

**UNITED STATES GOVERNMENT**
**MEMORANDUM**
**FEDERAL BUREAU OF PRISONS**

DATE          August 8, 2006

REPLY TO      Administrative Remedy Coordinator
ATTN OF       National Inmate Appeals, Central Office

SUBJECT       Administrative Remedy Appeal - Case No.

Michael Antonelli, Reg. No. 04053-164  Unit B1
United States Penitentiary - Big Sandy
Inez, KY

_____1. Your appeal was answered on _____. If you have not received your copy by now, you may ask the institution Administrative Remedy Coordinator to provide you with a copy from the Warden's Administrative Remedy File.

_____2. You appeal was filed on _____ and a response is still in progress. If more than 40 days have elapsed since the filing date, you are entitled to consider your appeal denied. However, some cases cannot be decided within this time period. In that event, the time for response may be extended for an additional 20 days. Staff will provide you with a computer-generated notice of extension to inform you of the extension.

_____3. Our records indicate that the appeal you reference has not been filed with this office.

_____4. You have not provided sufficient information for us to respond to your inquiry. If your inquiry concerns an administrative remedy, please provide the case number, the date filed in this office or date mailed by you, your name and register number, and the subject of your administrative remedy. If you cannot provide all of this information, please provide as much as possible.

_____5. A review of your inquiry reveals it contains issues you should first bring to the attention of institution staff. If you are unable to resolve the issue(s) informally, you may present your complaint to the Warden via the Administrative Remedy Procedure. This procedure is available to inmates confined in federal facilities to complain about any aspect of their confinement.

_____6. Extensions are granted only if an inmate's submission is untimely by no fault of his own. Requests for extensions are only considered when submitted with the complete appeal packets.

_____7. Central Office Administrative Remedy Appeal responses are the final agency position. If you are dissatisfied with the response, you may pursue any legal recourse you deem appropriate.

_____8. We can only address issues within the jurisdiction of the Federal Bureau of Prisons. Your issue is one of _____ jurisdiction.

_____9. Your appeal was rejected and returned to you on _____.

__X__10. Other: Appeal #392038-A1 and 306968-A1 were answered. You need to submit a Freedom of Information/Privacy Act request to receive the responses to those appeals. Such requests must be made in writing and addressed to the Director, Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. Both the face of the letter and envelope should be clearly marked, "Freedom of Information Request." Appeal #402868-A2 is pending a response from this office.



Federal Bureau of Prisons

*July 28 2006*                    July 19, 2006

*Office of the Director*                    *Washington, DC 20534*

To:    ____    **Administration Division**                    02868
       ____    **Correctional Programs Division**
       ____    **Health Services Division**
       ____    **Human Resource Management Division**
       ____    **Industries, Education & Voc Training (FPI)**
       ____    **Information, Policy & Public Affairs Division**    bered National
       ____    **National Institute of Corrections**              ve never re-
       1       **Office of General Counsel**
       ____    **Program Review Division**                          pired.
       ____    **Mid-Atlantic Region**
       ____    **North Central Region**                            sponse in each
       ____    **Northeast Region**
       ____    **South Central Region**
       ____    **Southeast Region**
       ____    **Western Region**

**The attached correspondence is forwarded to your office
for review and action as deemed appropriate.**

**Thank you.**

**Executive Secretariat**
**(202) 514-8534**

RECEIVED
AUG - 1 2006
Administrative Remedy Section

```
Director                                      July 19, 2006
Federal Bureau of Prisons
320 First Street, NW
Washington, D.C.  20534
```

                        RE:   Remedy Id No's :
                              386968; 392038 & 402868

Dear Sir:

        I am writing because in each of the above-numbered National
Appeals, I have sent you the proper BP-11's and have never re-
ceived any response whatsoever.

        The time limits in each instance have long expired.

        Can you please send me a copy of the BP-11 response in each
of the above administrative appeals ?

        THANK YOU.

                                    Sincerely,

                                    Michael Antonelli
                        - 1 -       04053-164
                                    USP Big Sandy
                                    Box 2068
                                    Inez, KY 41224

cc : file

# Exhibit VV

No. 07-02016 (D.D.C.)(CKK)



**U.S. Department of Justice**

Office of Information and Privacy

_____

*Telephone: (202) 514-3642*          *Washington, D.C. 20530*

**NOV 1 3 2006**

Mr. Michael Antonelli                    Re:    Appeal No. 06-3182
Register No. 04053-164                          Request No. 06-09337
United States Penitentiary                      ALB:SJV
Post Office Box 2068
Inez, KY 41224

Dear Mr. Antonelli:

    You attempted to appeal from the failure of the Central Office of the Federal Bureau of Prisons (BOP) to respond to your request for access to records pertaining to various Administrative Remedies.

    BOP provided you with a release of responsive records by letter dated September 12, 2006. As a result of this release, your appeal from BOP's failure to respond to your request is now moot. Accordingly, I am closing your appeal file in this Office.

                    Sincerely,

                  Daniel J. Metcalfe
                  Director

File

# Exhibit WW

No. 07-02016 (D.D.C.)(CKK)

FOIA
(A)
FBI

Closed
4/17/07
No Record

# FOIA APPEAL

DIRECTOR — SuiTE 11050

To: Office of InformatioN + Privacy    DATE  4/24/07

Department of Justice    FOIA To:  FBI

1425 New York Ave, NW    Request No. 1. 1075126-000
                                      2. 1075127-000
Washington, DC 20530    3. 1075128-000

Date of Request  Response of 4/17/07

This is an appeal under the Freedom of Information Act.
Please review the action or inaction of the following agency: _____ FBI _____
in conjunction with my request for records. (check appropriate box(es) below:

_____ The agency has not responded and the time limits within which to do so has expired.

___✓___ The agency has claimed that no records could be found and I want to appeal that "no records
                response.

___✓___ The agency has blanket denied release of records.

_____ The agency has released certain records and withheld some by claiming certain exemptions.

___✓___ The agency has withheld certain records but has not claimed any exemptions or stated any reason
                for the deletions.

_____ The agency has claimed there are no records available or they have been destroyed and I believe
                they have not made a sufficient search.

___✓___ The agency has stated records were destroyed but has not stated where, how, when and for what
                reason they were destroyed and under what provision of the law.

___✓___ I believe the agency action or inaction otherwise unjust for the following reason: _____

Improper search is Arbitrary + capricious

_____

    Appellant believes the agency or public body has acted arbitrary and/or capricious and he asks for
review of the agency action/inaction.
    The burden is on the agency or public body to show the material withheld fits within the parameters of
the exemptions claimed. The appellant asks that the agency itemize and index the withheld material and
including detailed affidavits & explanations to support any justifications for refusal to disclose.

# RECEIVED

## MAY - 8 2007

Office of Information and Privacy

Sincerely,

x _Michael Antonelli_____
                        (signature)
_Michael Antonelli  04053-164_
        (name)                    (number)
USP Big Sandy; 1197 Airport Road
Box 2068; Inez, KY 41224

cc: file
**(Failure to timely respond to this administrative appeal will result in complaint for judicial review)**

# Exhibit XX

No. 07-02016 (D.D.C.)(CKK)



**U.S. Department of Justice**

Office of Information and Privacy

_____

_Telephone: (202) 514-3642_                    _Washington, D.C. 20530_

**MAY 1 8 2007**

Mr. Michael Antonelli            Re:    Appeal Nos.  07-1425, 07-1426,
Register No. 04053-164                                07-1427
United States Penitentiary              Request Nos. 1075126, 1075127,
Post Office Box 2068                                  1075128
Inez, KY  41224-2068                    JGM:CAS

Dear Mr. Antonelli:

You appealed from the action of the Federal Bureau of Investigation (FBI) on the above-referenced Freedom of Information Act requests.

A member of my staff has found that you owe the Executive Office for United States Attorneys (EOUSA) $50.00 in fees for records processed in response to Request Numbers 03-2204 and 03-2373.  In my previous letter to you dated April 2, 2007, I explained the specific fees owed to EOUSA.  In addition, in my letter dated May 7, 2007, I also addressed your concerns regarding your delinquent payment status.

Because you have not paid these past-due fees to EOUSA, your current appeals from FBI's action on these requests have been administratively closed by this Office.  See 28 C.F.R. § 16.11(i)(3) (2006).  You will be required to substantiate that you have paid this debt before this Office takes action on any new appeals you submit.

If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Janice Galli McLeod
Associate Director

File

# Exhibit YY

No. 07-02016 (D.D.C.)(CKK)

05-0672

Co-Director                                    December 11, 2004
Office of Information & Privacy
Department of Justice
FLAG BUILDING, Suite 570
Washington, D. C.   20530

                    RE:   FOIA No. FBI GR04-2238
                          MICHAEL CARMINE ANTONELLI

Dear Sir:

        This is an appeal under the FOIA.

        By letter dated December 3, 2004, the FBI advised me that records
refered to them from the Office of the Inspector General pertaining
to the above-named subject could not be released to me because they
refered to somebody else, and not me.

        I appeal that decision.  MICHAEL CARMINE ANTONELLI is my person!
I say that because frequently the law enforcement would mistakenly
call me CARMINE and misnomered my middle name CARMIE.  My birth
certificate says CARMIE.  I am also known as CARMINE and CARMEN
and CARMAN.

        Therefore, there is no unwarranted invasion of privacy.  Check
my FBI RAP SHEET or NCIC-CCH records if you like.  This will prove
my point.

                                    Sincerely,

                                    Michael Antonelli
                                    04053-164
                                    Federal Correctional Institution
                                    Box 1500
                                    El Reno, Oklahoma

                                                        73036

cc : file

OFFICE OF INFORMATION
AND PRIVACY

DEC 2 2 2004

RECEIVED

# Exhibit ZZ

No. 07-02016 (D.D.C.)(CKK)



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                     *Washington, D.C. 20530*

**DEC 3 0 2004**

Mr. Michael Antonelli
Register No. 04053-164
Federal Correctional Institution
P.O. Box 1500
El Reno, OK 73036

        Re:  Request No. GR04-2238        FOIPA# 1012903

Dear Mr. Antonelli:

        This is to advise you that your administrative appeal from the action of the Federal Bureau of Investigation on your request for information from the files of the Department of Justice was received by this Office on December 22, 2004.

        The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number **05-0672**.  Please mention this number in any future correspondence to this Office regarding this matter.

        We will notify you of the decision on your appeal as soon as we can.  The necessity of this delay is regretted and your continuing courtesy is appreciated.

                        Sincerely,

                        *Priscilla Jones*

                        Priscilla Jones
                        Administrative Specialist

file

# Exhibit AAA

No. 07-02016 (D.D.C.)(CKK)

Janice Galli McLeod, Associate Director          April 15, 2007
Office of Information & Privacy
Department of Justice - Suite 11050
1425 New York Ave., NW
Washington, D.C.  20530-000I

RE:  Appeal No. 05-1957
Mil FBI Request No. 971337-00I

Dear Smuck:

Kindly reopen the appeal you so rudely closed on April 9, 2007.

You and your staff are incompetent !  I paid $143.60 by money order dated March 14, 2007 with an accompanying letter dated March 3, 2007.  I paid the entire bill, not just $50.00 of it !

Therefore, before you even decided to close any appeal on April 2, 2007, the entire bill was paid.  Your action is improvident !

Kindly quit harassing me.  I pay all my bills.  You damn well know that you conjured, concocted, manufactured and created this facade in order to escape your duties, obligations and responsibilities owed me under the FOIA.

This is an outright obstruction of justice !

I grant you will refrain from any further nonsense such as your efforts to weasel out of doing your job in the future.

Utterly Dismayed, I Remain:

*Michael Antonelli*

Michael Antonelli
No. 04053-164
Box 2068
Inez, KY  41224

cc : file

# Exhibit BBB

No. 07-02016 (D.D.C.)(CKK)

**U.S. Department of Justice**

Office of Information and Privacy

_____

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

APR - 9 2007

Mr. Michael Antonelli
Register No. 04053-164
United States Penitentiary          Re:     Appeal No. 05-1957
Post Office Box 2068                        Request No. 971337-001
Inez, KY  41224                             JGM:KAH

Dear Mr. Antonelli:

    You appealed from the action of the Milwaukee Field Office of the Federal Bureau of Investigation on your request records pertaining to James J. Valona.

    A member of my staff has found that you owe the Executive Office for United States Attorneys (EOUSA) $50.00 in fees for records processed in response to Request Numbers 03-2204 and 03-2373.  In my previous letter to you dated April 2, 2007, I explain the specific fees owed to EOUSA and I address your argument that you do not owe any fees.

    Because you have not paid these past-due fees to EOUSA, your current appeal from the FBI's action on Request Number 971337-001 has been administratively closed by this Office. See 28 C.F.R. § 16.11(i)(3) (2006).  You will be required to substantiate that you have paid this debt before this Office takes action on any new appeals you submit.

    If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

                            Sincerely,

                            Janice Galli McLeod
                            Associate Director

File

# Exhibit CCC

No. 07-02016 (D.D.C.)(CKK)



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

**MAY - 7 2007**

Mr. Michael Antonelli                    Re:    Appeal Nos. 07-0786, 05-2715,
Register No. 04053-164                               05-1957, 05-1608, 05-0672,
United States Penitentiary                          05-1520, 06-0302, 06-0572,
Post Office Box 2068                                06-1062, 06-2702, 06-3268
Inez, KY  41224-2068                               JGM:CAS

Dear Mr. Antonelli:

This letter responds to the concerns addressed in your letters dated April 15, 2007.  In these letters, you state that our Office has incorrectly closed several of your pending administrative appeals on the basis of delinquent fees.  As detailed in my letter dated April 2, 2007, I have determined that you owe $50 in connection with two separate Freedom of Information Act requests submitted to the Executive Office for United States Attorneys (EOUSA).  You assert that you have paid the "entire bill" via a money order in the amount of $143.60, which was dated March 14, 2007.

This Office has again contacted EOUSA.  That office has confirmed that, as of this date, it has no record of your payment.  If you still maintain that this debt has been satisfied, it is your responsibility to substantiate that you have paid it.  Any documentation evidencing your payment to EOUSA, such as money order receipts or canceled checks, may be sent to our Office.  Otherwise, you may remit payment to EOUSA in the form of a check or money order made payable to the Treasury of the United States.  I further note that in accordance with 28 C.F.R. § 16.11(g), EOUSA has the administrative discretion to charge interest on unpaid bills that are delinquent for more than 31 days.

Furthermore, as you were formerly advised, delinquent payments will effect the request and the appeals processes.  In instances where your pending requests were closed for non-payment in relation to this matter, you should contact the appropriate Department of Justice component to advise them of your interest in pursuing the request once your debt with EOUSA is satisfied.  Additionally, our Office will not adjudicate any future appeals prior to payment of this debt.  Also, please note that in light of your history of delinquent payments, Department of Justice components may require that you pay any anticipated fees in advance regardless of the amount before they initiate processing of your future FOIA requests.  See 28 C.F.R. § 16.11(i).

File

-2-

Lastly, please be advised that our Office accords every appellant the utmost consideration and respect.  I expect that you will extend the same courtesy to us.  If you wish to continue to maintain a professional relationship with our Office, I trust that your future correspondence will not contain the expletives or the tone exhibited in your letter dated April 15, 2007.

If you remain dissatisfied with this Office's action on your appeal, judicial review thereof is available to you as indicated in the letter of April 2, 2007.

Sincerely,

Janice Galli McLeod
Associate Director

# Exhibit DDD

No. 07-02016 (D.D.C.)(CKK)



**U.S. Department of Justice**

Office of Information and Privacy

_____

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

**JAN 1 5 2008**

Mr. Michael Antonelli
Register No. 04053-164
Federal Correctional Institution
Post Office Box 4000
Manchester, KY  40962

Dear Mr. Antonelli:

This letter responds to your letter dated July 29, 2007, in which you indicated that you had paid past-due debts in connection with certain Freedom of Information Act requests submitted to the Executive Office for United States Attorneys (EOUSA). You also requested that the Office of Information and Privacy (OIP) reopen several appeals you had submitted to this Office which had been closed because of those past-due debts.

Attached to your July 29 letter was an enclosure which appears to be a copy of a customer's receipt for a postal money order dated March 14, 2007, in the amount of $143.60, as well as a copy of a letter to EOUSA dated March 3, 2007, in which you informed EOUSA that you were enclosing a "check" in the amount of $143.60. Your July 29 letter indicated that the money order was in full payment for fees owed on Request Nos. 03-2204 and 03-2373. This Office forwarded a copy of your July 29 letter with its enclosures to EOUSA. Thereafter, EOUSA again conducted a search of its fee payment log and other record-keeping locations and confirmed that it could find no record of a $143.60 payment from you.[1]

Your July 29 letter appears to have been prompted by this Office's letter of April 2, 2007, which concerned your Appeal No. 05-2715. In that letter, OIP informed you that it was closing Appeal No. 05-2715 because of your failure to pay past-due fees to EOUSA on an earlier request (Request No. 03-2204).[2] As you may remember Request No. 03-2204 was closed

_____

[1] EOUSA did receive your more recent payment of $362.00 as an advance on Request No. 02-244. That payment, however, does not absolve you of the debt still owed on Request 03-2204 or cause any pending appeals to be reopened.

[2] As you are aware, if past-due FOIA fees are owed, that debt would preclude the processing of new or pending requests (and their corresponding appeals) from the same requester until the outstanding debt is paid. See 28 C.F.R. § 16.11(i) (3), (4) (2007).

-2-

by EOUSA for non-payment of a processing fee of $73.70 on March 27, 2004.[3]  See 28 C.F.R.
§ 16.11(i) (3), (4).

In the April 2 letter referenced above, OIP also informed you that the amount owed for
Request 03-2204 was $25 rather than the $73.70 assessed by EOUSA.  I have since determined
that while this Office's closure of your Appeal No. 05-2715 was proper due to your non-payment
of fees for Request No. 03-2204, the fee limitation of $25 set by this Office on that request was
not appropriate for the reasons explained below.

At the time of you submitted Request No. 03-2204 to EOUSA, you included a statement in
that request that you agreed to pay reasonable fees.  Acting in good faith on your commitment,
EOUSA responded to your request by letter dated February 27, 2004.  It provided you with one
hundred pages of records (copied without charge in accordance with the FOIA), advised you that
the remainder of the records would be released upon payment of the processing fee of $73.70, and
informed you that your payment had to be received by EOUSA within thirty days.  EOUSA also
notified you of your right to file an administrative appeal with this Office within sixty days of the
date of its letter.

You thereafter appealed EOUSA's decision on Request No. 03-2204 to this Office.  In that
appeal (No. 04-1357) you did not challenge the fee assessed by EOUSA.  Rather you stated that
you "generically appeal[ed] the withholdings as arbitrary and capricious."  This Office thereafter
notified you that it had closed Appeal No. 04-1357 without adjudicating it because OIP became
aware that you had filed a lawsuit in the District of Columbia that encompassed the underlying
request that was the subject of that appeal.  See 28 C.F.R. § 16.9(c).

Because you did not appeal in any manner the fee assessed by EOUSA for processing
Request 03-2204 (and the time to do so expired on or about April 27, 2004), it was not
appropriate for this Office to later consider in its adjudication of Appeal No. 05-2715, anything
other than whether or not you still owed EOUSA processing fees for Request No. 03-2204 -- and
OIP determined that you did owe fees.  The purpose of OIP's review of that closed request was
solely to determine the status of a prior debt.  I am, therefore, by this letter, correcting this Office's
mistake and reinstating EOUSA's original fee assessment.  I note that you attempted to pay the
full debt owed -- $73.70 -- for Request No. 03-2204 by letter dated March 3, 2007, more than
three years after you were informed of this debt, and long after you initiated litigation that
encompasses this request.[4]  To the extent that this mistake is repeated in any other correspondence

---

[3] At the time this Office received your letter of July 29, 2007, a second EOUSA request
(No. 03-2373) was also at issue for non-payment of a fee.  I was subsequently informed that you
have questioned the validity of that debt in a lawsuit that is currently pending in the U.S. District
Court for the District of Columbia, Antonelli v. BATF, No. 04-1180 (D.D.C.).

[4] That same letter sought to pay in full a debt owed for Request 03-2373 as well.  See note
two above.

-3-

that this Office may have already sent to you, I am incorporating by reference this correction of that mistake.

I again have confirmed that EOUSA has not received the money order mentioned in your letter of July 29, 2007.  This Office must await confirmation that your payment has been received by EOUSA.  Until it is received, no appeals submitted by you to this Office will be processed. See 28 C.F.R. § 16.11(i)(3).  Once payment has been confirmed, this Office (or EOUSA) will contact you on how to proceed with any appeals (or requests) that you seek to have processed.

Sincerely,

Janice Galli McLeod
Associate Director

# Exhibit EEE

No. 07-02016 (D.D.C.)(CKK)

**FOIA APPEAL**

To:  Co-Director                                        Date: August 23, 2005

Office of Information & Privacy                    RE: FOIA to        EOUSA

Department of Justice

FLAG BUILDING, Suite 570                          Request No. 04-3952

Washington, D.C. 20530                            Date of Request: 8/15/05

Dear Sir:

    This is an appeal under the Freedom of Information Act.
    Please review the action or inaction of the following agency:

_____EOUSA_____ in conjunction to my request for records.
             (check appropriate box or boxes below)

_____  The agency has not responded and the time limits within which
         to do so has expired.

_____  The agency has claimed that no records could be found and
         I want to appeal that "no records" response.

__X___   The agency has blanket denied release of records.

_____  The agency has released certain records and withheld some
         by claiming certain exemptions.

_____  The agency has withheld certain records but has not claimed
         any exemptions or stated any reason for the deletions.

_____  The agency has claimed there are no records available or
         they have been destroyed and I believe they have not made
         a sufficient search.

_____  The agency has stated records were destroyed but has not
         stated where, how, when and for what reason and by whome
         they were destroyed and under what provision of the law.

__x___   I believe the agency action or inaction otherwise unjust
         for the following reason :

I am being denied because I have not paid for 03-2373 and 03-2204
which I believe are third party surrogate requests I filed for inmates who
were illiterate.  It is those inmates that are responsible for the fees, not
me.  Collect it from them !  How much is 04-3952 going to cost me ?  I want
my records.  I believe the denial to be unfair and unjust.

    Appellant believes the agency or public body has acted arbitrary
and/or capricious and he asks for review of the agency action/inaction.
    The burden is on the agency or public body to show the material
withheld fits within the parameters of the exemptions claimed.  The
Appellant asks that the agency itemize and index the withheld material
and include detailed affidavits & explanations in support of the
justifications for refusal to disclose.

                                  Sincerely,
                              X  Michael Antonelli

OFFICE OF INFORMATION
AND PRIVACY

SEP 0 6 2005

RECEIVED

                                  (name)  Michael Antonelli

                                  (No.)   04053-164

                                  Federal Correctional Complex

                                  Box 3000 (MEDIUM)

                                  Forrest City, Arkansas 72336

cc: file

NOTICE:  Failure to respond to this administrative appeal in a
         timely manner will result in civil action suit.

# Exhibit FFF

No. 07-02016 (D.D.C.)(CKK)

DIRECTOR RM 7300

EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS RECEIVED   3-13-08

FOIA/PA UNIT

600 E. STREET NW

WASHINGTON, DC 20530

3/3/07

2000 MAR 21 PM 1:50
DEPT OF JUSTICE/EOUSA
FOIA/PRIVACY STAFF

RE: FOIA REQUESTS TO EOUSA
03-2204 AND 03-2373

DEAR SIR:

PLEASE FIND ENCLOSED A CHECK IN THE AMOUNT OF $143.60 MADE OUT TO THE "TREASURY OF THE UNITED STATES" TO PAY FOR THE FEES IN ARREARS FOR BOTH REQUESTS NOS: 03-2204 AND 03-2373.

PLEASE REOPEN THESE REQUESTS AND PROCESS THEM.

THANK YOU.

SINCERELY,

03-2373 = 60.90
03-2204 = 73.70
ENCLOSED → $143.60

Michael Antonelli

Michael ANTONELLI
04053-164
USP BIG SANDY
BOX 2068
INEZ, KY 41224

- new address
USP Center
Box 34550
Memphis, TN
31884

CC: FILE

P.S. PLEASE NOTE MY NEW ADDRESS!





Michael Antonelli
13011 Grant Rd.
Lemont Il 60439

Executive Office for The United States Attorney
Treasury of The United States
Director Room 7300 FOIA/PA Und
600 E. Street N.W.
Washington, P C 20530

X-RAYED
MAR 19 2008
DOJ MAILROOM

2007 2560 0952 F3E4 6970

CERTIFIED MAIL

# Exhibit GGG

No. 07-02016 (D.D.C.)(CKK)



**U.S. Department of Justice**

Office of Information and Privacy

_____

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

**MAY 9 - 2008**

Mr. Michael Antonelli
Register No. 04053-164
Federal Correctional Institution          Re:  Appeal No. 07-1004
Post Office Box 34550                          Request No. 2006-06375
Memphis, TN  38134                             JGM:CG

Dear Mr. Antonelli:

        You appealed from the action of the Federal Bureau of Prisons (BOP) on your request for
access to records pertaining to yourself.

        This Office has confirmed through the Executive Office for United States Attorneys that
you recently paid an outstanding debt owed to EOUSA that was incurred under the Freedom of
Information Act.  I am aware, however, that you have already filed a lawsuit pertaining to BOP's
action on your request in the United States District Court for the District of Columbia, <u>Antonelli
v. Federal Bureau of Prisons</u>, No. 07-2016 (DDC).  Inasmuch as this matter is before the Court, I
am closing your appeal file in this Office in accordance with 28 C.F.R. § 16.9(a)(3) (2007).

                            Sincerely,

                            Janice Galli McLeod
                            Associate Director

# Exhibit HHH

No. 07-02016 (D.D.C.)(CKK)



**U.S. Department of Justice**

Office of Information and Privacy

_____

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

**MAY 9 - 2008**

Mr. Michael Antonelli
Register No. 04053-164
Federal Correctional Institution            Re:  Appeal No. 07-1732
Post Office Box 34550                             Request No. 2007-05576
Memphis, TN 38134                                JGM:CG

Dear Mr. Antonelli:

     You appealed from the action of the Federal Bureau of Prisons (BOP) on your request for a copy of an electronic recording of a telephone call between yourself and a third party on December 24, 2006.

     This Office has confirmed through the Executive Office for United States Attorneys that you recently paid an outstanding debt owed to EOUSA that was incurred under the Freedom of Information Act.  I am aware, however, that you have already filed a lawsuit pertaining to BOP's action on your request in the United States District Court for the District of Columbia, <u>Antonelli v. Federal Bureau of Prisons</u>, No. 07-2016 (DDC).  Inasmuch as this matter is before the Court, I am closing your appeal file in this Office in accordance with 28 C.F.R. § 16.9(a)(3) (2007).

     Sincerely,

Janice Galli McLeod
Associate Director

# Exhibit III

No. 07-02016 (D.D.C.)(CKK)



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*　　　　　　　　*Washington, D.C. 20530*

**MAY 15 2008**

Mr. Michael Antonelli
Register No. 04053-164
Federal Correctional Institution
Post Office Box 34550
Memphis, TN 38134

Dear Mr. Antonelli:

This letter concerns your recent payment of $143.60 to the Executive Office for United States Attorneys (EOUSA) for a Freedom of Information Act debt incurred several years ago.

As you know, several of the administrative FOIA appeals that you submitted to this Office were administratively closed because of the overdue EOUSA debt which involved at least one, and possibly two requests, identified as Request Nos. 03-2204 and 03-2373, respectively. This Office has confirmed through EOUSA that you recently paid that debt in full.

Because certain of your administrative appeals, listed below, are the subject of litigation, Antonelli v. Federal Bureau of Prisons, et al., No. 07-2016 (DDC), they remain closed as the matters complained of in these appeals are before the Court.[1] See 28 C.F.R. § 16.9(a)(3)(2007). Additional appeals submitted by you to this Office are likewise before the Court in other litigation that you have filed in the District of Columbia, namely, Antonelli v. BATF, et al., No. 04-1180 (DDC) and Antonelli v. U.S. Parole Comm'n, No. 07-1932 (DDC) and likewise remain or will be closed. See 28 C.F.R. § 16.9(a)(3).

Sincerely,

Janice Galli McLeod
Associate Director

---

[1] The administrative appeals submitted by you, originally closed because of your failure to pay fees, that remain closed because of the litigation filed under Civil Action No. 07-2016 are: Appeal Nos. 05-1957, 06-0302, 06-0480, 06-0572, 06-2818, 07-1324, 07-1425, 07-1426, and 07-1427. Two additional appeals, 07-1004 and 07-1732, were recently closed because they are the subject of this same litigation.