# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **MICHAEL C. ANTONELLI,** ) | |
| ) | |
| **Plaintiff *pro se*,** ) | |
| ) | |
| **v.** ) | **Civil Action No.: 07-2016 (CKK)** |
| ) | |
| **FEDERAL BUREAU OF PRISONS, *et al.*,** ) | |
| ) | |
| **Defendants.** ) | |
| ——————————————— ) | |

### FEDERAL BUREAU OF PRISONS' AND
### OFFICE OF INFORMATION AND PRIVACY'S
### OPPOSITION TO PLAINTIFF'S MOTION
### FOR PARTIAL SUMMARY JUDGMENT, AND
### DEFENDANTS' MOTION TO DISMISS, OR ALTERNATIVELY,
### <u>MOTION FOR PARTIAL SUMMARY JUDGMENT</u>

Defendants, the Federal Bureau of Prisons ("BOP"), and the Office of Information and Privacy ("OIP"), components of the United States Department of Justice ("DOJ"), by and through undersigned counsel, hereby oppose Plaintiff's motion for partial summary judgment and respectfully move the Court, pursuant to Fed. R. Civ. P.12(b)(1) and 12(b)(6), to dismiss Plaintiff's claims against Defendants on the grounds that the Court lacks subject matter jurisdiction and because Plaintiff fails to state a claim upon which relief can be granted against Defendants.

Alternatively, Defendants move the Court, pursuant to Fed. R. Civ. P. 56, for partial summary judgment on the grounds that no genuine issue of material fact exists and Defendants are entitled to judgment as a matter of law. In support of this motion, the Court is respectfully referred to the accompanying Statement of Material Facts To Which There Is No Genuine Issue,

Memorandum of Points and Authorities in Opposition and Support, and the Declarations of

Karen Summers, Paralegal Specialist, BOP, and Janice McLeod, Associate Director, OIP, DOJ,

attached hereto. *See* Defendants' Exhibit A and B, respectively.

*Pro se* Plaintiff will please take note that the assertions contained in the accompanying

declarations and other attachments in support of Defendants' motion will be accepted by the

Court as true unless Plaintiff submits his own affidavit or other documentary evidence

contradicting the assertions in Defendants' declaration and attachments. *See Neal v. Kelly*, 963

F.2d 453, 456 (D.C. Cir. 1992), and Local Rule 7(h). Furthermore, Rule 56(e) of the Federal

Rules of Civil Procedure provides that:

> A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.
>
> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must –by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e).

Because this is a dispositive motion, Defendants have not sought Plaintiff's consent

before filing. LCvR 7(m).

Respectfully submitted,

  /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

2

_/s/_ _____

RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


_/s/_ _____

JUDITH A. KIDWELL
Assistant United States Attorney
555 Fourth Street, N.W.- Civil Division
Room E4905
Washington, D.C. 20530
(202) 514-7250

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that copies of the foregoing: (a) Opposition to Plaintiff's Motion for Partial Summary Judgment; (b) Motion to Dismiss or Alternatively, Motion for Partial Summary Judgment; (c) Memorandum of Points and Authorities in Opposition and Support; (d) Statement of Material Facts To Which There Is No Genuine Issue; and (e) Declarations of Karen Summers and Janice McLeod were mailed, postage pre-paid, to Michael Antonelli, Plaintiff *pro se*, on this 11th day of June 2008, to the following address:

Michael Antonelli
No. 04053-164
Federal Correctional Institution
Box 34550
Memphis, Tennessee 31884–0550

        /s/
JUDITH A. KIDWELL
Assistant U.S. Attorney

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **MICHAEL C. ANTONELLI,** | ) | |
| | ) | |
| **Plaintiff *pro se*,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.: 07-2016 (CKK)** |
| | ) | |
| **FEDERAL BUREAU OF PRISONS, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| ———————————————— | ) | |

## STATEMENT OF MATERIAL FACTS AS TO
## WHICH THERE IS NO GENUINE ISSUE

Pursuant to LCvR 7(h), Defendants, Federal Bureau of Prisons ("BOP"), and Office of

Information and Privacy ("OIP")[1] hereby submit the following Statement of Material Facts As To

Which There Is No Genuine Issue ("SMF").  This statement is supported by the Declarations of

Karen Summers, Paralegal Specialist, BOP ("Summers Decl."), and Janice Galli McLeod,

Associate Director, OIP ("McLeod Decl."), Defendants' Exhibits A and B, respectively.[2]

---

[1] OIP has provided a declaration and responded separately to those counts in Plaintiff's Complaint concerning the FBI and the USMS.  OIP incorporates those components' responses and motions to the extent applicable to OIP.  Contrary to Plaintiff's Complaint, the allegations concerning ICE were not applicable to OIP, and OIP found no such appeal.  McLeod Decl. ¶¶ 62-63

[2] This SMF is arranged by Counts to correspond to the order of Plaintiff's filings, including his Complaint, Declaration, and Statement of Material Facts To Which There Is No Dispute.  The Court should note, however, that Plaintiff's allegations are not in chronological order.  For that reason, some past-due fee issues are relevant to some of Plaintiff's FOIA requests, but not to others.

## COUNT I

### (BOP Request No. 2007-02059)

1. Plaintiff alleges that he mailed a FOIA request to BOP on October 21, 2006, asking to review the entire BOP files of Anthony Allan Lemay, but that BOP never responded.  Complaint ("Compl.") ¶ 1.

2. Plaintiff's FOIA request was dated October 20, 2006, received by BOP on December 19, 2006, and assigned Request No. 2007-02059.  Summers Decl. ¶ 6, Exhibit 1.  By letter dated December 21, 2006, BOP advised Plaintiff that he had not submitted a proper FOIA request.  Summers Decl. ¶ 7, Exhibit 2.

3. Plaintiff does not allege that he appealed BOP's alleged non-response, nor does he allege that he appealed BOP's December 21, 2006 determination.  Compl., Count I.

4. OIP has no record of any appeals regarding Plaintiff  FOIA request as described in Count I of the complaint.  McLeod Decl. ¶ 7.

5. Plaintiff failed to exhaust administrative remedies with respect to the FOIA request alleged in Count I of his complaint.

## COUNT II

### (BOP Request No. 2005-08428/OIP Appeal Nos. 05-2789 & 06-0302)

1. Plaintiff alleges that on August 9, 2005, he mailed a FOIA request to BOP requesting "a copy of all video tapes taken on June 16, 2005 in B-2 unit."  Compl., Count II, ¶ 1.  Plaintiff further alleges that on September 2, 2005, he sent an appeal to OIP because BOP had not timely responded to his request.  Compl., Count II, ¶ 2.

2. OIP received Plaintiff's appeal dated September 2, 2005, in which Plaintiff appealed

2

BOP's failure to respond to a request he allegedly had mailed on August 9, 2005, and assigned it
Appeal No. 05-2789. McLeod Decl. ¶ 8. OIP sent Plaintiff an acknowledgment letter dated
October 3, 2005, and advised him that: (1) OIP was unable to act until BOP made a
determination; (2) he could appeal to OIP once BOP completed action on his request and denied
any of the requested material; and (3) he could consider BOP's non-response as a denial and seek
judicial review. McLeod Decl. ¶¶ 8, 9.

     3. On or about August 18, 2005, BOP received a FOIA request from Plaintiff requesting
all records referencing his name, and all video tapes depicting activity in the B2 housing unit
common on June 16, 2005, between the hours of 2:00 p.m. and 3:00 p.m., at the Medium security
facility at FCC Forrest City. Summers Decl. ¶ 8. BOP assigned Plaintiff FOIA for video tapes
Request No. 2005-08428. *Id.* On September 8, 2005, BOP staff were instructed to conduct a
search for records responsive to Plaintiff's request. Summers Decl. ¶ 9. BOP responded to
Plaintiff's FOIA request by two letters both dated September 21, 2005. One of the letters from
BOP to Plaintiff acknowledged his request and advised him that his request for records
pertaining to him was being processed in response to another FOIA request he had previously
submitted, Request No. 2005-08429. Summers Decl. ¶ 10. Additionally, Plaintiff was informed
that a search was being conducted for the video tapes requested. *Id.* On September 21, 2005,
staff at FCC Forrest City informed staff at the South Central Regional Office ("SCRO") that the
institution's video taping system records images for only approximately 60 days and that,
thereafter, the tapes are erased. Summers Decl. ¶ 11. By a second letter dated September 21,
2005, BOP advised Plaintiff that there were no records responsive to his FOIA request for video
tapes. Summers Decl. ¶ 12.

4.  Plaintiff alleges that by letter dated October 8, 2005, he appealed BOP's no records response.  Compl. ¶ 5.

5.  On October 24, 2005, OIP received Plaintiff's appeal, acknowledged it by letter dated October 28, 2005, and assigned it Appeal No. 06-0302.  McLeod Decl. ¶ 11.  Plaintiff received OIP's October 28, 2005, acknowledgment letter.  Compl., Count II, ¶ 6.

6.  In December 2006, OIP requested copies of BOP documents in response to Plaintiff's appeal of Request No. 2005-08428.  Summers Decl. ¶ 13.  Plaintiff received a letter from OIP dated December 27, 2006, advising him that his appeal had been administratively closed because of his failure to pay past-due FOIA processing fees to the USMS.  Compl., Count II, ¶ 7; McLeod Decl. ¶ 12.

7.  Plaintiff sent a letter to OIP dated January 11, 2007, telling OIP that he had paid the $42.10 to the USMS.  Compl., Count II, ¶ 8; McLeod Decl. ¶ 13.  However, Plaintiff did not advise OIP of the date of payment of the $42.10 to the USMS.  *Id*.  On March 8, 2007, the USMS confirmed to OIP that Plaintiff had paid the past-due $42.10 on January 8, 2007.  *Id*.

8.  By letter dated April 9, 2007, OIP notified Plaintiff that his appeal would remain closed because he had failed to pay the Executive Office for United States Attorneys ("EOUSA") $50.00 in fees.  Compl., Count II, ¶ 9; McLeod Decl. ¶ 14.

9.  By letter to OIP dated April 15, 2007, Plaintiff advised OIP that he had paid EOUSA. Compl., Count II, ¶ 10; McLeod Decl. ¶ 15.  Plaintiff asked that his appeal be reopened.  *Id*.

10.  In response to Plaintiff's letter of April 15, 2007, by letter dated May 7, 2007, OIP informed Plaintiff that it had again contacted EOUSA and received confirmation that EOUSA had no record of Plaintiff's payment.  McLeod Decl. ¶ 16.

4

11.  As of the date of the filing of Plaintiff's complaint in November 2007, Plaintiff had not substantiated that his past-due FOIA debt to EOUSA had been paid. McLeod Decl. ¶ 17.

12.  Plaintiff failed to exhaust administrative remedies with respect to the FOIA request alleged in Count II of his complaint.

13.  Plaintiff is barred by the doctrines of collateral estoppel from re-litigating the fee issue concerning EOUSA.  *See Antonelli v. ATF*, 2008 WL 1849839 (D.D.C. Apr. 28, 2008).

## COUNT III

1.  Plaintiff alleges that he submitted a FOIA request to BOP dated January 1, 2007, requesting a copy of all records with "some person high up in the ranks of the Department of Justice" concerning Plaintiff's Freedom of Information Act requests.  Compl. ¶¶ 1, 2.  Plaintiff provides no other identifying information.  *Id*.

2.  Plaintiff filed an appeal to OIP concerning that request by letter dated March 4, 2007. Compl. ¶ 3; McLeod Decl. ¶ 18.   However, Plaintiff attached a letter to his appeal dated **January 12, 2007**, and addressed to the Director of BOP.  McLeod Decl. ¶ 18.

3.  By letter dated April 26, 2007, OIP acknowledged Plaintiff's appeal, advised Plaintiff that BOP had no record of this request, and advised Plaintiff that OIP was referring his request to BOP for processing.   McLeod Decl. ¶ 19.

4.  A review of BOP's FOIA database does not show a January 12, 2007, FOIA request having ever been received by BOP for processing.  Summers Decl. ¶ 15.

5.  Plaintiff failed to exhaust administrative remedies with respect to the FOIA request alleged in Count III of his complaint.

## COUNT IV

### (BOP Request No. 2006-10544)

1.   Plaintiff alleges that by letter to BOP dated August 27,  2006, he requested "copies of everything in the Education Department files at Forrest City, Arkansas Medium Facility in connection to the classes he tutored or attempted to tutor." Compl. ¶ 2.

2.  BOP received a FOIA request from Plaintiff on September 6, 2006, and assigned it Request No. 2006-10544.  Summers Decl. ¶ 16.

3.  On September 26, 2006, BOP's South Central Region Office instructed FCC Forrest City to conduct a search for records responsive to Plaintiff's request.  Summers Decl. ¶ 17.

4.   By letter dated October 12, 2006, BOP acknowledged Plaintiff's request.   Compl. ¶ 3.

5.  On October 27, 2006, the SCRO requested another search for records after receiving several documents not relevant to Plaintiff's request.  Summers Decl. ¶ 17.

6.  On October 30, 2006, and November 21, 2006, FCC Forest City provided additional information and confirmed by electronic mail that all documents had been forwarded.  Summers Decl. ¶ 17.

7.  By letter dated November 29, 2006, BOP provided a response to Plaintiff and released seven (7) pages of material without any redactions to Plaintiff.  Compl. ¶ 4;  Summers Decl. ¶ 18.

8.   Plaintiff alleges that he appealed the insufficient search for records by BOP.  Compl. ¶ 5.  He does not allege an appeal to OIP.  Compl., Count IV.

9.   OIP conducted a search of OIP's appeal tracking database, but found no record of an administrative appeal from Plaintiff concerning this FOIA request.  McLeod Decl. ¶ 20.

6

10.  Plaintiff failed to exhaust his administrative remedies with respect to the FOIA request alleged in Count IV of his complaint.

## COUNT V

### (BOP Request No. 2007-05576/OIP Appeal No. 07-1732)

1.  Plaintiff alleges that by letter to BOP dated April 19, 2007, he requested "the electronic phone records of a phone call he made to his son Michael on Christmas Eve 2006." Compl. ¶ 1.

2.  BOP received a FOIA request from Plaintiff on April 27, 2007, requesting a copy of an electronic telephone recording of a phone call Plaintiff made on December 24, 2006, at approximately 5:00 p.m., to a specific telephone number provided by Plaintiff.   Summers Decl. ¶ 19.

3.  On May 2, 2007, staff were instructed to conduct a search pursuant to Plaintiff's FOIA request.  Summers Decl. ¶ 20.

4.  On May 3, 2007, BOP forwarded an acknowledgment letter to Plaintiff.  Summers Decl. ¶ 21.

5.  Plaintiff alleges that he clarified his request regarding the telephone number in a letter to BOP dated May 5, 2007.  Compl. ¶ 2.

6.  Plaintiff alleges that by letter dated June 5, 2007, BOP "blanket denied the plaintiff's request."  Compl. ¶ 3.

7.  On June 5, 2007, BOP responded to Plaintiff's FOIA request and informed Plaintiff that in order to receive a copy of the telephone recording he would need to obtain written authorization from the third-party caller(s).  Summers Decl. ¶ 22.

8.  By letter dated June 6, 2007, Plaintiff submitted an administrative appeal to OIP concerning BOP FOIA No. 2007-05576.  Compl. ¶ 4; McLeod Decl. ¶ 21.

9.  By letter to Plaintiff dated June 20, 2007, OIP acknowledged receipt of Plaintiff's appeal and assigned OIP Appeal No. 07-1732 to his appeal.  McLeod Decl. ¶ 22.

10.  OIP has not adjudicated Plaintiff's appeal because of his failure to pay past-due FOIA processing fees to EOUSA.  McLeod Decl. ¶¶ 22, 84.

11.  Plaintiff failed to exhaust his administrative remedies with respect to the FOIA request alleged in Count V of his complaint.

## COUNT VI

### (BOP Request No. 2007-04383/OIP Appeal No. 07-1324)

1.  Plaintiff alleges that by letter to BOP dated March 5, 2007, he requested "a copy of all telephonic recordings had with his attorney Doug Roller in the possession of BOP."  Compl. ¶ 1.

2.  BOP received Plaintiff's FOIA request for telephonic recordings on or about March 19, 2007.  Summers Decl. ¶ 23.

3.  On March 19, 2007, BOP directed staff to conduct a search pursuant to Plaintiff's request.  Summers Decl. ¶ 24.

4.  By letter dated March 20, 2007, BOP acknowledged Plaintiff's request.  Compl. ¶ 2; Summers Decl. ¶ 25.

5.  By letter dated April 12, 2007, BOP informed Plaintiff that no records or recordings in response to his FOIA request could be located.  Summers Decl. ¶ 26; Compl. ¶ 3.

6.  By letter dated April 18, 2007, Plaintiff submitted an administrative FOIA appeal to OIP in which he challenged BOP's "no records" response to BOP Request No. 2007-04383.

8

Compl. ¶ 4; McLeod Decl. ¶ 23.

7. By letter dated May 7, 2007, OIP acknowledged receipt of Plaintiff's appeal and assigned it OIP Appeal No. 07-1324. McLeod Decl. ¶ 23; Compl. ¶ 5.

8. By letter dated June 5, 2007, OIP informed Plaintiff that his appeal had been closed due to his failure to pay past-due FOIA processing fees on certain earlier requests made to EOUSA. McLeod Decl. ¶ 24; Compl. ¶ 6. Plaintiff was also advised by OIP that he would have to substantiate the payment of the overdue fees before action would be taken on any new appeals he submitted to OIP. McLeod Decl. ¶ 24.

9. By letter dated July 29, 2007, Plaintiff provided OIP with a copy of a hand-written letter dated March 3, 2007, addressed to EOUSA, attached to which was a copy of a money order dated March 14, 2007, that Plaintiff described as "factual evidence" that he had paid his debt in full and asked that his appeal be reopened. McLeod Decl. ¶ 25; Compl ¶ 7.

10. As of the date of the initiation of this action, Plaintiff had not substantiated to OIP that his past-due FOIA debt that had originated with EOUSA had been paid. McLeod Decl. ¶ 26.

11. Plaintiff failed to exhaust his administrative remedies with respect to the FOIA request alleged in Count VI of his complaint.

## COUNT VII

### (BOP Request No. 2005-08429/OIP Appeal Nos. 05-2790 & 06-1154)

1. Plaintiff alleges that by request to BOP dated August 3, 2005, he requested "all SIS, SIS and investigative records compiled at FCC Medium in Forrest City, Arkansas. Compl. ¶ 1.

2. On or about August 18, 2005, BOP received a request from Plaintiff and assigned it No. 2005-08429. Summers Decl. ¶ 27.

9

3.  By letter dated August 31, 2005, Plaintiff submitted an administrative FOIA appeal to OIP in which he appealed BOP's failure to respond to an unnumbered request, subsequently designated as BOP Request No. 2005-08429, in a timely manner.  McLeod Decl.¶ 27; Compl. ¶ 2.

4.  By letter dated September 13, 2005, BOP informed Plaintiff that his request was interpreted as a request for documents maintained in his central and medical files.  Summers Decl. ¶ 28; Compl. ¶ 3.  Plaintiff was advised to contact his Unit Team at the institution in order to conduct a local review of his records and/or obtain copies of all of the documents maintained in his files.  *Id.*  Plaintiff was further informed that investigative records had been requested and would be reviewed for release consideration.  *Id.*

5.  By letter dated October 3, 2005, OIP acknowledged receipt of Plaintiff's appeal, assigned it OIP Appeal No. 05-2790, and advised Plaintiff that it was unable to act on his appeal until there had been an initial determination by BOP.  McLeod Decl. ¶ 28; Compl. ¶ 4.

6.  BOP located thirty pages (30) of material responsive to Plaintiff's FOIA request. Summers Decl. ¶ 29.  By letter dated January 6, 2006, BOP released seventeen (17) of these pages of material in their entirety and released thirteen (13) pages with redactions pursuant to 5 U.S.C. § 522 (b)(7)(C), because the information, compiled for law enforcement purposes, consisted of names of inmates and other individuals and their statements in connection with a law enforcement investigation.  *Id.*; Compl. ¶ 5.

7.  Plaintiff alleges he again appealed to OIP.  Compl. ¶ 6.

8.  By letter dated January 23, 2006, Plaintiff submitted a second administrative FOIA appeal in which he challenged BOP's action on BOP Request No. 2005-08429.  McLeod Decl.

10

¶ 29.  By letter dated February 17, 2006, OIP acknowledged receipt of Plaintiff's second appeal and assigned it OIP Appeal No. 06-1154.  *Id*; Compl. ¶ 7.

9.    Plaintiff alleges that OIP affirmed the initial action/inaction of BOP by letter dated March 30, 2006.  Compl. ¶ 8.

10.    In fact, by letter dated March 30, 2006, OIP made a supplemental release of additional information from two pages of BOP records previously released to Plaintiff in part, but otherwise affirmed BOP's use of Exemption 7(C) to the records at issue.  McLeod Decl. ¶ 30.

## COUNT VIII

### (BOP Request No. 2006-09743)

1.    Plaintiff alleges that by letter to BOP, he requested "all records in connection to the tort claims he had filed."  Compl. ¶ 1.

2.    BOP received a FOIA request from Plaintiff on August 25, 2006, requesting copies of administrative tort claims that he had filed since January 2005.  Summers Decl. ¶ 31.

3.    On September 11, 2006, BOP acknowledged Plaintiff's FOIA request.  Summers Decl. ¶ 32; Compl. ¶ 2.

4.    By letter dated October 31, 2006, BOP informed Plaintiff that eleven (11) administrative tort claims were located relevant to his request, consisting of a total of two hundred and eighteen (218) pages.  Of the two hundred and eighteen (218) pages, one hundred fifty-five (155) pages were released to Plaintiff in their entirety, thirty-two (32) pages were released with certain information redacted, and the remaining thirty-one (31) pages were withheld.  Summers Decl. ¶ 33; Compl. ¶ 3.

5. Plaintiff alleges that he appealed BOP's withholding of material to the OIP on

November 12, 2006.  Compl. ¶ 4.

6.  OIP conducted several searches of its database and has no record of Plaintiff's appeal regarding his BOP Request No. 2006-09743.   McLeod Decl. ¶ 31.

7.  Plaintiff failed to exhaust his administrative remedies with respect to the FOIA request alleged in Count VIII of his complaint.

## COUNT IX

### (BOP Request No. 2006-00068/OIP Appeal Nos. 06-0480 & 06-0572)

1. Plaintiff alleges that by request dated September 10, 2005, he requested a copy of "his entire RDAP Treatment File, including a hard-copy of all computer entries generated."  Compl. ¶ 1.

2.  On September 27, 2005, Plaintiff's FOIA request for his RDAP Treatment File and all computer entries generated from February 3, 2006, was received by BOP and assigned BOP FOIA Request No. 2006-00068.  Summers Decl. ¶ 35.

3.  By letter dated October 7, 2005, BOP advised Plaintiff that his request for "computer entries" did not sufficiently describe the records sought and that he could re-submit his request with additional information to properly identify any responsive records.  Plaintiff was also advised that the records relating to the RDAP program are routinely maintained in an inmate's psychology file and that he should contact institution staff to request access and/or obtain copies of these documents.  Summers Decl. ¶ 36; Compl. ¶ 4.

4.  Plaintiff alleges that he appealed BOP's response by "FOIA APPEAL dated October 11, 2005."  Compl. ¶ 5.

5.  OIP conducted a search of OIP's appeal tracking database using the date provided by

Plaintiff, but located no October 11, 2005 appeal.  McLeod Decl. ¶ 32.  However, OIP did locate

an appeal dated November 3, 2005, which concerned the same subject matter referenced in

Count IX of Plaintiff's complaint.  McLeod Decl. ¶ 33; Compl. ¶ 9.  By letter dated December 1,

2005, OIP acknowledged Plaintiff's appeal and assigned it OIP Appeal No. 06-0480.  McLeod

Decl. ¶ 34.

     6.  By letter dated November 14, 2005, Plaintiff submitted another appeal in connection

with BOP Request No. 2006-00068, challenging BOP's "action of 11/10/05" and its withholding

of 'certain records."  McLeod Decl. ¶ 35; Compl. ¶ 10.  By letter dated November 30, 2005, OIP

acknowledged receipt of Plaintiff's second appeal and assigned it OIP Appeal No. 06-0572.

McLeod Decl. ¶ 35; Compl. ¶ 11.

     7.  By letters dated December 21, 2006, and December 27, 2006, OIP advised Plaintiff

that OIP Appeal Nos. 06-0480 and 06-0572 had been administratively closed by OIP due to his

failure to pay past-due FOIA processing fees of $42.10 to USMS.  McLeod Decl. ¶ 36.  In OIP's

letter of December 21, 2006, OIP provided Plaintiff with a courtesy copy of his earlier

correspondence to USMS dated March 19, 2003, in which he agreed to pay the $42.10 in FOIA

fees.  McLeod Decl. ¶ 36; Compl. ¶¶ 13, 14.

     8.  By letters dated January 11, 2007, Plaintiff  informed OIP that he had paid his past-

due FOIA processing fees to USMS and asked that Appeal Nos. 06-0480 and 06-0572 be

reopened.  McLeod Decl. ¶ 37; Compl. ¶ 15.   Plaintiff, however, did not state the date of the

payment.  McLeod Decl. ¶ 37.

     9. On March 8, 2007, OIP confirmed that on January 8, 2007, Plaintiff had paid the past-

due FOIA debt to USMS that he had incurred in 2003.  McLeod Decl. ¶ 38.

10.  By letter dated April 9, 2007, OIP reminded Plaintiff of other past-due FOIA processing fees owed to EOUSA, because this debt had been the subject of an April 2, 2007 letter from OIP to Plaintiff in connection with other FOIA requests made to EOUSA and other appeals submitted to OIP.  McLeod Decl. ¶ 39; Compl. ¶ 16.

11.  By letter dated April 15, 2007, in response to OIP's letter of April 9, 2007, Plaintiff stated that he had paid "the entire bill" of $143.60 for the two requests referenced in OIP's earlier correspondence.  McLeod Decl. ¶ 40; Compl. ¶ 17.  Plaintiff asked that OIP Appeal No. 06-0572 be reopened.  *Id*.

12.  As of the initiation of this litigation in November 2007, Plaintiff had not substantiated that his past-due debt to EOUSA had been paid.  McLeod Decl. ¶ 40.

13.  Plaintiff failed to exhaust his administrative remedies with respect to the FOIA request alleged in Count IX of his complaint

## COUNT X

### (BOP Request No. 2006-06825/OIP Appeal No. 06-2818)

1.  Plaintiff alleges that by request to BOP dated April 15, 2006, he requested "all records in connection to the incedent [sic] report he received on June 16, 2005."  Compl. ¶ 1.

2.  On May 31, 2006, BOP received a FOIA request from Plaintiff requesting records in connection to an incident report he received on June 15, 2005.  Summers Decl. ¶ 38.  Plaintiff also requested copies of all administrative remedies related to the incident report.  *Id*.

3.  By letter dated July 25, 2006, BOP provided a response to Plaintiff stating that inmate discipline issues are routinely maintained in the inmate's Central File, and he should contact institution staff to review and obtain copies of the documents.  Summers Decl. ¶ 39.

14

Additionally, a total of ninety-one (91) pages of administrative remedies were located and fifty-five (55) pages were released to Plaintiff in their entirety, twenty-nine (29) pages were released with certain information redacted, and the remaining seven (7) pages were withheld. BOP withheld information or material pursuant to 5 U.S.C. § 552(b)(2), (b)(5), (b)(7)(C) and (b)(7)(F). Summers Decl. ¶¶ 39, 40; Compl. ¶ 2.

4.  By letter dated August 1, 2006, Plaintiff submitted an administrative FOIA appeal to OIP challenging the withholdings made by BOP to records responsive to Request No. 2006-06825, which pertained to Incident Report filed in June 2005 at Federal Correctional Institution, Forrest City, Arkansas. McLeod Decl. ¶ 41; Compl. ¶ 3.

5.  By letter dated August 16, 2006, OIP acknowledged receipt of Plaintiff's appeal and assigned it OIP Appeal No. 06-2818. McLeod Decl. ¶ 42; Compl. ¶ 4.

6.  By letter dated January 16, 2007, OIP advised Plaintiff that Appeal No. 06-2818 had been administratively closed by OIP due to his failure to pay past-due FOIA processing fees of $42.10 to USMS with regard to Request No. 2003USMS4609. McLeod Decl. ¶ 43; Compl. ¶ 5.

7.  Plaintiff alleges that by letter dated January 22, 2007, he informed OIP that his debt to USMS had been paid. Compl. ¶ 6.

8.  OIP has no record of a letter dated January 22, 2007, as alleged by Plaintiff in his complaint. McLeod Decl. ¶¶ 44, 45.

9.  Plaintiff failed to exhaust his administrative remedies with respect to the FOIA request alleged in Count X of his complaint.

15

## COUNT XI

### (BOP Request Nos. 2006-10600, 2006-06375/OIP Appeal No. 07-1004)

1.    Plaintiff alleges that by request to BOP dated August 13, 2006, he requested all information "in connection to Incedent [sic] Report No. 1440394 and Administrative Remedy No. 411235."  He also alleges that by request dated August 4, 2006, he requested a copy of all "SENSITIVE BP-10's or BP-11's in connection to Administrative Remedy No. 383161.  Compl. ¶¶ 1, 3.

2.    On September 15, 2006, BOP received Plaintiff's FOIA request for records in connection with BOP's Incident Report No. 1440394 and Administrative Remedy No. 411235, and assigned the request No. 2006-10600.  Summers Decl. ¶ 41.

3.    By letter dated October 18, 2006, BOP acknowledged Plaintiff's FOIA Request No. 2006-10600.  Summers Decl. ¶ 42.

4.    By letter dated October 31, 2006, BOP responded to Plaintiff indicating that a search had been conducted and a total of forty-six (46) pages located in response to his request.  Of the forty-six (46) pages, twenty-three (23) pages were released to Plaintiff in their entirety, eighteen (18) pages were released with certain information redacted, and the remaining five (5) pages were withheld in full.  BOP invoked the following FOIA Exemptions to withhold or redact in part, the documents:  5 U.S.C. § 552(b)(2), (b)(7)(C) and (b)(7)(F).  Summers Decl. ¶ 43; Compl. ¶ 2.

5.    On or about May 17, 2006, BOP received a FOIA request from Plaintiff dated May 8, 2006, and assigned it BOP FOIA Request No. 2006-06375.  Plaintiff requested all "sensitive" BOP administrative remedies he filed after February 3, 2005, and that these requests be

16

"unsensitized" and made public.  Summers Decl. ¶ 44.

6.  By letter dated February 28, 2007, BOP advised Plaintiff that it had received information from OIP that he owed USMS $ 42.10 for a prior FOIA request to USMS.  Plaintiff was advised that no further action would be taken on his request until the fee was paid.  Summers Decl. ¶ 44; Compl. ¶ 4.

7.  By letter dated March 5, 2007, Plaintiff submitted an administrative FOIA appeal to OIP in which he challenged BOP's refusal to take action on his Request No. 2006-06375 because of his failure to pay $42.10 in fees to USMS, claiming that he had paid the over-due fee.  McLeod Decl. ¶ 46; Compl. ¶ 5.

8.  By letter dated April 6, 2007, OIP acknowledged receipt of Plaintiff's appeal dated March 5, 2006 and assigned it OIP Appeal No. 07-1004.  McLeod Decl. ¶ 47.   OIP had not yet adjudicated that appeal at the time of the filing of Plaintiff's complaint.  *Id*.

9.  Plaintiff alleged that he submitted a second appeal.  Compl. ¶ 6.  OIP conducted a search of OIP's appeal tracking database and could not identify a second appeal submitted in connection with BOP's withholdings of October 31, 2006.  McLeod Decl. ¶¶ 50, 51.

10.  Plaintiff failed to exhaust his administrative remedies with respect to the FOIA request alleged in Count XI of his complaint.

## COUNT XII

### (BOP Request No. 2005-08590)

1.  Plaintiff alleges that by request to BOP dated August 24, 2005, he asked for "all records in connection to the Document For Inmate Review form brought to him on August 23, 2005."  Compl. ¶ 1.  He also alleges that BOP never responded to his request.  Compl. ¶ 2.

Plaintiff does not allege an appeal to OIP.  Compl., Count XII.

2.    On or about September 8, 2005, BOP received a FOIA request from Plaintiff for records in connection to the document for inmate review form brought to Plaintiff on August 23, 2005.  Summers Decl. ¶ 45.

3.  By letter dated September 30, 2005, Plaintiff was advised that five (5) pages of documents responsive to his request had been located and that they were being released to him. Summers Decl. ¶ 46.

4.  OIP has no record of an appeal regarding BOP Request 2005-08590.   McLeod Decl. ¶ 52.

5.  No agency records were improperly withheld from Plaintiff.

6.  Plaintiff failed to exhaust his administrative remedies with respect to the FOIA request alleged in Count XII of his complaint

## COUNT XIII

### (BOP Request No. 2006-10535)

1.  Plaintiff alleges that he requested from BOP a copy of all records in connection to Administrative Remedy No. 406470.  Compl. ¶ 1.

2.  On August 17, 2005, Plaintiff's request was received and assigned Request No. 2006-10535.  Summers Decl. ¶ 47.

3.  By letter dated October 17, 2006, BOP acknowledged Plaintiff's request.  Summers Decl. ¶ 48.

4.  On October 20, 2006, Plaintiff was advised that eleven (11) pages had been located in response to his request.  Of the eleven (11) pages, ten (10) pages were released in their entirety

and one (1) page was released with certain information redacted pursuant to 5 U.S.C.

§ 552(b)(5).  Summers Decl. ¶ 49; Compl. ¶ 2.

5.  Plaintiff alleges that he appealed BOP's withholdings to OIP.  Compl. ¶ 3.

6.  OIP could not locate any appeal by Plaintiff regarding BOP Request No. 2006-10535.

McLeod Decl. ¶ 54.

7.  Plaintiff failed to exhaust administrative remedies with respect to the FOIA request

alleged in Count XIII of his complaint.

## COUNT XIV

## (OIP Appeal No. 06-2830)

1.  Plaintiff alleges that on June 13, 2006, he requested "all records in connection to

Central Office Remedy ID No. 411064."  Compl. ¶ 1.

2.  BOP Central Office located correspondence from Plaintiff dated June 13, 2006, in

which he asks for copies of BOP Administrative Remedies related to Remedy No. 411064.  In a

letter to Plaintiff dated July 5, 2006, he was advised that his request would more appropriately be

handled through the FOIA/PA office and that he should make a request to that office.  Summers

Decl. ¶ 51.

3.  By letter dated August 2, 2006, Plaintiff submitted an appeal to OIP referencing an

unnumbered BOP request in which he seemingly challenged BOP's lack of response to a request

that he stated was dated June 13, 2006.  McLeod Decl. ¶ 55; Compl. ¶ 3.

4.  By letter dated September 19, 2006, OIP acknowledged receipt of this letter, assigned

Appeal No. 06-2830 to it, and informed Plaintiff that until BOP acted upon his request there was

no adverse determination for OIP to review.  OIP further advised Plaintiff that his letter had been

19

forwarded to BOP and that he was entitled to construe BOP's failure to respond as a denial of his request for which his remedy was to seek judicial review under 5 U.S.C. § 552(a)(6)(C)(I). McLeod Decl. ¶ 56.

5.    Plaintiff did not make a valid FOIA request and BOP did not improperly withhold agency records.

## COUNT XV

### (BOP Request No. 2006-09337/OIP Appeal No. 06-3182)

1.    Plaintiff alleges that he submitted three FOIA requests to BOP requesting records in connection to Administrative Remedies Nos. 386968, 392038, and 402868.  Compl. ¶¶ 1-3.  He alleges that one request was made to BOP by letter dated August 3, 2006, and another by letter dated August 6, 2006.  Plaintiff does not allege a date for the third request.  *Id.*

2.    A review of BOP's FOIA database showed that Plaintiff submitted the following three FOIA requests:  (1) all copies of Administrative Remedy No. 383161 dated August 15, 2006; (2) all copies of Administrative Remedy No. 392038 dated August 15, 2006; and (3) all copies of Administrative Remedy No. 402288 dated August 17, 2006.  Summers Decl. ¶ 52.

3.    Plaintiff alleges that BOP sent these requests back unanswered on August 1, and August 8, 2006.  Compl. 4.

4.    By letter dated September 12, 2006, BOP responded to Plaintiff's requests and informed him that a total of eighty-five (85) pages had been located in response to his request and were being provided in their entirety.  Summers Decl. ¶ 53; Compl. ¶ 6.

5.    Plaintiff alleges that he appealed "to OIP on August 16, 2006 and that he "appealed the insuffiecient [sic] search to OIP on October 24, 2006.  Compl. ¶¶ 5, 7.  He also alleges that

OIP acknowledged receipt on October 10, 2006.  Compl. ¶ 8.

6.   By letter dated October 10, 2006, OIP acknowledged receipt of an appeal from Plaintiff dated August 16, 2006 appeal and assigned it Appeal No. 06-3182. McLeod Decl. ¶ 58. Plaintiff attached to this appeal a letter to the "Director, Federal Bureau of Prisons," dated July 19, 2006, in which he complained to the Director of BOP that he had not received responses to three Administrative Remedy requests sent to BOP "on proper BP-11's."  Id.   In his FOIA appeal, Plaintiff complained that the "attached request should have processed under the FOIA," apparently in response to an Administrative Remedy Appeal decision received from the BOP Administrative Remedy Coordinator dated August 8, 2006, which Plaintiff also attached.  *Id*.

7.   By letter to Plaintiff dated November 13, 2006, OIP closed Appeal No. 06-3182 stating that "your appeal from BOP's failure to respond to your request is now moot."   McLeod Decl. ¶¶ 60.

8.   OIP conducted a search of OIP's appeal database and found no record of a second appeal by Plaintiff dated October 24, 2006.  McLeod Decl. ¶ 61.

9.   Plaintiff failed to exhaust his administrative remedies with respect to his challenge to BOP's search in regard to BOP's September 12, 2006 response to Plaintiff's FOIA request.

10.   BOP did not improperly withhold agency records.

## PRIVACY ACT COUNTS A THROUGH I

1.   Plaintiff alleges that BOP intentionally failed to maintain accurate records pertaining to him and has refused to amend the inaccurate files.  Compl. ¶¶ A-I.  Plaintiff seeks damages in the amount of $10,000 for each alleged instance of BOP's failure to maintain accurate records.

21

*Id.*

2.   An agency may promulgate regulations to exempt certain systems of records within the agency from the Privacy Act.  *See* 5 U.S.C. § 552a(j)(2).

3.   BOP has exempted itself from the access and amendment requirements of 5 U.S.C. §§ 552a(d) and the civil remedies of 5 U.S.C. § 552a(g) with respect to inmate records.  *See* 28 C.F.R. §§ 16.97(a)(4), (j); Summers Decl. ¶¶ 68, 71.

Respectfully submitted,

  /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

  /s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

  /s/
JUDITH A. KIDWELL
Assistant United States Attorney
555 4th Street, N.W., Room E4905
Washington, D.C. 20530
(202) 514-7250

22

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MICHAEL C. ANTONELLI, | ) | |
| | ) | |
| Plaintiff *pro se*, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 07-2016 (CKK) |
| | ) | |
| FEDERAL BUREAU OF PRISONS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
AND IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR
ALTERNATIVELY, MOTION FOR PARTIAL SUMMARY JUDGMENT**

**Preliminary Statement**

In this case, Plaintiff filed a twelve-page complaint against five defendants,[1] consisting of

eighteen counts with 146 allegations made pursuant to the Freedom of Information Act

("FOIA"), 5 U.S.C. § 552, and nine counts with 27 allegations made pursuant to the Privacy Act

of 1974, 5 U.S.C. § 552a.  Plaintiff's convoluted complaint fails to include any FOIA request

numbers and the descriptions of the records he allegedly sought are, at times, vague, at best.

Defendants have spent considerable time and resources to identify Plaintiff's initial

requests to BOP[2] and appeals to OIP, but, in a number of instances, have found no record of the

alleged requests or appeals from Plaintiff.  Moreover, a comparison of Plaintiff's Complaint,

---

[1] According to the complaint, the Defendants are: the Federal Bureau of Prisons ("BOP"), the Federal Bureau of Investigation ("FBI"), the United States Marshals Service ("USMS"), the Office of Information and Privacy ("OIP") of the United States Department of Justice ("DOJ"), and the United States Immigration and Customs Enforcement ("ICE").  Separate motions have been filed on behalf of ICE, the FBI, and the USMS.

[2] *See* Summers Decl. ¶ 55.

Statement of Material Facts To Which There Is No Dispute, and Declaration reveals that Plaintiff has either changed the allegations or added new allegations in his motion for partial summary judgment that were not contained in his Complaint, and sometimes contradict the allegations in his Complaint.[3]

## I.  BACKGROUND

### COUNT I

Plaintiff alleges that he mailed a FOIA request to BOP on October 21, 2006, asking to review the entire BOP files of Anthony Allan Lemay, but that BOP never responded.  Complaint ("Compl.") ¶ 1.  In fact, Plaintiff's FOIA request was dated October 20, 2006, received by BOP on December 19, 2006, and assigned Request No. 2007-02059.  Summers Decl. ¶ 6, Exhibit 1. By letter dated December 21, 2006, BOP advised Plaintiff that he had not submitted a proper FOIA request.  Summers Decl. ¶ 7, Exhibit 2.

Plaintiff does not allege that he appealed BOP's alleged non-response, nor does he allege that he appealed BOP's December 21, 2006 determination.  Compl., Count I.  Furthermore, OIP has no record of any appeals regarding Plaintiff's FOIA request as described in Count I of the complaint.  McLeod Decl. ¶ 7.

### COUNT II

Plaintiff alleges that on August 9, 2005, he mailed a FOIA request to BOP requesting "a copy of all video tapes taken on June 16, 2005 in B-2 unit."  Compl., Count II, ¶ 1.  Plaintiff further alleges that on September 2, 2005, he sent an appeal to OIP because BOP had not timely

---

[3] Defendants' Declarations and discussion below identify instances in which Plaintiff's changes are made.

2

responded to his request.  Compl., Count II, ¶ 2.

Plaintiff's appeal dated September 2, 2005, appealing BOP's failure to respond to a request was received by OIP and assigned Appeal No. 05-2789.  McLeod Decl. ¶ 8.  OIP sent Plaintiff an acknowledgment letter dated October 3, 2005, and advised him that: (1) OIP was unable to act on his appeal until BOP had made a determination; (2) he could appeal to OIP once BOP completed action on his request and denied any of the requested material; and (3) he could consider BOP's non-response as a denial and seek judicial review.   McLeod Decl. ¶¶ 8, 9.

On or about August 18, 2005, BOP received a FOIA request from Plaintiff requesting all records referencing his name, and all video tapes depicting activity in the B2 housing unit common on June 16, 2005, between the hours of 2:00 p.m. and 3:00 p.m., at the medium security facility at FCC Forrest City.  Summers Decl. ¶ 8.  BOP assigned Plaintiff 's FOIA request for video tapes Request No. 2005-08428.  *Id*.  Additionally, on September 8, 2005, BOP staff were instructed to conduct a search for records responsive to Plaintiff's request.  Summers Decl. ¶ 9.

Thereafter, BOP responded to Plaintiff's FOIA request by two letters both dated September 21, 2005.  One of the letters from BOP to Plaintiff acknowledged his request and advised him that his request for records pertaining to him was being processed in response to another FOIA request he had previously submitted, Request No. 2005-08429.  Summers Decl. ¶ 10.  Additionally, Plaintiff was informed that a search was being conducted for the video tapes requested.  *Id*.

On September 21, 2005, staff at FCC Forrest City informed staff at the South Central Regional Office ("SCRO") that the institution's video taping system records images for only approximately 60 days and that, thereafter, the tapes are erased.  Summers Decl. ¶ 11.  By a

second letter dated September 21, 2005, BOP advised Plaintiff that there were no records responsive to his FOIA request for video tapes.  Summers Decl. ¶ 12.

Plaintiff alleges that by letter dated October 8, 2005, he appealed BOP's no records response.  Compl. ¶ 5.  On October 24, 2005, OIP received Plaintiff's appeal, acknowledged it by letter dated October 28, 2005, and assigned it Appeal No. 06-0302.  McLeod Decl. ¶ 11.  Plaintiff concedes that he received OIP's October 28, 2005, acknowledgment letter.  Compl., Count II, ¶ 6.

In December 2006, OIP requested copies of BOP documents in response to Plaintiff's appeal of Request No. 2005-08428.  Summers Decl. ¶ 13.  Thereafter, Plaintiff  received a letter from OIP dated December 27, 2006, advising him that his appeal had been administratively closed because he owed the USMS past-due FOIA fees.  Compl., Count II, ¶ 7; McLeod Decl. ¶ 12.  In response, Plaintiff  sent a letter to OIP dated January 11, 2007, telling OIP that he had paid the $42.10 to the USMS, but did not include a date of payment.  Compl., Count II, ¶ 8; McLeod Decl. ¶ 13.  On March 8, 2007, the USMS confirmed to OIP that Plaintiff had paid the past-due $42.10 on January 8, 2007.  *Id.*

However, by letter dated April 9, 2007, OIP notified Plaintiff that his appeal would remain closed because he had failed to pay fees to the Executive Office for United States Attorneys ("EOUSA").  Compl., Count II, ¶ 9; McLeod Decl. ¶ 14.  By letter to OIP dated April 15, 2007, Plaintiff advised OIP that he had paid EOUSA.  Compl., Count II, ¶ 10; McLeod Decl. ¶ 15.  In addition, Plaintiff asked that his appeal be reopened.  *Id.*  In a May 7, 2007, response to Plaintiff's letter of April 15, 2007, OIP informed Plaintiff that it had again contacted EOUSA and received confirmation that EOUSA had no record of Plaintiff's payment.  McLeod Decl.

4

¶ 16.

## COUNT III

Plaintiff alleges that he submitted a FOIA request to BOP dated January 1, 2007,

requesting a copy of all records with "some person high up in the ranks of the Department of

Justice" concerning Plaintiff's Freedom of Information Act requests.  Compl. ¶¶ 1, 2.  Plaintiff

provides no other identifying information.  *Id*.

Plaintiff filed an appeal to OIP concerning the above-described request by letter dated

March 4, 2007.  Compl. ¶ 3; McLeod Decl. ¶ 18.   However, Plaintiff attached a letter to his

appeal dated **January 12, 2007**, and addressed to the Director of BOP.  McLeod Decl. ¶ 18.

By letter dated April 26, 2007, OIP acknowledged Plaintiff's appeal, advised Plaintiff that BOP

had no record of this request, and advised Plaintiff that OIP was referring his request to BOP for

processing.   McLeod Decl. ¶ 19.  However, a review of BOP's FOIA database does not show a

FOIA request dated January 12, 2007, having ever been received by BOP for processing.

Summers Decl. ¶ 15.

## COUNT IV

Plaintiff alleges that by letter to BOP dated August 27,  2006, he requested "copies of

everything in the Education Department files at Forrest City, Arkansas Medium Facility in

connection to the classes he tutored or attempted to tutor."  Compl. ¶ 2.  BOP received a similar

FOIA request from Plaintiff on September 6, 2006, and assigned it Request No. 2006-10544.

Summers Decl. ¶ 16.  On September 26, 2006, BOP's SCRO instructed FCC Forrest City to

conduct a search for records responsive to Plaintiff's request.  Summers Decl. ¶ 17.  By letter

dated October 12, 2006, BOP acknowledged Plaintiff's request.   Compl.¶ 3.

On October 27, 2006, the SCRO requested another search for records after receiving several documents not relevant to Plaintiff's request.  Summers Decl. ¶ 17.  On October 30, 2006, and November 21, 2006, FCC Forest City provided additional information and confirmed by electronic mail that all documents had been forwarded.  Summers Decl. ¶ 17.

By letter dated November 29, 2006, BOP provided Plaintiff a response and released seven (7) pages of material to him without any redactions.  Compl. ¶ 4;  Summers Decl. ¶ 18.  Plaintiff alleges that he appealed the insufficient search for records by BOP.  Compl. ¶ 5.  However, he does not allege an appeal to OIP.  Compl., Count IV.  Nevertheless, OIP conducted a search of OIP's appeal tracking database, but found no record of an administrative appeal from Plaintiff concerning this FOIA request.  McLeod Decl. ¶ 20.

### COUNT V

Plaintiff alleges that by letter to BOP dated April 19, 2007, he requested "the electronic phone records of a phone call he made to his son Michael on Christmas Eve 2006."  Compl. ¶ 1.  BOP received a FOIA request from Plaintiff on April 27, 2007, requesting a copy of an electronic telephone recording of a phone call Plaintiff made on December 24, 2006, at approximately 5:00 p.m., to a specific telephone number provided by Plaintiff.   Summers Decl. ¶ 19.  On May 2, 2007, staff were instructed to conduct a search pursuant to Plaintiff's FOIA request.  Summers Decl. ¶ 20.  On May 3, 2007, BOP forwarded an acknowledgment letter to Plaintiff.  Summers Decl. ¶ 21.

Plaintiff alleges that he clarified his request regarding the telephone number in a letter to BOP dated May 5, 2007.  Compl. ¶ 2.  He also alleges that by letter dated June 5, 2007, BOP "blanket denied the plaintiff's request."  Compl. ¶ 3.

In fact, on June 5, 2007, BOP responded to Plaintiff's FOIA request and informed Plaintiff that in order to receive a copy of the telephone recording he would need to obtain written authorization from the third-party caller(s). Summers Decl. ¶ 22.

By letter dated June 6, 2007, Plaintiff submitted an administrative appeal to OIP concerning BOP request FOIA No. 2007-05576. Compl. ¶ 4; McLeod Decl. ¶ 21. By letter to Plaintiff dated June 20, 2007, OIP acknowledged receipt of and assigned OIP Appeal No. 07-1732 to his appeal. McLeod Decl. ¶ 22. OIP has not adjudicated Plaintiff's appeal because of his failure to pay past-due FOIA processing fees to EOUSA. McLeod Decl. ¶¶ 22, 84; *see also Antonelli v. ATF*, --- F.Supp.2d ---, 2008 WL 1849839 (D.D.C. Apr. 28, 2008) (holding that Plaintiff had failed to exhaust his administrative remedies for claims resulting from his nonpayment of fees to EOUSA)).

## COUNT VI

Plaintiff alleges that by letter to BOP dated March 5, 2007, he requested "a copy of all telephonic recordings had with his attorney Doug Roller in the possession of BOP." Compl. ¶ 1. On or about March 19, 2007, BOP received a FOIA request from Plaintiff for telephonic recordings. Summers Decl. ¶ 23. On March 19, 2007, BOP directed staff to conduct a search pursuant to Plaintiff's request. Summers Decl. ¶ 24. Additionally, by letter dated March 20, 2007, BOP acknowledged Plaintiff's request. Compl. ¶ 2; Summers Decl. ¶ 25. After conducting a search, BOP found no responsive records and, by letter dated April 12, 2007, informed Plaintiff that no records or recordings in response to his FOIA request could be located. Summers Decl. ¶ 26; Compl. ¶ 3.

By letter dated April 18, 2007, Plaintiff submitted an administrative FOIA appeal to OIP

7

in which he challenged BOP's "no records" response to BOP Request No. 2007-04383.  Compl.
¶ 4; McLeod Decl. ¶ 23.  By letter dated May 7, 2007, OIP acknowledged receipt of and assigned
OIP Appeal No. 07-1324 to Plaintiff's appeal.  McLeod Decl. ¶ 23; Compl. ¶ 5.  However, by
letter dated June 5, 2007, OIP informed Plaintiff that his appeal had been closed due to his failure
to pay past-due FOIA processing fees on certain earlier requests made to EOUSA.   McLeod
Decl. ¶ 24; Compl. ¶ 6.  Plaintiff was also advised by OIP that he would have to substantiate the
payment of the overdue fees before action would be taken on any new appeals he submitted to
OIP.  McLeod Decl. ¶ 24.

By letter dated July 29, 2007, Plaintiff provided OIP with a copy of a hand-written letter
dated March 3, 2007, addressed to EOUSA, attached to which was a copy of a money order dated
March 14, 2007, that Plaintiff described as "factual evidence" that he had paid his debt in full
and asked that his appeal be reopened.  McLeod Decl. ¶ 25; Compl ¶ 7.  As of the date of the
initiation of this action, Plaintiff had not substantiated to OIP that his past-due FOIA debt that
had originated with EOUSA had been paid.  McLeod Decl. ¶ 26; *see also Antonelli v. ATF*, ---
F.Supp.2d ---, 2008 WL 1849839 (D.D.C. Apr. 28, 2008) (holding that Plaintiff had failed to
exhaust his administrative remedies for claims resulting from his nonpayment of fees to
EOUSA)).

## COUNT VII

Plaintiff alleges that by request to BOP dated August 3, 2005, he requested "all SIS, SIS
and investigative records compiled at FCC Medium in Forrest City, Arkansas.  Compl. ¶ 1.  On
or about August 18, 2005, BOP received and assigned No. 2005-08429 to a FOIA request from
Plaintiff.  Summers Decl. ¶ 27.  Before BOP could respond to Plaintiff's request, by letter dated

August 31, 2005, he submitted an administrative FOIA appeal to OIP in which he appealed

BOP's failure to respond to an unnumbered request, subsequently designated as BOP Request

No. 2005-08429, in a timely manner.  McLeod Decl.¶ 27; Compl.¶ 2.

Thereafter, by letter dated September 13, 2005, BOP informed Plaintiff that his request

was interpreted as a request for documents maintained in his central and medical files.  Summers

Decl. ¶ 28; Compl. ¶ 3.  Plaintiff was advised to contact his Unit Team at the institution in order

to conduct a local review of his records and/or obtain copies of all of the documents maintained

in his files.  *Id.*  Plaintiff was further informed that investigative records had been requested and

would be reviewed for release consideration.  *Id.*

By letter dated October 3, 2005, OIP acknowledged receipt of and assigned OIP Appeal

No. 05-2790 to Plaintiff's appeal.  Plaintiff was advised that OIP was unable to act on his appeal

until there had been an initial determination by BOP.  McLeod Decl. ¶ 28; Compl. ¶ 4.

Subsequently, BOP located thirty pages (30) of material responsive to Plaintiff's FOIA

request.  Summers Decl. ¶ 29.  By letter dated January 6, 2006, BOP released seventeen (17) of

these pages of material in their entirety and released thirteen (13) pages with redactions pursuant

to 5 U.S.C. § 522 (b)(7)(C), because the information withheld had been compiled for law

enforcement purposes and consisted of names of inmates and other individuals and their

statements in connection with a law enforcement investigation.  *Id.*; Compl. ¶ 5.

By letter dated January 23, 2006, Plaintiff submitted a second administrative FOIA appeal

in which he challenged BOP's action on BOP Request No. 2005-08429.  McLeod Decl.

¶ 29; Compl. ¶ 6.  By letter dated February 17, 2006, OIP acknowledged receipt of and assigned

OIP Appeal No. 06-1154 to Plaintiff's second appeal.  *Id*; Compl. ¶ 7.

9

Plaintiff alleges that OIP affirmed the initial action/inaction of BOP by letter dated March 30, 2006. Compl. ¶ 8. In fact, by letter dated March 30, 2006, OIP made a supplemental release of additional information from two pages of BOP records previously released to Plaintiff in part, but otherwise affirmed BOP's use of Exemption 7(C) to the records at issue. McLeod Decl. ¶ 30.

## COUNT VIII

Plaintiff alleges that by letter to BOP, he requested "all records in connection to the tort claims he had filed." Compl. ¶ 1. BOP received a FOIA request from Plaintiff on August 25, 2006, requesting copies of administrative tort claims that he had filed since January 2005. Summers Decl. ¶ 31. On September 11, 2006, BOP acknowledged Plaintiff's FOIA request. Summers Decl. ¶ 32; Compl. ¶ 2. By letter dated October 31, 2006, BOP informed Plaintiff that eleven (11) administrative tort claims were located relevant to his request, consisting of a total of two hundred and eighteen (218) pages. Of the two hundred and eighteen (218) pages, one hundred fifty-five (155) pages were released to Plaintiff in their entirety, thirty-two (32) pages were released with certain information redacted, and the remaining thirty-one (31) pages were withheld. Summers Decl. ¶ 33; Compl. ¶ 3.

Plaintiff alleges that he appealed BOP's withholding of material to the OIP on November 12, 2006. Compl. ¶ 4. However, OIP conducted several searches of its appeal tracking database and has no record of Plaintiff's appeal regarding BOP Request No. 2006-09743. McLeod Decl. ¶ 31.

## COUNT IX

Plaintiff alleges that by request dated September 10, 2005, he requested a copy of "his entire RDAP Treatment File, including a hard-copy of all computer entries generated." Compl.

10

¶ 1.[4]   On September 27, 2005, Plaintiff's FOIA request for his RDAP Treatment File and all

computer entries generated from February 3, 2006, was received by BOP and assigned BOP

FOIA Request No. 2006-00068.  Summers Decl. ¶ 35.  By letter dated October 7, 2005, BOP

advised Plaintiff that his request for "computer entries" did not sufficiently describe the records

sought and that he could re-submit his request with additional information to properly identify

any responsive records.  Plaintiff was also advised that the records relating to the RDAP program

are routinely maintained in an inmate's psychology file and that he should contact institution

staff to request access and/or obtain copies of these documents.  Summers Decl. ¶ 36; Compl.

¶ 4.

Plaintiff alleges that he appealed BOP's response by "FOIA APPEAL dated October 11,

2005."  Compl. ¶ 5.  However, OIP conducted a search of OIP's appeal tracking database using

the date provided by Plaintiff, but located no October 11, 2005 appeal.  McLeod Decl. ¶ 32.

However, OIP did locate an appeal dated November 3, 2005, which concerned the same subject

matter.  McLeod Decl. ¶ 33; Compl. ¶ 9.  By letter dated December 1, 2005, OIP had

acknowledged and assigned Plaintiff's appeal OIP Appeal No. 06-0480.  McLeod Decl. ¶ 34.

By letter dated November 14, 2005, Plaintiff submitted another appeal in connection with

BOP Request No. 2006-00068, challenging BOP's "action of 11/10/05" and its withholding of

"certain records."  McLeod Decl. ¶ 35; Compl. ¶ 10.  By letter dated November 30, 2005, OIP

acknowledged receipt of and assigned Plaintiff's second appeal OIP Appeal No. 06-0572.

McLeod Decl. ¶ 35; Compl. ¶ 11.

---

[4] Plaintiff's complaint alleges that he made requests to numerous individuals for this
information, despite his history of filing FOIA requests.  This, of course, just added to the
confusion in attempting to identify his valid FOIA requests.

11

Thereafter, by letters dated December 21, 2006, and December 27, 2006, OIP advised Plaintiff that OIP Appeal Nos. 06-0480 and 06-0572 had been administratively closed by OIP due to his failure to pay past-due FOIA processing fees of $42.10 to USMS.  McLeod Decl. ¶ 36.  In OIP's letter of December 21, 2006, OIP provided Plaintiff with a courtesy copy of his earlier correspondence to USMS dated March 19, 2003, in which he agreed to pay the $42.10 in FOIA fees.  McLeod Decl. ¶ 36; Compl. ¶¶ 13, 14.  In response to OIP's letter, Plaintiff, by letter dated January 11, 2007,  informed OIP that he had paid his past-due FOIA processing fees to USMS and asked that Appeal Nos. 06-0480 and 06-0572 be reopened.   McLeod Decl. ¶ 37; Compl. ¶ 15.  Plaintiff, however, did not state the date of the payment.  McLeod Decl. ¶ 37.

On March 8, 2007, OIP confirmed that on January 8, 2007, Plaintiff had paid the past-due debt to USMS.  McLeod Decl. ¶ 38.  However, by letter dated April 9, 2007, OIP reminded Plaintiff of other past-due FOIA processing fees owed to EOUSA, because this debt had been the subject of an April 2, 2007 letter from OIP to Plaintiff in connection with other FOIA requests made to EOUSA and other appeals submitted to OIP.  McLeod Decl. ¶ 39; Compl. ¶ 16.

By letter dated April 15, 2007, in response to OIP's letter of April 9, 2007, Plaintiff stated that he had paid "the entire bill" of $143.60 for the two requests referenced in OIP's earlier correspondence.  McLeod Decl. ¶ 40; Compl. ¶ 17.  Plaintiff asked that OIP Appeal No. 06-0572 be reopened.  *Id*.  However, as of the initiation of this litigation in November 2007, Plaintiff had not substantiated that his past-due debt to EOUSA had been paid.  McLeod Decl. ¶ 40.

## COUNT X

Plaintiff alleges that by request to BOP dated April 15, 2006, he requested "all records in connection to the incedent [sic] report he received on June 16, 2005." Compl. ¶ 1.  On May 31, 2006, BOP received a FOIA request from Plaintiff requesting records in connection to an incident report he received on June 15, 2005.  Summers Decl. ¶ 38.  Plaintiff also requested copies of all administrative remedies related to the incident report.  *Id*.

By letter dated July 25, 2006, BOP provided a response to Plaintiff stating that inmate discipline issues are routinely maintained in the inmate's central file, and he should contact institution staff to review and obtain copies of the documents.  Summers Decl. ¶ 39. Additionally, a total of ninety-one (91) pages of administrative remedies were located and fifty-five (55) pages were released to Plaintiff in their entirety, twenty-nine (29) pages were released with certain information redacted, and the remaining seven (7) pages were withheld.  BOP withheld information or material pursuant to 5 U.S.C. § 552(b)(2), (b)(5), (b)(7)(C) and (b)(7)(F). Summers Decl. ¶¶ 39, 40; Compl. ¶ 2.

By letter dated August 1, 2006, Plaintiff submitted an administrative FOIA appeal to OIP challenging the withholdings made by BOP to records responsive to Request No. 2006-06825, which pertained to Incident Report filed in June 2005 at Federal Correctional Institution, Forrest City, Arkansas.  McLeod Decl. ¶ 41; Compl. ¶ 3.  By letter dated August 16, 2006, OIP acknowledged receipt of and assigned OIP Appeal No. 06-2818 to Plaintiff's appeal.  McLeod Decl. ¶ 42; Compl. ¶ 4.  By letter dated January 16, 2007, OIP advised Plaintiff that Appeal No. 06-2818 had been administratively closed by OIP due to his failure to pay past-due FOIA processing fees of $42.10 to USMS with regard to Request No. 2003USMS4609.  McLeod Decl.

13

¶ 43; Compl. ¶ 5.

Plaintiff alleges that by letter dated January 22, 2007, he informed OIP that his debt to USMS had been paid. Compl. ¶ 6. However, OIP has no record of a letter dated January 22, 2007, as alleged by Plaintiff in his complaint. McLeod Decl. ¶¶ 44, 45.

## COUNT XI

Plaintiff alleges that by request to BOP dated August 13, 2006, he requested all information "in connection to Incedent [sic] Report No. 1440394 and Administrative Remedy No. 411235." He also alleges that by request dated August 4, 2006, he requested a copy of all "SENSITIVE BP-10's or BP-11's in connection to Administrative Remedy No. 383161. Compl. ¶¶ 1, 3.

On September 15, 2006, BOP received Plaintiff's FOIA request for records in connection with BOP's Incident Report No. 1440394 and Administrative Remedy No. 411235, and assigned the request No. 2006-10600. Summers Decl. ¶ 41. By letter dated October 18, 2006, BOP also acknowledged Plaintiff's FOIA Request No. 2006-10600. Summers Decl. ¶ 42.

By letter dated October 31, 2006, BOP advised Plaintiff that a search had been conducted and a total of forty-six (46) pages located in response to his request. Of the forty-six (46) pages, twenty-three (23) pages were released to Plaintiff in their entirety, eighteen (18) pages were released with certain information redacted, and the remaining five (5) pages were withheld in full. BOP invoked the following FOIA Exemptions to withhold or redact in part, the documents: 5 U.S.C. § 552(b)(2), (b)(7)(C) and (b)(7)(F). Summers Decl. ¶ 43; Compl. ¶ 2.

On or about May 17, 2006, BOP received a FOIA request from Plaintiff dated May 8, 2006, and assigned it BOP FOIA Request No. 2006-06375. Plaintiff requested all "sensitive"

14

BOP administrative remedies that he had filed after February 3, 2005, and that these requests be "unsensitized" and made public. Summers Decl. ¶ 44. By letter dated February 28, 2007, BOP advised Plaintiff that it had received information from OIP that he owed USMS $42.10 for a prior FOIA request to USMS. Plaintiff was advised that no further action would be taken on his request until the fee was paid. Summers Decl. ¶ 44; Compl. ¶ 4.

By letter dated March 5, 2007, Plaintiff submitted an administrative FOIA appeal to OIP in which he challenged BOP's refusal to take action on his Request No. 2006-06375, because of his failure to pay $42.10 in fees to USMS, claiming that he had paid the over-due fee. McLeod Decl. ¶ 46; Compl. ¶ 5. By letter dated April 6, 2007, OIP acknowledged receipt of and assigned OIP Appeal No. 07-1004 to Plaintiff's appeal. McLeod Decl. ¶ 47. OIP had not yet adjudicated that appeal at the time of the filing of Plaintiff's complaint in this case. *Id*.

Plaintiff alleged that he submitted a second appeal. Compl. ¶ 6. OIP conducted a search of OIP's appeal tracking database and could not identify a second appeal submitted in connection with BOP's withholdings of October 31, 2006. McLeod Decl. ¶¶ 50, 51.

## COUNT XII

Plaintiff alleges that by request to BOP dated August 24, 2005, he asked for "all records in connection to the Document For Inmate Review form brought to him on August 23, 2005." Compl. ¶ 1. He also alleges that BOP never responded to his request. Compl. ¶ 2. Plaintiff does not allege an appeal to OIP. Compl., Count XII.

On or about September 8, 2005, BOP received a FOIA request from Plaintiff for records in connection to the document for inmate review form brought to Plaintiff on August 23, 2005. Summers Decl. ¶ 45. By letter dated September 30, 2005, Plaintiff was advised that five (5)

15

pages of documents responsive to his request had been located and that they were being released to him. Summers Decl. ¶ 46. OIP has no record of an appeal regarding BOP Request 2005-08590. McLeod Decl. ¶ 52.

## COUNT XIII

Plaintiff alleges that he requested from BOP a copy of all records in connection to Administrative Remedy No. 406470. Compl. ¶ 1. On August 17, 2005, Plaintiff's request was received by BOP and assigned Request No. 2006-10535. Summers Decl. ¶ 47. Additionally, by letter dated October 17, 2006, BOP acknowledged Plaintiff's request. Summers Decl. ¶ 48.

On October 20, 2006, Plaintiff was advised that eleven (11) pages had been located in response to his request. Of the eleven (11) pages, ten (10) pages were released in their entirety and one (1) page was released with certain information redacted pursuant to 5 U.S.C. § 552(b)(5). Summers Decl. ¶ 49; Compl. ¶ 2.

Plaintiff alleges that he appealed BOP's withholdings to OIP. Compl. ¶ 3. However, OIP could not locate any appeal by Plaintiff regarding BOP Request No. 2006-10535. McLeod Decl. ¶ 54.

## COUNT XIV

Plaintiff alleges that on June 13, 2006, he requested "all records in connection to Central Office Remedy ID No. 411064." Compl. ¶ 1. BOP Central Office located correspondence from Plaintiff dated June 13, 2006, in which he asks for copies of BOP Administrative Remedies related to Remedy No. 411064. In a letter dated July 5, 2006, Plaintiff was advised that his request would more appropriately be handled through the FOIA/PA office and that he should make a request to that office. Summers Decl. ¶ 51.

By letter dated August 2, 2006, Plaintiff submitted an appeal to OIP referencing an unnumbered BOP request in which he seemingly challenged BOP's lack of response to a request that he stated was dated June 13, 2006.  McLeod Decl. ¶ 55; Compl. ¶ 3.  By letter dated September 19, 2006, OIP acknowledged receipt of and assigned Appeal No. 06-2830 to Plaintiff's letter.  Additionally, OIP informed Plaintiff that until BOP acted upon his request there was no adverse determination for OIP to review.  OIP further advised Plaintiff that his letter had been forwarded to BOP and that he was entitled to construe BOP's failure to respond as a denial of his request for which his remedy was to seek judicial review under 5 U.S.C. § 552(a)(6)(C)(I). McLeod Decl. ¶ 56.

## COUNT XV

Plaintiff alleges that he submitted three FOIA requests to BOP requesting records in connection to Administrative Remedies Nos. 386968, 392038, and 402868.  Compl. ¶¶ 1-3.  He alleges that one request was made to BOP by letter dated August 3, 2006, and another by letter dated August 6, 2006.  Plaintiff does not allege a date for the third request.  *Id*.

A review of BOP's FOIA database showed that Plaintiff submitted the following three FOIA requests:  (1) all copies of Administrative Remedy No. 383161, dated August 15, 2006; (2) all copies of Administrative Remedy No. 392038, dated August 15, 2006; and (3) all copies of Administrative Remedy No. 402288, dated August 17, 2006.  Summers Decl. ¶ 52.

Plaintiff also alleges that BOP sent these requests back unanswered on August 1, and August 8, 2006.  Compl. 4.  However, he later concedes that BOP responded to him.  Compl. ¶ 6. In fact, by letter dated September 12, 2006, BOP responded to Plaintiff's requests and informed him that a total of eighty-five (85) pages had been located in response to his request and were

17

being provided in their entirety.  Summers Decl. ¶ 53; Compl. ¶ 6.

Plaintiff further alleges that he appealed "to OIP on August 16, 2006," and that he "appealed the insuffiecient [sic] search to OIP on October 24, 2006."  Compl. ¶¶ 5, 7.  He concedes that OIP acknowledged receipt of an appeal on October 10, 2006.  Compl. ¶ 8.

By letter dated October 10, 2006, OIP acknowledged receipt of an appeal from Plaintiff dated August 16, 2006, and assigned it Appeal No. 06-3182.  McLeod Decl. ¶ 58.   Plaintiff attached to this appeal a letter to the "Director, Federal Bureau of Prisons," dated July 19, 2006, in which he complained to the Director of BOP that he had not received responses to three Administrative Remedy requests sent to BOP "on proper BP-11's."  *Id*.   In his FOIA appeal, Plaintiff complained that the "attached request should have processed under the FOIA," apparently in response to an Administrative Remedy Appeal decision received from the BOP Administrative Remedy Coordinator dated August 8, 2006, which Plaintiff also attached.  *Id*.

Because BOP had responded to Plaintiff's request and had not withheld any agency records, by letter to Plaintiff dated November 13, 2006, OIP closed Appeal No. 06-3182 stating that "your appeal from BOP's failure to respond to your request is now moot."   McLeod Decl. 60.  OIP conducted a search of OIP's appeal database and found no record of a second appeal by Plaintiff dated October 24, 2006.  McLeod Decl. ¶ 61.

## II.  <u>STANDARDS OF REVIEW</u>

### A.    <u>Motion to Dismiss Under Rule 12(b)(1)</u>

A motion under 12(b)(1) "presents a threshold challenge to the court's jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987), *aff'd*, 213 F.3d 735 (D.C. Cir. 2000), *cert. denied*, 531 U.S. 1153 (2001).  "In reviewing a motion to dismiss for lack of subject-matter

jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." *Thompson v. Capitol Police Board*, 120 F. Supp. 2d 78, 81 (D.D.C. 2000) (citations omitted). "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." *Rann v. Chao, Dep't. of Labor*, 154 F. Supp. 2d 61, 64 (D.D.C. 2001) (citations omitted), *affirmed*, 346 F.3d 192 (D.C. Cir. 2003), *cert. denied*, 543 U.S. 809 (2004).  In addition, "[o]n a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence." *Thompson*, 120 F. Supp. at 81.

A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) in two ways.  First, the court may determine the motion based solely on the complaint. *Herbert v. National Academy of Science*, 974 F.2d 192, 197 (D.C. Cir. 1992). Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence. *Id*.

Courts must liberally construe pleadings submitted by a *pro se* party.  *See United States* v. *Palmer*, 296 F.3d 1135, 1143 (D.C. Cir. 2002) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972), for the proposition that the allegations of a *pro se* litigant, "however inartfully pleaded," are subject to "less stringent standards than formal pleadings drafted by lawyers".).  However, a court may not entertain "what[ever] claims a [*pro se* litigant] may or may not want to assert" without an adequate jurisdictional basis. *Jarrell v. Tisch*, 656 F.Supp. 237, 239 (D.D.C. 1987).

**B.**    **Motion to Dismiss Under Rule 12(b)(6)**

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court will dismiss a claim if Plaintiff's complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S.Ct. 1955, 1974 (2007) (clarifying the standard from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Aktieselskabet v. Fame Jeans, Inc.*,--F.3d--, 2008 WL 1932768 (D.C. Cir. Apr. 29, 2008); *In re Sealed Case*, 494 F.3d 139, 145 (D.C. Cir. 2007) (citing *Twombly*). Hence, the focus is on the language in the complaint, and whether that language sets forth sufficient factual allegations to support a plaintiff's claims for relief.

The Court must construe the factual allegations in the complaint in light most favorable to Plaintiff and must grant Plaintiff the benefit of all inferences that can be derived from the facts as they are alleged in the complaint. *Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004) (citing *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)). However, the Court need not accept any inferences or conclusory allegations that are unsupported by the facts pleaded in the complaint. *Kowal*, 16 F.3d at 1276. Moreover, the Court need not "accept legal conclusions cast in the form of factual allegations." *Id.*

**C.**    **Motion for Summary Judgment Under Rule 56**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A "genuine issue" is one whose resolution could establish an element of a claim or defense and, therefore,

affect the outcome of the action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). To determine which facts are material, the Court must look to the substantive law on which each claim rests. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). In determining whether there exists a genuine issue of material fact sufficient to preclude summary judgment, the Court must regard the non-movant's statements as true and accept all evidence and make all inferences in the non-movant's favor. *Id.*, at 255. A non-moving party, however, must establish more than the "mere existence of a scintilla of evidence" in support of his position. *Id*. at 252. By pointing to the absence of evidence proffered by the non-moving party, a moving party may succeed on summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. at 322. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc*., at 249-250. The non-movant cannot manufacture genuine issues of material fact with "some metaphysical doubt as to the material facts." *Matsushita Elc. Indus. Radio Corp*., 475 U.S. 574, 586 (1986).

**D.**    **Summary Judgment In FOIA Cases**

For purposes of summary judgment, an agency's decision to withhold information from a FOIA requester is subject to *de novo* review by the Courts. *Hayden v. National Security Agency Cent. Sec. Serv*., 608 F.2d 1381, 1384 (D.C. Cir. 1979), *cert. denied*, 446 U.S. 937 (1980). In a FOIA suit, an agency is entitled to summary judgment once it demonstrates that no material facts are in dispute and that each document that falls within the class requested either has been produced, is unidentifiable, or is exempt from disclosure. *Students Against Genocide v. Dept. of State*, 257 F.3d 828, 833 (D.C. Cir. 2001); *Weisberg v. U.S. Dept. of Justice*, 627 F.2d 365, 368 (D.C. Cir. 1980).

21

An agency satisfies the summary judgment requirements in a FOIA case by providing the Court and a plaintiff with affidavits or declarations which show that the documents are exempt from disclosure. *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973); *Canning v. United States Dep't of Justice*, 848 F. Supp. 1037, 1042 (D.D.C.) (agencies are typically permitted to meet [their] heavy burden by 'filing affidavits describing the material withheld and the manner in which it falls within the exemption claimed.") (quoting *King v. United States Dep't of Justice*, 830 F.2d 210, 217 (D.C. 1987)). Summary judgment may be granted to an agency in a FOIA case solely on the basis of agency affidavits or declarations if the "affidavits [or declarations] are 'relatively detailed, non-conclusory, and not impugned by evidence . . . of bad faith on the part of the agency.'" *McGhee v. Central Intelligence Agency*, 697 F.2d 1095, 1102 (D.C. Cir. 1983). *See also Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *Hayden v. National Security Agency Cent. Sec. Serv.*, 608 F.2d at 1387. "Summary judgment is warranted on the basis of agency affidavits when the affidavits describe 'the justification for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'" *Miller v. Casey,* 730 F.2d 773, 776 (D.C. Cir. 1984) (quoting *Military Audit Project v. Casey*, 656 F.2d at 738).

In a FOIA case, the Court may award summary judgment solely based on the information provided in affidavits or declarations when they describe "the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir.

22

1981).

### III. ARGUMENT

#### A. DEFENDANT OIP IS NOT A PROPER PARTY TO THIS FOIA ACTION

The only proper defendant in a FOIA case is a federal agency.  *Jefferson v. Reno*, 123 F.Supp.2d 1, 3 (D.D.C. 2000) (under FOIA, it is the agency's responsibility to produce the requested documents); *Whittle v. Moschella*, 756 F.Supp. 589, 596 (D.D.C. 1991) (citing *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (holding that the Court's jurisdiction is "limited to enjoining agency noncompliance . . .".).   As recognized by the Court in *Prison Legal News v. Lappin*, 436 F.Supp. 2d 17, 21 (D.D.C. 2006) (holding that the Bureau of Prisons was a proper FOIA defendant because it had "substantial independent authority" and, therefore, met the APA definition of an "agency"), there is disagreement in this Circuit on what constitutes an "agency" under FOIA.  *Compare Lair v. Dep't of Treasury*, 2005 WL 645228, at *3 (D.D.C. 2005) (holding that naming component agencies as the defendant is proper because an agency "need not be a cabinet-level agency" ), with *Brooks v. Bureau of Prisons*, 2005 WL 623229, at * 2 (D.D.C. 2005) (holding that only cabinet-level agencies are proper defendants in FOIA actions.)

 However, even under the Court's APA definition analysis in *Prison Legal News*, Defendant OIP would not constitute an "agency" because OIP is not an "administrative unit with substantial independent authority in the exercise of specific functions."  *See Prison Legal News v. Lappin*, 436 F.Supp. 2d at 22 (citing *Soucie v. David*, 448 F.2d 1067, 1073 (D.C. Cir. 1971)).  Thus, Defendant OIP is not a proper defendant in this FOIA action and accordingly, should be dismissed.

23

## B. PLAINTIFF FAILED TO EXHAUST
## ADMINISTRATIVE REMEDIES

FOIA confers jurisdiction upon the Court to provide relief to a plaintiff only where requested documents have been "improperly withheld" by an agency. 5 U.S.C. § 552(a)(4)(B). The courts have interpreted this section of the statute to mean that jurisdiction exists only upon a showing by the plaintiff that the defendant (1) improperly (2) withheld (3) agency records. *See Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, 150 (1980). Indeed, "[t]he plaintiff must show that the agency 'contravened all three components of this obligation' in order for jurisdiction to be valid." *Kuffel v. U.S. Bureau of Prisons*, 882 F. Supp. 1116, 1120 (D.D.C. 1995) (*citing Kissinger*, 445 U.S. at 151.) Absent such a showing, FOIA confers no "judicial authority to devise remedies and enjoin agencies." *Id.*

Exhaustion of administrative remedies is required under FOIA before a party can seek judicial review. *Dettmann v. United States Dep't of Justice*, 802 F.2d 1472, 1477 (D.C. Cir. 1986). A FOIA requester is deemed to have failed to exhaust administrative remedies whenever the requester fails to comply with the administrative procedures set forth under FOIA, including: (1) providing the required proof of identity, *Summers v. United States Dep't of Justice*, 999 F.2d 570, 572-73 (D.C. Cir. 1993); (2) reasonably describing the records sought, *Gillin v. IRS*, 980 F.2d 819, 822-23 (1ˢᵗ Cir. 1992); (3) complying with fee requirements, *Trueblood v. United States Dep't of Treasury*, 943 F. Supp. 64, 68 (D.D.C. 1996); and (4) administratively appealing a denial of records, *Oglesby v. United States Dep't of the Army*, 920 F.2d 57 (D.C. Cir. 1990). *See also* 5 U.S.C. § 552(a)(3) (requester must follow agency's published regulations governing FOIA requests); *Kessler v. United States*, 899 F. Supp. 644, 645 (D.D.C. 1995) (failure to follow

24

agency regulations constitutes failure to exhaust administrative remedies).  Where a FOIA plaintiff attempts to obtain judicial review without having first fully exhausted his administrative remedies, his lawsuit is subject to dismissal for lack of subject matter jurisdiction.  *Oglesby*, 920 F.2d at 57.

FOIA requires agencies to establish fee schedules for the time taken to search for records and for the cost of copying records.  *See* 5 U.S.C. §552(a)(4)(A)(I); 28 C.F.R. § 16.11 (DOJ regulation implementing this provision).  Agencies may request advance payment of fees upon a determination that the fees will exceed $250.00.  *See* 5 U.S.C. §552(a)(4)(A)(v).  This statutory restriction does not prevent an agency from requiring payment before records which have been processed are released.  *See Strout v. United States Parole Comm'n*, 40 F.3d 136, 139 (6th Cir. 1994) (finding that agency regulation requiring payment before release of processed records does not conflict with statutory prohibition against advance payment).  An agency may require payment of fees even if the FOIA request has become the subject of litigation.  *See, e.g.*, *Trueblood v. Dept. of Treasury*, 943 F. Supp. 64, 68 (D.D.C. 1996) (failure to pay fees is a jurisdictional defense that can be raised at any time); *see also Pollack v. Dept. of Justice*, 49 F.3d 115, 119-20 (4th Cir. 1995).

In this case, Plaintiff failed to exhaust administrative remedies with respect to the FOIA requests alleged in Counts 1 through 6, 8 through 13, and 15 of his complaint.  Accordingly, these claims against Defendants should be dismissed.

## C.  BOP CONDUCTED REASONABLE SEARCHES
## FOR RESPONSIVE RECORDS

In responding to a FOIA request, an agency is under a duty to conduct a reasonable search for responsive records.  *Oglesby v. U.S. Dept. of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *Weisberg v. U.S. Dept. of Justice*, 705 F.2d 1344, 1352 (D.C. Cir. 1983).  This "reasonableness" standard focuses on the method of the search, not its results, so that a search is not unreasonable simply because it fails to produce relevant material.  *Id.* at 777 n.4.  An agency is not required to search every record system, but need only search those systems in which it believes responsive records are likely to be located.  *Oglesby*, 920 F.2d at 68.  Simply stated, the adequacy of  the search is "dependent upon the circumstances of the case."  *Truitt v. Dept. of State*, 897 F.2d 540, 542 (D.C. Cir. 1990).

The search standards under FOIA do not place upon the agency a requirement that it prove that all responsive documents have been located.  *Nation Magazine v. U.S. Customs Serv.,* 71 F.3d 885, 892 n.7 (D.C. Cir. 1995).  It has been held that " 'the search need only be reasonable; it does not have to be exhaustive.' "  *Miller v. Dept. of State*, 779 F.2d 1378, 1383 (8th Cir. 1985) (citing *National Cable Television Association v. FCC*, 479 F.2d 183, 186 (D.C. Cir. 1973).  Even when a requested document indisputably exists or once existed, summary judgment will not be defeated by an unsuccessful search for the document so long as the search was diligent.  *Nation Magazine*, 71 F.3d at 892 n.7.  Additionally, the mere fact that a document once existed does not mean that it now exists; nor does the fact that an agency created a document necessarily imply that the agency has retained it.  *Maynard v. CIA*, 982 F.2d 546, 564 (1st Cir. 1993).

29

The burden rests with the agency to establish that it has "made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby*, 920 F.2d at 68; *see SafeCard Servs. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir. 1991). "An agency may prove the reasonableness of its search through affidavits of responsible agency officials so long as the affidavits are relatively detailed, non-conclusory and submitted in good faith." *Miller,* 779 F.2d at 1383; *Goland,* 607 F.2d at 352. Though the "affidavits submitted by an agency are 'accorded a presumption of good faith,'" *Carney v. Dept. of Justice*, 19 F.3d 807, 812 (2d Cir. 1994), *cert. denied*, 513 U.S. 823 (1994) *(quoting SafeCard Servs.*, 926 F.2d at 1200), the burden rests with the agency to demonstrate the adequacy of its search. Once the agency has met this burden through a showing of convincing evidence, the burden shifts to the requester to rebut the evidence by a showing of bad faith on the part of the agency. *Miller,* 779 F.2d at 1383. A requester may not rebut agency affidavits with purely speculative allegations. *See Carney*, 19 F.3d at 813; *SafeCard,* 926 F.2d at 1200; *Maynard v. CIA*, 986 F.2d 547, 559-560 (1st Cir. 1993). The fundamental question is not "whether there might exist any other documents responsive to the request, but rather whether the search for those documents was adequate." *Steinberg v. Dept. of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994) (*quoting Weisberg v. Dept. of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)).

Upon receipt of Plaintiff's various proper FOIA requests,[5] BOP staff were instructed to conduct a search for the requested records. Summers Decl. ¶ 54. The BOP would advise Plaintiff to conduct a local review of his records at the institution when the materials he sought

---

[5] Plaintiff's request for records concerning another inmate was not deemed a proper request. Summers Decl. ¶ 6.

would ordinarily be maintained in Plaintiff's Central File.  *Id.*  BOP would advise Plaintiff that it would only conduct a search for records in the "FOI Exempt" portion of his file, because he could review the remaining records at his institution in accordance with BOP program Statement Number 1351.05, Release of Information.  Summers Decl. ¶ 54.

## D.  DEFENDANTS COMPLIED WITH FOIA REQUIREMENTS

Plaintiff was obligated to "reasonably describe" the records sought in his FOIA requests and to make such requests in accordance with BOP's published FOIA regulations.  5 U.S.C. § 552(a)(3)(A)(ii); *Church of Scientology v. IRS*, 792 F.2d 146, 150 (D.C. Cir. 1986) (requesters must follow "the statutory command that requests be made in accordance with published rules").  As shown by Ms. Summers' Declaration, in certain instances, BOP did not improperly withhold agency records responsive to Plaintiff's alleged FOIA requests because:  (1) Plaintiff failed to make a proper FOIA request or would not provide a third-party release (Counts I, III, V, XIV); (2) BOP released all records responsive to Plaintiff's FOIA requests (Counts IV, XII, XV); or (3) BOP found no records responsive to Plaintiff's FOIA requests (Counts II, VI, IX).  Summers Decl. ¶¶ 12, 26, 58; *Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, 150 (1980).  Accordingly, Plaintiff's claims in these Counts should be dismissed.

## E.  BOP PROPERLY WITHHELD RECORDS PURSUANT TO FOIA EXEMPTIONS 2, 5, 7(C) and 7(F)

### 1.  Exemption 2

FOIA Exemption 2 exempts from mandatory disclosure records that are "related solely to the internal personnel rules and practices of an agency."  5 U.S.C. § 552(b)(2).  The information need not be actual rules or practices; agencies can also invoke Exemption 2 for matters related to

31

rules and practices.  *See Department of Air Force*, 425 U.S. 352, 369-70 (1976).  The courts have

interpreted this statutory provision to encompass two very different categories of information:

(1) internal matters of a relatively trivial nature (referred to as "low-2"); and (2) more substantial

internal matters, the disclosure of which would risk circumvention of a legal requirement

(referred to as "high-2").  *See Department of Air Force*, 425 U.S. at 369-70; *Schiller v. NLRB*,

964 F.2d 1205, 1207 (D.C. Cir. 1992); *National Treasury Employees Union v. United States*

*Customs Service*, 802 F.2d 525, 528-30 (D.C. Cir. 1986).  As an initial matter, an agency may

withhold information under Exemption 2 if the information is "used for predominantly internal

purposes."  *Crooker v. ATF*, 670 F.2d 1051, 1073 (D.C. Cir. 1981) (*en banc*).  If this threshold

test is met, an agency may withhold the material "by proving that either [1] disclosure may risk

circumvention of agency regulation, or [2] the material relates to trivial administrative matters of

no genuine public interest."  *Schiller v. NLRB*, 964 F.2d at 1207.

### 2.  Exemption 5

FOIA Exemption 5 exempts from disclosure "inter-agency or intra-agency memorandums

or letters which would not be available by law to a party    . . . in litigation with the agency."  5

U.S.C. § 552(b)(5).  This exemption protects documents normally privileged in the civil

discovery context.  *United States v. Weber Aircraft Corp.,* 465 U.S. 792, 799 (1984) ("exemption

5 simply incorporates civil discovery privileges"); *FTC v. Grolier Inc.,* 462 U.S. 19, 26 (1983);

*NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149 (1975).  This section of the FOIA

incorporates, *inter alia*, the attorney-client privilege, the attorney work-product doctrine, and the

executive "deliberative process privilege that protects candid internal discussions of legal or

policy matters."  *Maricopa Audubon Soc'y v. United States Forest Serv.,* 108 F.3d 1082, 1084 n.1

32

(9th Cir. 1997).

The protections of Exemption 5 as to the attorney work-product privilege, as well as the other privileges, are not limited to civil litigation.  Rather, courts have either explicitly or implicitly recognized that the privileges are applicable to criminal prosecutions by upholding under Exemption 5 the nondisclosure of documents prepared in criminal investigations and prosecutions.  *See Antonelli v. Sullivan*, 732 F.2d 560, 561 (7th Cir. 1983); *Ferri v. U.S. Dept. of Justice*, 573 F. Supp. 852, n. 33 (W.D. Pa. 1983); *Harvey v. U.S. Dept. of Justice*, 747 F. Supp. 29, 37 (D.D.C. 1990); *Durham v. U.S. Dept. of Justice*, 829 F. Supp. 428, 433 (D.D.C. 1993); *Jimenez v. FBI*, 938 F. Supp. 21, 28 (D.D.C. 1996).  Courts have held that "if material is exempt from FOIA disclosure because of [a civil discovery] privilege, the exemption does not terminate at the close of the litigation for which the material was prepared."  *See FTC v. Grolier, Inc.*, 462 U.S. 19, 28 (1983).  *See also Grove v. Dept. of Justice, et al.*, 802 F. Supp. 506, 514 (D.D.C. 1992).

### a.    Attorney Work Product Privilege

The attorney work-product privilege protects "the files and the mental impressions of an attorney ... reflected, of course, in interviews, statements, memoranda, correspondence, briefs...and countless other tangible and intangible ways prepared in anticipation of litigation," particularly those documents which set forth the attorney's theory of the case and litigation strategy.  *A. Michael's Piano, Inc. v. Federal Trade Comm'n*, 18 F.3d 138, 146 (2d Cir. 1994) (citing *Hickman v. Taylor*, 329 U.S. 495, 509-11 (1947)).  "At its core, the work product doctrine shelters the mental processes of the attorney."  *United States v. Noble*, 422 U.S. 225, 238 (1975). Courts have long recognized this doctrine because it is "essential that a lawyer work with a

certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel."
*Coastal States Gas Corp. v. Department of Energy*, 617 F.2d 854, 864 (D.C. Cir. 1980) (citing
*Hickman*, 329 U.S. at 509-11).

To qualify for the protection of the attorney work product privilege, a document must
have been created by or at the direction of an attorney in anticipation of litigation.  The litigation
anticipated need not be imminent, as long as the motivating factor behind the creation of the
document was to aid in possible future litigation.  *U.S. v. Davis*, 636 F.2d 1028, 1040 (5th Cir.
1981); *A. Michael's Piano*, 18 F.3d at 146; *Hickman*, 329 U.S. at 511.

**b.    Deliberative Process Privilege**

"The deliberative process privilege, also known as the 'executive' or 'governmental'
privilege serves many purposes."  *Eugene Burger Management Corp. v. U.S. Dept. of Housing
and Urban Development*, 192 F.R.D. 1, 4 (D.D.C. 1999).  The main purpose of this privilege
"which is well established in the law, is...to 'prevent injury to the quality of agency decisions.'"
*Cofield, et al. v. City of LaGrange, Georgia*, 913 F. Supp. 608, 615 (D.D.C. 1996) (quoting
*NLRB v. Sears Roebuck & Co.*, 421 U.S. 132, 151 (1975)).  The deliberative process privilege
prevents harm to the quality of agency decisions by shielding the opinions, conclusions, and
reasoning used in the administrative and decision making process of the Government.  *See
United States v. Morgan*, 313 U.S. 40, 422 (1941); *Petroleum Info Corp. v. Dept.  of the Interior*,
976 F.2d 1429, 1434 (D.C. Cir. 1992); *Access Reports v. Dept. of Justice*, 926 F.2d 1192, 1194-
1195 (D.C. Cir.  1991); *United States v. Farley*, 11 F.3d 1385, 1389 (7th Cir. 1993).

The privilege is designed to encourage frank and uninhibited communication among
government officials in the course of creating public policy.  *NLRB v. Sears, Roebuck & Co.*, 421

34

U.S. 132, 149-151 (1975); *Petroleum Info Corp.*, 976 F.2d at 1434; *Access Reports*, 926 F.2d at 1194-1195; *Farley*, 11 F.3d at 1389.  The deliberative process privilege remains even after a final decision has been made, because "disclosure at any time could inhibit the free flow of advice." *Federal Open Market Committee v. Merrill*, 443 U.S. 340, 360 (1979).

Since "Exemption 5 'was intended to protect not simply the deliberative material, but also the deliberative process of agencies,' " *National Wildlife Federation v. U.S. Forest Service*, 861 F.2d 1114, 1118 (9th Cir. 1988) (quoting *Montrose Chemical Corp. of California v. Train*, 491 F.2d 63, 71 (D.C. Cir. 1974)), the courts have found that even factual materials are encompassed within the privilege, if release of such materials would harm the overall deliberative process.

For a document to be covered by the deliberative process privilege, two requirements must be satisfied.  First, it must be pre-decisional, *i.e.*, "antecedent to the adoption of agency policy." *Jordan v. U.S. Dept. of Justice*, 591 F.2d 753, 774 (D.C. Cir. 1978) (en banc).  In determining whether a document is predecisional, the Supreme Court has held that an agency need not identify a specific decision in connection with which a document is prepared.  *NLRB v. Sears, Roebuck & Co.*, 421 U.S. at 151 n.18.  The Court recognized that agency deliberations do not always ripen into agency decisions, and that ultimately the privilege is meant to protect the decisional process, rather than any particular document or decision.  *Id.; see also Dudman Communications Corp. v. Dept. of the Air Force*, 815 F.2d 1565, 1568 (D.C. Cir. 1987) ("Congress enacted Exemption 5 to protect the executive's deliberative processes -- not to protect specific materials.").

Second, the document must be deliberative in nature, *i.e.*, it must be "a direct part of the deliberative process in that it makes recommendations or expresses opinions on legal or policy

35

matters." *Vaughn v. Rosen*, 523 F.2d 1135, 1143-44 (D.C. Cir. 1975). Deliberative documents frequently consist of "advisory opinions, recommendations, and deliberations comprising part of a process by which governmental decisions and policies are formulated." *NLRB v. Sears, Roebuck & Co.*, 421 U.S. at 150. Thus, the exemption covers recommendations, draft documents, proposals, analyses, suggestions, discussions, and other subjective documents that reflect the give-and-take of the consultative process. *Coastal States*, 617 F.2d at 866.

### 3. Exemption 7--Threshold Issue

Application of any of FOIA's exemptions in Exemption 7 requires the agency to satisfy the threshold issues of, first, whether the agency has the requisite law enforcement purpose in compiling the records at issue and, second, whether the information gathered has a sufficient nexus to the law enforcement purpose. *See, e.g., Tax Analysts v. IRS*, 294 F.3d 71, 76-79 (D.C. Cir. 2002); *Jefferson v. DOJ*, 284 F.3d 172, 176-77 (D.C. Cir. 2002); *Campbell v. DOJ*, 164 F.3d 20, 32 (D.C. Cir. 1998); *Pratt v. Webster*, 673 F.2d 408, 419 (D.C. Cir. 1982).

In *Jefferson*, the court drew a distinction between agencies gathering information as part of any government agency's "oversight of the performance of duties by its employees," and information sought as part of investigations into illegal conduct for which the agency might impose criminal or civil sanctions. 284 F.3d at 177. Thus, the rule from *Jefferson* provides a broadly applicable distinction based more on the agency's mission and reasons for collecting the information at issue.

Many types of agency activities have been upheld as having law enforcement purpose, even several that arguably go beyond the core law enforcement mission of investigating crimes that have been committed. *See, e.g., Mittleman v. OPM*, 76 F.3d 1240, 1241-43 (D.C. Cir. 1996)

36

(OPM background investigation), *cert. denied*, 519 U.S. 1123 (1997); *Heggestad v. DOJ*, 182 F.

Supp. 2d 1, 13 (D.D.C. 2000) (IRS has law enforcement purpose); *Center to Prevent Handgun*

*Violence v. Dep't of Treasury*, 981 F. Supp. 20 (D.D.C. 1997) (collecting information on all

repeat handgun sales); *Doe v. DOJ*, 790 F. Supp. 17, 20-21 (D.D.C. 1992) (background

investigations).

In addition, the case law in this circuit is well-settled that the agency need not tie its

collection of information to any specific or ongoing investigation. *See Tax Analysts*, 294 F.3d at

78; *Keys* 830 F.2d at 342. This is fully consistent with the courts' broad acceptance that the 1986

amendments to FOIA relaxed the required threshold showing for Exemption 7. *See, e.g., United*

*States Department of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749,

780 (1989) (recognizing that the shift from the "would constitute" standard to the "could

reasonably be expected to constitute" standard represents a congressional effort to ease

considerably the burden in invoking Exemption 7); S. Rep. No. 221, 98th Cong., 1st Sess. 25

(1983) ("Substitute 'records or information' for 'investigatory records' as the threshold

qualification for the exemption: This amendment would broaden the scope of the exemption to

include 'records or information compiled for law enforcement purposes,' regardless of whether

they may be investigatory or noninvestigatory."); *Hopkinson v. Shillinger*, 866 F.2d 1185, 1222

n.27 (10th Cir. 1989) ("The 1986 amendment[s] broadened the scope of exemption 7's threshold

requirement.").

### 4. Exemption 7(C)

Exemption 7(C) allows agencies to withhold "records or information compiled for law

enforcement purposes" to the extent that the production of such records or information "could

reasonably be expected to constitute an unwarranted invasion of privacy . . . ."  5 U.S.C.

§ 552(b)(7)(C).  This exemption protects the identities of suspects and other persons of

investigatory interest who are identified in agency records in connection with law enforcement

investigations.  *Reporters Comm. for Freedom of the Press v. U.S. Dept of Justice*, 816 F.2d 730,

780 (D.C. Cir. 1987), modified on other grounds, 831 F.2d 1124 (D.C. Cir. 1987), rev'd on other

grounds, 489 U.S. 749 (1989); *Computer Prof'ls for Social Responsibility v. U.S. Secret Serv.*, 72

F.3d 897, 904 (D.C. Cir. 1996).  Indeed, an agency in a FOIA case may categorically assert

Exemption 7(C) to protect the identities of witnesses or other persons mentioned in law

enforcement files in such a way as to associate them with criminal activity.  *Reporters Comm. for

Freedom of the* Press, 489 U.S. at 780; *Nation Magazine v. U.S. Customs Service*, 71 F.3d 885,

893, 895-896 (D.C. Cir. 1995); *SafeCard Services, Inc. v. S.E.C.*, 926 F.2d 1197, 1206 (D.C. Cir.

1991).

        The names of law enforcement officers who work on criminal investigations have also

traditionally been protected against release by Exemption 7(C).  *Davis v. U.S. Dept. of Justice*,

968 F.2d 1276, 1281 (D.C. Cir. 1992); *Lesar v. U.S. Dept of Justice*, 636 F.2d 472, 487-488

(D.C. Cir. 1980).  Similarly, individuals who provide information to law enforcement authorities,

like the law enforcement personnel themselves, have protectable privacy interests in their

anonymity.  *Computer Prof'ls for Social Responsibility*, 72 F.3d at 904; *Farese v. U.S. Dept. of

Justice*, 683 F. Supp. 273, 275 (D.D.C. 1987).  The fact that the requester might be able to

ascertain the individuals' identities through other means, or that their identities have been

disclosed elsewhere, does not diminish their privacy interests.  *Fitzgibbon v. CIA*, 911 F.2d 755

(D.C. Cir. 1990); *Weisberg v. Dept. of Justice*, 745 F.2d 1476, 1491 (D.C. Cir. 1984).

Once a privacy interest has been established, as here, it must be balanced against the public interest, if there is any, that would be served by disclosure. *Albuquerque Publ'g Co. v. Dept. of Justice*, 726 F. Supp. 851, 855 (D.D.C. 1989). The public interest in disclosure is limited to the FOIA's "core purpose" of shed[ding] light on an agency's performance of its statutory duties." *Reporters Comm. for Freedom of the Press*, 489 U.S. at 773. This standard is not easily satisfied when law enforcement information pertaining to individuals is sought, for there "is no reasonably conceivable way in which the release of one individual's name . . . would allow citizens to know 'what their government is up to.'" *Fitzgibbon v. CIA*, 911 F.2d 755, 768 (D.C. Cir. 1990). *See also Albuquerque Publ'g Co.*, 726 F. Supp. at 855-56 (no public interest in disclosure of sensitive information DEA obtained about individuals and their activities, where such material would not shed light on DEA's conduct with respect to the investigation). Furthermore, the requester must not only demonstrate the existence of the public interest but also that the public interest is both significant and compelling, in order to overcome legitimate privacy interests. *Senate of Puerto Rico v. Dept. of Justice*, 823 F.2d 574, 588 (D.C. Cir. 1987); *Stone v. FBI*, 727 F. Supp. 662, 667-69 (D.D.C. 1990).

### 5. Exemption 7(F)

Exemption 5, 5 U.S.C. § 552 (b)(7)(F) protects from mandatory disclosure information compiled for law enforcement purposes if disclosure could reasonably be expected to endanger the life or physical safety of any individual. 5 U.S.C. § 552(b)(7)(F). Courts have consistently upheld the application of this exemption to protect information identifying law enforcement officers and special agents, who are especially likely to be in contact with violent suspects. *Maroscia v. Levi*, 569 F.2d 1000, 1002 (7th Cir. 1977); *Albuquerque Publ'g Co.*, 726 F. Supp.

851, 858 (D.D.C. 1989); *Docal v. Bennsinger*, 543 F. Supp. 38, 48 (M.D. Pa. 1981); *Nunez v.*

*DEA*, 497 F. Supp. 209, 212 (S.D.N.Y. 1980).  Although this exemption applies to information

that is also subject to the protection of Exemption 7(C), *supra*, there is no balancing required for

the use of Exemption 7(F).

### BOP's Withholdings of Records

With respect to Plaintiff's FOIA requests in the five remaining Counts of his Complaint

(Counts  VII, VIII, X, XI, XIII), BOP properly invoked FOIA Exemptions 2, 5, 7(C) and 7(F) to

withhold information from Plaintiff as shown in the Table contained in Ms. Summers'

Declaration.  *See* Summers' Decl. ¶ 58.

### Count VII

BOP released seventeen (17) pages of records in full in response to Plaintiff's FOIA

request.  Pursuant to Exemption 7(C) thirteen (13) pages were released with redactions for the

names of inmates and other individuals and their statements in connection with a law

enforcement investigation.  *Id*.  Exemption 7(F) would also be applicable to this information,

because of the safety risk to the inmates and other individuals.

### Count VIII

BOP released one-hundred fifty-five (155) pages in full in response to Plaintiff's FOIA

request.  Pursuant to Exemptions 2, 5, 7(C) and 7(F), thirty-two pages (32) were released with

redactions and thirty-one pages were withheld.  *Id*.  The information withheld consisted of staff

memos and documents provided to BOP legal counsel for adjudication of Plaintiff's tort claims.

*Id*.

## Count X

BOP released fifty-five (55) pages in full in response to Plaintiff's FOIA request. Pursuant to Exemptions 2, 5, 7(C) and 7(F), twenty-nine (29) pages were released with redactions and seven (7) pages were withheld. The information withheld consisted of investigative information and documentation in connection with Administrative Remedies and inmate discipline reports.[6]

## Count XI

BOP released twenty-three (23) pages in full in response to Plaintiff's FOIA request. Pursuant to Exemptions 2, 5, 7(C) and 7(F), eighteen (18) pages were released with redactions and five (5) pages were withheld. The information withheld consisted of investigative information and documentation in connection with Administrative Remedies and inmate discipline reports. *Id.*

## Count XIII

BOP released ten (10) pages in full in response to Plaintiff's FOIA request. Pursuant to Exemptions 2, 5, 7(C) and 7(F), one (1) additional page was released with redactions. The information withheld consisted of staff notes in connection with the investigation of an inmate administrative remedy request. *Id.*

Accordingly, because there has been no improper withholding of agency records, Plaintiff's claims regarding the FOIA requests in these Counts should be dismissed or, alternatively, Defendants should be granted partial summary judgment.

---

[6] *See* McLeod Decl. FNs 4, 5, for an explanation of the Administrative Remedy Program.

41

## F.  ALL REASONABLY SEGREGABLE INFORMATION
## HAS BEEN RELEASED TO PLAINTIFF

"The FOIA requires that '[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt.'" *Juarez v. Department of Justice*, 518 F.3d 54, 61 (D.C. Cir. 2008) (citing 5 U.S.C. § 552(b)). "This Circuit has long recognized, however, that documents may be withheld in their entirety when nonexempt portions 'are inextricably intertwined with exempt portions [of the record].'" *Id*. (citing *Mead Data Cent., Inc. v. United States Dept. Of the Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977)).  "A court may rely on government affidavits that show with reasonable specificity why documents withheld pursuant to a valid exemption cannot be further segregated for this reason." *Id*. (citing *Armstrong v. Executive Office of the President*, 97 F.3d 575, 578 (D.C. Cir. 1996).  BOP evaluated each record for segregability during the process of addressing Plaintiff's FOIA requests and determined that the information that BOP had withheld could not be further segregated without disclosing certain security techniques or revealing the identities of certain individuals.  In those instances in which entire documents were withheld, BOP determined that no meaningful parts of the documents could reasonably be released without destroying the integrity of the document.  *See* Summers Decl. ¶ 70.

## G.  BOP IS EXEMPT FROM THE RECORDS ACCURACY
## PROVISION OF THE PRIVACY ACT

Plaintiff alleges that BOP maintained inaccurate records pertaining to him resulting in Plaintiff having been transferred, "ejected from the RDAP class," prejudiced at parole hearings, and "convicted of institutional offenses."  Compl. Counts A-I.  Plaintiff requests correction of the records and damages from BOP.  *Id.*

42

However, the Privacy Act allows an agency which has as its principal function "any activity pertaining to the enforcement of criminal laws," to exempt itself from the records accuracy provision contained in 5 U.S.C. § 552a(e)(5), with respect to "reports identifiable to an individual compiled at any part of the process of enforcement of the criminal laws from an arrest or indictment through a prisoner's release from supervision." *See* 5 U.S.C. § 552a(j)(2)(C) and 28 C.F.R. § 16.97(j). Pursuant to that provision, BOP has exempted its systems of records from the records accuracy provision. *See* Summers Decl. ¶¶ 68-69, 71; *see also Martinez v. Bureau of Prisons*, 444 F.3d 620 (D.C. Cir. 2006) (holding that BOP's inmate record systems were exempt from the Privacy Act's access and amendment requirements and civil remedies provision); *Jackson v. Federal Bureau of Prisons*, 538 F.Supp.2d 194 (D.D.C. 2008); *Bryant v. Bureau of Prisons*, 2005 WL 3275902 (D.D.C. 2005).

Moreover, *habeas corpus* is the exclusive remedy for a federal prisoner bringing a claim that would have a "probabilistic impact" upon the duration of his custody. *Jackson v. Federal Bureau of Prisons*, 538 F.Supp.2d at 198 (citing *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 809 (D.C. Cir. 1988) (*en banc*). "When a Privacy Act claim would affect a prisoner's parole eligibility, *habeas corpus* is the prisoner's remedy for challenging inaccurate records." *Id*. Accordingly, Plaintiff's claims against BOP in Counts A through J should be dismissed.

## **Conclusion**

For the foregoing reasons, Plaintiff's claims against BOP and OIP should be dismissed, or alternatively, partial summary judgment should be granted in favor of Defendants.

Respectfully submitted,

  /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

  /s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

  /s/
JUDITH A. KIDWELL
Assistant United States Attorney
555 Fourth Street, N.W.- Civil Division
Room E4905
Washington, D.C.  20530
(202) 514-7250

44

EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Michael C. Antonelli | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Number 1:07-CV-02016-CKK |
| | ) |
| U.S. DEPARTMENT OF JUSTICE, | ) |
| | ) |
| Defendant. | ) |

## DECLARATION OF KAREN SUMMERS

I, Karen Summers, hereby declare the following to be a true and correct statement of facts:

1.    I am currently employed by the United States Department of Justice, Federal Bureau of Prisons (BOP), as a Paralegal Specialist for the South Central Regional Office, Consolidated Legal Center, in Dallas, Texas.  I have been employed in this capacity since November 1995.

2.    Pursuant to my official responsibilities involving review and research of inmate civil legal matters, I have access to records maintained in the ordinary course of business by the BOP, including, but not limited to, an inmate's medical and central file, investigative records, and the BOP's SENTRY computer database.  In furtherance of my responsibilities, I am familiar with the policies and procedures for processing requests submitted under the Freedom of Information and Privacy Acts.

1

3.    Prior to executing this declaration, I reviewed the relevant BOP records of plaintiff, federal inmate Michael Antonelli, Register Number 04053-164, who is currently incarcerated at the Federal Correctional Institution (FCI) in Manchester, Kentucky.[1]  In addition, I also contacted other relevant BOP staff that were involved in processing plaintiff's Freedom of Information and Privacy Act requests.  An index with a description of the records withheld or redacted, and the exemptions applied is located at paragraph 58 of this declaration.

4.    At all times relevant to plaintiff's civil action, he was incarcerated at the Federal Correctional Complex (FCC) in Forrest City, Arkansas from February 3, 2005 through May 15, 2006, located within the BOP's South Central Region; the United States Penitentiary (USP) Big Sandy in Inez, Kentucky from June 20, 2006 through June 7, 2007; and FCI Manchester, Kentucky from June 18, 2007 to present.  The Consolidated Legal Center (CLC) in Lexington, Kentucky is located in the BOP's Mid-Atlantic Region.  CLC Lexington has oversight responsibility for legal issues at USP Big Sandy and FCI Manchester.

5.    After review of plaintiff's civil action, it appears he

---

[1] Plaintiff filed his civil action as Michael C. Antonelli; however, BOP records and computerized database refer to him by the name listed on his Judgment and Commitment Order, Michael Antonelli (BOP Register Number 04053-164).  The BOP's SENTRY computer database reflects that plaintiff has two aliases, both with a middle name beginning with the letter "C."

seeks judicial review of approximately fourteen (14) Freedom of
Information Act (FOIA) requests he submitted to the BOP from 2005
through 2007.  Plaintiff's civil action references the FOIA
requests only by date and type of record(s) sought; however, he
does not specifically identify each request by the number
assigned by the BOP.  Accordingly, it appears plaintiff refers to
the following FOIA requests, which were assigned and processed by
the appropriate BOP Regional Office and/or CLC where plaintiff
was incarcerated, as well as by the Freedom of Information and
Privacy Acts (FOIA/PA) Section of the BOP's Central Office in
Washington, D.C.:

> 1) South Central Regional Office (SCRO) FOIA Request
> Numbers:  2005-08428, 2006-00068, 2006-06825, 2006-09743,
> 2006-10535, 2006-10544, 2006-10600, 2006-0735;
>
> 2) Mid-Atlantic Region Office (through CLC Lexington) FOIA
> Request Numbers:  2007-03234, 2007-04383, 2007-05576; and
>
> 3) FOIA/PA Section of Central Office FOIA Request Numbers:
> 2005-08429, 2006-09337, 2007-02059.

<u>Count 1 - FOIA Request Number 2007-02059</u>

6.   Through my contacts with the BOP's FOIA/PA Section in
Central Office, Washington, D.C., it was reported to me that on
December 19, 2006, the BOP's Central Office FOIA/PA Section,
received a request interpreted to be a request from plaintiff to
review the BOP files pertaining to another federal inmate, to
include the other inmate's Pre-sentence Investigation Report.

The request, assigned number 2007-02059, was not deemed a proper FOIA request because plaintiff did not request a copy of a BOP document or record.  A true and correct copy of plaintiff's request is provided as Exhibit 1.

7.    A letter dated December 21, 2006, was forwarded to plaintiff indicating his request could not be processed.[2] Specifically, plaintiff's request could not be processed because he did not request a BOP record or document pursuant to the FOIA. The letter further informed plaintiff that he could resubmit his request if he believed the BOP's decision not to process his request was in error.  The staff member who processed this request transferred to another facility and a copy of the signed and marked form letter could not be located.  A true and correct copy of the BOP's response to FOIA Request No. 2007-02059, dated December 21, 2006, is provided as Exhibit 2.

<u>Count 2 - FOIA Request Number 2005-08428</u>

8.    On or about August 18, 2005, plaintiff's FOIA Request was received by the BOP's FOIA/PA Section in Washington, D.C. The request, assigned number 2005-08428, was forwarded to the SCRO for response.  Plaintiff sought copies of any and all BOP

---

[2] The BOP's response to plaintiff dated December 21, 2006, was a copy of a form letter maintained in the FOIA database.  The form letter addressed FOIA requests that could not be processed and provided several paragraphs, for which one or more could be marked or identified, indicating the reason(s) the request could not be processed.  It appears a copy of the signed and marked document indicating the reason why plaintiff's request could not be processed, was not scanned and saved in the FOIA database.  As plaintiff failed to request a copy of a BOP document or record, the following paragraph on the form letter is relevant to plaintiff's request:  "Your correspondence does not request a document.  We can only process requests for existing documents."

4

records referencing his name, and all video tapes depicting
activity in the B2 housing unit common area on June 16, 2005,
between the hours of 2:00 p.m. and 3:00 p.m., at the Medium
security facility at FCC Forrest City.  A true and correct copy
of plaintiff's FOIA Request Number 2005-08428 is provided as
Exhibit 3.

    9.   On September 8, 2005, staff at FCC Forrest City were
instructed to conduct a search pursuant to plaintiff's request
and forward any responsive records (video tapes) to the SCRO.  A
true and correct copy of the electronic e-mail from SCRO staff to
FCC Forrest City dated September 8, 2005, requesting the search
for records/video tapes from FCC Forrest City is provided as
Exhibit 4.

    10.   The SCRO acknowledged plaintiff's FOIA request by
letter dated September 21, 2005, stating that his request for
all records pertaining to him was currently being processed in
response to another FOIA Request he previously submitted (Number
2005-08429).  Additionally, plaintiff was informed that a search
was being conducted for the video tapes requested, and they would
be reviewed for release consideration.  A true and correct copy
of the SCRO Acknowledgment Letter, FOIA Request Number 2005-08428
is provided as Exhibit 5.

    11.   On September 21, 2005, staff at FCC Forrest City
informed SCRO staff that the institution's video taping system,

5

or camera/video taping system records images for approximately 60 days and after this 60-day period, the tapes are erased. No video tapes were located with retrievable data for the time period of June 16, 2005. Subsequently, FCC Forrest City staff provided the search results via e-mail to the SCRO. A true and correct copy of the e-mail from FCC Forrest City is provided as Exhibit 6.

12.   Plaintiff was informed by letter dated September 21, 2005, that no records were located in response to his request.[3] Plaintiff was advised that if he was dissatisfied with the BOP's response he could appeal to the Office of Information and Privacy (OIP) within 60 days. A true and correct copy of the letter from the Regional Counsel to plaintiff is provided as Exhibit 7.

13.   In December 2006, OIP requested copies of BOP documents in response to plaintiff's appeal of FOIA request Number 2005-08428. A true and correct copy of the OIP correspondence dated April 9, 2007, in connection with FOIA Request Number 2005-08428, is provided as Exhibit 8.

<u>Count 3</u>

14.   In Count 3 of plaintiff's civil action, plaintiff states he submitted an "Inmate Request to Staff" dated January 1,

---

[3] The acknowledgment letter to plaintiff's FOIA Request and the SCRO's response letter were both dated September 21, 2005. The acknowledgment was prepared and placed in the mail to plaintiff on September 21, 2005. Later that same day, information was received from FCC Forrest City staff regarding the search results pursuant to plaintiff's request. As a result, a response letter was also prepared and mailed to plaintiff on September 21, 2005.

6

2007, to the Supervisor of Education at USP Big Sandy concerning his "FOIA requests."  Plaintiff further states he submitted an appeal to OIP on March 4, 2007, along with an attached letter addressed to the BOP dated January 12, 2007, requesting information regarding his FOIA requests.

15.    Contact with OIP revealed they received an appeal from plaintiff dated March 4, 2007, stating the BOP failed to respond to his FOIA request dated January 12, 2007.  A review of the BOP's FOIA database indicates a request from plaintiff dated January 12, 2007, was never received by the BOP for processing.

### Count 4 - FOIA Request Number 2006-10544

16.    In Count 4 of plaintiff's civil action, he does not provide the FOIA Request Number or describe the specific records at issue.  To the extent plaintiff is referring to FOIA Request Number 2006-10544, the FOIA database reveals this request was received on September 6, 2006, by the BOP's FOIA/PA Section in Washington, D.C., and was forwarded to the SCRO for processing and response.  Plaintiff was incarcerated at FCC Forrest City in June 2006, which is located in the BOP's South Central Region. Plaintiff requested copies of records from the Education Department in connection with his request to teach a "Gavel Club" and "Twelve Step" class at FCC Forrest City, including proposals, curriculum and syllabi related to the classes.  A true and correct copy of plaintiff's FOIA Request Number 2006-10544 is

provided as Exhibit 9.

17.   On September 26, 2006, the SCRO instructed FCC Forrest City to conduct a search for records pursuant to plaintiff's FOIA Request.  FCC Forrest City forwarded several documents; however, not all documents were relevant to plaintiff's request.  On October 27, 2006, the SCRO requested another search be conducted, clarifying the documents sought by plaintiff to ensure all documents relevant to the request had been forwarded.  On October 30 and November 21, 2006, FCC Forrest City staff provided additional information via e-mail and confirmed all documents had been forwarded.  A true and correct copy of the electronic e-mails to and from SCRO staff and FCC Forrest City staff are provided as Exhibit 10.

18.   By letter dated November 29, 2006, the SCRO provided a response to plaintiff indicating the seven (7) pages were located that were relevant to his request, and that these seven (7) pages were being released to him in their entirety.  A true and correct copy of the BOP's response to FOIA Request Number 2006-10544 is provided as Exhibit 11.

### Count 5 - FOIA Request Number 2007-05576

19.   In Count 5 of plaintiff's civil action, he does not provide the FOIA Request Number or describe the specific telephone records or numbers at issue.  To the extent plaintiff is referring to FOIA Request Number 2007-05576, this request was

received on April 27, 2007, by the FOIA/PA Section of the BOP's Central Office.  At the time of the request, plaintiff was incarcerated at USP Big Sandy, located in the Mid-Atlantic Region.  Plaintiff's request was forwarded to CLC Lexington by the MARO for processing and response.  Plaintiff requested a copy of an electronic telephone recording of a phone call he made on December 24, 2006, at approximately 5:00 pm, to a specific telephone number provided by plaintiff.  A true and correct copy of the plaintiff's FOIA Request Number 2007-05576 is provided as Exhibit 12.

20.    On May 2, 2007, CLC Lexington instructed staff a USP Big Sandy to conduct a search for an electronic telephone recording pursuant to plaintiff's request.  Staff were also instructed to provide CLC Lexington with information regarding the availability of the recording and, if it was still available, to preserve a copy.  A true and correct copy of BOP's request to USP Big Sandy to search for records in connection with FOIA Request Number 2007-05576 is provided as Exhibit 13.

21.    On May 3, 2007, CLC Lexington forwarded an acknowledgment letter to plaintiff.  A true and correct copy of the BOP's acknowledgment to FOIA Request Number 2007-05576 is provided as Exhibit 14.

22.    On June 5, 2007, CLC Lexington responded to

Inmate Antonelli's FOIA Request Number 2007-05576.  Plaintiff was informed that in order for him to receive a copy of the telephone recording, he would need to obtain written authorization from the third party caller(s).  Upon receipt of written authorization from the third party, a copy of the recording could be mailed to an address of his choice.  Plaintiff was advised that if he was dissatisfied with the response, he could file an appeal with OIP within 60 days from the date of the BOP response letter.  A true and correct copy of the BOP's response dated June 5, 2007, is provided as Exhibit 15.

<u>Count 6 - FOIA Request Number 2007-04383</u>

23.    On or about March 19, 2007, plaintiff's FOIA request dated March 5, 2007, was received by the BOP's FOIA/PA Section in Washington D.C.  At the time of the request, plaintiff was incarcerated at USP Big Sandy, which is located in the Mid-Atlantic Region.  Plaintiff's request, assigned number 2007-04383, was forwarded to CLC Lexington by the MARO for processing and response.  Plaintiff requested a copy of all telephone conversations recorded by the BOP between him and his attorney.[4]  A true and correct copy of plaintiff's FOIA Request Number 2007-04383 is provided as Exhibit 16.

---

[4]Inmates are permitted the opportunity to make unmonitored telephone calls to their attorneys, however, there is no restriction placed on inmates with respect to their voluntary use of monitored telephone lines to contact their attorneys.  Telephones in inmate housing units are monitored by staff. Inmates, and those they contact by institution phones, are fully notified of this.

24.   On March 19, 2007, CLC Lexington staff requested that staff at USP Big Sandy conduct a search pursuant to plaintiff's request and forward any responsive records (telephone recordings) to their office.  A true and correct copy of the memorandum from CLC Lexington to USP Big Sandy is provided as Exhibit 21.

25.   CLC Lexington acknowledged plaintiff's FOIA Request by letter dated March 20, 2007.  A true and correct copy of the acknowledgment letter is provided as Exhibit 17.

26    By letter dated April 12, 2007, plaintiff was informed that no records or telephone recordings could be located pursuant to his request.  Plaintiff was advised that if he was dissatisfied with the BOP's response, he could file an appeal to OIP within 60 days from the date of the letter.  A true and correct copy of the BOP's response dated April 12, 2007, is provided as Exhibit 18.

<u>Count 7 – FOIA Request Number 2005-08429</u>

27.   On or about August 18, 2005, plaintiff's FOIA Request was received by the BOP's FOIA/PA Section in Washington, D.C. Plaintiff's request, dated August 3, 2005, was assigned number 2005-08429, and was forwarded to the SCRO on September 6, 2005, for processing and response.  At the time of the request, plaintiff was incarcerated at FCC Forrest City (Medium), located in the BOP's South Central Region.  Plaintiff requested a copy of all documents pertaining to him, to include any investigative

11

records that were generated by FCC Forrest City since February 3, 2005. A true and correct copy of plaintiff's FOIA Request Number 2005-08429 is provided as Exhibit 19.

28. Plaintiff was informed by letter dated September 13, 2005, that the information he was seeking was interpreted as a request for documents maintained in his central and medical files. Plaintiff was advised to contact his Unit Team at the institution in order to conduct a local review of his records and/or obtain copies of the documents maintained in his files. Plaintiff was further informed that records had been requested and would be reviewed for release consideration. A true and correct copy of the BOP's acknowledgment letter dated September 13, 2005, is provided as Exhibit 20.

29. By letter dated January 6, 2006, the BOP's FOIA/PA Section reviewed thirty (30) pages of documents relevant to plaintiff's FOIA Request Number 2005-08429, for investigative records. Seventeen (17) pages were released to plaintiff in their entirety and thirteen (13) pages were released with redactions pursuant to 5 U.S.C. § 522 (b)(7)(C), because the information, compiled for law enforcement purposes, could reasonably be expected to constitute an unwarranted invasion of personal property. The information withheld, i.e. names of inmates and other individuals and their statements in connection with a law enforcement investigation, was exempt from disclosure

12

pursuant to a FOIA exemption or was not reasonably segregable because it was so intertwined with protected material that segregation was not possible or its release would have revealed the underlying protected material.  A true and correct copy of the response from BOP's FOIA/PA Section is provided as Exhibit 21.

30.    Plaintiff was advised that if he was dissatisfied with the response, he could file an appeal to OIP within sixty days from the date of the BOP response letter.   See Exhibit 21.

Count 8 - FOIA Request Number 2006-09743

31.    In Count 8 of plaintiff's civil action, he does not provide the FOIA Request Number or the date of his request. However, to the extent plaintiff is referring to FOIA Request Number 2006-09743, the FOIA database reveals this request was received on August 25, 2005, by the BOP's FOIA/PA Section in Washington, D.C.  Plaintiff's request was forwarded to the SCRO for processing and response.  At the time of the request, plaintiff was incarcerated at USP Big Sandy, located in the BOP's Mid-Atlantic Region; however, plaintiff requested copies of administrative tort claims he filed since January 2005, while incarcerated at FCC Forrest City, located in the South Central Region.  A true and correct copy of plaintiff's FOIA Request Number 2006-09743 is provided as Exhibit 22.

32.   On September 11, 2006, the SCRO mailed an acknowledgment letter to plaintiff in connection with his FOIA Request Number 2006-09743.  A true and correct copy of the BOP's acknowledgment letter of FOIA Request Number 2006-09743 is provided as Exhibit 23.

33.   By letter dated October 31, 2006, the SCRO informed plaintiff that eleven (11) administrative tort claims were located relevant to his request:  TRT-SCR-2005-01208; 2005-03227; 2005-03871; 2005-03937; 2005-04467; 2005-04774; 2005-04837; 2006-00011; 2006-00871; 2006-01049; and 2006-01672, consisting of a total of two hundred and eighteen (218) pages.  Of the 218 pages, one hundred fifty-five (155) pages were released to plaintiff in their entirety, thirty-two (32) pages were released with certain information redacted, and the remaining thirty-one (31) pages were withheld.  A true and correct copy of BOP's response letter in connection with 2006-09743 is provided as Exhibit 24.

34.   The investigative documents, comprised of staff memos and documents provided to BOP legal counsel for adjudication of plaintiff's tort claims, withheld in part, or in full, were redacted pursuant to Title 5, U.S.C. § 552(b)(2), because the information is related solely to the internal personnel rules and practices of an agency; § 552(b)(5), because release of the information would inhibit the open and frank communications between government employees, which is speculative or part of the

14

deliberative process, and is not discoverable in litigation

proceedings; § 552(b)(7)(C) because release of the information

compiled for law enforcement purposes could constitute an

unwarranted invasion of the personal privacy of individuals; and

§ 552(b)(7)(F), because release of the information compiled for

law enforcement purposes could endanger the physical safety of

individuals.  Plaintiff was advised that if he was dissatisfied

with the BOP's response, he could file an appeal to OIP within

sixty days from the date of the letter.  See Exhibit 24.

<u>Count 9 - FOIA Request Number 2006-00068</u>

35.   On September 27, 2005, plaintiff's FOIA Request was

received by the BOP's FOIA/PA Section in Washington, D.C.

Plaintiff's request, assigned number 2006-00068, was forwarded to

the SCRO for processing and response.  At the time of the

request, plaintiff was incarcerated at FCC Forrest City, located

in the South Central Region.  Plaintiff requested a copy of his

entire Residential Drug Abuse Treatment Program (RDAP) file and

all computer entries generated from February 3, 2006.  A true and

correct copy of plaintiff's FOIA Request Number 2006-00068 is

provided as Exhibit 25.

36.   By letter dated October 7, 2005, plaintiff was advised

that his request for "computer entries" did not sufficiently

describe the records sought and that he could re-submit his

request with additional information to properly identify any

15

responsive records.  Additionally, he was advised that records
relating to the RDAP program are routinely maintained in an
inmate's psychology file and that he should contact institution
staff to request access and/or obtain copies of these documents.
Plaintiff was further advised that if he was dissatisfied with
the BOP's response, he could file an appeal to OIP within sixty
days from the date of the letter.  A true and correct copy of the
BOP's response to FOIA Request Number 2006-00068 is provided as
Exhibit 26.

    37.  Plaintiff appealed the BOP's response to his FOIA
Request Number 2006-00068, which was received by OIP on
November 25, 2005, and assigned FOIA Appeal Number 2006-0572.

<u>Count 10 - FOIA Request Number 2006-06825</u>

    38.  On May 31, 2006, plaintiff's FOIA Request was received
by the BOP's FOIA/PA Section in Washington, D.C.  Plaintiff's
request, assigned number 2006-06825, was forwarded to the SCRO
for response and processing.  At the time of the request,
plaintiff was incarcerated at FCC Forrest City, located in the
South Central Region.  Plaintiff requested records in connection
to an incident report he received on June 15, 2005.  Plaintiff
further requested a copy of all administrative remedies related
to the incident report.  Based on a review of BOP records,
plaintiff did not receive an incident report on June 16, 2005, as
listed in Count 10 of plaintiff's civil action.  A true and

correct copy of plaintiff's FOIA Request Number 2006-06825 is provided as Exhibit 27.

39.    By letter dated July 25, 2006, the SCRO provided a response to plaintiff stating that inmate discipline issues are routinely maintained in the inmate's Central File, and he should contact institution staff to review and/or obtain copies of the documents.  Additionally, a total of ninety-one (91) pages of administrative remedies were located and fifty-five (55) pages were released to plaintiff in their entirety, twenty-nine (29) pages were released with certain information redacted, and the remaining seven (7) pages were withheld.  A true and correct copy of the BOP's response to FOIA Request Number 2006-06825 is provided as Exhibit 28.

40.    The pages, investigative information and documentation in connection with Administrative Remedies and Inmate Discipline Reports, withheld in part, or in full, were redacted pursuant to Title 5, U.S.C. § 552(b)(2), because the information is related solely to the internal personnel rules and practices of an agency; § 552(b)(5), because release of the information would inhibit the open and frank communications between government employees, which is speculative or part of the deliberative process, and is not discoverable in litigation proceedings; § 552(b)(7)(C) because release of the information could constitute an unwarranted invasion of the personal privacy of individuals;

17

and § 552(b)(7)(F), because release of the information could endanger the physical safety of individuals.  Plaintiff was advised that if he was dissatisfied with the BOP's response, he could file an appeal to OIP within sixty days from the date of the letter.  <u>See</u> Exhibit 28.

<u>Count 11 - FOIA Request Numbers 2006-10600 and 2006-06375</u>

41.    On September 15, 2006, plaintiff's FOIA Request was received by the BOP's FOIA/PA Section in Washington, D.C. Plaintiff's request, assigned number 2006-10600, was forwarded to the SCRO for response and processing.  At the time of the request, plaintiff was incarcerated at USP Big Sandy, located in the Mid-Atlantic Region; however, the records or information sought was during the period of time he was incarcerated at FCC Forrest City, located in the South Central Region.  Plaintiff requested records in connection with BOP's Incident Report Number 1440394 and Administrative Remedy Number 411235, relating to the appeal of the incident report.  A true and correct copy of plaintiff's FOIA Request Number 2006-10600 is provided as Exhibit 29.

42.    By letter dated October 18, 2006, the SCRO acknowledged plaintiff's FOIA Request Number 2006-10600.  A true and correct copy of the BOP's acknowledgment letter is provided as Exhibit 30.

43.    On October 31, 2006, the SCRO provided a response to plaintiff indicating a thorough search was conducted and a total of forty-six (46) pages were located in response to his request. Of the forty-six pages, twenty-three (23) pages were released to plaintiff in their entirety, eighteen (18) pages were released with certain information redacted, and the remaining five (5) pages were withheld in full.  The documents were redacted in part, or in full, pursuant to the following FOIA exemptions: Title 5 U.S.C. § 552(b)(2), because the information is related solely to the internal personnel rules and practices of an agency; § 552(b)(7)(C) because release of the information could constitute an unwarranted invasion of the personal privacy of individuals; and § 552(b)(7)(F), because release of the information could endanger the physical safety of individuals. Plaintiff was advised that if he was dissatisfied with the BOP's response, he could file an appeal to OIP within sixty days from the date of the letter.  A true and correct copy of the BOP's response to FOIA Request Number 2006-10600 is provided as Exhibit 31.

44.    In Count 11 of plaintiff's civil action he also notes that on August 4, 2006 he requested copies of all sensitive BOP Regional and Central Office Remedies in connection with BOP administrative remedy number 383161.  Plaintiff does not provide the assigned FOIA request number, but research into the BOP FOIA

19

database indicates that plaintiff may be referencing to FOIA
Request Number 2006-06375.  This request, which was dated May 8,
2006, was received by the FOIA/PA Section in Washington, D.C., on
or about May 17, 2006.  A true and correct copy of plaintiff's
FOIA Request Number 2006-06375 is provided as Exhibit 32.  In his
request plaintiff requested, among other things, a copy of all
"sensitive" BOP administrative remedies he filed after
February 3, 2005, and that these requests be "unsensitized" and
made public record.  Id.  By a letter dated February 28, 2007,
the SCRO responded to plaintiff that the BOP had obtained
information from OIP indicating that he owed the United States
Marshals Service (USMS) a fee of forty-two dollars and ten cents
($42.10) for the duplication of records processed in response to
USMS Request Number 2003USMS4609.  A true and correct copy of the
BOP's response to FOIA Request Number 2006-06375 is provided as
Exhibit 33.  Plaintiff was further advised that no further action
would be taken on this request, or any new request, until the fee
was paid.  Id.

### Count 12 - FOIA Request Number(s) 2005-08590

45.    In Count 12 of plaintiff's civil action, he states he
submitted an FOIA request on August 24, 2005, for all records in
connection with an "Inmate Review Form" delivered to him on
August 23, 2005.  Plaintiff states the document received was in
response to a prior FOIA request, but he did not receive all of

the records.  Plaintiff does not provide the assigned FOIA

request number nor does he describe the specific documents at

issue, however, research into the issue revealed that plaintiff's

Count 12 appears to refer to FOIA Request Number 2005-08590.

This request was received by the FOIA/PA Section in Washington

D.C., on or about September 8, 2005.  As noted above, plaintiff

requested a copy of FOIA Request Number 2003-04556 and any other

documents that pertained to Request Number 2003-04556.  A true

and correct copy of FOIA Request Number 2005-08590 is provided as

Exhibit 34.

   46.   By letter dated September 30, 2005, the FOIA/PA

Section in Washington, D.C. advised plaintiff that five (5) pages

of documents that were responsive to his request had been located

and were being released to him in their entirety.  See Exhibit

35.

### Count 13 - FOIA Request Number 2006-10535

   47.   Plaintiff's request was received by the FOIA/PA

Section in Washington D.C. on August 17, 2005.  Plaintiff's

request, assigned number 2006-10535, was forwarded to the SCRO

for processing and response.  At the time of plaintiff's request,

he was incarcerated at USP Big Sandy, located in the Mid-Atlantic

Region; however, he sought records related to Administrative

Remedy Number 406470-F1, and related appeals, while incarcerated

at FCC Forrest City, an institution located in the BOP's South

Central Region.  A true and correct copy of plaintiff's FOIA
Request Number 2006-10535 is provided as Exhibit 36.

48.   By letter dated October 17, 2006, the SCRO
acknowledged plaintiff's FOIA Request Number 2006-10535.  A true
and correct copy of the acknowledgment letter is provided as
Exhibit 37.

49.   The SCRO provided plaintiff a response on October 20,
2006, indicating eleven (11) pages were located relevant to his
request.  Of the eleven pages, ten (10) pages were released in
their entirety and one (1) page, containing staff notes in
connection with the investigation of an inmate administrative
remedy request, was released with certain information redacted
pursuant to Title 5, United States Code §552(b)(5), because
release of the information would inhibit the open and frank
communications between government employees, which is speculative
or part of the deliberative process, and is not discoverable in
litigation proceedings.  A true and correct copy of the BOP's
response to FOIA Request Number 2006-10535 is provided as Exhibit
38.

50.   Plaintiff was advised that if he was dissatisfied with
the response, he could file an appeal with OIP within sixty days
from the date of the letter.  See Exhibit 38.

## Count 14 - Unidentified FOIA Request

51.    The FOIA/PA Section of the BOP's Central Office in Washington, D.C., reviewed their FOIA database but could not locate a request in connection with Count 14.  Plaintiff did not provide the assigned FOIA request number to specifically identify this request.  However, further research by BOP Central Office located correspondence from Plaintiff dated June 13, 2006.  A true and correct copy of this correspondence is provided as Exhibit 39.  In this correspondence, plaintiff asks for copies of BOP Administrative Remedies related to Remedy Number 411064 that were filed at the BOP South Central Region and Central Office. In correspondence dated, July 5, 2006, the BOP's National Inmate Appeals section responded to plaintiff that his request would be more appropriately handled through the FOIA/PA office and that he should make his request to that office, clearly marking the outside of the envelope, "Freedom of Information Act Request."  A true and correct copy of this correspondence is provided as Exhibit 40.

## Count 15 - FOIA Request Number 2006-09337

52.    Plaintiff submitted three FOIA Requests for copies of three administrative remedies to the BOP's FOIA/PA Section.  A review of the FOIA database indicates plaintiff submitted the following requests:  1) all copies of Administrative Remedy Number 383161, dated August 15, 2006; 2) all copies of

Administrative Remedy Number 392038, dated August 15, 2006; and

3) Administrative Remedy Number 402288, dated August 17, 2006.

The three requests were combined and logged into the FOIA

database on August 21, 2006 and assigned FOIA Request Number

2006-09337.  A true and correct copy of plaintiff's three FOIA

requests in August 2006 are provided as Exhibit 41.

53.    By letter dated September 12, 2006, the FOIA/PA

Section responded to plaintiff's requests.  Plaintiff was

informed that a total of eighty-five (85) pages were located and

were provided to him in their entirety.  A true and correct copy

of the unsigned letter from the FOIA/PA database is provided as

Exhibit 42.

<u>ADEQUACY OF THE SEARCH</u>

54.    As previously noted, upon receipt of plaintiff's

various FOIA requests, institution staff were instructed to

conduct a search for the requested records.  The BOP would advise

plaintiff to conduct a local review of his records at the

institution when the materials he sought would ordinarily be

maintained in the inmate's Central File.[5]  BOP advised plaintiff

---

[5] The Inmate Central File is the central repository for  individual
inmate records maintained pursuant to BOP Program Statement 5800.11, <u>Inmate
Central File, Privacy Folder, and Parole Mini-Files</u>, and located within the
Inmate Central Record System (Justice-BOP-005).  This file is divided
topically into six sections, with an additional portion categorized as the
Privacy Folder, or "FOI Exempt" section.  BOP policy is that inmates may
arrange an appointment with institution staff to view any of the six main
disclosable sections of their Inmate Central File, but access to the Privacy
Folder is limited to inmates submitting FOIA/Privacy Act requests to BOP's
Central Office for any reasonably segregable records maintained in that
folder.  <u>See</u> BOP Program Statement 5800.11 (Sept.  28, 1997); 28 C.F.R. § 16.3

24

that it would only conduct a search for records in the "FOI Exempt" portion of his file, because he could review the remaining records at his institution in accordance with BOP Program Statement Number 1351.05, <u>Release of Information</u>.

55.   Additionally, subsequent to the filing of this litigation the BOP has conducted extensive searches of the BOP's FOIA database to determine which information plaintiff referred to in his initial and amended complaints.   This task was particularly difficult as in many instances plaintiff failed to sufficiently identify the FOIA requests he disputed.

<u>JUSTIFICATION FOR NON-DISCLOSURE UNDER THE PRIVACY ACT</u>

56.   BOP processes all requests by individuals for records pertaining to themselves under both the FOIA and Privacy Act in order to provide the requester the maximum disclosure authorized by law.   The Attorney General has promulgated rules exempting these records from the Privacy Act's access provisions as authorized by 5 U.S.C.§ 552a(j)(2), which appears at 28 C.F.R. § 16.97 (2005).   Subsection (j)(2) exempts from mandatory disclosure records maintained by an agency or component thereof, which performs as its principal function any activity pertaining to the enforcement of criminal laws.

---

and Appendix 1 to part 16 (2005).   The Privacy Folder contains two sections of material - one for CIM documents and Victim/Witness Information - and the other for "other non-disclosable material from the Inmate Central File." <u>See</u> BOP Program Statement 5800.11.   In other words, the Privacy Folder contains material that the BOP has determined would routinely be exempt from disclosure pursuant to a FOIA exemption.

57.    BOP, as the steward of the federal penal system, is responsible for carrying out the final phase of the law enforcement process.[6]  Pursuant to their dual mission to protect both inmates and society, BOP employees perform inherently law enforcement related functions.[7]  Indeed, the term, "law enforcement officer" is defined by statute as "an employee of the Bureau of Prisons or Federal Prison Industries, Inc."  See, e.g., 5 U.S.C. § 8401(17)(D)(I).  The records systems maintained by BOP are critical to the effective performance of the law enforcement mission.[8]  All of the responsive records at issue in plaintiff's requests are exempt from disclosure under the Privacy Act, pursuant to 5 U.S.C. § 552a(j)(2) and were therefore processed under the FOIA.

---

[6] 18 U.S.C. § 4042 sets out the BOP's general authority: "The Bureau of Prisons, under the direction of the Attorney General, shall (1) have charge of the management and regulation of all Federal penal and correctional institutions; (2) provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise; and (3) provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States."

[7] BOP law enforcement officers, for example, possess the authority to make arrests, 18 U.S.C. §3015; seize evidence, 18 U.S.C. § 4012; and execute searches on inmates and visitors to the institution, 28 C.F.R. § 511.10-511.12, 552.10-552.14.

[8] BOP maintains a variety of systems of records pertaining to inmates. These systems of records are published at Privacy Act Issuances, 1991 Comp., Volume II.

JUSTIFICATION FOR NON-DISCLOSURE UNDER THE FOIA
EXEMPTIONS 7(C), 7(F), 2, and 5

58.    As shown in the Table and discussed below, BOP
properly invoked certain exemptions under FOIA to withhold
information or records from Plaintiff.

| COUNT | DESCRIPTION OF RECORDS WITHHELD | EXEMPTIONS | DOCUMENT STATUS |
|---|---|---|---|
| I | None | None | Not a proper FOIA Request - no records requested |
| II | None | None | No records found |
| III | None | None | No request found |
| IV | None | None | All records released |
| V | Telephone recording of third party | 7(C) | Third party release needed |
| VI | None | None | No records found |
| VII | Names of inmates and other individuals and their statements in connection with a law enforcement investigation | 7(C) | 17 pages released in full 13 pages with redactions |
| VIII | Staff memos and documents provided to BOP legal counsel for adjudication of plaintiff's tort claims | 2 5 7(C) 7(F) | 155 pages released in full 32 pages with redactions 31 pages withheld |
| IX | Psychology records "computer entries" | None | Local review of Psy. file No records found for "computer entries" |

27

| COUNT | DESCRIPTION OF RECORDS WITHHELD | EXEMPTIONS | DOCUMENT STATUS |
|---|---|---|---|
| X | Investigative information and documentation in connection with Administrative Remedies and Inmate Discipline Reports | 2 5 7(C) 7(F) | 55 pages released in full 29 pages redacted 7 pages withheld |
| XI | Investigative information and documentation in connection with Administrative Remedies and Inmate Discipline Reports | 2 5 7(C) 7(F) | 23 pages released in full 18 pages redacted 5 pages withheld |
| XII | Documents regarding a prior FOIA request | None | 5 pages released in full |
| XIII | staff notes in connection with the investigation of an inmate administrative remedy request | 2 5 7(C) 7(F) | 10 pages released in full 1 page redacted |
| XIV | None | None | No request found |
| XV | Administrative Remedies (3) | None | 85 pages released in full |

59.    To invoke Exemption (b)(7), the BOP must be able to
demonstrate that records were compiled for law enforcement
purposes.  In this case, the records at issue were compiled for
law enforcement purposes during the course of BOP's performance
of its law enforcement function of protecting inmates, staff and
the community.  As stated previously, the responsive records are
maintained in the Inmate Central Records System (Justice/BOP-
005), which is a system of records maintained for law enforcement
purposes that is exempt from the Privacy Act's access provisions.

See 5 U.S.C. § 552a(j)(2); 28 C.F.R. § 16.97.  Consequently,
these records meet the threshold law enforcement requirement for
Exemption 7.

60.    Exemption (b)(7)(C) of the FOIA exempts from mandatory
release of records or information compiled for law enforcement
purposes if such release could reasonably be expected to
constitute an unwarranted invasion of the personal privacy of
third parties.  The information withheld from plaintiff, solely
pursuant to Exemption (b)(7)(C) (and in conjunction with
(b)(7)(F)) regarding possible identifying information of third
party staff and/or inmates and their responses to BOP's questions
regarding possible criminal history, and possible contact with
other inmates or who are referenced in an internal BOP
investigation.

61.    In deciding to withhold this material, the privacy
interests of these individuals were balanced against the public
interest in the information.  BOP determined that there was no
public interest in the release of this information because
dissemination of the information would not help explain the
activities and operations of the BOP.  On the other hand, BOP
concluded that a substantial privacy interest exists in
information about individuals, in this case other inmates and
private citizens, that is maintained in a federal law enforcement

file.  In fact, the only interest that would be served by release
of the records would be plaintiff's personal interest.

62.  Further, BOP considers that there is a heightened
privacy interest, in this instance, when the information found in
law enforcement records could reasonably subject third-party
inmates named as plaintiff's separatees, or who are referenced in
connection to an internal BOP investigation of plaintiff, to
harassment, retaliation, or other harm by federal inmates.

63.  Exemption (b)(7)(F) of the FOIA provides for the
withholding of information or records compiled for law
enforcement purposes, the release of which could reasonably be
expected to endanger the life or physical safety of any
individual.

64.  After careful consideration of the special safety and
security concerns presented by the investigation of inmates
within a BOP facility, and recognizing that BOP must first
protect the safety of all BOP inmates and employees, BOP
determined that withholding the information described above
pursuant to Exemption 7(F) was necessary to protect the
identities of other individuals as subjects of investigation
and/or monitoring by BOP staff.  If these third-party identities
become known within the institution, the individuals could
reasonably be expected to face threats, harassment, or other
actions at the direction and discretion of other inmates.

Disclosure could also result in disruption to the security of the institution in which plaintiff is housed.

65.    Exemption (b)(2) of the FOIA protects from mandatory disclosure those documents which "relate solely to the internal personnel rules and practices of an agency." Exemption "high" (b)(2) of the FOIA protects from disclosure internal matters of a far more substantial nature, the disclosure of which, would risk the circumvention of a legal requirement.

66.    Exemption (b)(5) of the FOIA protects inter-agency or intra-agency information which would not be available to a party other than an agency in anticipation of civil proceedings.  The exemption provides for the withholding of records or information that is speculative or part of the deliberative process, or would inhibit the open and frank communications between government employees, which is not discoverable in litigation proceedings.

<u>Counts A - I "Privacy Act"</u>

67.    Plaintiff states the BOP is intentionally maintaining inaccurate records pertaining to him and requests correction or amendment of the records regarding, in part:

1)  his participation in the RDAP and Financial
    Responsibility Program;
2)  his institution disciplinary history;
3)  his institutional adjustment;
4)  his security designation and custody classification; and
5)  information documented in his Pre-sentence Investigation
    Report.

68.    However, the Privacy Act allows an agency which has as its principal function "any activity pertaining to the enforcement of criminal laws," to exempt itself from the (e)(5) records accuracy provision of § 552a with regard to "reports identifiable to an individual compiled at any state of the process of enforcement of the criminal laws from arrest or indictment through release from supervision." 5 U.S.C. § 552a(j)(2)(C) and 28 C.F.R. § 16.97(j) from subsections (e)(1) and (e)(5).[9]

## CONCLUSION

69.    Each step in the handling of plaintiff's request has been entirely consistent with BOP and the Department of Justice procedures which were adopted to insure equitable responses to all persons seeking access to records under FOIA/Privacy Acts.

70.    Plaintiff has been provided with all responsive records pursuant to his requests.  Where appropriate, the BOP

---

[9] The Bureau of Prisons reasons and justifications for exemption from subsection (e)(5), which states:  From subsection (e)(5) because in the collection and maintenance of information for law enforcement purposes, it is impossible to determine in advance what information is accurate, relevant, timely and complete. Data which may seem unrelated, irrelevant or incomplete when collected may take on added meaning or significance during the course of an investigation or with the passage of time, and could be relevant to future law enforcement decisions.  In addition, because many of these records come from sources outside the Bureau of Prisons, it is administratively impossible for them and the Bureau to ensure compliance with this provision.  The restrictions of subsection (e)(5) would restrict and delay trained correctional managers from timely exercising their judgment in managing the inmate population and providing for the health care of the inmates and the safety and security of the prisons and the public.  67 Fed. Reg. 51755-01 (Aug. 9, 2002)(codified at 28 C.F.R. § 16.97(j)).

asserted FOIA exemptions for documents compiled for law enforcement purposes. Each record was evaluated for segregability during the administrative process. The withheld information cannot be further segregated without disclosing certain security techniques used by the BOP and without revealing the identities and identifying factors of third parties, which should be protected in order to ensure the physical safety of certain individuals. Where a document was withheld in its entirety, BOP determined that no meaningful portions could reasonably be released without destroying the integrity of such document as a whole.

71.    Finally, in plaintiff's civil action, he contests the accuracy of his records and requests correction. However, the BOP records at issue come from a system of records, Inmate Central Record System (JUSTICE/BOP-005), that have been properly exempted from 5 U.S.C. § 552a(d) and the(e)(5) amendment provisions of the Privacy Act. 5 U.S.C. § 552a(j)(2)(C) and 28 C.F.R. § 16.97(a)(4).

I declare under a penalty of perjury that the information provided is true and correct to the best of my information, knowledge, and belief.

Executed this 3rd day of June 2008.

Karen Summers
Paralegal Specialist
Federal Bureau of Prisons
South Central Regional Office
Dallas, Texas

EXHIBIT 1

*w/release form*

To: Director    **FOIA REQUEST**

Federal Bureau of Prisons  **Date:** October 20, 2006

320 First Street, NW

Washington, D. C.   20534

Dear Sir:

  This is a request under the Freedom of Information Act.
I request a copy of any and all documents, records and informatio
that any part of your agency has or had in its possession that is in
any way connected to, related to, or even remotely in reference to
my name or the subject matter briefly described below.

I request to view the entire file of
and especially his entire presentence investigation report at USP
Big Sandy, KY and his Central Files. (Authorization for Release attached)

  I will pay reasonable search and reproduction fees.

   My Biographical data is as follows:

FULL NAME: MICHAEL CARMIE ANTONELLI

DATE OF BIRTH December 4, 2006

PLACE OF BIRTH Chicago, Illinois  USA

SOCIAL SECURITY NUMBER [  ]

  I declare (or certify, verify, or state) under the penalty of
perjury that the foregoing is true and correct.

Executed on this  20th day of  October   , 2006.

    By X *Michael Antonelli*

     Affiant/Declarant Herein

(28 USC Section 1746)

Name:  MICHAEL ANTONELLI

Reg. No. 04053-164

United States Penitentiary
Box 2068
INEZ, Kentucky  41224

cc : file

# WRITTEN AUTHORIZATION FOR THE RELEASE OF RECORDS TO

I, _____ after having been duly sworn and under oath, hereby depose and state that on this day I agree that all records in the possession of the following agency or public body :

FEDERAL BUREAU OF PRISONS

That are in any way connected to, related to, or even remotely in reference to my name, be released to third-party requester as follows:

MICHAEL C. ANTONELLI No. 04053-164

I declare under the penalty of perjury that the aforementioned is true and correct.

My biographical data is:

FULL NAME : _____

DATE OF BIRTH _____

PLACE OF BIRTH: Bartow, Florida   USA

SOCIAL SECURITY NUMBER : _____

CURRENT ADDRESS: 1197 Airport Road, Inez, Kentucky 41224 United States Penitentiary, Box 2068; Fed. Reg. No. 18194-058

I am signing the release of my own free will and desire and swear under the penalty of perjury that the signature below is my true and correct original signature of my person.

Further affiant sayeth naught.

Executed this __20th__ day of __October__, __2006__.

By  X _____

(28 USC Section 1746)

FOIA ACE CLASS

EXHIBIT 2



**U.S. DEPARTMENT OF JUSTICE**
Bureau of Prisons

---

*Federal Bureau of Prisons*
*FOIA/PA Office*
*320 First Street, NW*
*Washington, DC 20534*

Dec 21, 2006

Michael Antonelli
USP Big Sandy
P.O. Box 2068
Inez, KY 41224

Re: 2007-02059

Dear Requester:

This is in response to your request for information under provisions of the Freedom of Information/Privacy Acts. We have determined that your request cannot be processed for the reason(s) identified below. Only marked paragraphs are relevant to your request.

___ The records you seek are not Federal Bureau of Prisons (BOP) records. You requested information on an individual not incarcerated at a federal facility. You will need to contact the state, local, or military facility where the individual was incarcerated.

___ The records you seek are not Federal Bureau of Prisons (BOP) records. You will need to contact the agency responsible for the records that you seek.

___ Your correspondence does not request a document. We can only process requests for existing documents.

___ In accordance with the Federal Bureau of Prisons policy, it is suggested that you first contact local institution staff for access to your records through the review of records procedure.

___ The Bureau of Prisons provides inmates with access to many of its Program Statements in the institution law libraries. Please utilize that access process. If the Program Statement is unavailable at your institution, you may resubmit your request.

___ Your request does not adequately describe the document request. There is no Program Statement that specifically covers the area of your request. While this issue may be discussed in some Program Statement, the FOIA does not require federal agencies to do the legal research necessary to locate the Program Statement that covers the area of your concern. Once you have determined the



**U.S. DEPARTMENT OF JUSTICE**
Bureau of Prisons

*Federal Bureau of Prisons*
*FOIA/PA Office*
*320 First Street, NW*
*Washington, DC 20534*

specific Program Statement you need, you may submit another request.

If you believe the above determination is incorrect, you may resubmit your request.  Please reference this letter and explain why you think the decision was in error. Until such time as this information is received, your request is considered closed.  You can find additional information on the Federal Bureau of Prisons FOIA/PA process at www.bop.gov

EXHIBIT 3

August 9, 2005

Federal Bureau of Prisons

320 First Street, NW

Washington, D. C.   20534

Dear Sir:

RECEIVED

AUG 1 8 2005

FOIA/PA SECTION
FEDERAL BUREAU OF PRISON

This is a request under the Freedom of Information Act.

I request a copy of any and all documents, records and information that any part of your agency has or had in its possession that is in any way connected to, related to, or even remotely in reference to my name.

The following particulars may assist you in your search:
I request a copy of all video tapes taken in B2 Unit at the Forrest City Medium facility in Arkansas on June 16, 2005 between 2:00pm and 3:00pm showing all activity that occured in the common area of unit B2 during that hour.  I ask that these records be preserved.

I will pay reasonable search and reproduction fees.

My biographical data is as follows:

FULL NAME   MICHAEL CARMIE ANTONELLI

DATE OF BIRTH :  December 4, 1946

PLACE OF BIRTH :  Chicago, Illinois USA

SOCIAL SECURITY NUMBER:

I declare under penalty of perjury that the aforementioned biograph-ical data is that of my person and the signature below is my true and correct original signature signed under oath.

Executed this   9th day of   August                   2005

By   X _Michael Antonelli_
                            Affiant Herein

(28 USC Section 1746)

Name:   MICHAEL ANTONELLI

Reg. No.   04053-164

Federal Correctional Institution
Box 3000 (MEDIUM)
Forrest City, Arkansas 72336

2005-08428

EXHIBIT 4

**From:**     Larry Collins
**To:**       Patton, Jennifer
**Date:**     9/8/2005 2:12:24 PM
**Subject:**  FOIA Req No 2005-08428 - ANTONELLI, Michael #04053-164

Jennifer,

We received the attached request from inmate Antonelli. Please ensure a copy of the responsive records are forwarded to this office by September 22, 2005.

Please note, if any of the responsive records are subject to an ongoing investigation or prosecution, let us know and we will not need a copy of those documents.r

Thanks,

Larry


**CC:**        Dawson, Sterling

EXHIBIT 5



**U.S. Department of Justice**

Federal Bureau of Prisons

*South Central Regional Office*

---

*4211 Cedar Springs Road, Suite 300*
*Dallas, Texas 75219*

September 21, 2005

Michael Antonelli
Register Number 04053-164
Federal Correctional Institution (Medium)
Post Office Box 3000
Forrest City, Arkansas 72336

Re:  Freedom of Information Request Number 2005-08428

Dear Mr. Antonelli:

This is in response to your recent letter in which you requested
a copy of all Federal Bureau of Prisons records pertaining to you
and a copy of all video tapes depicting activity in the B2 Unit
common area at the medium security Federal Correctional
Institution, at Forrest City, Arkansas, on June 16, 2005, between
2:00 P.M. and 3:00 P.M.

Please note that your request for a copy of all records
pertaining to you is being addressed in our response to another
FOIA request made by you, request number 2005-08429, and will not
be re-addressed in this request.

A copy of the responsive video recording has been requested and
will be reviewed and released as appropriate by this office.

Due to the large number of requests received by the BOP for
disclosure of records pursuant to the Freedom of Information and
Privacy Acts, and due to the limited resources available to
process such requests, the BOP has adopted a "first-in, first-
out" practice of processing all incoming requests.

Your request has been placed in chronological order based on the
date of receipt and will be handled as expeditiously as possible
when it is assigned for processing.

SENSITIVE - LIMITED OFFICIAL USE

FOIA Req. No. 2005-08428                    September 21, 2005
Michael Antonelli; Reg. No. 04053-164       Page 2


Please be advised that in accordance with Title 28, Code of
Federal Regulations, Section 16.3(c), this request constitutes an
agreement by you to pay all applicable fees up to $25.00.  Please
do not forward payment at this time.  You will be advised of the
applicable fees, if any.

Sincerely,


Michael D. Hood
Regional Counsel

   lc


SENSITIVE - LIMITED OFFICIAL USE

EXHIBIT 6

From:        Byron Flint
To:          Patton, Jennifer
Date:        9/27/2005 4:25:16 PM
Subject:     Fwd: FOIA Req No 2005-08428 - ANTONELLI, Michael #04053-164

The date of the incident has already been purged from the institution camera database.

>>> Rick Marques 09/27 3:28 PM >>>
Did we get the video to J.J.?

R. Marques, Captain
FCC Forrest City
              (Low)
              (Medium)

>>> Larry Collins 09/08 2:12 PM >>>
Jennifer,

We received the attached request from inmate Antonelli. Please ensure a copy of the responsive records are forwarded to this office by September 22, 2005.

Please note, if any of the responsive records are subject to an ongoing investigation or prosecution, let us know and we will not need a copy of those documents.r

Thanks,

Larry


CC:          Baltazar, Juan

EXHIBIT 7


U.S. Department of Justice

Federal Bureau of Prisons

*South Central Regional Office*

*4211 Cedar Springs Road, Suite 300*
*Dallas, Texas 75219*

September 21, 2005

Michael Antonelli
Register Number 04053-164
Federal Correctional Complex (Medium)
Post Office Box 3000
Forrest City, Arkansas 72336

Re:  Freedom of Information Request Number 2005-08428

Dear Mr. Antonelli:

This is in response to your recent letter in which you requested
a copy of all Federal Bureau of Prisons records. Your request was
interpreted as a request for a copy of all video tapes depicting
activity in the B2 Unit common area at the medium security
institution at the Federal Correctional Complex (FCC), at Forrest
City, Arkansas, on June 16, 2005, between 2:00 P.M. and 3:00 P.M.

A thorough search has been conducted and no records were located
in response to your request. Please note that the video
recordings that would have been responsive to your request were
routinely destroyed prior to the submission of your request.

Pursuant to Title 28, Code of Federal Regulations, Section 16.9,
this action may be appealed to the Attorney General within sixty
(60) days of the date of this letter by writing to the Office of
Information and Privacy, Department of Justice, Flag Building,
Suite 570, Washington, DC 20530. Please ensure that the envelope
and request are clearly marked "FOI Request Appeal."

Sincerely,

Michael D. Hood
Regional Counsel

lc

SENSITIVE - LIMITED OFFICIAL USE

EXHIBIT 8

U.S. Department of Justice

Office of Information and Privacy

Telephone: (202) 514-3642

Washington, D.C. 20530

APR - 9 2007

Mr. Michael Antonelli
Register No. 04053-164
United States Penitentiary
Post Office Box 2068
Inez, KY 41224-2068

Re:   Appeal No. 06-0302
      Request No. 2005-08428
      JGM:KM

Dear Mr. Antonelli:

You appealed from the action of the Federal Bureau of Prisons (BOP) on Request Number 2005-08428.

A member of my staff has found that you owe the Executive Office for United States Attorneys (EOUSA) $50.00 in fees for records processed in response to Request Numbers 03-2204 and 03-2373. In my previous letter to you dated April 2, 2007, I explain the specific fees owed to EOUSA and I address your argument that you do not owe any fees.

Because you have not paid these past-due fees to EOUSA, your current appeal from BOP's action on Request Number 2005-08428 has been administratively closed by this Office. See 28 C.F.R. § 16.11(i)(3) (2006). You will be required to substantiate that you have paid this debt before this Office takes action on any new appeals you submit.

If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Janice Galli McLeod
Associate Director

EXHIBIT 9

*SCNO*

*2006-10544*

Director
Federal Bureau of Prisons
320 First Street, NW
Washington, D. C.   20534

August 27, 2006

RECEIVED

SEP 0 6 2006

FOIA/PA SECTION
FEDERAL BUREAU OF PRISON

RE:   All Adult Continuing Education
proposals/curriculums/syllabus'
plus all proposals for a class in
Twelve Steps (AA) and all proposals
or requests for a GAVEL CLUB (Toastmasters
International) submitted to the
Education Department at Forrest City,
Arkansas Medium Facility.

Dear Sir:

    This is a request under the Freedom of Information Act.

    I request a copy of everything in the Education Department files
at Forrest City, Arkansas Medium Facility including, but not limited
to, the education ACE proposals/curriculums/syllabus' or requests
to either teach a class or start a GAVEL CLUB that were submitted
to the ACE Coordinator and/or Supervisor of Education, in any way
connected to me having requested to start a GAVEL CLUB and the
request to start teching a TWELVE STEP class at Forrest City,
Medium.

FULL NAME:  MICHAEL CARMIE ANTONELLI
DOB:  December 4, 1946
POB:  Chicago, Illinois   USA
SS # :

    I declare under the penalty of perjury that the above data
is my data and the signature below is my signature.

Executed this _27th_ day of August, 2006.

                    By _Michael Antonelli_
                       Michael Antonelli, Affiant

(28 USC Section 1746)


                    Sincerely,

                    _Michael Antonelli_
                    Michael Antonelli 04053-164
                    USP Big Sandy; Box 2068
                    Inez, KY  41224

cc : file

EXHIBIT 10

| From: | Larry Collins |
|---|---|
| To: | Patton, Jennifer |
| Date: | 9/26/2006 10:47:05 AM |
| Subject: | FOIA Req No 2006-10544 - ANTONELLI, Michael 04053-164 |

JJ,

We received a request from inmate Antonelli for a copy of a Adult Continuing Education proposals, curriculums, sullabus or requests to the ACE Coordinator or SOE regarding inmate Antonelli's request to teach a class or start a Gavel Club or teach a Twelve Step class at FOM.

Please ensure a copy of the responsive records are forwarded to this office by October 10, 2006.

Thanks,

Larry Collins, FOIA LIE
South Central Regional Office
Regional Counsel's Office
4211 Cedar Springs Rd, Suite 300
Dallas, Texas 75219


SENSITIVE/PRIVILEGED COMMUNICATION
The information contained in this electronic message and any and all accompanying documents constitutes sensitive information. This information is the property of the U.S. Department of Justice. If you are not the intended recipient of this information, any disclosure, copying, distribution, or the taking of any action in reliance on this information is strictly prohibited. If you received this message in error, please notify us immediately at the above number to make arrangements for its return to us.


| CC: | Dawson, Sterling; Summers, Blair |
|---|---|

EXHIBIT 11

U.S. Department of Justice

Federal Bureau of Prisons

*South Central Regional Office*

---

*4211 Cedar Springs Road, Suite 300*
*Dallas, Texas 75219*

NOV 2 9 2006

Michael Antonelli
Register Number 04053-164
USP Big Sandy
Post Office Box 2068
Inez, Kentucky 41224

Re:  Freedom of Information Request Number 2006-10544

Dear Mr. Antonelli:

This is in response to your recent request for a copy of Federal
Bureau of Prisons records related to your request to teach a
Twelve Step class at the medium security Federal Correctional
Institution (FCI) in Forrest City, Arkansas, including proposals,
curriculum and syllabi related to the class.  You also request a
copy of records related to your request to start a Gavel Club at
FCI Forrest City (Med).

A thorough search has been conducted and seven (7) pages were
located in response to your request.  These documents have been
reviewed and all seven (7) pages are being released to you in
their entirety.

Sincerely,

Michael D. Hood
Regional Counsel

Enclosure: 7 page

lc

SENSITIVE - LIMITED OFFICIAL USE

EXHIBIT 12

07 05576

FOIA REQUEST

To: _____                                    Date: April 19, 2007

Federal Bureau of Prisons

320 First Street, NW

Washington, D. C.  20534

Dear Sir:

    This is a request under the Freedom of Information Act.
    I request a copy of any and all documents, records and information
that any part of your agency has or had in its possession that is in
any way connected to, related to, or even remotely in reference to
my name or the subject matter briefly described below: I only need a
copy of the electronic phone recordings of a phone call I made on
12/24/06 to (815) 434-0348 at approximately 6:00 pm that night on
the phone number of Nancy Antonelli whereas I spoke to my son Michael.

    I will pay reasonable search and reproduction fees.
    My Biographical data is as follows:

FULL NAME:  MICHAEL CARMIE ANTONELLI

DATE OF BIRTH  December 1, 1945

PLACE OF BIRTH  Chicago, Illinois USA

SOCIAL SECURITY NUMBER  _____

    I declare (or certify, verify, or state) under the penalty of
perjury that the foregoing is true and correct.

Executed on this 19th day of April          , 2007.

           By X _____
                    Affiant/Declarant Herein

(28 USC Section 1746)

Name:  _____Michael Antonelli____

Reg. No.  _____04053-164____

United States Penitentiary
Box 2068
INEZ, Kentucky  41224

cc : file

EXHIBIT 13

UNITED STATES GOVERNMENT
# MEMORANDUM
*Federal Medical Center*
*Consolidated Legal Center*
*3301 Leestown Road*
*Lexington, Kentucky 40511-8799*

May 2, 2007

MEMORANDUM FOR BEVERLY STARK, LEGAL LIAISON, USP BSY

FROM:    Joseph C. Tang, Supervisory Attorney
         Consolidated Legal Center

SUBJECT:    Request for Records

The following records have been requested by letter to this office. Please duplicate the requested records and forward them to the Consolidated Legal Center at Lexington, Kentucky, within ten (10) working days. Please attach a copy of this letter to the requested records before mailing. If the total amount of pages exceed 350, please notify us first before copying. If you have any questions, please do not hesitate to contact me at

ANTONELLI, Michaelm Reg. No. 04053-164, FOIA #2007- 05576

Electronic phone recording of phone call made to 815-434-8348 at approx. 5p.m. on 12-24-06

Please let me know if recording is still available and save in case inmate gets consent to release .                   i. Thank you.

[Inmate Requesting]

EXHIBIT 14



UNITED STATES GOVERNMENT
Federal Bureau of Prisons
*Federal Medical Center*
*Consolidated Legal Center*
*3301 Leestown Road*
*Lexington, Kentucky 40511-8799*

May 3, 2007

Michael Antonelli
Reg. No. 04053-164
United States Penitentiary
Big Sandy
Post Office Box 2068
Inez, Kentucky 41224

Re:     FOIA Request No. 2007-05576

Mr. Antonelli:

This letter is to acknowledge your request for Federal Bureau of Prisons records has been received in this office. In accordance with Title 28, Code of Federal Regulations, Section 16.3, your request has been forwarded to the Consolidated Legal Center, Lexington, Kentucky.

You have requested a copy of an electronic telephone recording of a phone call made to (815) 434-8348 on December 24, 2006. All requests for records are processed on a "first-in, first-out" basis. You will be hearing from us in the near future regarding the processing of your request.

Under subpart © of 28 C.F.R. § 16.3 the filing of your request is deemed to constitute an agreement to pay all applicable fees charged under 28 C.F.R. § 16.11 up to $25.00. Although fees are assessed at ten cents ($0.10) per page, Title 28 C.F.R. § 16.11(c)(2) provides that the first 100 pages are released at no charge to the requester. The cost for staff time involved in searching and reviewing these documents will be assessed in accordance with Title 28, CFR § 16.11(c)(1) and (d)(2). You will be notified of any charges associated with your request.

Please address any concerns regarding this request to Consolidated Legal Center, Federal Medical Center, 3301 Leestown Road, Lexington, Kentucky 40511-8799, and reference the above request number.

Sincerely,

Michelle T. Fuseyamore
Regional Counsel

EXHIBIT 15



UNITED STATES GOVERNMENT
Federal Bureau of Prisons
*Federal Medical Center*
*Consolidated Legal Center*
*3301 Leestown Road*
*Lexington, Kentucky 40511-8799*

June 5, 2007

Michael Antonelli, Reg. No. 04053-164
United States Penitentiary - Big Sandy
Post Office Box 2068
Inez, Kentucky 41224

Re: FOIA/PA Request No. 2007-05576

Mr. Antonelli:

This is in response to your request for Federal Bureau of Prisons records. You requested a copy of an electronic telephone recording of a phone call you made to (815) 464-8348 on December 24, 2006.

We have located 1 telephone call; however, the Bureau of Prisons (BOP) does not have the capability to reasonably segregate your portion of the conversations from the recording. Your call was recorded onto the Inmate Telephone System (ITS-II), which saves conversations into a WAV/MP3 computer format. While these formats offer advantages to the BOP for copying and transferring recorded calls, the system does not provide a means to download the computer files to a cassette tape. Unfortunately, the BOP's only way to segregate calls was when they were recorded by the old telephone system (which is no longer used by the BOP) onto a cassette tape. The BOP had no need for the new telephone system to have the capability to copy calls to a cassette tape. Consequently, the recordings you have requested cannot be reasonably segregated.

In order for us to release the requested call to you, you must first obtain the appropriate written authorization from all parties involved in the recorded conversation. If you do so, we can release the call on a CD to an address outside the prison, or e-mail the call to a valid e-mail address. If you are unable to obtain authorization, you should consider this a denial of your request for the call, as release could be an unwarranted invasion of the personal privacy of the other party. The statutory basis for this decision is 5 U.S.C. §552(b)(7)©.

Pursuant to Title 28, Code of Federal Regulations, Section 16.8, this response may be appealed to the Attorney General by filing a written appeal within sixty days of the date of this letter. The appeal should be addressed to the Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, NW, Suite 11050, Washington, DC 20530-0001. Both the envelope and the letter of appeal itself must be clearly marked: "Freedom of Information Act Appeal."

Sincerely,

Michelle T. Fuseyamore
Regional Counsel

EXHIBIT  16

Director                                                          3/5/07
Federal Bureau of Prisons
320 First Street, NW
Washington, D.C. 20538                          SCNO

Dear Sir:
        This is a Request under the Freedom
of Information Act.
        I Request a copy of all Recordings the BOP
made of all conversations I had with Attorney
Doug Roller at #'s (314)909-7560; (314) 368-6368; 725-
9000; and (312) 337-6368 using the Inmate Telephone
System (ITS) at MCC Chicago, FTS Oklahoma City, OK;
USP Beaumont, TX; FCC Medium Beaumont; El Reno, OK;
Forrest City, AR; and USP Big Sandy; all from and
between the dates of 10/12/01 and 3/5/07.
        I will pay reasonable fees incurred.
My Name: Michael Carmie Antonelli
        DOB: 12/04/46
        POB: Chicago Illinois                     RECEIVED
        SS#: _____
        ITS#:

        I Declare under Penalty of Perjury that the
Aforementioned is my Biographical data and the
Signature below is my Signature:

                            By  Michael Antonelli
Executed: 3/5/07               Michael Antonelli
                               No. 04053-164
                               USP Big Sandy
                               1197 Airport Road
                               Inez, KY 41224

(28 USC Section 1746)

EXHIBIT  17

UNITED STATES GOVERNMENT
# MEMORANDUM
Federal Medical Center
Consolidated Legal Center
3301 Leestown Road
Lexington, Kentucky 40511-8799

March 19, 2007

MEMORANDUM FOR BEVERLY STARK, LEGAL LIAISON, USP BSY

FROM:       Joseph C. Tang, Supervisory Attorney
            Consolidated Legal Center

SUBJECT:       Request for Records

The following records have been requested by letter to this office.  Please duplicate the requested records and forward them to the Consolidated Legal Center at Lexington. Kentucky,  within ten (10) working days.  Please attach a copy of this letter to the requested records before mailing.  If the total amount of pages exceed 350, please notify us first before copying.  If you have any questions, please do not hesitate to contact me at

ANTONELLI, Michael, Reg. No. 04053-164 FOIA #2007-04383

Telephone recordings of inmate phone calls to attorney,                    , at the following phone numbers from 10-12-2001 through 3-5-07, using ITS

314-909-7560
314-368-6368
725-9000
312-337-6368

*** please copy to disk and forward to this office for keeping.***
[inmate  requesting]

EXHIBIT 18



UNITED STATES GOVERNMENT
Federal Bureau of Prisons
*Federal Medical Center*
*Consolidated Legal Center*
*3301 Leestown Road*
*Lexington, Kentucky 40511-8799*

March 20, 2007

Michael Antonelli
Reg. No. 04053-164
United States Penitentiary
Big Sandy
Post Office Box 2068
Inez, Kentucky 41224-2068

RE:    FOIA Request No. 2007-04383

Mr. Antonelli:

This letter is to acknowledge your request for Federal Bureau of Prisons records has been received in this office. In accordance with Title 28, Code of Federal Regulations, Section 16.3, your request has been forwarded to the Consolidated Legal Center, Lexington, Kentucky.

You have requested phone records of conversations you had with your attorney at while you were confined at various institution. All requests for records are processed on a "first-in, first-out" basis. You will be hearing from us in the near future regarding the processing of your request.

Under subpart (c) of 28 C.F.R. § 16.3 the filing of your request is deemed to constitute an agreement to pay all applicable fees charged under 28 C.F.R. § 16.11 up to $25.00. Although fees are assessed at ten cents ($0.10) per page, Title 28 C.F.R. § 16.11(c)(2) provides that the first 100 pages are released at no charge to the requester. The cost for staff time involved in searching and reviewing these documents will be assessed in accordance with Title 28, CFR § 16.11(c)(1) and (d)(2). You will be notified of any charges associated with your request.

Please address any concerns regarding this request to Consolidated Legal Center, Federal Medical Center, 3301 Leestown Road, Lexington, Kentucky 40511-8799, and reference the above request number.

Sincerely,

Michelle T. Fuseyamore
Regional Counsel

EXHIBIT 19



UNITED STATES GOVERNMENT
### Federal Bureau of Prisons
*Federal Medical Center*
*Consolidated Legal Center*
*3301 Leestown Road*
*Lexington, Kentucky 40511-8799*

April 12, 2007

Michael Antonelli
Reg. No. 04053-164
United States Penitentiary
Big Sandy
Post Office Box 2068
Inez, Kentucky 41224

Re:    FOIA/PA Request No. 2007-04383

Mr. Antonelli:

This letter is in response to your request for Federal Bureau of Prisons records. You requested a copy of all recordings of telephone conversations you had with                Attorney, from October 12, 2001 through March 5, 2007. You listed the phone numbers as 314-909-7560; 314-368-6368; 725-9000; and 312-337-6368.

No documents were found to be responsive to your request.

Pursuant to Title 28, Code of Federal Regulations, Section 16.8, this response may be appealed to the Attorney General by filing a written appeal within sixty days of the date of this letter. The appeal should be addressed to the Office of Information and Privacy, United States Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, DC 20530-0001. Both the envelope and the letter of appeal itself must be clearly marked: "Freedom of Information Act Appeal."

Sincerely,

Michelle T. Fuseyamore
Regional Counsel

EXHIBIT 20

Director
Federal Bureau of Prisons

320 First Street, NW

Washington, D. C.  20534

Dear Sir:

RECEIVED

AUG 1 8 2005

FOIA/PA SECTION
FEDERAL BUREAU OF PRISONS

This is a request under the Freedom of Information Act.

I request a copy of any and all documents, records and information that any part of your agency has or had in its possession that is in any way connected to, related to, or even remotely in reference to my name.

The following particulars may assist you in your search: I want a copy of all SIS, SIA, and any investigative records compiled since February 3, 2005 at FCC MEDIUM Forrest City, AR.

I will pay reasonable search and reproduction fees.

My biographical data is as follows:

FULL NAME   MICHAEL CARMIE ANTONELLI

DATE OF BIRTH :   December 4, 1946

PLACE OF BIRTH :   Chicago, Illinois USA

SOCIAL SECURITY NUMBER:

I declare under penalty of perjury that the aforementioned biograph- ical data is that of my person and the signature below is my true and correct original signature signed under oath.

Executed this  3rd day of  August  ,  2005

By  X _____
                    Affiant Herein

(28 USC Section 1746)

Name:   MICHAEL ANTONELLI

Reg. No.   04053-164

Federal Correctional Institution
Box 3000 (MEDIUM)
Forrest City, Arkansas 72336

2005-08429

EXHIBIT 21



**U.S. Department of Justice**

Federal Bureau of Prisons

*South Central Regional Office*

---

*4211 Cedar Springs Road, Suite 300*
*Dallas, Texas 75219*

September 13, 2005

Michael Antonelli
Register Number 04053-164
Federal Correctional Institution (Medium)
Post Office Box 3000
Forrest City, Arkansas 72336

Re:  Freedom of Information Request Number 2005-08429

Dear Mr. Antonelli:

This is in response to your recent letter in which you requested
a copy of all Federal Bureau of Prisons records pertaining to you
including a copy of any Special Investigative Supervisor/Agent
(SIS/SIA) records generated since February 3, 2005, at the medium
security Federal Correctional Institution at Forrest City,
Arkansas.  Your request for all records is interpreted as a
request for documents maintained in the central and medical files
pertaining to you.

Bureau of Prisons, Program Statement 1351.05, <u>Release of
Information</u>, states that an inmate who wishes to have copies of
materials in his file should first present his request to local
institution staff.  If, after you review the materials locally,
you wish to acquire additional documents, you may submit a
separate request describing the records sought to the Bureau of
Prisons, Office of General Counsel, 320 First Street, N. W.,
Washington, D.C.  20534.  The envelope and the request must be
clearly marked "Privacy Act Request."

By copy of this letter, I am informing staff at the institution
that you should be provided an opportunity to review the
releasable documents maintained in your central and medical files
and be provided copies of all releasable documents.

SENSITIVE - LIMITED OFFICIAL USE

FOIA Req. No. 2005-08429                    September 13, 2005
Michael Antonelli; Reg. No. 04053-164       Page 2


Copies of SIS/SIA records generated at FCI Forrest City (Medium)
have been requested and will be reviewed and released as
appropriate by this office.

Your request has been placed in chronological order based on the
date of receipt and will be handled as expeditiously as possible
when it is assigned for processing.

Please be advised that in accordance with Title 28, Code of
Federal Regulations, Section 16.3(c), this request constitutes an
agreement by you to pay all applicable fees up to $25.00.  Please
do not forward payment at this time.  You will be advised of the
applicable fees, if any.

Sincerely,


Michael D. Hood
Regional Counsel

lc

cc:  Linda Sanders, Warden
     FCI Forrest City (Medium)

     NOTE:  Please have the appropriate staff provide
     Mr. Antonelli with an opportunity to review the central and
     medical files pertaining to him and obtain copies of
     releasable documents.  Please note a copy of the releasing
     correspondence should be forwarded to this office.


SENSITIVE - LIMITED OFFICIAL USE

U.S. Department of Justice

Federal Bureau of Prisons

JAN   6 2006

Michael Antonelli                              For Further Inquiry Contact:
Register Number 04053-164                      Federal Bureau of Prisons
Federal Correctional Complex-Med               320 First Street. N.W.
P.O. Box 3000                                  Room 841, HOLC Building
Forrest City, Arkansas 72336                   Washington, D.C. 20534
                                               Attn: FOIA/Privacy Act Office

RE:  Request for Information, FOIA Request No. 2005-08429

Dear Mr. Antonelli:

     This is in response to your Freedom of Information Act
request for "a copy of all SIS, SIA, and any investigative
records complied since February 3, 2005 at FCC Medium Forrest
City, AR."

     We have located 30 pages of documents in response to your
request.  It has been determined 17 pages are releasable to you
in their entirety; however, the remaining 13 pages are being
redacted pursuant to 5 U.S.C. §552(b)(7)(C).  Exemption (b)(7)(C)
provide for the withholding of records or information compiled
for law enforcement purposes which could reasonably be expected
to constitute an unwarranted invasion of personal privacy.

     Pursuant to 28 C.F.R. §16.9, this denial may be appealed to
the Attorney General by filing a written appeal within sixty days
of the receipt of this letter.  The appeal should be addressed to
the Office of Information and Privacy, U.S. Department of
Justice, Flag Building, Suite 570, Washington, D.C. 20530.  Both
the envelope and the letter of appeal itself must be clearly
marked:  "Freedom of Information Act Appeal.

     We trust this information is of assistance to you.  If you
have any questions or concerns please contact Wilson J. Moorer,
Paralegal.

                              Sincerely,

                              Wanda M. Hunt
                              Chief, FOIA/PA Section

Enclosure: 30 pages
cc: File

EXHIBIT 22

Director
Federal Bureau of Prisons
320 First Street, NW                                        August 16, 2006
Washington, D. C.  20534

RE:  All Tort Claim Records

Dear Sir:

This is a request under the Freedom of Information Act.

I request all records or information that your agency has or had in their possession in any way connected to each, every and all tort claims I filed since on or about January 1, 2005.  This means all claim forms I filed, all responses, all investigations, and each and every bit of information that exists in the Forrest City, Arkansas Medium facility, the South Central Regional Facilities at Dallas, Grand Prairie, or anywhere else in Texas and the Federal Transfer Center Legal Offices in Oklahoma.  I mean everything, which is everything I submitted or anyone else submitted.

FULL NAME: MICHAEL CARMIE ANTONELLI
DOB:  December 4, 1946
POB: Chicago, illinois USA
SS No.

I declare under the penalty of perjury that the above is my biographical data and the signature below is my signature:

Executed this 16TH day of August, 2006.

By _____
Michael Antonelli, Affiant

(28 USC Section 1746)

RECEIVED
AUG 2 5 2006
FOI/PA SECTION
FEDERAL BUREAU OF PRISON

Sincerely,

_____
Michael Antonelli 04053-164
USP Big Sandy; Box 2068
INEZ, KY 41224

cc : file

RECEIVED
AUG 2 2 2006

2006-09743

EXHIBIT 23



**U.S. Department of Justice**

Federal Bureau of Prisons

*South Central Regional Office*

---

4211 Cedar Springs Road, Suite 300
Dallas, Texas 75219


Michael Antonelli
Register Number 04053-164
USP Big Sandy
Post Office Box 2068
Inez, Kentucky 412240

Re:  Freedom of Information Request Number 2006-09743

Dear Mr. Antonelli:

This is in response to your recent request for a copy of specific
Federal Bureau of Prisons records pertaining to you.  Specifically,
you requested a copy of all records related to the tort claims you
have filed since January 1, 2005.

Due to the large number of requests received by the BOP for
disclosure of records pursuant to the Freedom of Information and
Privacy Acts, and due to the limited resources available to process
such requests, the BOP has adopted a "first-in, first-out" practice
of processing all incoming requests.

Your request has been placed in chronological order based on the
date of receipt and will be handled as expeditiously as possible
when it is assigned for processing.

Please be advised that in accordance with Title 28, Code of Federal
Regulations, Section 16.3(c), this request constitutes an agreement
by you to pay all applicable fees up to $25.00.  Please do not
forward payment at this time.  You will be advised of the
applicable fees, if any.

Sincerely,

Michael D. Hood
Regional Counsel

lc

SENSITIVE - LIMITED OFFICIAL USE

EXHIBIT 24

U.S. Department of Justice

Federal Bureau of Prisons

*South Central Regional Office*

*4211 Cedar Springs Road, Suite 300*
*Dallas, Texas 75219*

OCT 31 2006

Michael Antonelli
Register Number 04053-164
USP Big Sandy
Post Office Box 2068
Inez, Kentucky 41224

Re:  Freedom of Information Request Number 2006-09743

Dear Mr. Antonelli:

This is in response to your request for a copy of specific
Federal Bureau of Prisons records pertaining to you.  You
requested a copy of all records related to all tort claims you
submitted between January 1, 2005, and the date of your request,
August 16, 2006.  A review of Bureau of Prisons records
identified the following claims as responsive to your request:
TRT-SCR-2005-03227, TRT-SCR-2005-03871, TRT-SCR-2005-03937,
TRT-SCR-2005-04467, TRT-SCR-2005-04774, TRT-SCR-2005-04837,
TRT-SCR-2006-00011, TRT-SCR-2006-00871, TRT-SCR-2006-01049,
TRT-SCR-2006-01672, and TRT-SCR-2005-01208.

A thorough search has been conducted and a total of two hundred
eighteen (218) pages were located in response to your request.
These records have been reviewed and one hundred fifty-five (155)
pages are being released in their entirety, thirty-two (32) pages
are being released with certain information excised, and the
remaining thirty-one (31) pages are being withheld.  The
aforementioned withholding and/or excision of information is
pursuant to:

> Title 5, United States Code, Section 552(b)(2), because the
> information is related solely to the internal personnel
> rules and practices of an agency.

SENSITIVE - LIMITED OFFICIAL USE

FOIA Req. No. 2006-09743
Michael Antonelli; Reg. No. 04053-164
Page 2

Title 5, United States Code, Section 552(b)(5), because
release of the information which is compiled for law
enforcement purposes would have an inhibitive effect upon
the open and frank communications between government
employees.

Title 5, United States Code, Section 552(b)(5), because this
is an intra-agency document which represents the work
product of an attorney-client relationship and is not
discoverable in litigation proceedings.

Title 5, United States Code Section 552(b)(7)(C), because
release of the information which is compiled for law
enforcement purposes would constitute an unwarranted
invasion of the personal privacy of individuals.

Title 5, United States Code, Sections 552(b)(7)(F), because
release of the information which is compiled for law
enforcement purposes could endanger the physical safety of
individuals.

Pursuant to Title 28, Code of Federal Regulations, Section 16.9,
this action may be appealed to the Attorney General within sixty
(60) days of the date of this letter by writing to the Office of
Information and Privacy, Department of Justice, 1425 New York
Avenue, Suite 11050, Washington, DC  20530-0001.  Please ensure
that the envelope and request are clearly marked "FOI Request
Appeal."

Sincerely,

Michael D. Hood
Regional Counsel

Enclosure: 187 pages

lc

SENSITIVE - LIMITED OFFICIAL USE

EXHIBIT 25

To: DIRECTOR                    **FOIA REQUEST**          Date: 9/18/05

FEDERAL BUREAU OF PRISONS
320 FIRST STREET, N W
WASHINGTON, D.C. 20534

Dear Sir:

This is a request under the Freedom of Information Act.
I request a copy of any and all documents, records and information
that any part of your agency has or had in its possession that is in
any way connected to, related to, or even remotely in reference to
my name or the subject matter briefly described below:

I REQUEST A COPY OF MY ENTIRE RDAP TREATMENT
File INCLUDING A HARD-COPY OF All COMPUTER ENTRIES
GENERATED FROM 2/3/05 TO DATE.

I will pay reasonable search and reproduction fees.
My Biographical data is as follows:

FULL NAME: ___Michael ANTONelli___

DATE OF BIRTH ___12/04/46___

PLACE OF BIRTH ___Chicago, Illinois___

SOCIAL SECURITY NUMBER _____

I declare (or certify, verify, or state) under the penalty of
perjury that the foregoing is true and correct.

Executed on this ___10th___ day of ___September___, 2005.

                        By X ___Michael Antonelli___
                              Affiant/Declarant Herein
(28 USC Section 1746)

Name: ___Michael Antonelli___

Reg. No. ___08053-164___

Federal Correctional Complex
Box 3000 (MEDIUM)
Forrest City, Arkansas

                72336

RECEIVED

SEP 27 2005

FOIA/PA SECTION
FEDERAL BUREAU OF PRISON

cc: file

                                        2006-00068

EXHIBIT 26



**U.S. Department of Justice**

Federal Bureau of Prisons

*South Central Regional Office*

_____

*4211 Cedar Springs Road, Suite 300*
*Dallas, Texas 75219*

October 7, 2005

Michael Antonelli
Register Number 04053-164
Federal Correctional Complex (Med)
Post Office Box 3000
Forrest City, Arkansas 72336

Re: Freedom of Information Request Number 2006-00068

Dear Mr. Antonelli:

This is in response to your request for a copy of specific Bureau of Prisons records pertaining to you. You requested a copy of your "entire RDAP treatment file" and all computer entries generated from February 3, 2005.

As for your request for all computer entries generated since February 3, 2005, it is not clear what records you are seeking. In accordance with 28 C.F.R. § 16.3(b), you as the requestor must reasonably describe the records sought in sufficient detail to enable Bureau of Prisons staff to identify the record(s). If you wish, you may submit a new request for the "computer entries" with additional information to assist in identifying any responsive records.

Documents regarding the RDAP program are routinely maintained in an inmates psychology file and are normally releasable by institution staff. Therefore, in accordance with Bureau of Prisons Program Statement 1351.05, <u>Release of Information</u>, please contact local institution staff and request access to the documents in your psychology file. Please note that in accordance with the above-referenced policy you can be charged a fee for release of the documents. However, Title 28, Code of Federal Regulations, Section 16.11(c), sets forth some limitations on charging fees. If, after you review the materials locally, you wish to acquire additional documents you may submit a separate

SENSITIVE - LIMITED OFFICIAL USE

FOIA Req. No. 2006-00068                    October 7, 2005
Michael Antonelli; Reg. No. 04053-164       Page 2

request, which describes the records sought, to the Bureau of
Prisons, Office of General Counsel, 320 First Street, NW,
Washington, D.C. 20534.   The envelope and the request must be
clearly marked "Privacy Act Request."

By copy of this letter, I am informing staff at the institution
that you should be provided an opportunity to review the
releasable documents maintained in the psychology file pertaining
to you and obtain copies of releasable documents.

Sincerely,

Michael D. Hood
Regional Counsel

lc

cc:  Linda Sanders, Warden
     FCC Forrest City

     NOTE:  Please have the appropriate staff provide Mr.
     Antonelli with an opportunity to review the psychology file
     pertaining to him and obtain copies of releasable documents.
     Please note a copy of the releasing correspondence should be
     forwarded to this office.

SENSITIVE - LIMITED OFFICIAL USE

EXHIBIT 27

To: DIRECTOR

FEDERAL BUREAU OF PRISONS
320 FIRST STREET, NW
WASHINGTON, D.C. 20534

Date: 4/15/06

RECEIVED
MAY 3 1 2006
FOIA/PA SECTION
FEDERAL BUREAU OF PRISON

Dear Sir:

This is a request under the Freedom of Information Act.

I request a copy of any and all documents, records and informat
that any part of your agency has or had in its possession that is
in any way connected to, related to, or even remotely in reference
to my name.

The following particulars may assist you in your search:
I REQUEST A COPY OF ALL RECORDS IN ANY WAY CONNECTED
TO THE INCEDENT REPORT I RECEIVED ON JUNE 16, 2005
FOR REFUSING AN ORDER AND INSOLENCE INCLUDING COPIES OF
ALL BP-8, BP-9, BP-10 AND BP-11 APPEALS AND ALL RECORDS
THAT I Submitted AS EXHIBITS AT FORREST CITY, The REGION + CENTRAL OFF

I will pay reasonable search and reproduction fees.

My biographical data is as follows:

FULL NAME _Michael ANTONelli_

DATE OF BIRTH : _12/4/46_

PLACE OF BIRTH : _Chicago, Illinois_

SOCIAL SECURITY NUMBER: _____

I declare under penalty of perjury that the aforementioned biograp
ical data is that of my person and the signature below is my true
and correct original signature signed under oath.

Executed this _15th_ day of _April_, 2006

By _Michael Antonelli_
Affiant Herein

(28 USC Section 1746)

Name: _Michael ANTONelli_

Reg. No. _04053-164_
FEDERAL CORRECTIONAL COMPLEX
BOX 3000 (MEDIUM)
FORREST CITY, ARKANSAS 72336

CC: File

2006-06825

EXHIBIT 28

**U.S. Department of Justice**

Federal Bureau of Prisons

*South Central Regional Office*

---

*4211 Cedar Springs Road, Suite 300*
*Dallas, Texas 75219*

JUL 2 5 2006

Michael Antonelli
Register Number 04053-164
USP Big Sandy
Post Office Box 2068
Inez, Kentucky 41224

Re:  Freedom of Information Request Number 2006-06825

Dear Mr. Antonelli:

This is in response to your letter in which you requested a copy of all records pertaining to an incident report you received on June 15, 2005, including all administrative remedy requests and appeals related to the incident report.

Records pertaining to inmate discipline are routinely maintained in the central file pertaining to the inmate and are normally releasable by staff at the institution where the inmate is incarcerated.  Bureau of Prisons, Program Statement 1351.05, <u>Release of Information</u>, states that an inmate who wishes to have copies of materials in his file should first present his request to local institution staff.  If, after you review the materials locally, and you wish to acquire additional documents, you may submit a separate request describing the records sought to the Bureau of Prisons, Office of General Counsel, 320 First Street, N. W., Washington, D.C.  20534.  The envelope and the request must be clearly marked "Privacy Act Request."

In response to your request for a copy of administrative remedy records related to the June 15, 2005, incident report, a total of ninety-one (91) pages have been located.  These documents have been reviewed and fifty-five (55) pages are being released in their entirety, twenty-nine (29) pages are being released with certain information excised, and the remaining seven (7) pages are being withheld.  The aforementioned withholding and/or excision of information is pursuant to:

**SENSITIVE - LIMITED OFFICIAL USE**

FOIA Req. No. 2006-06825
Michael Antonelli; Reg. No. 04053-164
Page 2

Title 5, United States Code, Section 552(b)(2), because the
information is related solely to the internal personnel
rules and practices of an agency.

Title 5, United States Code, Section 552(b)(5), because this
is an intra-agency document which represents the work
product of an attorney-client relationship and is not
discoverable in litigation proceedings.

Title 5, United States Code, Section 552(b)(5), because
release of the information which is compiled for law
enforcement purposes would have an inhibitive effect upon
the open and frank communications between government
employees.

Title 5, United States Code Section 552(b)(7)(C), because
release of the information which is compiled for law
enforcement purposes would constitute an unwarranted
invasion of the personal privacy of individuals.

Title 5, United States Code, Sections 552(b)(7)(F), because
release of the information which is compiled for law
enforcement purposes could endanger the physical safety of
individuals.

Pursuant to Title 28, Code of Federal Regulations, Section 16.9,
this action may be appealed to the Attorney General within sixty
(60) days of the date of this letter by writing to the Office of
Information and Privacy, Department of Justice, 1425 New York
Avenue, Suite 11050, Washington, DC  20530-0001.  Please ensure
that the envelope and request are clearly marked "FOI Request
Appeal."

Sincerely,

Michael D. Hood
Regional Counsel

Enclosure: 84 pages

lc

SENSITIVE - LIMITED OFFICIAL USE

EXHIBIT  29

SCRO

RECEIVED

SEP 1 5 2006

FOIA/PA SECTION
FEDERAL BUREAU OF PRISON

Director
Federal Bureau of Prisons                           August 13, 2006
320 First Street, NW
Washington, D. C.  20534

                        RE:  Incident Report No. 1440394
                             Admin Remedy No 411235

Dear Sir:

        This is a request under the Freedom of Information Act.

        I request a copy of all information in any way connected

I want all records existing in the Forrest City Medium Complex
including the DHO records, Ms K. Taylor, my representative records,
the SIA/SIS records and any Lt's or Captains office records that
are in connection to the incident reported.  This also includes
all records at the South Central Regional Offices and the Central
Office in Washington, D. C. in any way connected to the incident.

FULL NAME:  MICHAEL CARMIE ANTONELLI
DOB : December 4, 1946
POB: Chicago, Illinois USA
SS No.

        I declare under the penalty of perjury that the above is my
biographical information and the signature below is my signature.

Executed this 13 TH day of August, 2006.

                        By _____
                            Michael Antonelli, Affiant

(28 USC Section 1746)




                        Sincerely,



                        Michael Antonelli
                        04053-164
                        USP Big Sandy
                        Box 2068
                        Inez, KY  41224


cc : file


2006-106 00

EXHIBIT 30

**U.S. Departme.    f Justice**

Federal Bureau of Prisons

*South Central Regional Office*

---

*4211 Cedar Springs Road, Suite 300*
*Dallas, Texas 75219*

OCT 18 2006

Michael Antonelli
Register Number 04053-164
USP Big Sandy
Post Office Box 2068
Inez, Kentucky 41224

Re:  Freedom of Information Request Number 2006-10600

Dear Mr. Antonelli:

This is in response to your recent request for a copy of specific
Federal Bureau of Prisons records pertaining to you.  You requested
a copy of all records pertaining to incident report number 1440394
and the related appeal number 411235.

Due to the large number of requests received by the BOP for
disclosure of records pursuant to the Freedom of Information and
Privacy Acts, and due to the limited resources available to process
such requests, the BOP has adopted a "first-in, first-out" practice
of processing all incoming requests.

Your request has been placed in chronological order based on the
date of receipt and will be handled as expeditiously as possible
when it is assigned for processing.

Please be advised that in accordance with Title 28, Code of Federal
Regulations, Section 16.3(c), this request constitutes an agreement
by you to pay all applicable fees up to $25.00.  Please do not
forward payment at this time.  You will be advised of the
applicable fees, if any.

Sincerely,

Michael D. Hood
Regional Counsel

lc

SENSITIVE - LIMITED OFFICIAL USE

EXHIBIT 31

**U.S. Department of Justice**

Federal Bureau of Prisons

*South Central Regional Office*

---

4211 Cedar Springs Road, Suite 300
Dallas, Texas 75219

OCT 3 1 2006

Michael Antonelli
Register Number 04053-164
USP Big Sandy
Post Office Box 2068
Inez, Kentucky 41224

Re:  Freedom of Information Request Number 2006-10600

Dear Mr. Antonelli:

This is in response to your recent request for a copy of specific Federal Bureau of Prisons records pertaining to you.  You requested a copy of all records pertaining to incident report number 1440394 and the related appeal number 411235.

A thorough search has been conducted and a total of forty-six (46) pages were located in response to your request.  These documents have been reviewed and twenty-three (23) pages are being released in their entirety, eighteen (18) pages are being released with certain information excised, and the remaining five (5) pages are being withheld.  The aforementioned withholding of information and/or excision of information is pursuant to:

Title 5, United States Code, Section 552(b)(2), because the information is related solely to the internal personnel rules and practices of an agency.

Title 5, United States Code Section 552(b)(7)(C), because release of the information which is compiled for law enforcement purposes would constitute an unwarranted invasion of the personal privacy of individuals.

**SENSITIVE - LIMITED OFFICIAL USE**

FOIA Req. No. 2006-10600
Michael Antonelli; Reg. No. 04053-164
Page 2

Title 5, United States Code, Sections 552(b)(7)(F), because
release of the information which is compiled for law
enforcement purposes could endanger the physical safety of
individuals.

Pursuant to Title 28, Code of Federal Regulations, Section 16.9,
this action may be appealed to the Attorney General within sixty
(60) days of the date of this letter by writing to the Office of
Information and Privacy, Department of Justice, 1425 New York
Avenue, Suite 11050, Washington, DC  20530-0001.  Please ensure
that the envelope and request are clearly marked "FOI Request
Appeal."

Sincerely,

Michael D. Hood
Regional Counsel

Enclosure: 41 pages

lc

SENSITIVE - LIMITED OFFICIAL USE

EXHIBIT 32

DIRECTOR
OFFICE OF INFORMATION + PRIVACY
DEPARTMENT OF JUSTICE
WASHINGTON, D.C. 20530

3/5/07

RE: FOIA TO BOP NO. 2006-06375

DEAR SIR:
This is AN APPEAL UNDER The FOIA.

BY LETTER DATED 2/28/07 The REGIONAL
COUNSEL OF The SOUTH CENTRAL REGIONAL OFFICE
OF The FEDERAL BUREAU OF PRISONS DENIED MY
REQUEST ENUMERATED ABOVE because I
SUPPOSEDLY OWE The USMS $42.10 IN
CONNECTION TO REQUEST NUMBER 2003USMS4609.

(1) PLEASE KNOW THAT I PAID The $42.10
TO The UNITED STATES MARSHALS SERVICE TWO
(2) MONTHS AGO. THEREFORE, The DENIAL OF
REQUEST 2006-06375 BY The BOP IS
IMPROVIDENT.

I THEREFORE APPEAL THAT DENIAL AS
ARBITRARY, CAPRICIOUS AND IMPROVIDENT.

SINCERELY,

Michael Antonelli

MICHAEL ANTONELLI
04053-164
BOX 2068
USP BIG SANDY
INEZ, KY 41224

CC: FILE

"UUU"

EXHIBIT 33



**U.S. Department of Justice**

Federal Bureau of Prisons

*South Central Regional Office*

---

*4211 Cedar Springs Road, Suite 300*
*Dallas, Texas 75219*

FEB 2 8 2007


Michael Antonelli
Register Number 04053-164
USP Big Sandy
Post Office Box 2068
Inez, Kentucky 41224

Re:  Freedom of Information Request Number 2006-06375

Dear Mr. Antonelli:

This is in response to your request for a copy of specific
Federal Bureau of Prisons records pertaining to you.  You
requested a copy of all records pertaining to incident reports
you received at the Federal Correctional Complex in Forrest City,
Arkansas, specifically the Discipline Hearing Officer's (DHO)
report for incident report number 411235 and the related
administrative remedy appeals numbered 382462 and 411066.  You
also requested a copy of all "Sensitive" requests for
administrative remedy you submitted after February 3, 2005, to
the South Central Regional Office in Dallas, Texas, and the
Central Office in Washington, DC.

The Bureau of Prisons obtained information from the Office of
Information and Privacy indicating you owe the United States
Marshals Service a fee of forty-two dollars and ten cents
($42.10) for the duplication of records processed in response to
Request Number 2003USMS4609.

Please be advised that in accordance with Title 28, Code of
Federal Regulations, Section 16.11(i)(3), no further action will
be taken on this request, or any new request, until the fee of

SENSITIVE BUT UNCLASSIFIED

FOIA Req. No. 2006-06375
Michael Antonelli; Reg. No. 04053-164
Page 2

forty-two dollars and ten cents ($42.10) is paid, for the
processing of FOIA Request Number 2003USMS4609.  You will be
required to substantiate that you have paid this debt before this
office accepts any new request you submit.

Sincerely,

Michael D. Hood
Regional Counsel

lc

SENSITIVE BUT UNCLASSIFIED

EXHIBIT 34

**FOIA REQUEST**

To: ~~Director~~                                      Date: ~~August 24, 2005~~

~~Federal Bureau of Prisons~~

~~320 First Street, NW~~

~~Washington, D. C.  20534~~

Dear Sir:

     This is a request under the Freedom of Information Act.
     I request a copy of any and all documents, records and information
that any part of your agency has or had in its possession that is in
any way connected to, related to, or even remotely in reference to
my name or the subject matter briefly described below:
     I request a copy of FOIA request 2003-4556 (04556) that caused
~~the attached DOCUMENT FOR INMATE REVIEW to be brought to me on~~
~~August 23, 2005 here at Forrest City, Arkansas MEDIUM facility.~~ Also,
please send any other records pertaining to ~~th~~that request.  I want
no other records than those pertaining to FOIA 2003-04556 only.(See attache
     I will pay reasonable search and reproduction fees.          FAX)
        My Biographical data is as follows:

FULL NAME: ~~MICHAEL CARMIE ANTONELLI~~

DATE OF BIRTH ~~December 4, 1946~~

PLACE OF BIRTH ~~Chicago, Illinois~~

SOCIAL SECURITY NUMBER

     I declare (or certity, verify, or state) under the penalty of
perjury that the foregoing is true and correct.

Executed on this ~~24th~~day of ~~August~~                , 2005.

              By X _____
                  Affiant/Declarant Herein

(28 USC Section 1746)

Name: ~~Michael Antonelli~~

Reg. No. ____04053-164____

Federal Correctional Complex
Box 3000 (MEDIUM)
Forrest City, Arkansas
            72336

cc : file

EXHIBIT 35



**U.S. Department of Justice**

Federal Bureau of Prisons

SEP 3 0 2005

_Washington, DC 20534_

Michael Antonelli
Register Number 04053-164
Federal Correctional Complex-Med
P.O. Box 3000.
Forrest City, Arkansas 72336

For Further Inquiry Contact:
Federal Bureau of Prisons
320 First Street. N.W.
Room 841, HOLC Building
Washington, D.C. 20534
Attn: FOIA/Privacy Act Office

RE:  Request for Information, FOIA Request No. 2005-08590

Dear Mr. Antonelli:

        This is in response to your Freedom of Information Act
request for a copy of FOIA Request Number 2003-04556 and any
other records pertaining to that request.  We have located five
(5) pages of documents in response to your request which
represents all of the information contained in the FOIA file.

        I trust this has been responsive to your request.  If you
have any questions or concerns please contact Wilson J. Moorer,
Paralegal.

                                Sincerely,

                                Wanda M. Hunt
                                Chief, FOIA/PA Section

Enclosures: 5 pages

cc: File

EXHIBIT 36

RECEIVED
AUG    2006
FOIA/PA SECTION
FEDERAL BUREAU OF PRISON

Director
Federal Bureau of Prisons                              August 8, 2006
320 First Street, NW
Washington, D. C.  20534

                              RE:  Administrative Remedy No 406470

Dear Sir:

       This is a request under the Freedom of Information Act.

       I request a copy of all information in any way connected to
Administrative Remedy No. 406470.

       This means all records compiled at Forrest City, Arkansas;
all records at the South Central Regional Offices in Dallas, Texas;
Grand Prairie, Texas and Oklahoma City, Oklahoma, including all
records at the Central Offices in Washington, D.C.

       Please send all records regardless of who authored them.

FULL NAME:  MICHAEL CARMIE ANTONELLI
DOB :  December 4, 1946
POB: Chicago, Illinois USA
SS No.

       I declare under the penalty of perjury that the above biographical
data and signature below are my data and signature.

Executed this   8th   day of August, 2006.

                              By _Michael Antonelli_____
                                 Michael Antonelli, Affiant
(28 USC Section 1746)

RECEIVED
          17
Remedy Section

                              Sincerely,

                              Michael Antonelli

                              Michael Antonelli 04053-164
                              USP Big Sandy; Box 2068
                              INEZ, KY 41224

cc : file

                                        2006-10535

EXHIBIT 37



**U.S. Department of Justice**

Federal Bureau of Prisons

*South Central Regional Office*

---

*4211 Cedar Springs Road, Suite 300*
*Dallas, Texas 75219*

OCT 17 2006

Michael Antonelli
Register Number 04053-164
USP Big Sandy
Post Office Box 2068
Inez, Kentucky 41224

Re:  Freedom of Information Request Number 2006-10535

Dear Mr. Antonelli:

This is in response to your recent request for a copy of all
Federal Bureau of Prisons records related to your request for
administrative remedy, number 406470-F1, including your appeals to
the South Central Regional Office in Dallas, Texas, and the Central
Office in Washington D.C.

Due to the large number of requests received by the BOP for
disclosure of records pursuant to the Freedom of Information and
Privacy Acts, and due to the limited resources available to process
such requests, the BOP has adopted a "first-in, first-out" practice
of processing all incoming requests.

Your request has been placed in chronological order based on the
date of receipt and will be handled as expeditiously as possible
when it is assigned for processing.

Please be advised that in accordance with Title 28, Code of Federal
Regulations, Section 16.3(c), this request constitutes an agreement
by you to pay all applicable fees up to $25.00.  Please do not
forward payment at this time.  You will be advised of the
applicable fees, if any.

Sincerely,

Michael D. Hood
Regional Counsel

lc

**SENSITIVE - LIMITED OFFICIAL USE**

EXHIBIT 38



**U.S. Department of Justice**

Federal Bureau of Prisons

*South Central Regional Office*

_____

*4211 Cedar Springs Road, Suite 300*
*Dallas, Texas 75219*

OCT 20 2006

Michael Antonelli
Register Number 04053-164
USP Big Sandy
Post Office Box 2068
Inez, Kentucky 41224

Re:   Freedom of Information Request Number 2006-10535

Dear Mr. Antonelli:

This is in response to your recent request for a copy of all Federal
Bureau of Prisons records related to your request for administrative
remedy, number 406470-F1, including your appeals to the South Central
Regional Office in Dallas, Texas, and the Central Office in
Washington D.C.

A total of eleven (11) pages were located in response to your
request. These documents have been reviewed and ten (10) pages are
being released in their entirety. The remaining one (1) page is
being released with certain information excised pursuant to Title 5,
United States Code, Section 552(b)(5), because release of the
information which is compiled for law enforcement purposes would have
an inhibitive effect upon the open and frank communications between
government employees.

Pursuant to Title 28, Code of Federal Regulations, Section 16.9, this
action may be appealed to the Attorney General within sixty (60) days
of the date of this letter by writing to the Office of Information
and Privacy, Department of Justice, 1425 New York Avenue, Suite
11050, Washington, DC 20530-0001. Please ensure that the envelope
and request are clearly marked "FOI Request Appeal."

Sincerely,

Michael D. Hood
Regional Counsel

Enclosure: 11 pages

lc

**SENSITIVE - LIMITED OFFICIAL USE**

EXHIBIT 39

Director
Federal Bureau of Prisons
320 First Street NW
Washington, D.C. 20534

6/13/06

Dear Sir: This is a Request under The FOI/PA. I Request a copy of The Sensitive BP-10 + Sensitive BP-11 I Sent To The Region (SCR) And Central Office Remedy ID #411064-A1 That The Central office Received 5/15/06, I Also Ask for a copy of The SCR Rejection Notice.

Michael Carmie Antonelli: 04053-164
POB: 1 , POB! Chicago, Illinois
I will pay fees incurred.

I Declare under Penalty of Perjury That The above is True and The below is my signature.

*Michael Antonelli*

Michael Antonelli

Federal Transfer Center

Oklahoma City, Oklahoma

Box 898801

73102

NAME _____
REG# _____
FEDERAL TRANSFER CENTER
P.O. BOX 898801
OKLAHOMA CITY, OK 73189-8801

" AAAA "

EXHIBIT 40

**UNITED STATES GOVERNMENT**
**MEMORANDUM**
**FEDERAL BUREAU OF PRISONS**

DATE:   July 5, 2006

REPLY TO
ATTN OF:  National Inmate Appeals, Central Office

Michael Antonelli #04053-164
~~FTC Oklahoma~~

_____1. Your appeal was answered on_____.  If you have not received your copy by now, you may ask the institution Administrative Remedy Coordinator to provide you with a copy from the Warden's Administrative Remedy File.

_____2. Your appeal was filed on_____, and a response is still in progress. If more than 40 days have elapsed since the filing date, you are entitled to consider your appeal denied.  However, some cases cannot be decided within this time period.  In that event, the time for response may be extended for an additional 20 days.  Staff will provide you with a computer-generated notice of extension to inform you of the extension.

_____3. Our records indicate that the appeal you reference has not been filed with this office.

_____4. You have not provided sufficient information for us to respond to your inquiry.  If your inquiry concerns an administrative remedy, please provide the **case number,** the date filed in this office or date mailed by you, your name and register number, and the subject of your administrative remedy.  If you cannot provide all of this information, please provide as much as possible.

_____5. A review of your inquiry reveals it contains issues you should first bring to the attention of institution staff.  If you are unable to resolve the issue(s) informally, you may present your complaint to the Warden via the Administrative Remedy Procedure.  This procedure is available to inmates confined in federal facilities to complain about any aspect of their confinement.

_____6. Extensions are granted only if an inmate's submission is untimely by no fault of his own.  Requests for extensions are only considered when submitted with the complete appeal packet.

_____7. Central Office Administrative Remedy Appeal responses are the final agency position.  If you are dissatisfied with the response, you may pursue any legal recourse you deem appropriate.

_____8. We can only address issues within the jurisdiction of the Federal Bureau of Prisons.

_____9. Your appeal was rejected and returned to you on_____.

_X__10. Other:  Your request is more appropriately handled through a Freedom of Information/Privacy Act request.  Such requests must be made in writing and addressed to the Director, Bureau Of Prison, 320 First Street, NW, Washington, D.C.  20534.  Both the face of the letter and envelope should be clearly marked, "Freedom of Information Request."

EXHIBIT 41

**FOIA REQUEST**

To: <u>Director</u>                                      Date: <u>August 4, 2006</u>

<u>Federal Bureau of Prisons</u>

<u>320 First Street, NW</u>

<u>Washington, D. C.   20534</u>

RECEIVED

AUG 1 5 2006

FOIA/PA SECTION
FEDERAL BUREAU OF PRISON

Dear Sir:

This is a request under the Freedom of Information Act.
I request a copy of any and all documents, records and information
that any part of your agency has or had in its possession that is in
any way connected to, related to, or even remotely in reference to
my name or the subject matter briefly described below:

I only want copies of all records in any way connected to Admin.
remedy No. 383161 including anything marked SENSITIVE by me. This
means ~~all records from Forrest City Medium; the South Central Region;~~
and the Central Office in Washington, D.C.

I will pay reasonable search and reproduction fees.
My Biographical data is as follows:

FULL NAME:    MICHAEL CARMIE ANTONELLI

DATE OF BIRTH    <u>December 4, 1946</u>

PLACE OF BIRTH    <u>Chicago, Illinois USA</u>

SOCIAL SECURITY NUMBER    <u>0</u>

I declare (or certify, verify, or state) under the penalty of
perjury that the foregoing is true and correct.

Executed on this    <u>4th</u>    day of    <u>August</u>    2006.

By X _Michael Antonelli_
Affiant/Declarant Herein

(28 USC Section 1746)

Name:  <u>MICHAEL ANTONELLI</u>

Reg. No.   <u>04053-164</u>

United States Penitentiary
Box 2068
INEZ, Kentucky  41224

cc : file

#1    2006-09337



Director                                                    August 6, 2006
Federal Bureau of Prisons
320 First Street, NW
Washington, D. C. 20534

                    RE: Administrative Remedy No. 392038

Dear Sir:

          This is a request under the Freedom of Information Act.

          I request a copy of all records in any way connected with
administrative remedy No. 392038, including all records in Forrest
City, Arkansas Medium, the South Central Regional Office, the South
Central Regional Designators Office in Grand Prairie, Texas and the
South Central Regional Legal Office in Oklahoma City, Oklahoma and
the Central Office in Washington, D. C.

          This means all records regardless of who authored then or sent
them in.

Name: MICHAEL CARMIE ANTONELLI
DOB: December 4, 1946
POB: Chicago, Illinois USA
SS No.

          I declare under penalty of perjury that the signature below
is my signature:

                         _Michael Antonelli_
                         Michael Antonelli, Requester

                         Sincerely,

                         _Michael Antonelli_
                         Michael Antonelli, Affiant
                         No. 04053-164
                         USP Big Sandy
                         Box 2068
(28 USC Section 1746)    Inez, Kentucky   41224


cc : file


                                        2006-09337

                    # 2

Director
Federal Bureau of Prisons                              August 7, 2006
320 First Street, NW
Washington, D.C.  20534

                          RE:  Administrative Remedy No. 402288

Dear Sir:

        This is a request under the Freedom of Information Act.

        I request a copy of all records in any way connected to
Administrative Remedy Request No. 402288.  This includes all records
at Forrest City, Arkansas MEDIUM; and the South Central Region; and
the Central Office.

        Kindly send me everything, no matter who authored it.

FULL NAME: MICHAEL CARMIE ANTONELLI
DOB : December 4, 1946
POB:  Chicago, Illinois USA
SS No.

        I declare under the penalty of perjury that the above data is
my biographical data and the signature below is my signature:

Executed this 7ᵀᴴ day of August, 2006.

                          By _____
                             MICHAEL ANTONELLI, Affiant

(28 USC Section 1746)


                                    Sincerely,

RECEIVED                            _____
                                    Michael Antonelli 04053-164
AUG 1 7 2006                        USP Big Sandy; Box 2068
                                    Inez, KY 41224
FOIA/PA SECTION
FEDERAL BUREAU OF PRISON
_ cc : file



#3    2006-09337

EXHIBIT 42

Michael Antonelli
04053-164
USP Big Sandy
P O Box 2068
Inez, KY 41224

For Further Inquiry Contact:
Federal Bureau of Prisons
320 First Street. N.W.
Room 841 HOLC Building
Washington, D.C. 20534
Attn: FOIA/Privacy Act Office

RE:  Request No. 06-09337

Dear Mr. Antonelli:

   This is in response to your Freedom of Information Act
requests for three responses to Administrative Remedies 392038,
383161, and 402288.

   We have attached 85 pages of responsive documents to your
request.  We have not withheld any portions of these documents and
providing them free of charge.

   We trust this will satisfy your request.

                              Sincerely,


                              Wanda M. Hunt
                              Chief, FOIA/PA Section

Enclosure

EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Michael C. Antonelli,                    )
                                         )
          Plaintiff,                     )
                                         )
     v.                                  )     Civil Action No. 07-02016 (CKK)
                                         )
Federal Bureau of Prisons, et al.        )
                                         )
          Defendants.                    )
_____  )

DECLARATION OF JANICE GALLI McLEOD

I, Janice Galli McLeod, declare the following to be true and correct:

(1) I am the Associate Director, Office of Information and Privacy (OIP), United States

Department of Justice.  In this capacity, I am the delegated final decision-making authority for

the Administrative Appeals Unit (Appeals Unit), OIP.  The Appeals Unit is responsible for

adjudicating administrative appeals submitted by requesters in response to actions taken by

Department components on requests for information submitted under the Freedom of Information

Act (FOIA), 5 U.S.C. § 552 (2006), amended by OPEN Government Act of 2007, Pub. L. No.

110-175, 121 Stat. 2524, and the Privacy Act of 1974, 5 U.S.C. § 552a (2006).  The Appeals Unit

renders decisions on the issue(s) raised on appeal by a FOIA requester.

(2) I make the statements herein on the basis of my personal knowledge, upon

information provided to me in my official capacity, and upon conclusions and determinations

made by me in accordance therewith.

(3) Due to the nature of my official duties, I am familiar with the procedures followed by

OIP in responding to appeals from actions taken by Department components on requests for

information made under the FOIA and the Privacy Act.  Specifically, I am familiar with the

administrative FOIA appeals filed by Michael C. Antonelli in connection with this litigation and have personally reviewed each of the administrative appeal files referenced in this declaration.

(4) The purpose of this declaration is to provide the Court with the history of the correspondence received by OIP with regard to several administrative appeals submitted or claimed to have been submitted by Mr. Antonelli over approximately a two-year time period -- between August 8, 2005 and June 21, 2007 and to inform the Court of correspondence related to plaintiff's FOIA fee delinquencies.

(5) Plaintiff's "Statement Of Material Facts Not In Genuine Dispute" [hereinafter Plaintiff's Statement of Material Facts], filed on January 9, 2008, follows the ordering of the counts in his original Complaint filed November 8, 2007.  Unlike his November 2007 filing, plaintiff's statement now includes exhibits.[1]

## I.  **Correspondence**

(6) This section addresses those Counts of plaintiff's Complaint in which plaintiff appealed to OIP from the action of a Department of Justice component with regard to a FOIA request that plaintiff claims he submitted to that component.  In a limited number of instances plaintiff does not specify that he submitted an appeal of the action complained of to OIP.  OIP personnel, however, have conducted searches of OIP's appeal tracking database for any indication that plaintiff did appeal the subject matter, if referenced in those particular Counts.[2]  The results of

---

[1] A comparison of plaintiff's Complaint and Plaintiff's Statement of Material Facts involved a line-by-line review of plaintiff's twelve-page Complaint, his twelve-page Statement of Material Facts, as well as a comparison of facts pled in his Complaint with the above-described statement and exhibits (which totaled 207 pages).

[2] This DOS-based system is most typically searched by using requester's/appellant's name.
(continued...)

those searches are included under the appropriate headings below.  Declarant follows the same ordering sequence used by plaintiff in his Complaint.

### Count I - Federal Bureau of Prisons

(7) By letter dated October 21, 2006, plaintiff asserts that he submitted a FOIA request to the Director of BOP for all BOP files on Anthony Allan Lemay and complains that he never received a response from BOP.  (See Complaint, Count I, ¶ 1, 2.)  Plaintiff does not allege that he submitted an administrative appeal to OIP with regard to this FOIA request.  OIP personnel conducted a search of its appeal tracking database for an appeal submitted by plaintiff under the subject of "Anthony Allan Lemay," BOP Request No. 07-02059, and found none.

### Count II - Federal Bureau of Prisons

(8) By letter dated September 2, 2005, plaintiff submitted an administrative FOIA appeal to OIP, appealing BOP's failure to respond to a request mailed on August 9, 2005.  (See Exhibit A, with attachment; Complaint, Count II, ¶¶ 1, 2.)  Plaintiff did not provide a BOP request number to OIP but attached a copy of a letter to BOP dated August 9, 2005, to his appeal in which he requested a copy of "all video tapes" of a common area at the Federal Correctional Complex, Forrest City, Arkansas, for the time period "between 2:00 p.m. and 3:00 p.m." on June 16, 2005. (See Exhibit A, Attachment.)  OIP personnel subsequently identified plaintiff's request as BOP Request No. 2005-08421, acknowledged it by letter dated October 3, 2005, and subsequently numbered it Appeal No. 05-2789 for accounting purposes.  (See Exhibit B.)

---

[2](...continued)
In instances where a particular requester/appellant has made numerous requests, the database can also be searched by the number of the request or the date of the request, if provided, which, in its most efficient manner, involves a screen-by-screen review of the data entered for each appeal under a particular requester/appellant name.

(9) In its letter dated October 3, 2005, OIP also advised plaintiff that it was unable to act on his appeal until there had been an initial determination by BOP.  (See id.)  Plaintiff was advised that he could again appeal to OIP once BOP completed its action on this request if BOP denied any of the requested material.  (See id.)  Plaintiff was further advised that he could instead consider BOP's failure to timely respond to his request as a denial of that request and if he so chose, seek judicial review of that denial.  (See id.)

(10) By letter dated October 8, 2005, plaintiff submitted a second administrative FOIA appeal to OIP of the action taken by BOP on his request for a video tape of a common area at the Federal Correctional Complex, Forrest City, Arkansas as described in paragraph 9 above.  (See Exhibit C; see also Complaint, Count II, ¶ 5.)  In that letter, plaintiff referenced a BOP Request No. 2005-08428 dated September 21, 2005.  (See id.)

(11) On October 24, 2005, OIP received plaintiff's appeal, acknowledged it by letter dated October 28, 2005, and assigned Appeal No. 06-0302 to it.  (See Exhibit D; see also Complaint, Count II, ¶ 6; Pl.'s Statement of Material Facts, Count II, ¶ 6, Pl.'s Exhibit H.)

(12) By letter dated December 27, 2006, OIP advised plaintiff that Appeal No. 06-0302 had been administratively closed due to his failure to pay past-due FOIA processing fees to the USMS for Request No. 2003USMS4609.  (See Exhibit E; see also Complaint, Count II, ¶ 7.)

(13) By letter dated January 11, 2007, in response to OIP's letter of December 27, 2006, plaintiff stated that he had paid USMS the $42.10 fee owed to it in connection with his Request No. 2003USMS4609.[3]  (See Exhibit F; see also Complaint, Count II, ¶ 8.)  Plaintiff, however, did

---

[3] Department regulations require that checks (or money orders) be made payable to the Treasury of the United States.  FOIA fees owed by requesters are submitted directly to the

(continued...)

not specify when he had paid that debt.  (Id.)  On March 8, 2007, USMS confirmed that on

January 8, 2007, plaintiff had paid the past-due FOIA debt owed to it that plaintiff incurred in

2003.

    (14) By letter dated April 9, 2007, in further response to plaintiff's letter of January 11,

2007, OIP reminded plaintiff that other past-due FOIA processing fees were also owed to EOUSA

(see Exhibit G) which had also been the subject of OIP's April 2, 2007 letter (see Exhibit H) to

him in connection with other FOIA requests made to EOUSA, and which were the subject of

other FOIA appeals made to OIP.  (See also Complaint, Count II, ¶ 9.)  OIP further advised

plaintiff that Appeal No. 06-0302 had been closed because of the past-due fees owed in

connection with the EOUSA request.  (See Exhibit G; see also 28 C.F.R. 16.11(i)(3) (2007.)

    (15) By letter dated April 15, 2007, in response to OIP's letter of April 9, 2007, plaintiff

claimed that he had paid "the entire bill" of $143.60 for the requests referenced in OIP's

correspondence of April 2, 2007.  (See Exhibit I; see also Complaint, Count II, ¶ 10.)  Plaintiff

asked that Appeal No. 06-0302 be reopened.  (Id.)

    (16) By letter dated May 7, 2007, in response to plaintiff's letter of April 15, 2007, OIP

informed plaintiff that it had again contacted EOUSA and that EOUSA confirmed that "it has no

record of your payment."  (Exhibit J.)

    (17) As of the outset of this litigation in November 2007, plaintiff had not substantiated

that his past-due FOIA debt to EOUSA had been paid.

_____

[3](...continued)
component of the agency that performed the FOIA work for accounting purposes; thereafter these
funds are transferred to the Treasury.  See Uniform Freedom of Information Act Fee Schedule
and Guidelines, 52 Fed. Reg. 10012, 10012 (1987) (issued by Office of Management and
Budget).

### Count III - Federal Bureau of Prisons

(18) By letter dated March 4, 2007, plaintiff submitted an administrative appeal to OIP asserting that BOP had "never responded" to a request he submitted "nearly two months ago." (See Exhibit K.)  Plaintiff attached a copy of a letter dated January 12, 2007, to "Director Federal Bureau of Prisons."  (See Exhibit L; Complaint, Count III, ¶ 3.)

(19) By letter dated April 26, 2007, OIP acknowledged plaintiff's letter of March 4, 2007, advised plaintiff that BOP had informed OIP that it had "no record of receiving this request from you," and informed plaintiff that OIP was referring his letter of March 4, 2007 to BOP for "processing and a direct response to you."  (See Exhibit M.)

### Count IV - Federal Bureau of Prisons

(20) Although plaintiff stated in his Complaint that he "appealed the insufficient search for records by the BOP," he did not provide sufficient information to enable OIP personnel to conduct a search of OIP's appeal tracking database.  (See Complaint, Court IV, ¶ 5.)  Plaintiff subsequently asserted that he submitted that appeal to OIP by letter dated January 25, 2007.  (See Pl.'s Statement of Material Facts, Count IV, ¶ 5.)  OIP personnel thereafter conducted a search of OIP's appeal tracking database for any FOIA appeal of any BOP matter submitted by plaintiff dated on or about January 25, 2007, but found none.

### Count V - Federal Bureau of Prisons

(21) By letter dated June 6, 2007, plaintiff submitted an administrative FOIA appeal to OIP in which he referenced BOP Request No. 2007-05576, which concerned a request for a copy of a recording of a telephone call.  (See Exhibit N; see also Complaint, Count V, ¶ 4.)

6

(22) By letter dated June 20, 2007 to plaintiff, OIP acknowledged receipt of plaintiff's appeal and assigned Appeal No. 07-1732 to it.  (See Exhibit O.)  OIP had not yet adjudicated that appeal as of the outset of this litigation.

## Count VI - Federal Bureau of Prisons

(23) By letter dated April 18, 2007, plaintiff submitted an administrative FOIA appeal to OIP in which he challenged BOP's "no records" response to Request No. 2007-04383 for copies of all recordings of telephone conversations between himself and an attorney over a multi-year period.  (See Exhibits P-Q; see also Complaint, Count VI, ¶ 4.)  By letter dated May 7, 2007, OIP acknowledged receipt of plaintiff's appeal and assigned Appeal No. 07-1324 to it.  (See Exhibit R; see also Complaint, Count VI, ¶ 5.)

(24) By letter dated June 5, 2007, OIP informed plaintiff that his appeal had been closed due to his failure to pay past-due FOIA processing fees on certain earlier requests made to EOUSA.  (See Exhibit S, a copy of which is attached hereto; see also 28 C.F.R. 16.11(i)(3) (2007); Complaint, Count VI, ¶ 6.)  Plaintiff was further advised that he would need to substantiate the payment of the overdue fees before action would be taken on any new appeals he submitted to OIP.  (See id.)

(25) By letter dated July 29, 2007, plaintiff provided OIP with a copy of a letter dated March 3, 2007 addressed to EOUSA, attached to which was a copy of a money order dated March 14, 2007.  Plaintiff described this as "factual evidence" that he had paid his debt in full and asked that his appeal be reopened.  (See Exhibit T; see also Complaint, Count VI, ¶ 7.)  For a further discussion of plaintiff's letter of July 29, 2007, see Plaintiff's Fee Delinquencies, *infra* at 22-23, ¶¶ 79, 80, 82.

7

(26) In response to plaintiff's July 29, 2007 letter and subsequent to the outset of this litigation in November 2007, OIP informed plaintiff that EOUSA had again searched its records for any evidence of payment of his past-due FOIA debt, but found none.  (See Exhibit DDD.)

### Count VII - Federal Bureau of Prisons

(27) By letter dated August 31, 2005, plaintiff submitted an administrative FOIA appeal to OIP in which he appealed BOP's failure to respond to an unnumbered request, subsequently designated by BOP as Request No. 2005-08429.  (See Exhibit U; see also Complaint, Count VII, ¶ 2.)

(28) By letter dated October 3, 2005, OIP acknowledged receipt of plaintiff's appeal, and subsequently assigned Appeal No. 05-2790 to it for accounting purposes.  (See Exhibit V; see also Complaint, Count VII, ¶ 4.)  OIP advised plaintiff that it was unable to act on his appeal until there had been an initial determination made by BOP.  (See id.)  Plaintiff was advised that he could again appeal to OIP once BOP completed its action on this particular request if BOP denied any of the requested material.  (See id.)  Plaintiff was further advised that he could instead consider BOP's failure to timely respond to his request as a denial of that request and if he chose, seek judicial review of that denial.  (See id.)

(29) By letter dated January 23, 2006, plaintiff submitted a second administrative FOIA appeal in which he challenged BOP's action on Request No. 2005-08429, specifically the "exporgated records and blanket denial of some information."  (See Exhibit W; see also Complaint, Count VII, ¶ 6.)  By letter dated February 17, 2006, OIP acknowledged receipt of this second appeal and assigned Appeal No. 06-1154 to it.  (See Exhibit X, a copy of which is attached hereto; see also Complaint, Count VII, ¶ 7.)

8

(30) By letter dated March 30, 2006, OIP adjudicated plaintiff's appeal, made a supplemental release of additional information from two pages of BOP records previously released to plaintiff in part, but otherwise affirmed BOP's use of Exemption 7(C) to the records at issue, 5 U.S.C. § 552(b)(7)(C).  (See Exhibit Y; see also Complaint, Count VII, ¶ 8.)

## VIII - Federal Bureau of Prisons

(31) Plaintiff alleges in his Complaint that by letter dated November 12, 2006, he "appealed the withholdings to OIP" made by BOP to records related to tort claims he had filed. (See Complaint, Count VIII, ¶ 4.)  OIP personnel conducted a search of its appeal tracking database using the date provided by plaintiff but was unable to identify any administrative appeal dated or received from plaintiff on November 12, 2006.  Thereafter, OIP personnel conducted an additional search of OIP's appeal tracking database extending the search to include any appeal submitted by plaintiff within the month of November 2006.  No appeal submitted by plaintiff, concerning BOP's action on his request for records pertaining to tort claims filed by plaintiff, was identified.

## IX - Federal Bureau of Prisons

(32) By letter dated October 11, 2005, plaintiff asserts that he "appealed the failure of the BOP to act within the time limits" on his request for a copy of his "entire RDAP Treatment File including a hard-copy of all computer entries generated."  (See Complaint, Count XI, ¶¶ 1, 5.)  OIP personnel conducted a search of OIP's appeal tracking database using the date provided by plaintiff, but was unable to identify any administrative appeal dated October 11, 2005.  Thereafter, an additional search of OIP's appeal tracking database was conducted extending the search to include any appeal submitted by plaintiff within the month of October 2005.  No appeal submitted

by plaintiff concerning BOP's failure to timely respond to his request for records pertaining to "RDAP file Treatment File" was identified.

(33) Although OIP did not identify an appeal dated October 11, 2005, OIP did locate an appeal dated November 3, 2005, which concerned the same general subject matter referenced by plaintiff in paragraph one of plaintiff's Complaint, Count IX, in which he referenced BOP Request No. 00068, and likewise challenged BOP's failure to timely respond to his request. (See Complaint, Count IX, ¶ 9; see also Pl.'s Statement of Material Facts, Count IX, ¶ 9, Pl.'s Exhibit YY.)

(34) OIP acknowledged this appeal by letter dated December 1, 2005, and assigned Appeal No. 06-0480 to it. (See Exhibit Z; see also Complaint, Count IX, ¶ 12.)

(35) By letter dated November 14, 2005, plaintiff submitted another appeal in connection with BOP Request No. 2006-00068, challenging BOP's "action of 11/10/05" and its withholding of "certain records." (Exhibit AA; see also Complaint, Count IX, ¶ 10.) By letter dated November 30, 2005, OIP acknowledged receipt of this appeal and assigned Appeal No. 06-0572 to it. (See Exhibit BB; see also Complaint, Count IX, ¶ 11.)

(36) By letters dated December 21, 2006 and December 27, 2006, OIP advised plaintiff that Appeal No. 06-0480 and Appeal No. 06-0572 respectively, had been administratively closed by OIP due to his failure to pay past-due FOIA processing fees with regard to Request No. 2003SMS4609, on which a fee of $42.10 was owed. (See Exhibit CC, with attachments, DD; see also Complaint, Count IX, ¶¶ 13,14.); 28 C.F.R. 16.11(i)(3) (2007). In its letter of December 21, 2006, OIP provided plaintiff with a courtesy copy of his earlier correspondence to

10

USMS dated March 19, 2003, in which he had committed to pay $42.20 in FOIA fees.  (See Exhibit CC, Attachment 2.)

(37) By letters dated January 11, 2007, plaintiff informed OIP that he had paid his past-due FOIA processing fees to USMS and asked that Appeal Nos. 06-0480 and 06-0572 be reopened. (See Exhibits EE, FF; see also Complaint, Count IX, ¶ 15.)  Plaintiff, however, did not indicate when that debt had been paid.  (Id.)

(38) On March 8, 2007, OIP confirmed that on January 8, 2007, plaintiff had paid the past-due FOIA debt owed to USMS that he incurred in 2003.

(39) By letter dated April 9, 2007, OIP reminded plaintiff of other past-due FOIA processing fees owed for FOIA work done by EOUSA.  (See Exhibit GG; see also Complaint, Count IX, ¶ 16.)  This debt had been the subject of OIP's April 2, 2007 letter to plaintiff in connection with other FOIA requests made to EOUSA and other FOIA appeals submitted to OIP. (See Exhibit HH; see also Complaint, Count IX, ¶ 16.)

(40) By letter dated April 15, 2007, in response to OIP's letter of April 9, 2007, plaintiff stated that he had paid "the entire bill" of $143.60 for the two requests referenced in OIP's earlier correspondence concerning past-due fees owed to EOUSA.  (See Exhibit II; see also Complaint, Count IX, ¶ 17.)  Plaintiff asked that Appeal No. 06-0572 be reopened.  (See Exhibit II.)  By letter dated May 7, 2007, OIP informed plaintiff that EOUSA had again been contacted and that it had no record of his payment.  (See Exhibit T.)  As of the outset of this litigation in November 2007, plaintiff had not substantiated that his past-due FOIA debt to EOUSA had been paid.

11

### Count X - Federal Bureau of Prisons

(41) By letter dated August 1, 2006, plaintiff submitted an administrative FOIA appeal to OIP challenging the withholdings made by BOP to records responsive to Request No. 2006-06825, which pertained to an Incident Report filed in June 2005 at Federal Correctional Complex, Forrest City, Arkansas.  (See Exhibit JJ; Complaint, Count X, ¶ 3.)

(42) By letter dated August 16, 2006, OIP acknowledged receipt of plaintiff's appeal and assigned Appeal No. 06-2818 to it.  (See Exhibit KK; see also Complaint, Count X, ¶ 4.)

(43) By letter dated January 16, 2007, OIP advised plaintiff that Appeal No. 06-2818 had been administratively closed by OIP due to his failure to pay past-due FOIA processing fees to USMS with regard to Request No. 2003USMS4609, on which a fee of $42.10 was owed.  (See Exhibit LL; see also 28 C.F.R. 16.11(i)(3) (2007); Complaint, Count X, ¶ 3.)

(44) Plaintiff alleges that by letter dated January 22, 2007, he informed OIP that his debt to USMS had been paid and asked that his appeal be reopened.  (See Complaint, Count X, ¶ 6.)

(45) I have hand-searched the file of Appeal No. 06-2818 and have found no letter dated January 22, 2007.  In connection with other FOIA appeals submitted by plaintiff, OIP became aware that plaintiff paid his USMS debt but that FOIA fees were owed to another Department of Justice component.  (See, e.g., Exhibit G.)  As of the outset of this litigation in November 2007, plaintiff had not substantiated that his over-due debt to EOUSA had been paid.

### Count XI - Federal Bureau of Prisons

(46) By letter dated March 5, 2007, plaintiff stated that he submitted an administrative FOIA appeal to OIP in which he challenged BOP's refusal to take action on Request No. 2006-

12

06375 because of his failure to pay $42.10 in fees to USMS, claiming that he had paid the over-

due fee. (See Exhibit MM; see also Complaint, Count XI, ¶ 5.)

(47) By letter dated April 6, 2007, OIP acknowledged receipt of plaintiff's appeal dated

March 5, 2006 and assigned Appeal No. 07-1004 to it. (See Exhibit NN.) At the request of OIP,

BOP provided it copies of plaintiff's underlying request for this appeal as well as its denial

thereof. (See Exhibits OO and PP.)

(48) OIP had not yet adjudicated that appeal at the time of the outset of this litigation.

(49) Plaintiff also claims that he submitted an appeal to OIP with regard to the "October

31, 2006 withholdings" made by BOP but does not reference a BOP request number. (See

Complaint, Count XI, ¶ 6.)

(50) OIP personnel conducted a search of its appeal tracking database but did not identify

any appeal that referenced BOP's "October 31, 2006 withholdings."

(51) Plaintiff subsequently asserted that his appeal of the October 31withholdings was

submitted by letter dated November 11, 2006. (See Pl.'s Statement of Material Facts, Count XI,

¶ 4, Pl.'s Exhibit RRR.) That letter identified the request as Request No. 2006-10600. (See id.)

OIP personnel again conducted a search of OIP's appeal tracking database but did not identify any

appeal from plaintiff dated November 11, 2006, nor for any date in November 2006 challenging

the withholdings made on October 31, 2006 by BOP. OIP also searched for any appeal

referencing the subject matter as BOP Request No. 2006-10600 but found none.

### Count XII -Federal Bureau of Prisons

(52) Plaintiff does not contend that he submitted an administrative appeal to OIP with

regard to this BOP request. (See Complaint, Count XII). OIP personnel conducted a search of its

appeal tracking database for any appeal that might have been submitted by plaintiff under the

subject of "For Inmate Review" form (or similar words), as suggested in this Complaint but found

none. (See id.)

### Count XIII - Federal Bureau of Prisons

(53) Plaintiff contends that he "appealed the withholdings to OIP" (see Complaint, Count

XIII, ¶ 3) but provided no underlying request number, OIP appeal number, or the date of his

appeal.

(54) OIP personnel conducted a search of its appeal tracking database for any appeal

submitted by plaintiff under the subject of "Administrative Remedy Number 406470," the only

information provided by plaintiff in Count XIII under which a search could be conducted, but

found none. Thereafter plaintiff stated that this appeal was dated November 15, 2006. (See Pl.'s

Statement of Material Facts, Count XIII, ¶ 3 & Pl.'s Exhibit ZZZ. OIP personnel conducted a

search of OIP's appeal tracking database and identified no appeal dated November 15, 2006.

Thereafter, OIP personnel conducted an additional search of OIP's appeal tracking database

extending the search to include any appeal submitted by plaintiff within the month of November

2006 that concerned Administrative Remedy 406470, but found none.

### Count XIV- Federal Bureau of Prisons

(55) By letter dated August 2, 2006, plaintiff submitted an appeal to OIP referencing an

unnumbered BOP request in which he seemingly challenged BOP's lack of response to a request

that he stated was dated June 13, 2006. (See Exhibit QQ.)

(56) By letter dated September 19, 2006, OIP acknowledged its receipt of this letter,

assigned Appeal No. 06-2830 to it, and informed plaintiff that until BOP acted upon his request

14

there was no adverse determination for OIP to review.  (See Exhibit RR.)  OIP further advised

plaintiff that his letter had been forwarded to BOP and that he was entitled to construe BOP's

failure to respond as a denial of his request for which his remedy was to seek judicial review

under 5 U.S.C. § 552(a)(6)(C)(i).  (See id.)

### Count XV - Federal Bureau of Prisons

(57) By letters dated August 16, 2006 and October 24, 2006, plaintiff claims that he

submitted two administrative FOIA appeals to OIP; plaintiff does not reference any underlying

FOIA request number(s) in his Complaint for these appeals.  (See Complaint, Count XV, ¶¶ 5, 7,

8.)

(58) By letter dated October 10, 2006, OIP acknowledged receipt of an appeal from

plaintiff dated August 16, 2006 and assigned Appeal No. 06-3182 to it.  (See Exhibit SS.)

Plaintiff attached to this appeal a letter to the "Director, Federal Bureau of Prisons," dated July 19,

2006, in which he complained to the Director of BOP that he had not received responses to three

Administrative Remedy requests sent to BOP "on proper BP-11's."[4]  (See Exhibit UU &

Attachment 3.)  In his FOIA appeal, plaintiff complained that the "attached request should have

been processed under the FOIA."[5]

---

[4] The Administrative Remedy Program is separate and distinct from FOIA procedures and
is administered solely within BOP.  The purpose of this program is "to allow an inmate to seek
formal review of an issue relating to any aspect of his/her confinement."  (See Program Statement
1300.13 at www.bop.gov.  The cover page of this fourteen-page statement, from which the above
quotation is taken, also states that there are additional statutorily-mandated procedures, such as
the Freedom of Information Act, which an inmate may avail him/herself of when the issue in an
Administrative Remedy request or appeal cannot be resolved through that program.  (See Exhibit
TT, copy of cover page to Program Statement 1300.13.)

[5] The request complained of had been processed under BOP's Administrative Remedy
(continued...)

15

(59) By letter dated September 12, 2006, subsequent to plaintiff's appeal to OIP, BOP

released eighty-five pages to plaintiff in their entireties in response to his letter of July 19, 2006,

identified by BOP as Request No. 2006-09337.  (See Summers Decl. ¶ 53. )

(60) By letter to plaintiff dated November 13, 2006, OIP closed Appeal No. 06-3182,

stating to plaintiff that "your appeal from BOP's failure to respond to your request is now moot."

(See Exhibit VV.)

(61) Plaintiff claimed he submitted a second appeal to OIP by letter dated October 24,

2006, concerning "the insufficient search," conducted by BOP.  OIP personnel conducted a search

of OIP's appeal tracking database and found no record of an administrative FOIA appeal

submitted by plaintiff dated on or about October 24, 2006, that challenged the adequacy of BOP's

search.  (See Complaint, Count XV, ¶ 7.)  Thereafter, OIP personnel conducted an additional

search of OIP's appeal tracking database extending the search to include any appeal submitted by

plaintiff within October or November of 2006 that concerned BOP request No. 2006-09337, but

found none.

### Count XVI - Immigration and Customs Enforcement

(62) Plaintiff suggests that he submitted a FOIA appeal to OIP by letter dated June 21,

2007. (See Complaint, Count XVI, ¶3.)

---

[5](...continued)
Program.  That decision, rendered August 8, 2006, informed plaintiff that Administrative
Remedy Appeals #392038-A1 and #306968-A1 had been answered, that Appeal #402868-A2
was pending, and that for copies of the former he needed to submit a FOIA request.  (See Exhibit
UU, Attachment 1.)

(63) OIP personnel conducted a search of its appeal tracking database; there is no record of any administrative appeal from plaintiff dated June 21, 2007, from the action of Immigration and Customs Enforcement.

**Count XVII - United States Marshals Service**

(64) Plaintiff alleges in his Complaint that he "appealed the withholdings to OIP" from "certain records" released to plaintiff by USMS but plaintiff did not provide a request number, an appeal number, the subject matter of his appeal, or the date of his appeal to OIP.  (See Complaint, Count XVII, ¶ 4.)  Plaintiff failed to provide OIP with sufficient information that would allow OIP to effectively search its appeal tracking database for his appeal.

(65) Plaintiff thereafter alleged that by letter dated February 17, 2007, he appealed "the delay by USMS in releasing records to him." (See Pl.'s Statement of Material Facts, Count XVII, ¶ 4.)  OIP personnel conducted a search of its appeal tracking database; there is no record of an administrative appeal from plaintiff dated February 17, 2007 from an action of the USMS. Plaintiff also asserts that by letter dated February 18, 2007, he asked OIP to reopen his previously closed Appeal No. 05-1520.  (See Pl.'s Statement of Material Facts, Count XVII, ¶ 5.)  I have hand-searched the file associated with Appeal No. 05-1520; no letter from plaintiff to OIP dated February 18, 2007, was found in that appeal file.  Further, Appeal No. 05-1520, which was not identified in plaintiff's Complaint, does not concern an action of USMS, but rather an action of EOUSA, a component of the Department of Justice that is not a party to this action.

17

### Count XVIII - Federal Bureau of Investigation[6]

(66) Plaintiff claims to have appealed "the FBI's failure to respond on August 8, 2005" with regard to his request "for addresses of all FBI Field Offices in every state." (See Complaint, Count XVIII, ¶¶ 1-2.)

(67) Although plaintiff provided no request or appeal number, OIP personnel conducted a search of OIP's appeal tracking database using the date, August 8, 2005, provided by plaintiff. No record of an administrative appeal from plaintiff dated August 8, 2005 was found. Thereafter, OIP personnel conducted additional searches of its appeal tracking database for any appeal submitted by plaintiff under the general topic of "FBI Field Offices," extending the search to include any appeal submitted by plaintiff during the month of August 2005. OIP identified none that concerned the FBI's lack of action on a request for records pertaining to field office addresses.

(68) By letter dated April 24, 2007, plaintiff submitted a single appeal to OIP referencing actions taken by the FBI on three administrative FOIA requests, Request Nos. 1075126-000, 1075127-000, 1075128-000. Plaintiff's Complaint identifies the subject matters as "Ms. Antonelli, Mr. Valona and plaintiff." (See Exhibit WW; Complaint, Count XVIII, ¶ 19.)

(69) By letter dated May 18, 2007, OIP informed plaintiff that the three requests referenced above, assigned Appeal Nos. 07-1425, 07-1426, 07-1427 respectively, had been administratively closed due to his failure to pay past-due fees to EOUSA and that he would have

---

[6] Count XVIII appears to concern multiple appeals which plaintiff claims that he made with regard to actions of the FBI. Although plaintiff does not identify any request or appeal by number in this Count, he provided several dates in connection with correspondence seemingly related to these requests and appeals, and, in some instances, the subject matter(s). (See generally, Complaint, Count XVIII.)

18

to substantiate that this debt had been paid before any action on additional administrative appeals was taken in accordance with 28 C.F.R. § 16.11(i)(3) (2007). (See Exhibit XX; see also Complaint, Count XVIII, ¶ 20.)

(70) Plaintiff further claims to have "appealed the failure of FBI to respond" with regard to a request he made to the FBI dated November 5, 2006 "for information in connection" with two named third parties from whom he had obtained privacy waivers. (Complaint, Count XVIII, ¶¶ 3, 4.)

(71) Although plaintiff provided no time frame within which he submitted this "failure to respond" appeal, OIP personnel conducted a search of OIP's appeal tracking database for the general time period -- December 2006 through March 2007 -- within which plaintiff would likely have submitted such an appeal. No responsive appeal that concerned the FBI's failure to respond in connection with a request pertaining to the two third parties referenced in plaintiff's letter of November 5, 2006, was identified.[7]

(72) Thereafter, plaintiff identified Appeal No. 05-0672 as the appeal to which paragraph four of his Complaint referred and which appears to concern plaintiff's November 5, 2006 letter. (See Pl.'s Statement of Material Facts, Count XVIII, ¶ 5, Pl.'s Exhibit VVVV.)[8] That appeal, however, does not concern the subject matters denoted in plaintiff's letter of November 5, 2006, but rather concerns a referral of records from the Office of the Inspector General (OIG) to the FBI

---

[7] The only appeals received from plaintiff during that time period concerned three appeals submitted in connection with BOP requests.

[8] Plaintiff's Complaint identified two third parties as the subjects of his November 5, 2006 request to the FBI (see Complaint, Count XVIII, ¶ 3) while Plaintiff's Statement of Material Facts, identified three individuals (including himself). (See Pl.'s Statement of Material Facts, Count XVIII, Pl.'s Exhibit UUUU.)

19

for processing under the FOIA; it predates by several months any appeal that plaintiff made with

respect to his request of November 5, 2006 to the FBI. (See Exhibits YY and ZZ, Pl.'s appeal of

Dec. 11, 2004 and OIP's acknowledgment of Dec. 30, 2004, respectively.) Further, it appears that

plaintiff's request to the FBI dated November 5, 2006 has been the subject of litigation in Civil

Action No. 04-1180 as suggested by that letter. (See Pl.'s Statement of Material Facts, Count

XVIII, Pl.'s Exhibit UUUU.)

(73) By letter dated April 15, 2007, plaintiff submitted a letter to OIP in which he

challenged the April 9, 2007 closure of Appeal No. 05-1957 by OIP due to his failure to pay an

over-due debt to EOUSA. (See Exhibits AAA and BBB; see also Complaint, Count XVIII, ¶ 17;

Pl.'s Statement of Material Facts, Count XVIII, ¶¶ 16-17, Pl.'s Exhibits GGGGG and HHHHH.)

By letter May 7, 2007, OIP reiterated that EOUSA had not received his payment. (See Exhibit

CCC.) As of the outset of this litigation, plaintiff had not substantiated that his past-due FOIA

debt had been paid.

(74) Other paragraphs of the Complaint, Count XVIII, refer to a purported FOIA appeal

submitted to OIP that concerned the mail service at the FBI's Chicago Field Office. (See

Complaint, Count XVIII, ¶¶ 9, 15; see also Pl.'s Statement of Material Facts, Count XVIII, Pl.'s

Exhibits ZZZZ.) OIP referred plaintiff to the FBI's Public Information Office. (See Pl's

Statement of Material Facts, Count XVIII, Pl.'s Exhibit FFFFF.)[9]

---

[9] Three other paragraphs of Count XVIII refer to FOIA appeal matters. (See Complaint,
Count XVIII, ¶¶ 7, 11, and 14.) Paragraph 7 concerns additional correspondence with regard to
an appeal of the records referred by the OIG to the FBI which does not concern the subject
matters referenced in plaintiff's letter of November 5, 2006. See supra at 19-20, ¶ 72.
Paragraphs 11and 14 concern additional appeals that plaintiff claims he submitted to OIP but for
which OIP, after a search of its appeal tracking database by OIP personnel, has no record. Both
(continued...)

## II. Plaintiff's Fee Delinquencies

(75) From information provided by Department of Justice components to OIP during OIP's

routine review of requester FOIA files in connection with adjudicating administrative appeals

submitted by requesters, it became apparent by December 2006 that plaintiff owed a FOIA debt to

USMS that had been incurred in 2003.  (See, e.g., Exhibits E, CC, DD.)

(76) Although plaintiff ultimately paid his over-due debt to USMS in January 2007 (see,

e.g., supra at 4-5, ¶ 13 & Exhibit F), other over-due FOIA debts incurred with another Department

of Justice component, the Executive Office for United States Attorneys (EOUSA), were reported

to OIP.  By letter dated April 2, 2007, OIP informed plaintiff that because of debts owed by

plaintiff in connection with the processing of EOUSA Request Nos. 03-2204 and 03-2373, the

appeal currently before OIP had been closed, that he would be required to substantiate that he had

paid these debts, and that no action would be taken on any new appeal until he did so.  (See

Exhibits H, HH; see also 28 C.F.R.§ 16.11(i).)  By letters dated April 9, 2007, in connection with

several of his appeals, plaintiff was reminded that he owed past-due FOIA fees.  (See, e.g.,

Exhibits G, GG.)

(77) By letters dated April 15, 2007, plaintiff disputed that he owed any debt to EOUSA,

claiming that he had paid "the entire bill" of $143.60 for the two EOUSA requests referenced in

OIP's correspondence of April 2, 2007.  (See, e.g., Exhibit I.)

(78) By letter dated May 7, 2007, in connection with several of plaintiff's appeals, OIP

further responded to plaintiff, advising him that it had again contacted EOUSA and that EOUSA

---

[9](...continued)
purported appeals are seemingly connected with the matters discussed supra at 18-19, ¶¶ 70-71.

21

had again confirmed that it had no record of his payment of $143.60. (See Exhibit J.) Plaintiff

was advised that it was his responsibility to substantiate that his debt had been paid, suggesting

that any documentation he had that would substantiate his claim could be sent directly to OIP.

(See id.) Plaintiff also was reminded that interest on unpaid debts was chargeable in accordance

with Department regulation 28 C.F.R. § 16.11(g) and that because of his history of delinquent

payments, Department of Justice components were permitted to require advance payment in

advance of processing any future requests he might submit in accordance with 28 C.F.R.

§ 16.11(i). (See id.)

(79) By letter dated July 29, 2007, plaintiff claimed that he was attaching "concrete factual

evidence" that he had paid his debt to EOUSA on March 14, 2007. (See Exhibit T, with

attachments.) To his July 29, 2007 letter, plaintiff enclosed a copy of a letter dated March 3,

2007, addressed to EOUSA which referenced an attached money order. (See id.) Plaintiff also

attached was a copy of a money order in the amount of $143.60 dated March 14, 2007, which he

claimed showed that he had paid his debt in full for EOUSA Request Nos. 03-2204 and 03-2373.

(See id.) OIP thereafter forwarded plaintiff's July 29, 2007 letter and its attachments to EOUSA.

(80) In his letter dated July 29, 2007, plaintiff listed fourteen administrative appeals

that had been previously closed, asking OIP to reopen them. (See id.) Several of the appeals

listed by plaintiff in that letter are now the subject of this litigation.[10]

---

[10] All appeal numbers provided by plaintiff in that letter were checked against OIP's
appeal tracking database to confirm that the numbers concerned appeals submitted by plaintiff,
and then against plaintiff's Complaint to determine if they were part of the litigation filed under
Civil Action No. 07-2016 in November 2007. The following seven appeals listed in plaintiff's
July 29, 2007 letter to OIP are part of this litigation: 05-1957, 06-0302, 06-0572, 07-1324, 07-
1425, 07-1426, 07-1427.

(81) EOUSA subsequently advised OIP that plaintiff raised the matter of the alleged

March 3, 2007 payment in other litigation before this Court, Antonelli v. BATF, No. 04-1180

(DDC).  Specifically, plaintiff questioned whether the FOIA debts for EOUSA Request Nos. 03-

2204 and No. 03-2373 were both attributable to him.  Based on the information provided by

plaintiff in Antonelli v. BATF and from additional information gathered by EOUSA, it was

determined that the debt for EOUSA Request No. 03-2373 (in the amount of $60.90) was

seemingly not incurred by Michael Antonelli, Register No. 04053-164, the plaintiff in this action,

but rather by another requester named Michael Antonelli, Register, No. 06445-052.[11]  The debt for

plaintiff's EOUSA Request No. 03-2204, however, is plaintiff's and had not been paid by plaintiff

at the outset of this litigation.

(82) By letter dated January 15, 2008, and in response to his letter of July 29, 2007, OIP

informed plaintiff that EOUSA had again searched its records for any evidence that it had

received a money order dated March 14, 2007.  (See Exhibit DDD.)  EOUSA informed OIP that a

search of its fee payment log and other record keeping locations found no record of a $143.60

payment from plaintiff.  (See id.)

(83) In early April 2008, EOUSA informed OIP that it had received payment from plaintiff

on or about March 21, 2008.  This payment, in the form of a money order dated March 14, 2008,

was in the same amount that plaintiff claimed he previously submitted to EOUSA in 2007.  (See

Exhibit FFF, with attachments.)  Attached to the money order was a copy of the same March 3,

---

[11] In connection with plaintiff's Appeal No. 05-2715 to OIP of an EOUSA matter,
however, plaintiff asserted that he believed that EOUSA Request Nos. 03-2204 and 03-2373
were both submitted by him as "surrogate requests" on behalf of other prisoners.  (See Exhibit
EEE.)

2007 letter previously submitted to OIP, but without the cover letter dated July 29, 2007.  (See id.)

This March 14, 2008 money order included payment for both EOUSA Request Nos. 03-2204 and

03-2373, despite plaintiff's prior assertion that a portion of that debt -- the amount associated with

EOUSA Request No. 03-2373 -- had not been incurred by him.  On the copy of the letter

accompanying this $143.60 payment, a second but more current date of March 13, 2008 appeared

directly below the earlier date of March 3, 2007.  (Id.)

(84) By letters dated May 9, 2008, and with reference to pending administrative appeals,

Nos. 07-1004 and 07-1732, discussed *supra* at 8, 14-15, ¶¶ 22, 47, 48, plaintiff was informed that

both appeals had been administratively closed without adjudication in accordance with 28 C.F.R.

§ 16.9(a)(3), inasmuch as these matters are before the Court in this litigation.  (See Exhibits GGG,

HHH.)

(85) As a result of plaintiff's payment and EOUSA's receipt of plaintiff's over-due debt,

those appeals that are the subject of this litigation and were previously closed for non-payment of

fees remain closed as the matters complained of are before this Court.  See 28 C.F.R. §16.9(a)(3).

By letter dated May 15, 2008, plaintiff was so advised.  (See Exhibit III.)

I declare under penalty of perjury that the foregoing is true and correct.

_____

JANICE GALLI McLEOD

Executed this 9th day of June 2008.

24

# Exhibit A

No. 07-02016 (D.D.C.)(CKK)

rec'd 9-9-05

05-1754

FOIR
F
BOP

**FOIA APPEAL**

To: Co-Director

Office of Information & Privacy

Department of Justice

FLAG BUILDING, Suite 570

Washington, DC 20530

Date: September 2, 2005

RE: FOIA to    BOP

Request No.    none yet

Date of Request:    8/9/05

Dear Sir:

This is an appeal under the Freedom of Information Act.
Please review the action or inaction of the following agency:

_____BOP_____ in conjunction to my request for records.
(check appropriate box or boxes below)

X _____ The agency has not responded and the time limits within which
to do so has expired.

_____ The agency has claimed that no records could be found and
I want to appeal that "no records" response.

_____ The agency has blanket denied release of records.

_____ The agency has released certain records and withheld some
by claiming certain exemptions.

_____ The agency has withheld certain records but has not claimed
any exemptions or stated any reason for the deletions.

_____ The agency has claimed there are no records available or
they have been destroyed and I believe they have not made
a sufficient search.

_____ The agency has stated records were destroyed but has not
stated where, how, when and for what reason and by whome
they were destroyed and under what provision of the law.

X _____ I believe the agency action or inaction otherwise unjust
for the following reason :

SEE ATTACHED

_____

_____

Appellant believes the agency or public body has acted arbitrary
and/or capricious and he asks for review of the agency action/inaction.
The burden is on the agency or public body to show the material
withheld fits within the parameters of the exemptions claimed.  The
Appellant asks that the agency itemize and index the withheld material
and include detailed affidavits & explanations in support of the
justifications for refusal to disclose.

Sincerely,
X _Michael Antonelli_

(name)    Michael Antonelli

(No.)    04053-164

Federal Correctional Complex

Box 3000 (MEDIUM)

Forrest City, Arkansas 72336

OFFICE OF INFORMATION
AND PRIVACY

SEP 0 9 2005

RECEIVED

cc: file

NOTICE:  Failure to respond to this administrative appeal in a
timely manner will result in civil action suit.

To: Director
Date: August 9, 2005

Federal Bureau of Prisons

320 First Street, NW

Washington, D. C.  20534

Dear Sir:

    This is a request under the Freedom of Information Act.

    I request a copy of any and all documents, records and information that any part of your agency has or had in its possession that is in any way connected to, related to, or even remotely in reference to my name.

    The following particulars may assist you in your search: I request a copy of all video tapes taken in B2 Unit at the Forrest City Medium facility in Arkansas on June 16, 2005 between 2:00pm and 3:00pm showing all activity that occured in the common area of unit B2 during that hour.  I ask that these records be preserved.

    I will pay reasonable search and reproduction fees.

    My biographical data is as follows:

FULL NAME    MICHAEL CARMIE ANTONELLI

DATE OF BIRTH : ▮▮▮▮▮▮▮

PLACE OF BIRTH : Chicago, Illinois USA

SOCIAL SECURITY NUMBER: ▮▮▮▮▮▮

    I declare under penalty of perjury that the aforementioned biographical data is that of my person and the signature below is my true and correct original signature signed under oath.

Executed this  9th day of  August  , 2005 .

By  X _Michael Antonelli_
Affiant Herein

(28 USC Section 1746)

Name:  MICHAEL ANTONELLI

Reg. No.  04053-164

Federal Correctional Institution
Box 3000 (MEDIUM)
Forrest City, Arkansas 72336

# Exhibit B

No. 07-02016 (D.D.C.)(CKK)

**U.S. Department of Justice**

Office of Information and Privacy

_Telephone: (202) 514-3642_        _Washington, D.C. 20530_

OCT 0 3 2005

Mr. Michael Antonelli
Register No. 04053-164
Federal Correctional Complex
P.O. Box 3000
Forrest City, AR  72336

      Re:  Request Nos. 2005-08421 and 05-08429

Dear Mr. Antonelli:

      This responds to your letters dated August 31 and September 2, 2005, in which you sought to appeal from the failure of the Federal Bureau of Prisons to respond to your requests for access to records.

      I have notified the BOP of your communication.  It is my understanding that the BOP is still processing your requests.  Although the Act authorizes you to treat the failure of the BOP to act on your requests within the specified time limit as a denial thereof, this Office, because it lacks the personnel resources to conduct the record reviews that are necessary to make initial determinations on requests for records, cannot act until there has been an initial determination by the BOP.  Our function is limited to the review of those records to which access is in fact denied.  You may appeal again to this Office when the BOP completes its action on these particular requests if any of the material is denied.  We will then open new appeals and review the BOP's substantive action on your requests.

      In the event that the BOP still has not responded to your requests at the time you receive this letter, you may, if you choose, treat my letter as a denial of your appeal and bring action in an appropriate federal court.  I hope that, in making a decision, you will give sympathetic consideration to the fact that the Department of Justice has many requests pending at this time and is making every possible, reasonable effort to process them.

                        Sincerely,

                        Richard L. Huff
                        Co-Director

RLH:PAJ:CIH



# Exhibit C

No. 07-02016 (D.D.C.)(CKK)

*Recd 10-24-05*

*06-0302*

*FOIA*
*(A)*
*BOP*

**FOIA APPEAL**

To: Co-Director
Office of Information & Privacy
Department of Justice
FLAG BUILDING, Suite 570
Washington, D.C.  20530

Date: October 8, 2005

RE: FOIA to _____BOP_____
Request No. ___2005-08428___
Date of Request: ___9/21/05___

Dear Sir:

This is an appeal under the Freedom of Information Act.
Please review the action or inaction of the following agency:

_____BOP_____ in conjunction to my request for records.
(check appropriate box or boxes below)

_____ The agency has not responded and the time limits within which
to do so has expired.
_____ The agency has claimed that no records could be found and
I want to appeal that "no records" response.
_____ The agency has blanket denied release of records.

_____ The agency has released certain records and withheld some
by claiming certain exemptions.
__X__ The agency has withheld certain records but has not claimed
any exemptions or stated any reason for the deletions.
__X__ The agency has claimed there are no records available or
they have been destroyed and I believe they have not made
a sufficient search.
_____ The agency has stated records were destroyed but has not
stated where, how, when and for what reason and by whome
they were destroyed and under what provision of the law.
_____ I believe the agency action or inaction otherwise unjust
for the following reason :

_____
_____
_____

Appellant believes the agency or public body has acted arbitrary
and/or capricious and he asks for review of the agency action/inaction.
The burden is on the agency or public body to show the material
withheld fits within the parameters of the exemptions claimed. The
Appellant asks that the agency itemize and index the withheld material
and include detailed affidavits & explanations in support of the
justifications for refusal to disclose.

*Vaughn*

Sincerely,
X *Michael Antonelli*
(name) Michael Antonelli
(No.) 04053-164
Federal Correctional Complex
Box 3000 (MEDIUM)
Forrest City, Arkansas 72336

*App*

OFFICE OF INFORMATION
AND PRIVACY

OCT 24 2005

RECEIVED

cc: file

NOTICE:   Failure to respond to this administrative appeal in a
timely manner will result in civil action suit.

# Exhibit D

No. 07-02016 (D.D.C.)(CKK)



**U.S. Department of Justice**

Office of Information and Privacy

_____

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

OCT 2 8 2005

Mr. Michael Antonelli
Register No. 04053-164
Federal Correctional Complex
P.O. Box 3000 - Medium
Forrest City, AR 72336

      Re:  Request No. 2005-08428

Dear Mr. Antonelli:

      This is to advise you that your administrative appeal from the action of the Federal Bureau of Prisons on your request for information from the files of the Department of Justice was received by this Office on October 24, 2005.

      The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number **06-0302**.  Please mention this number in any future correspondence to this Office regarding this matter.

      We will notify you of the decision on your appeal as soon as we can.  The necessity of this delay is regretted and your continuing courtesy is appreciated.

                    Sincerely,

                    Priscilla Jones
                    Chief, Administrative Staff



# Exhibit E

No. 07-02016 (D.D.C.)(CKK)

**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

**DEC 2 7 2006**

Mr. Michael Antonelli
Register No. 04053-164
United States Penitentiary                Re:     Appeal No. 06-0302
Post Office Box 2068                              Request No. 2005-08428
Inez, KY  41224                                  JGM:KM

Dear Mr. Antonelli:

        You appealed from the action of the Federal Bureau of Prisons (BOP) on Request
Number 2005-08428.

        A member of my staff has found that you owe the United States Marshals Service
(USMS) $42.10 in duplication fees for records processed in response to Request Number
2003USMS4609.  In previous letters to you, I enclosed the administrative correspondence
between USMS and yourself that concerns your earlier request.  Additionally, those previous
letters state that USMS has no record of receiving any payment from you with regard to the
earlier request.

        Because you have not paid this past-due fee to USMS, your current appeal from BOP's
action on Request Number 2005-08428 has been administratively closed by this Office.  See
28 C.F.R. § 16.11(i)(3) (2006).  You will be required to substantiate that you have paid this debt
before this Office takes action on any new appeals you submit.

        If you are dissatisfied with my action on your appeal, you may seek judicial review in
accordance with 5 U.S.C. § 552(a)(4)(B).

                                        Sincerely,

                                        Daniel J. Metcalfe
                                        Director

FILE

# Exhibit F

No. 07-02016 (D.D.C.)(CKK)

Daniel J. Metcalf, Director                                    January 11, 2007
Office of Information & Privacy
Department of Justice
Washington, D. C. 20530

                              RE:  Appeal No. 06-0302
                                    Request No. 2005-08428

Dear Mr Metcalf:

    Please be advised that I paid the Marshals $42.10 in connection to
FOIA Request No. 2003USMS4609.

    Therefore, kindly reopen Appeal No. 06-0302.

    Thank You.


                              Sincerely,


                              Michael Antonelli
                              04053-I64
                              USP Big Sandy
                              Box 2068
                              Inez, KY 41224


cc : file

# Exhibit G

No. 07-02016 (D.D.C.)(CKK)



**U.S. Department of Justice**

Office of Information and Privacy

_____

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*


**APR - 9 2007**


Mr. Michael Antonelli
Register No. 04053-164
United States Penitentiary          Re:    Appeal No. 06-0302
Post Office Box 2068                        Request No. 2005-08428
Inez, KY 41224-2068                        JGM:KM

Dear Mr. Antonelli:

    You appealed from the action of the Federal Bureau of Prisons (BOP) on Request Number 2005-08428.

    A member of my staff has found that you owe the Executive Office for United States Attorneys (EOUSA) $50.00 in fees for records processed in response to Request Numbers 03-2204 and 03-2373. In my previous letter to you dated April 2, 2007, I explain the specific fees owed to EOUSA and I address your argument that you do not owe any fees.

    Because you have not paid these past-due fees to EOUSA, your current appeal from BOP's action on Request Number 2005-08428 has been administratively closed by this Office. See 28 C.F.R. § 16.11(i)(3) (2006). You will be required to substantiate that you have paid this debt before this Office takes action on any new appeals you submit.

    If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

                              Sincerely,

                              *Janice Galli McLeod*

                              Janice Galli McLeod
                              Associate Director

File

# Exhibit H

No. 07-02016 (D.D.C.)(CKK)

**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

**APR - 2 2007**

Mr. Michael Antonelli
Register No. 04053-164
United States Penitentiary                    Re:    Appeal No. 05-2715
Post Office Box 2068                                  Request No. 04-3952
Inez, KY 41224-2068                                  JGM:CAS

Dear Mr. Antonelli:

You appealed from the action of the Executive Office for United States Attorneys (EOUSA) on your request for access to records pertaining to Antonelli v. Foster.

After carefully considering your appeal, I am affirming, on modified grounds, EOUSA's action on your request. As a result of a review of the administrative record in this case, a member of my staff has determined that you owe fees to EOUSA in connection with two separate Freedom of Information Act requests that you submitted to it.

As you know, the filing of a FOIA request is considered to be an agreement by you to pay fees up to $25.00. See 28 CFR § 16.3(c). Further before any fees are assessed, the FOIA entitles you to the first two hours of search time and up to 100 pages of duplication at no cost. See 5 U.S.C. § 552(a)(4)(A)(iv)(II). As more fully detailed in letters dated November 19, 2003 and February 27, 2004, EOUSA informed you that it had searched beyond your statutory entitlement of two hours per request and billed you according in the amount of $60.90 for Request No. 03-2373 and in the amount of $73.70 for Request No. 03-2204 prior to processing the request that is the subject of this appeal, Request No. 04-3952. I note, however, that EOUSA did not obtain your commitment to pay those additional search and duplication fees that were in excess of $25.00 as required by agency regulation. See 28 C.F.R. § 16.11(e). Consequently, your total fees for requests 03-2373 and 03-2204 are limited to $25.00 per request for a total of $50.00.

You assert on appeal that these earlier FOIA requests were submitted by you on behalf of other inmates and, therefore, those inmates are responsible for any related fees. However, I note that you submitted and signed both Requests Nos. 03-2373 and 03-2204 and that one of these requests asks for information pertaining to yourself. I find, therefore, that you are responsible for the costs associated with both of these requests.

Accordingly, this appeal is being administratively closed in this Office and you will be required to substantiate that you have paid these debts before this Office takes action on any new appeal that you may submit to this Office. You should remit your payments made payable to the Treasury of the United States directly to EOUSA.

CAS

-2-

If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Janice Galli McLeod
Associate Director

# Exhibit I

No. 07-02016 (D.D.C.)(CKK)

Janice Galli McLeod, Associate Director                April 15, 2007
Office of Information & Privacy
Department of Justice - Suite 11050
1425 New York Ave., NW
Washington, D.C.  20530-0001

RE:  Appeal No. 06-0302
BOP Request No. 2005-08428

Dear Smuck:

    Kindly reopen the appeal you so rudely closed on April 9, 2007.

    You and your staff are incompetent !  I paid $143.60 by money order dated March 14, 2007 with an accompanying letter dated March 3, 2007.  I paid the entire bill, not just $50.00 of it !

    Therefore, before you even decided to close any appeal on April 2, 2007, the entire bill was paid.  Your action is improvident !

    Kindly quit harassing me.  I pay all my bills.  You damn well know that you conjured, concocted, manufactured and created this facade in order to escape your duties, obligations and responsibilities owed me under the FOIA.

    This is an outright obstruction of justice !

    I grant you will refrain from any further nonsense such as your efforts to weasel out of doing your job in the future.

Utterly Dismayed, I Remain:

Michael Antonelli
No. 04053-164
Box 2068
Inez, KY  41224

cc : file

# Exhibit J

No. 07-02016 (D.D.C.)(CKK)

**U.S. Department of Justice**

Office of Information and Privacy

_____

_Telephone: (202) 514-3642_                    _Washington, D.C. 20530_

**MAY − 7 2007**

Mr. Michael Antonelli                    Re:    Appeal Nos. 07-0786, 05-2715,
Register No. 04053-164                             05-1957, 05-1608, 05-0672,
United States Penitentiary                          05-1520, 06-0302, 06-0572,
Post Office Box 2068                                06-1062, 06-2702, 06-3268
Inez, KY  41224-2068                               JGM:CAS

Dear Mr. Antonelli:

This letter responds to the concerns addressed in your letters dated April 15, 2007. In these letters, you state that our Office has incorrectly closed several of your pending administrative appeals on the basis of delinquent fees. As detailed in my letter dated April 2, 2007, I have determined that you owe $50 in connection with two separate Freedom of Information Act requests submitted to the Executive Office for United States Attorneys (EOUSA). You assert that you have paid the "entire bill" via a money order in the amount of $143.60, which was dated March 14, 2007.

This Office has again contacted EOUSA. That office has confirmed that, as of this date, it has no record of your payment. If you still maintain that this debt has been satisfied, it is your responsibility to substantiate that you have paid it. Any documentation evidencing your payment to EOUSA, such as money order receipts or canceled checks, may be sent to our Office. Otherwise, you may remit payment to EOUSA in the form of a check or money order made payable to the Treasury of the United States. I further note that in accordance with 28 C.F.R. § 16.11(g), EOUSA has the administrative discretion to charge interest on unpaid bills that are delinquent for more than 31 days.

Furthermore, as you were formerly advised, delinquent payments will effect the request and the appeals processes. In instances where your pending requests were closed for non-payment in relation to this matter, you should contact the appropriate Department of Justice component to advise them of your interest in pursuing the request once your debt with EOUSA is satisfied. Additionally, our Office will not adjudicate any future appeals prior to payment of this debt. Also, please note that in light of your history of delinquent payments, Department of Justice components may require that you pay any anticipated fees in advance regardless of the amount before they initiate processing of your future FOIA requests. See 28 C.F.R. § 16.11(i).

-2-

Lastly, please be advised that our Office accords every appellant the utmost consideration and respect. I expect that you will extend the same courtesy to us. If you wish to continue to maintain a professional relationship with our Office, I trust that your future correspondence will not contain the expletives or the tone exhibited in your letter dated April 15, 2007.

If you remain dissatisfied with this Office's action on your appeal, judicial review thereof is available to you as indicated in the letter of April 2, 2007.

Sincerely,

Janice Galli McLeod
Associate Director

# Exhibit K

No. 07-02016 (D.D.C.)(CKK)

DAniel J. ANTONELLI

Office of Information + Privacy   No req. no. listed   3/4/07
Department of Justice                                    FOIA
Washington, D.C. 20530                         07-1002   (F)
                                                        BOP-MRO
3/23/07          RE: FOIA TO BOP
                     JANUARY 12, 2007
DEAR SIR:

       This is AN Appeal UNDER THE FOIA.

       NEARLY TWO MONTHS AGO I REQUESTED
INFORMATION FROM THE BOP IN CONNECTION TO
RECORDS OF "SOME PERSON high IN THE RANKS OF
THE Department OF JUSTICE" THAT COMMUNICATED
WITH Ms WAITERS OF THE USP BIG-SANDY
EDUCATION DEPARTMENT IN CONNECTION TO
ME AND MY FOIA REQUESTS, (COPY ENCLOSED).

       THE BOP HAS NEVER RESPONDED WITH
WHICH IS A VIOLATION OF THE FOIA TIME
LIMITS TO DO SO.

       I Appeal THE FAILURE OF BOP TO RESPOND
AND THE VIOLATIONS OF THE FOIA ACT TO YOU.

                              Michael Antonelli

**OFFICE OF INFORMATION**      Michael Antonelli, app.
**AND PRIVACY**                04053-164
                               USP BIG-SANDY
   MAR 23 2007                 Box 2068
                               INEZ, KY  41224
   RECEIVED

cc: file

# Exhibit L

No. 07-02016 (D.D.C.)(CKK)

Director                                                          January 12, 2007
Federal Bureau of Prisons
320 First Street, NW
Washington, D.C.  20534

                        RE:    Meeting between MICHAEL ANTONELLI and the
                               Supervisor of Education, Ms Walters on November 14,
                               2006 in the Education Department at USP Big Sandy
          Dear Sir:

              This is a request under the Freedom of Information Act.

              On November 14, 2006 in the Office of the Supervisor of Education at USP Big Sandy
at approximately 10:00am I was told by Ms Walters, Supervisor of Education that she had
communicated with "some person high up in the ranks of the Department of Justice" about my
Freedom of Information Act requests.  I request a copy of any and all records, recordings, fax
records, phone records, e-mail records, and any memoranda, or any other record of the
conversation or communication between Ms Walters of USP Big Sandy Education Department
and "some person high up in the ranks of the Department of Justice" that is in any way
connected to, related to, or even remotely in reference to my person.

              According to law you have twenty working days to respond.

              I will pay reasonable search, copy or other fees incurred.

FULL NAME:  Michael Carmie Antonelli
Date of Birth: ▇▇▇▇▇▇▇
Place of Birth: Chicago, Illinois USA
SS No. ▇▇▇▇▇▇

              I declare under the penalty of perjury that the aforementioned is true and correct data
of my person and the signature below is my signature.

Executed this  12 TH  day of January, 2007.

                                        By  _Michael Antonelli_
(28 USC Section 1746)                   Michael Antonelli, declarant
                                        No. 04053-164
                                        United States Penitentiary
                                        1197 Airport Road
                                        Inez, KY  41224

cc: file
    Ms Walters, Educ Sup. USP Big Sandy
    Warden Davis, USP Big Sandy
    AW Grindstaff, USP Big Sandy

# Exhibit M

No. 07-02016 (D.D.C.)(CKK)

**U.S. Department of Justice**

Office of Information and Privacy

_____

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

**APR 2 6 2007**

Mr. Michael Antonelli
Register No. 04053-164
United States Penitentiary
P.O. Box 2068
Inez, KY 41224

Dear Mr. Antonelli:

This responds to your letter dated March 4, 2007, which you are attempting to appeal from the failure of the Federal Bureau of Prisons (BOP) to respond to your request for access to records.

A member of my staff has been advised by BOP that it has no record of receiving this request from you. Accordingly, by copy of this letter, we are referring your letter to BOP for processing and direct response to you. Once BOP takes action on your request, if you are dissatisfied, you may appeal again to this Office.

Sincerely,

Priscilla Jones
Supervisory Administrative Specialist

PAJ:CIH

cc:    Federal Bureau of Prisons
       FOIA/PA Unit
       Suite 738, HOLC Building
       Washington, DC 20530

# Exhibit N

No. 07-02016 (D.D.C.)(CKK)

_handwritten top right: FOIA (A) BOP Closed 5/5/07 Partial Release_

# FOIA APPEAL

To: **Office of Information + Privacy**      DATE **6/6/07**

**Department of Justice - Suite 11050**     FOIA To: **BOP**

**1425 New York Avenue, NW**                Request No. **2007-05576**

**Washington DC 20530-0001**                Date of Request **Response of 5/5/07**

This is an appeal under the Freedom of Information Act.

Please review the action or inaction of the following agency: **BOP**

in conjunction to my request for records. (check appropriate box(es) below:

_____ The agency has not responded and the time limits within which to do so has expired.

_____ The agency has claimed that no records could be found and I want to appeal that "no records response.

_____ The agency has blanket denied release of records.

__✓__ The agency has released certain records and withheld some by claiming certain exemptions.

_____ The agency has withheld certain records but has not claimed any exemptions or stated any reason for the deletions.

_____ The agency has claimed there are no records available or they have been destroyed and I believe they have not made a sufficient search.

_____ The agency has stated records were destroyed but has not stated where, how, when and for what reason they were destroyed and under what provision of the law.

__✓__ I believe the agency action or inaction otherwise unjust for the following reason: **The people on the other end knew they were being recorded.**

Appellant believes the agency or public body has acted arbitrary and/or capricious and he asks for review of the agency action/inaction.

The burden is on the agency or public body to show the material withheld fits within the parameters of the exemptions claimed. The appellant asks that the agency itemize and index the withheld material and including detailed affidavits & explanations to support any justifications for refusal to disclose.

## RECEIVED

### JUN 19 2007

#### Office of Information and Privacy

Sincerely,

X _Michael Antonelli_
_____(signature)_____

**michael Antonelli  04053-164**
_(name)_              _(number)_

USP Big Sandy; 1197 Airport Road
Box 2068; Inez, KY 41224

cc: file

**(Failure to timely respond to this administrative appeal will result in complaint for judicial review)**

# Exhibit O

No. 07-02016 (D.D.C.)(CKK)



**U.S. Department of Justice**

Office of Information and Privacy

_____

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*


**JUN 2 0 2007**

Mr. Michael Antonelli
Register No. 04053-164
United States Penitentiary
Post Office Box 2068
Inez, KY  41224

      Re:  Request No. 2007-05576

Dear Mr. Antonelli:

      This is to advise you that your administrative appeal from the action of the Federal Bureau of Prisons was received by this Office on June 19, 2007.

      The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number **07-1732**.  Please mention this number in any future correspondence to this Office regarding this matter.

      We will notify you of the decision on your appeal as soon as we can.  We regret the necessity of this delay and appreciate your continued patience.

                         Sincerely,

                         Priscilla Jones
                         Supervisory Administrative Specialist

*Fik*

# Exhibit P

No. 07-02016 (D.D.C.)(CKK)

*FOIA
(A)
BOP
Closed 4/12/07*

# FOIA APPEAL

To: __Office of Information & Privacy__
United States Department of Justice
Suite 11050
1425 New York Ave., NW
Washington, D. C.   20530-0001

DATE __April 18, 2007__

FOIA To: __BOP__

Request No. __2007-04383__

Date of Request __Response 4/12/07__

This is an appeal under the Freedom of Information Act.
Please review the action or inaction of the following agency: ___BOP___
in conjunction to my request for records. (check appropriate box(es) below:

_____ The agency has not responded and the time limits within which to do so has expired.

__X__ The agency has claimed that no records could be found and I want to appeal that "no records
response.

__X__ The agency has blanket denied release of records.

_____ The agency has released certain records and withheld some by claiming certain exemptions.

__X__ The agency has withheld certain records but has not claimed any exemptions or stated any reason
for the deletions.

__X__ The agency has claimed there are no records available or they have been destroyed and I believe
they have not made a sufficient search.

__X__ The agency has stated records were destroyed but has not stated where, how, when and for what
reason they were destroyed and under what provision of the law.

_____ I believe the agency action or inaction otherwise unjust for the following reason: _____

_____

Appellant believes the agency or public body has acted arbitrary and/or capricious and he asks for
review of the agency action/inaction.
The burden is on the agency or public body to show the material withheld fits within the parameters of
the exemptions claimed. The appellant asks that the agency itemize and index the withheld material and
including detailed affidavits & explanations to support any justifications for refusal to disclose.

## RECEIVED

### APR 2 7 2007

Office of Information and Privacy

Sincerely,

X _Michael Antonelli_
(signature)

__Michael Antonelli No. 04053-164__
(name)                    (number)
USP Big Sandy; 1197 Airport Road
Box 2068; Inez, KY 41224

cc: file
**(Failure to timely respond to this administrative appeal will result in complaint for judicial review)**

# Exhibit Q

No. 07-02016 (D.D.C.)(CKK)

DIRECTOR            07-04383                    3/5/07
FEDERAL BUREAU OF PRISONS
320 FIRST STREET, NW
WASHINGTON, D.C. 20538            SCNO

DEAR SIR:
      THIS IS A REQUEST UNDER THE FREEDOM
OF INFORMATION ACT.
      I REQUEST A COPY OF ALL RECORDINGS THE BOP
MADE OF ALL CONVERSATIONS I HAD WITH ATTORNEY
DOUG ROLLER AT #'s (314) 909-7560; (314) 368-6368; 725-
9000; AND (312) 337-6368 USING THE INMATE Telephone
SYSTEM (ITS) AT MCC CHICAGO, FTS OKLAHOMA CITY, OK,
USP BEAUMONT, TX; FCC MEDIUM BEAMONT; EL RENO, OK,
FORREST CITY, AR; AND USP BIG SANDY; ALL FROM AND
BETWEEN THE DATES OF 10/12/01 AND 3/5/07.
      I WILL PAY REASONABLE FEES INCURRED.
MY NAME: Michael CARMIE ANTONELLI
      DOB: ██████████                    RECEIVED
      POB: CHICAGO ILLINOIS
      SS #: ██████████
      ITS#: 155 886 407
      I DECLARE UNDER PENALTY OF PERJURY THAT THE
AFOREMENTIONED IS MY BIOGRAPHICAL DATA AND THE
SIGNATURE BELOW IS MY SIGNATURE:

                    BY  Michael Antonelli
EXECUTED: 3/5/07        (Michael ANTONelli
                         NO. 04053-164
                         USP BIG SANDY
                         1197 AIRPORT ROAD
                         INEZ, KY 41224
(28 USC SECTION 1746)



UNITED STATES GOVERNMENT
## Federal Bureau of Prisons
*Federal Medical Center*
*Consolidated Legal Center*
*3301 Leestown Road*
*Lexington, Kentucky 40511-8799*

April 12, 2007

Michael Antonelli
Reg. No. 04053-164
United States Penitentiary
Big Sandy
Post Office Box 2068
Inez, Kentucky 41224

Re:    FOIA/PA Request No. 2007-04383

Mr. Antonelli:

This letter is in response to your request for Federal Bureau of Prisons records. You requested a copy of all recordings of telephone conversations you had with Doug Rolles, Attorney, from October 12, 2001 through March 5, 2007. You listed the phone numbers as 314-909-7560; 314-368-6368; 725-9000; and 312-337-6368.

No documents were found to be responsive to your request.

Pursuant to Title 28, Code of Federal Regulations, Section 16.8, this response may be appealed to the Attorney General by filing a written appeal within sixty days of the date of this letter. The appeal should be addressed to the Office of Information and Privacy, United States Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, DC 20530-0001. Both the envelope and the letter of appeal itself must be clearly marked: "Freedom of Information Act Appeal."

Sincerely,

Michelle T. Fuseyamore
Regional Counsel

# Exhibit R

No. 07-02016 (D.D.C.)(CKK)

**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                         *Washington, D.C. 20530*

MAY 0 7 2007

Mr. Michael Antonelli
Register No. 04053-164
United States Penitentiary
P.O. Box 2068
Inez, KY 41224

            Re: Request No. 2007-04383

Dear Mr. Antonelli:

        This is to advise you that your administrative appeal from the action of the Federal
Bureau of Prisons was received by this Office on April 27, 2007.

        The Office of Information and Privacy, which has the responsibility of adjudicating such
appeals, has a substantial backlog of pending appeals received prior to yours. In an attempt to
afford each appellant equal and impartial treatment, we have adopted a general practice of
assigning appeals in the approximate order of receipt. Your appeal has been assigned number
**07-1324**. Please mention this number in any future correspondence to this Office regarding this
matter.

        We will notify you of the decision on your appeal as soon as we can. We regret the
necessity of this delay and appreciate your continued patience.

                                    Sincerely,

                                    Priscilla Jones
                                    Supervisory Administrative Specialist

# Exhibit S

No. 07-02016 (D.D.C.)(CKK)



**U.S. Department of Justice**

Office of Information and Privacy

_____

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

**JUN 0 5 2007**

Mr. Michael Antonelli
Register No. 04053-164
United States Penitentiary              Re:     Appeal No. 07-1324
Post Office Box 2068                             Request No. 2007-4383
Inez, KY 41224-2068                              JTR:SJV

Dear Mr. Antonelli:

     You appealed from the action of the Federal Bureau of Prisons (BOP) on your request for recordings of telephone conversations you had with your attorney while confined at several BOP institutions.

     A member of my staff has found that you owe the Executive Office for United States Attorneys (EOUSA) $50.00 in fees for records processed in response to Request Numbers 03-2204 and 03-2373. In my previous letter to you dated April 2, 2007, I explained the specific fees owed to EOUSA.

     Because you have not paid these past-due fees to EOUSA, your current appeals from BOP's action on these requests have been administratively closed by this Office. See 28 C.F.R. § 16.11(i)(3) (2006). You will be required to substantiate that you have paid this debt before this Office takes action on any new appeals you submit.

     If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

                                        Sincerely,

                                        Janice Galli McLeod
                                        Associate Director

/7/c

# Exhibit T

No. 07-02016 (D.D.C.)(CKK)

Janice Galli McLeod, Associate Director                July 29, 2007
Office of Information & Privacy
Department of Justice - Suite 11050
1425 New York Ave., NW
Washington, D. C.  20530-0001

                    RE:    Appeal & Request Nos:  07-1324(2007-4383);
                           07-1425, 07-1426, 07-1427 (1075126, 1075127,
                           1075128); 05-1957 (971337-001); 06-0572 (2006-
                           00068); 06-2702 (2006-04998); 06-1062 (2006-
                           01299); 06-0302 (2005-08428); 05-0672 (1012903/
                           GR 04-2238); 05-1608 (05-960); 05-1520 (04-3945);
                           05-2715 (04-3952); 06-3268 (2006-09821); and
                           any and all others you so rudely denied or
                           closed.

Dear Janice McLeod:

      Please find enclosed concrete factual evidence that I paid in
full the $143.60 owed on requests 03-2204 and 03-2373 to the EOUSA on
March 14, 2007.

      Therefore, kindly reopen the above appeals and requests along
with any and all others you closed stating I did not pay.

      Utterly Dismayed, I Remain:

                                   Michael Antonelli

                              Michael Antonelli
                              04053-164
                              Federal Correctional Institution
                              Box 4000
                              Manchester, Kentucky  40962


cc : file

## CUSTOMER'S RECEIPT

KEEP THIS RECEIPT FOR YOUR RECORDS

PAY TO: Director Room
Treasury of the United States

ADDRESS: Executive office for United States Attorneys
FOIA/PA UNIT

C.O.D. OR USED FOR: 600 E. Street NW Washington DC 20530

SEE BACK OF THIS RECEIPT
FOR IMPORTANT CLAIM INFORMATION

**NOT NEGOTIABLE**

| SERIAL NUMBER | YEAR, MONTH, DAY | POST OFFICE | AMOUNT | CLERK |
|---|---|---|---|---|
| 0968596 0367 | 2007-03-14 | 604800 | $143.60 | 0002 |

**UNITED STATES POSTAL SERVICE**  **POSTAL MONEY ORDER** COPY

| SERIAL NUMBER | YEAR, MONTH, DAY | POST OFFICE | U.S. DOLLARS AND CENTS |
|---|---|---|---|
| 0968596 0367 | 2007-03-14 | 604800 | $143.60¢ |

### ONE HUNDRED FORTY THREE DOLLARS & 60¢ *

PAY TO Treasury of The United States

ADDRESS Director – Rm 7300 FOIA/PA Unit

600 E. Street NW Washington DC 20530

C.O.D. NO. OR USED FOR 03 2204 & 03-2373

NEGOTIABLE ONLY IN THE U.S. AND POSSESSIONS
SEE REVERSE WARNING

FROM Michael Antonelli 04053-164    CLERK 0002

ADDRESS USP Big Sandy Box 2068
Inez, KY 41224

⑈00000800 2⑈    0968596 0367⑈

— Km 1300

THE OFFICE FOR UNITED STATES ATTORNEYS

FOIA/PA UNIT

600 E. STREET NW

WASHINGTON, DC 20530

RE: FOIA REQUESTS TO EOUSA
03-2204 AND 03-2373

DEAR SIR:

Please FIND ENCLOSED A check IN THE AMOUNT OF $143.60 MADE OUT TO THE "TREASURY OF THE UNITED STATES" TO PAY FOR THE Fees IN ARREARS FOR BOTH REQUESTS NOS; 03-2204 AND 03-2373.

Please REOPEN THESE REQUESTS AND PROCESS THEM.

THANK YOU.

SINCERELY,

Michael Antonelli

Michael ANTONELLI
04053-164
USP BIG SANDY
BOX 2068
INEZ, KY 41224

3-2373 = 60.90
3-2204 = 73.70
Low → $143.60

cc: File

P.S. PLEASE NOTE MY NEW ADDRESS!

# Exhibit U

No. 07-02016 (D.D.C.)(CKK)

*rec'd 9-9-05*

**FOIA APPEAL**    Date: August 31, 2005

To: Co-Director

Office of Information & Privacy

Department of Justice    RE: FOIA to ____ BOP

FLAG BUILDING, Suite 570    Request No. ____ none yet

Washington, D. C. 20530    Date of Request: 8/5/05

Dear Sir:

This is an appeal under the Freedom of Information Act.
Please review the action or inaction of the following agency:
BOP ____ in conjunction to my request for records.
(check appropriate box or boxes below)

X ____ The agency has responded and the time limits within which to do so has passed.

____ The agency has claimed that no records could be found and I want to appeal that "no records" response.

____ The agency has blanket denied release of records.

____ The agency has released certain records and withheld some by claiming ____ exemptions.

____ The agency has withheld certain records but has not claimed any exemption ____ stated any reason for the deletions.

____ The agency has claimed there are no records available or they have been ____ stroyed and I believe they have not made a sufficient search.

____ The agency has deleted records were destroyed but has not stated where, how, when and for what reason and by whome they were destroyed and under what provision of the law.

X ____ I believe the agency action or inaction is otherwise unjust for the following reason:
More than twenty working days have passed and the BOP is now in violation of the statutory time limits within which to respond.
(See attached request)

Appellant believes the agency or public body has acted arbitrary and/or capricious and he asks for review of the agency action/inaction.
The burden is on the agency or public body to show the material withheld fits within the parameters of the exemptions claimed. The Appellant asks that the agency itemize and index the withheld material and include detailed affidavits & explanations in support of the justifications for refusal to disclose.

Sincerely,
X ____

(name) Michael Antonelli

(No.) 04053-164

Federal Correctional Complex

Box 3000 (MEDIUM)

Forrest City, Arkansas 72336

OFFICE OF INFORMATION
AND PRIVACY

SEP 0 9 2005

**RECEIVED**

cc: file

NOTICE: Failure to respond to this administrative appeal in a timely manner will result in civil action suit.

To: _____                Date: _____
                                                  August 3, 2005
        Director

Federal Bureau of Prisons

320 First Street, NW

Washington, D. C. 20534
Dear Sir:

        This is a request under the Freedom of Information Act.

        I request a copy of any and all documents, records and information
that any part of your agency has or had in its possession that is
in any way connected to, related to, or even remotely in reference
to my name.

        The following particulars may assist you in your search:

I want a copy of all SIS, SIA, and any investigative records compiled

since February 3, 2005 at FCC MEDIUM Forrest City, AR.

        I will pay reasonable search and reproduction fees.

                My biographical data is as follows:

FULL NAME   MICHAEL CARMIE ANTONELLI

DATE OF BIRTH : ████████████████████

PLACE OF BIRTH : Chicago, Illinois USA

SOCIAL SECURITY NUMBER: ████████████

        I declare under penalty of perjury that the aforementioned biograph-
ical data is that of my person and the signature below is my true
and correct original signature signed under oath.

Executed this _____ day of _____ , _____
              3rd           August        2005

                                "
                           By_____ X _____
                                       Affiant Herein

(28 USC Section 1746)

Name: _MICHAEL ANTONELLI_____

Reg. No. _04053-164,_____

Federal Correctional Institution

    Box 3000 (MEDIUM)
    Forrest City, Arkansas 72336

# Exhibit V

No. 07-02016 (D.D.C.)(CKK)

**U.S. Department of Justice**

Office of Information and Privacy

_____

_Telephone: (202) 514-3642_                    _Washington, D.C. 20530_

OCT 0 3 2005

Mr. Michael Antonelli
Register No. 04053-164
Federal Correctional Complex
P.O. Box 3000
Forrest City, AR  72336

        Re:  Request Nos. 2005-08421 and 05-08429

Dear Mr. Antonelli:

        This responds to your letters dated August 31 and September 2, 2005, in which you sought to
appeal from the failure of the Federal Bureau of Prisons to respond to your requests for access to records.

        I have notified the BOP of your communication.  It is my understanding that the BOP is still
processing your requests.  Although the Act authorizes you to treat the failure of the BOP to act on your
requests within the specified time limit as a denial thereof, this Office, because it lacks the personnel
resources to conduct the record reviews that are necessary to make initial determinations on requests for
records, cannot act until there has been an initial determination by the BOP.  Our function is limited to the
review of those records to which access is in fact denied.  You may appeal again to this Office when the
BOP completes its action on these particular requests if any of the material is denied.  We will then open
new appeals and review the BOP's substantive action on your requests.

        In the event that the BOP still has not responded to your requests at the time you receive this letter,
you may, if you choose, treat my letter as a denial of your appeal and bring action in an appropriate federal
court.  I hope that, in making a decision, you will give sympathetic consideration to the fact that the
Department of Justice has many requests pending at this time and is making every possible, reasonable
effort to process them.

                            Sincerely,



                            Richard L. Huff
                            Co-Director


RLH:PAJ:CIH




# Exhibit W

No. 07-02016 (D.D.C.)(CKK)

1/31/06
06-1154
PA
A
BOP

**FOIA APPEAL**

To: Co-Director
Office of Information & Privacy
Department of Justice
FLAG BUILDING, Suite 570
Washington, D.C. 20530

Date: January 23, 2006

RE: FOIA to _____ BOP _____

Request No. 2005-08429

Date of Request: 1/6/06
(release date)

Dear Sir:

This is an appeal under the Freedom of Information Act.
Please review the action or inaction of the following agency:

_____ BOP _____ in conjunction to my request for records.
(check appropriate box or boxes below)

_____ The agency has not responded and the time limits within which to do so has expired.

_____ The agency has claimed that no records could be found and
X     I want to appeal that "no records" response.
_____ The agency has blanket denied release of records.

X     The agency has released certain records and withheld some by claiming certain exemptions.

_____ The agency has withheld certain records but has not claimed any exemption or stated any reason for the deletions.

_____ The agency has claimed there are no records available or they have been destroyed and I believe they have not made a sufficient search.

_____ The agency has stated records were destroyed but has not stated where, how, when and for what reason and by whome they were destroyed and under what provision of the law.

X     I believe the agency action or inaction otherwise unjust for the following reason

I believe you have more records than just 30 pages.

_____

_____

Appellant believes the agency or public body has acted arbitrary and/or capricious and he asks for review of the agency action/inaction. The burden is on the agency or public body to show the material withheld fits within the parameters of the exemptions claimed. The Appellant asks that the agency itemize and index the withheld material and include detailed affidavits & explanations in support of the justifications for refusal to disclose.

Sincerely,
X _Michael Antonutti_
(name) Michael Antonelli
(No.) 04053-164
Federal Correctional Complex
Box 3000 (MEDIUM)
Forrest City, Arkansas 72336

OFFICE OF INFORMATION
AND PRIVACY

JAN 3 1 2006

RECEIVED

cc: file

NOTICE: Failure to respond to this administrative appeal in a

# Exhibit X

No. 07-02016 (D.D.C.)(CKK)



**U.S. Department of Justice**

Office of Information and Privacy

_____

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*


Mr. Michael Antonelli                    FEB 1 7 2006
Register No. 04053-164
Federal Correctional Complex-Medium
P.O. Box 3000
Forrest City, AR 72336

      Re:  Request No. 2005-08429

Dear Mr. Antonelli:

      This is to advise you that your administrative appeal from the action of the Federal Bureau of Prisons was received by this Office on January 31, 2006.

      The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number **06-1154**.  Please mention this number in any future correspondence to this Office regarding this matter.

      We will notify you of the decision on your appeal as soon as we can.  We regret the necessity of this delay and appreciate your continued patience.

                     Sincerely,

                     Priscilla Jones
                     Chief, Administrative Staff



# Exhibit Y

No. 07-02016 (D.D.C.)(CKK)

**U.S. Department of Justice**

Office of Information and Privacy

---

Telephone: (202) 514-3642                    Washington, D.C. 20530

**MAR 3 0 2006**

Mr. Michael Antonelli
Register No. 04053-164
Federal Correctional Complex                    Re:     Appeal No. 06-1154
Post Office Box 3000                                      Request No. 2005-08429
Forrest City, AR  72336                                   BVE:ALB:CL

Dear Mr. Antonelli:

        You appealed from the action of the Federal Bureau of Prisons on your request for access
to records concerning yourself.

        After carefully considering your appeal and as a result of discussions between the BOP
and a member of my staff, I have decided to release to you two additional pages, copies of which
are enclosed.  I am, however, otherwise affirming the BOP's action on your request.

        These records are exempt from the access provision of the Privacy Act of 1974 pursuant
to 5 U.S.C. § 552a(j)(2).  See 28 C.F.R. § 16.97(a) (2005).  Because these records are not
available to you under the Privacy Act, your request has been reviewed under the Freedom of
Information Act in order to afford you the greatest possible access to the records you requested

        The BOP properly withheld this information because it is protected from disclosure under
the Freedom of Information Act pursuant to 5 U.S.C. § 552(b)(7)(C).  This provision concerns
records or information compiled for law enforcement purposes, the release of which could
reasonably be expected to constitute an unwarranted invasion of the personal privacy of third
parties.  I have also determined that this material is not appropriate for discretionary release.

        If you are dissatisfied with my action on your appeal, you may seek judicial review in
accordance with 5 U.S.C. § 552(a)(4)(B).

                                        Sincerely,

                                        Daniel J. Metcalfe
                                        Director

                                        By:
                                        Janice G. McLeod
                                        Senior Counsel

Enclosure

File



**U.S. DEPARTMENT OF JUSTICE**

Federal Bureau of Prisons



RECEIVED
SEP 2 2 2005

Federal Correctional Complex
Forrest City, Arkansas, 72335

July 12, 2005

MEMORANDUM FOR    LINDA SANDERS, WARDEN

THRU:

THRU:

THRU:

FROM:

SUBJECT:    Review of Information
RE: Allegations of an Inmate
at FCC Forrest City Medium

**INTRODUCTION:**

On June 16, 2005, I received two BP-10's, #378871-R1 and #378835-R1 written by Inmate Antonelli, Michael #04053-164.  In these BP-10's, Antonelli is alleging ███████████████████████████████████ ████████████████████████████████red the safety of inmates by releasing information about their crimes to other inmates.  Antonelli is also alleging ████████████████ ████████████████████████to interfere with an inmate protective custody investigation caused by ████████████████ ███████████    Due to the severity of the allegations, additional inquiry was deemed necessary as a prelude to a possible referral to the Office of Internal Affairs.

F. O. I. EXEMPT – D. O. J. SENSITIVE



**U.S. DEPARTMENT OF JUSTICE**

Federal Bureau of Prisons

SEP 2 3 2005

Federal Correctional Complex
Forrest City, Arkansas, 72335

July 13, 2005

MEMORANDUM FOR    LINDA SANDERS, WARDEN

        THRU:    ████████████████████████████

        THRU:    ████████████████████████████

        THRU:    ████████████████████████████

        FROM:    ████████████████████████████

    SUBJECT:    OIA Complaint #2005-C-01052


**INTRODUCTION:**

On July 7, 2005, I received an OIA Complaint, #2005-C-01052.  In
this Complaint, Inmate Antonelli, Michael #04053-164, is alleging
████████████████████████████████████████████████████████████,
endangered the safety of inmates by releasing information about
their crimes to other inmates.  Antonelli is also alleging ██████
████████████████████████████████████████████████████████████████
interfere with an inmate protective custody investigation caused
by ████████████████████


F. O. I. EXEMPT – D. O. J. SENSITIVE
Page 1 of 7

# Exhibit Z

No. 07-02016 (D.D.C.)(CKK)



**U.S. Department of Justice**

Office of Information and Privacy

_____

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

DEC 0 1 2005

Mr. Michael Antonelli
Register No. 04053-164
Federal Correctional Complex
P.O. Box 3000 (Medium)
Forrest City, AR  72336

      Re:    Request No. 2006-00068 - RDAP Treatment File

Dear Mr. Antonelli:

      This is to advise you that your administrative appeal from the action of the Federal Bureau of Prisons on your request for information from the files of the Department of Justice was received by this Office on November 10, 2005.

      The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number **06-0480**.  Please mention this number in any future correspondence to this Office regarding this matter.

      We will notify you of the decision on your appeal as soon as we can.  The necessity of this delay is regretted and your continuing courtesy is appreciated.

                  Sincerely,

                  Priscilla Jones
                  Chief, Administrative Staff

file

# Exhibit AA

No. 07-02016 (D.D.C.)(CKK)

*nec ∂ 11-25-05*

060572

*PA/POR
@
BOP*

## FOIA APPEAL

**To:** Co-Director

Office of Information & Privacy

Department of Justice

FLAG BUILDING, Suite 570

Washington, D.C. 20530

**Date:** November 14, 2005

RE: FOIA to (BOP)

Request No. 2006-00068

Date of Request: action of 11/10/05

Dear Sir:

This is an appeal under the Freedom of Information Act.
Please review the action or inaction of the following agency:

BOP  Forrest City Ark MEDIUM in conjunction to my request for records.
(check appropriate box or boxes below)

_____ The agency has not responded and the time limits within which
to do so has expired.

_____ The agency has claimed that no records could be found and
I want to appeal that "no records" response.

_____ The agency has blanket denied release of records.

_____ The agency has released certain records and withheld some
by claiming certain exemptions.

(X) The agency has withheld certain records but has not claimed
any exemptions or stated any reason for the deletions.

_____ The agency has claimed there are no records available or
they have been destroyed and I believe they have not made
a sufficient search.

_____ The agency has stated records were destroyed but has not
stated where, how, when and for what reason and by whome
they were destroyed and under what provision of the law.

_____ I believe the agency action or inaction otherwise unjust
for the following reason :

_____

_____

_____

Appellant believes the agency or public body has acted arbitrary
and/or capricious and he asks for review of the agency action/inaction.
The burden is on the agency or public body to show the material
withheld fits within the parameters of the exemptions claimed. The
Appellant asks that the agency itemize and index the withheld material
and include detailed affidavits & explanations in support of the
justifications for refusal to disclose.

Sincerely,

X *Michael Antonelli*

(name)  Michael Antonelli

(No.)  04053-164

Federal Correctional Complex

Box 3000 (MEDIUM)

Forrest City, Arkansas 72336

OFFICE OF INFORMATION
AND PRIVACY

NOV 25 2005

RECEIVED

cc: file

NOTICE:  Failure to respond to this administrative appeal in a
timely manner will result in civil action suit.

# Exhibit BB

No. 07-02016 (D.D.C.)(CKK)

**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

NOV 3 0 2005

Mr. Michael Antonelli
Register No. 04053-164
Federal Correctional Complex - Medium
P.O. Box 3000
Forrest City, AR 72336

   Re:  Request No. 2006-00068

Dear Mr. Antonelli:

   This is to advise you that your administrative appeal from the action of the Federal Bureau of Prisons on your request for information from the files of the Department of Justice was received by this Office on November 25, 2005.

   The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number **06-0572**.  Please mention this number in any future correspondence to this Office regarding this matter.

   We will notify you of the decision on your appeal as soon as we can.  The necessity of this delay is regretted and your continuing courtesy is appreciated.

       Sincerely,

       Priscilla Jones
       Chief, Administrative Staff

file

# Exhibit CC

No. 07-02016 (D.D.C.)(CKK)



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

**DEC 2 1 2006**

Mr. Michael Antonelli                        Re:    Appeal No. 06-0480
Register No. 04053-164                               Request No. 2006-00068
United States Penitentiary                           JGM:CL
Post Office Box 2068
Inez, KY 41224

Dear Mr. Antonelli:

     You appealed from the action of the Federal Bureau of Prisons (BOP) on your request for a copy of your RDAP Treatment File. I regret the delay in responding to your appeal.

     A member of my staff has found that you owe the United States Marshals Service (USMS) $42.10 in duplication fees for records processed in response to Request Number 2003USMS4609. As a courtesy to you, I am enclosing the administrative correspondence between USMS and yourself that concerns your earlier request: USMS letter dated March 14, 2003, asking for your commitment to pay fees; your response dated March 19, 2003, committing to pay fees of $42.20; USMS's letter dated May 20, 2003, advising you that the processing of request number 2003USMS4609 was complete and requesting payment of $42.10. USMS has no record of receiving any payment from you with regard to the earlier request.

     Because you have not paid this past-due fee to USMS, your current appeal from the BOP's action on Request Number 2006-00068 has been administratively closed by this Office. See 28 C.F.R. § 16.11(i)(3) (2006). You will be required to substantiate that you have paid this debt before this Office takes action on any new appeals you submit.

     If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

                         Sincerely,

                         Daniel J. Metcalfe
                         Director

Enclosures (3)

File

March 14, 2003

Michael C. Antonelli
Reg. No. 04053-164
U.S. Penitentiary
Box 26030
Beaumont, TX   77720

Re:     **Freedom of Information/Privacy Act Request No. 2003USMS4609**
         **Subject of Request: Self**

Dear Mr. Antonelli:

This is in response to your above-captioned request.

Pursuant to your request, the U.S. Marshals Service (USMS) conducted a search of its files and located approximately 522 pages of documents indexed to your name.  These records were located  in U.S. Marshals Offices for the Northern and Central Districts of Illinois.  In accordance with 28 C.F.R. Section 16.11(d), the USMS is disclosing to you 100 pages of material without charge.  However, the names of federal and non-federal law enforcement officers, other government and third-party individuals, including other prisoners are being withheld pursuant to exemption 7(C) of the Freedom of Information Act, 5 U.S.C. Section 552(b)(7)(C).  Exemption 7(C) allows an agency to withhold records or information compiled for law enforcement purposes, to the extent that the production of such records or information could reasonably be expected to constitute an unwarranted invasion of personal privacy.  No other deletions have been made and none of the withheld information is appropriate for discretionary release.

The estimated fee for copying the remaining documents may amount to approximately $42.20 depending upon the total number of documents to be released to you.

Therefore, if you wish to obtain copies of the remaining documents located responsive to your request, please indicate in writing your willingness to pay the estimated fee of $42.20.  Please send your agreement to pay to the U.S. Marshals Service, Office of General Counsel, ATTN: Shaaron L. Keys, Suite 1200, CS III, Washington, D.C. 20530-1000.  **Do not send any payment at this time, as you will be notified of the exact fee upon completion of our processing.**

We are closing our file on your request at this time. Upon receipt of your written agreement to pay the estimated fee for satisfying your request, we will continue our processing and correspond with you again upon completion.

If you are dissatisfied with my action on this request, you may appeal by writing to the Co-Director, Office of Information and Privacy, United States Department of Justice, Suite 570 Flag Building, Washington, D..C. 20530, within 60 days of the date of this letter. Both the letter and the envelope should be clearly marked "Freedom of Information/Privacy Act Appeal." In the event you are dissatisfied with the results of any such appeal, judicial review will thereafter be available to you in the United States District Court for the judicial district in which you reside or have your principal place of business, or in the District of Columbia.

Sincerely,

**FLORASTINE P. GRAHAM**
**FOI/PA Officer**
**Office of General Counsel**

Enclosures

RECEIVED
GENERAL COUNSEL

03 MAR 28  AM 9: 56

U.S. MARSHALS SERVICE

ATT: Sharon Keys, Suite 1200                          March 19, 2003
Office of General Counsel
United States Marshals Service
CS III
Washington, D.C.  20530-1000

                    FOIA/PA Request No 2003USMS4609

Dear Ms Keys:

    In response to your letter of March 14, 2003, I hereby reply.

    Please know I am willing to pay the estimated fees of $42.20 for
processing and copying of the requested records in excess of the
100 pages you sent.

    Thank You.


                                        Sincerely,

                                        Michael Antonelli
                                        04053-164
                                        United States Penitentiary
                                        Box 26030
                                        Beaumont, Texas
                                                        77720

cc : file

May 20, 2003

Michael Antonelli
Reg. No. 04053-164
U.S. Penitentiary
Box 26030
Beaumont, TX    77720

   Re: **Freedom of Information/Privacy Act Request No. 2003USMS4609**
      **Subject: Self**

Dear Requester:

   The United States Marshals Service (USMS) is prepared to release **421** pages of material responsive to your request.

   Pursuant to your request, [X] the Marshals Service conducted a search of its files and located documents which are responsive, or [ ] the Marshals Service received documents referred from another agency for disclosure determination and direct response to you.

   The statutory fee for copying the records, as implemented by Department of Justice regulations at 28 C.F.R. § 16.10, amounts to **$42.10.** Your check or money order should be made payable to the United States Treasury. To avoid further delay, please ensure that your name appears on your remittance and that it is sent to the U.S. Marshals Service, Office of General Counsel, ATTN: Shaaron Keys, CS III, Washington, D.C. 20530-1000.

   We are closing our file on your request at this time, pending receipt of your payment of the fee for satisfying your request. **However, once we are in receipt of your check or money order in the amount of $42.10 we will forward the requested material to you. The paragraphs checked below apply to your request:**

   [ ] The Marshals Service is prepared to release [ ] all documents located or [ ] all documents referred from another agency without deletions.

   [X] Documents will be released to you; however, certain documents or portions of documents will be withheld pursuant to the Freedom of Information Act, 5 U.S.C. § 552, and/or the Privacy Act, 5 U.S.C. § 552a. Please refer to the list on page 2 of this letter for a description of information being withheld and the basis for withholding.

   [X] Our search located document(s) which originated with or contain(s) information which originated with (an)other component(s) of the Department of Justice or with (an)other government agency(ies).

[ ] Information contained in Marshals Service records which originated with (an)other agency(ies) and a copy of your request will be referred to the originator(s) for consultation in accordance with 28 C.F.R. § 16.4 and/or § 16.42. The Marshals Service will correspond with you again upon completion of this consultation.

[X] Records which originated with (an)other agency(ies) and a copy of your request will be referred to the originator(s) for disclosure determination and direct response to you in accordance with 28 C.F.R. § 16.4 and/or § 16.42.

[ ] Your request is being denied pursuant to the Freedom of Information Act and/or Privacy Act exemption(s) identified by mark(s) on the following list.

[X] If you are dissatisfied with my action on this request, you may appeal from this partial denial by writing to the Co-Director, Office of Information and Privacy, United Department of Justice, Flag Building, Suite 570, Washington, D.C. 20530, within 60 days of the date of this letter. Both the letter and the envelope should be clearly marked "Freedom of Information/Privacy Act Appeal." In the event you are dissatisfied with the results of any such appeal, judicial review will thereafter be available to you in the United States District Court for the judicial district in which you reside or have your principal place of business, or in the District of Columbia.

[X] The enclosed material is provided for your further information.

Sincerely,


FLORASTINE P. GRAHAM
FOI/PA Officer
Office of General Counsel

Enclosures

| | |
|---|---|
| Number of Documents Located or Referred from anothr agency: | 620 |
| Pages previously released - no charge | 100 |
| Number of Documents to be Released: | 421 |
| Number of Documents to be Referred to another agency: | 99 |
| Number of Documents to be Withheld: | 0 |

Freedom of Information Act          Privacy Act
5 U.S.C. § 552                             5 U.S.C. § 552a

Exemptions cited                                Description of Information Withheld

[ ](b)(1)  [ ](b)(2)  [ ](b)(3)  [ ](d)(5)  [ ](j)(2)          [ ] Administrative marking(s)
[ ](b)(4)  [ ](b)(5)  [ ](b)(6)  [ ](k)(1)  [ ](k)(2)          [X] Names of and/or information on
[ ](b)(7)(A)  [ ](b)(7)(B)  [ ](k)(5)  [ ](k)(6)                      government employees
[X](b)(7)(C)  [ ](b)(7)(D)                                      [X] Names of and/or information
[X](b)(7)(E)  [ ](b)(7)(F)                                          pertaining to third-party individual(s)
                                                                [X] Names of and/or information
                                                                    pertaining to other prisoners
                                                                [ ] Confidential source information
                                                                [X] Other: Investigative techniques/
                                                                    procedures

FREEDOM OF INFORMATION ACT
5 U.S.C. § 552

Disclosure mandates of the Freedom of Information Act do not apply to matters that are--

(b)(1)  specifically authorized and properly classified pursuant to an Executive order to be kept secret in the interest of national defense or foreign policy;

(b)(2)  related solely to the internal rules and practices of an agency;

(b)(3)  specifically exempted from disclosure by another statute;

(b)(4)  privileged or confidential trade secrets and commercial or financial information obtained from a person;

(b)(5)  predecisional information, including attorney work-product and attorney-client material, reflective of the deliberative process and contained in inter-agency or intra-agency correspondence which is not routinely available to a private party in litigation with an agency;

(b)(6)  personnel, medical and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)  records or information compiled for law enforcement purposes to the extent that the production of such records or information (A) could reasonably be expected to interfere with enforcement proceedings, (B) would deprive a person of a right to a fair trial or an impartial adjudication, (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, (D) could reasonably be expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and , in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, (E) would disclose techniques and procedures for law enforcement investigation or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life or physical safety of any individual.

PRIVACY ACT
5 U.S.C. § 552a

(d)(5)  Nothing in the Privacy Act shall allow an individual access to any information compiled in reasonable anticipation of civil action or proceeding.

**Further, an agency may exempt from the access provisions and other provisions of the Privacy Act:**
(j)(2)  Material related to the enforcement of criminal laws including efforts to prevent, control or reduce crime or to apprehend criminals;

(k)(1)  Material specifically authorized and properly classified pursuant to an Executive order to be kept secret in the interest of national defense or foreign policy;

(k)(2)  Material compiled during civil investigations for law enforcement purposes;

(k)(5)  Investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment, military service, Federal contracts, or access to classified information, the disclosure of which would reveal the identity of a source who furnished information to the Government under an express promise that the source's identity would be held in confidence, or pursuant to an implied promise of confidentiality if such information was furnished prior to September 27, 1975.

(k)(6)  Testing or examination material used solely to determine individual qualifications for appointment or promotion in the Federal service.

# Exhibit DD

No. 07-02016 (D.D.C.)(CKK)



**U.S. Department of Justice**

Office of Information and Privacy

_____

_Telephone: (202) 514-3642_                    _Washington, D.C. 20530_


**DEC 2 7 2006**


Mr. Michael Antonelli
Register No. 04053-164
United States Penitentiary               Re:     Appeal No. 06-0572
Post Office Box 2068                             Request No. 2006-00068
Inez, KY 41224                                   JGM:KM

Dear Mr. Antonelli:

   You appealed from the action of the Federal Bureau of Prisons (BOP) on Request
Number 2006-00068.

   A member of my staff has found that you owe the United States Marshals Service
(USMS) $42.10 in duplication fees for records processed in response to Request Number
2003USMS4609. In previous letters to you, I enclosed the administrative correspondence
between USMS and yourself that concerns your earlier request. Additionally, those previous
letters state that USMS has no record of receiving any payment from you with regard to the
earlier request.

   Because you have not paid this past-due fee to USMS, your current appeal from BOP's
action on Request Number 2006-00068 has been administratively closed by this Office. See
28 C.F.R. § 16.11(i)(3) (2006). You will be required to substantiate that you have paid this debt
before this Office takes action on any new appeals you submit.

   If you are dissatisfied with my action on your appeal, you may seek judicial review in
accordance with 5 U.S.C. § 552(a)(4)(B).

                              Sincerely,



                              Daniel J. Metcalfe
                              Director

FILE

# Exhibit EE

No. 07-02016 (D.D.C.)(CKK)

Daniel J. Metcalf, Director                          January 11, 2007
Office of Information & Privacy
Department of Justice
Washington, D. C. 20530

                          RE:  Appeal No. 06-0480
                               Request No. 2006-00068

Dear Mr Metcalf:

        Please be advised that I paid the Marshals $42.10 in connection to
FOIA Request No. 2003USMS4609.

        Therefore, kindly reopen Appeal No. 06-0480.

        Thank You.

                                          Sincerely,

                                          Michael Antonelli
                                          04053-l64
                                          USP Big Sandy
                                          Box 2068
                                          Inez, KY 41224

cc : file

Exhibit FF

No. 07-02016 (D.D.C.)(CKK)

Daniel J. Metcalf, Director                       January 11, 2007
Office of Information & Privacy
Department of Justice
Washington, D. C. 20530

RE:  Appeal No. 06-0572
Request No. 2005-00068

Dear Mr Metcalf:

Please be advised that I paid the Marshals $42.10 in connection to FOIA Request No. 2003USMS4609.

Therefore, kindly reopen Appeal No. 06-0572.

Thank You.

Sincerely,

Michael Antonelli
04053-I64
USP Big Sandy
Box 2068
Inez, KY 41224

cc : file

# Exhibit GG

No. 07-02016 (D.D.C.)(CKK)



**U.S. Department of Justice**

Office of Information and Privacy

_____

_Telephone: (202) 514-3642_                    _Washington, D.C. 20530_


APR - 9 2007


Mr. Michael Antonelli                    Re:    Appeal No. 06-0572
Register No. 04053-164                          Request No. 2006-00068
United States Penitentiary                      JGM:KM
Post Office Box 2068
Inez, KY  41224-2068

Dear Mr. Antonelli:

     You appealed from the action of the Federal Bureau of Prisons (BOP) on Request Number 2006-00068.

     A member of my staff has found that you owe the Executive Office for United States Attorneys (EOUSA) $50.00 in fees for records processed in response to Request Numbers 03-2204 and 03-2373.  In my previous letter to you dated April 2, 2007, I explain the specific fees owed to EOUSA and I address your argument that you do not owe any fees.

     Because you have not paid these past-due fees to EOUSA, your current appeal from BOP's action on Request Number 2006-00068 has been administratively closed by this Office.  See 28 C.F.R. § 16.11(i)(3) (2006).  You will be required to substantiate that you have paid this debt before this Office takes action on any new appeals you submit.

     If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

                    Sincerely,

                    Janice Galli McLeod
                    Associate Director

File

# Exhibit HH

No. 07-02016 (D.D.C.)(CKK)



**U.S. Department of Justice**

Office of Information and Privacy

_____

*Telephone: (202) 514-3642*                     *Washington, D.C. 20530*

**APR - 2 2007**

Mr. Michael Antonelli                          Re:    Appeal No. 05-2715
Register No. 04053-164                                Request No. 04-3952
United States Penitentiary                            JGM:CAS
Post Office Box 2068
Inez, KY  41224-2068

Dear Mr. Antonelli:

    You appealed from the action of the Executive Office for United States Attorneys
(EOUSA) on your request for access to records pertaining to <u>Antonelli v. Foster</u>.

    After carefully considering your appeal, I am affirming, on modified grounds, EOUSA's
action on your request. As a result of a review of the administrative record in this case, a
member of my staff has determined that you owe fees to EOUSA in connection with two separate
Freedom of Information Act requests that you submitted to it.

    As you know, the filing of a FOIA request is considered to be an agreement by you to pay
fees up to $25.00. <u>See</u> 28 CFR § 16.3(c). Further before any fees are assessed, the FOIA entitles
you to the first two hours of search time and up to 100 pages of duplication at no cost. <u>See</u>
5 U.S.C. § 552(a)(4)(A)(iv)(II). As more fully detailed in letters dated November 19, 2003 and
February 27, 2004, EOUSA informed you that it had searched beyond your statutory entitlement
of two hours per request and billed you according in the amount of $60.90 for Request No.
03-2373 and in the amount of $73.70 for Request No. 03-2204 prior to processing the request
that is the subject of this appeal, Request No. 04-3952. I note, however, that EOUSA did not
obtain your commitment to pay those additional search and duplication fees that were in excess
of $25.00 as required by agency regulation. <u>See</u> 28 C.F.R. § 16.11(e). Consequently, your total
fees for requests 03-2373 and 03-2204 are limited to $25.00 per request for a total of $50.00.

    You assert on appeal that these earlier FOIA requests were submitted by you on behalf of
other inmates and, therefore, those inmates are responsible for any related fees. However, I note
that you submitted and signed both Requests Nos. 03-2373 and 03-2204 and that one of these
requests asks for information pertaining to yourself. I find, therefore, that you are responsible for
the costs associated with both of these requests.

    Accordingly, this appeal is being administratively closed in this Office and you will be
required to substantiate that you have paid these debts before this Office takes action on any new
appeal that you may submit to this Office. You should remit your payments made payable to the
Treasury of the United States directly to EOUSA.

-2-

If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Janice Galli McLeod
Associate Director

# Exhibit II

No. 07-02016 (D.D.C.)(CKK)

*Ku*

Janice Galli McLeod, Associate Director          April 15, 2007
Office of Information & Privacy
Department of Justice - Suite 11050
1425 New York Ave., NW
Washington, D.C.  20530-0001

RE:  Appeal No. 06-0572
BOP Request No. 2006-00068

Dear Smuck:

Kindly reopen the appeal you so rudely closed on April 9, 2007.

You and your staff are incompetent !  I paid $143.60 by money order dated March 14, 2007 with an accompanying letter dated March 3, 2007.  I paid the entire bill, not just $50.00 of it !

Therefore, before you even decided to close any appeal on April 2, 2007, the entire bill was paid.  Your action is improvident !

Kindly quit harassing me.  I pay all my bills.  You damn well know that you conjured, concocted, manufactured and created this facade in order to escape your duties, obligations and responsibilities owed me under the FOIA.

This is an outright obstruction of justice !

I grant you will refrain from any further nonsense such as your efforts to weasel out of doing your job in the future.

Utterly Dismayed, I Remain:

Michael Antonelli
No. 04053-164
Box 2068
Inez, KY  41224

cc : file

# Exhibit JJ

No. 07-02016 (D.D.C.)(CKK)

Co-Director                                                      August 1, 2006
Office of Information & Privacy
Department of Justice
FLAG BUILDING, Suite 570
Washington, D.C. 20530

                        RE:   FOIA to BOP # 2006-06825
                              Release dated July 25, 2006

DEar Sir:

        This is an appeal under the Freedom of Information Act.

        I appeal the action of the BOP in excising, deleting and
withholding information from me arbitrarily and capriciously.
The 29 pages of the 91 pages released that had excisions, had
things excised from the submissions I sent to BOP.  These were
outright arbitrary and capricious excisions because I submitted
the information that you excised.
        As further abuse of discretion, BOP deleted information that
it had already provided me in their own responses to my admin-
istrative appeals.
        Most poignant is the use of (b)(5) to delete the reasons my
appeal was sent back to Warden Linda Sanders on March 30, 2006
by Harrell Watts, Administrator National Appeals in Washington,
D.C.  I believe that excision to be improper and the BOP has not
met their burden of proving that the material withheld actually
fits within the parameters of (b)(5).  Therefore, their action
is arbitrary and capricious and an abuse of their discretion.
        I further ask that BOP be ordered to provide Vaughn indexing
and itemization with justifications for use of the exemptions
claimed with supporting sworn affidavits.
        And, of course, I appeal the blanket denial of the remaining
seven pages pursuant to the panoply of exemptions claimed, as an
abuse of discretion and arbitrary and capricious and I ask for
the same Vaughn indexing, itemization, justifications and sworn
affidavits in support.

        I grant you will respond with expedience !  I ask that you
expedite because these purportedly corrections of the present
records that the National Appeals faction has ordered has never
been done, and those records unequivocally prejudice me to this
very day.

**RECEIVED**

AUG 1 4 2006

Office of Information and Privacy

                                Utterly Dismayed, I Remain,

                                *Michael Antonelli*
                                Michael Antonelli
                                04053-164
                                USP Big Sandy
                                Box 2068
                                INEZ, KY 41224

cc : file
     Ralph Nader

# Exhibit KK

No. 07-02016 (D.D.C.)(CKK)



**U.S. Department of Justice**

Office of Information and Privacy

_____

*Telephone: (202) 514-3642*                          *Washington, D.C. 20530*

AUG 1 6 2006

Mr. Michael Antonelli
Register No. 04053-164
United States Penitentiary          Re:  Appeal No. 06-2818
Post Office Box 2068                      Request No. 2006-06825
Inez, KY 41224                            DJM:JTR

Dear Mr. Antonelli:

        This is to advise you that your administrative appeal from the action of Federal Bureau of
Prisons (BOP) on your request for access to records pertaining to your administrative appeals
with BOP was received in this Office on August 14, 2006.

        Your appeal has been assigned number **06-2818**.  Please mention this number in any
future correspondence to this Office regarding this appeal.

        You have requested expedited treatment of your appeal.  An appeal will be taken out of
chronological order based on the date of receipt and given expedited treatment by the Department
of Justice only when it is determined to involve:  (1) circumstances in which lack of such
treatment could reasonably be expected to pose an imminent threat to the life or safety of an
individual; (2) an urgency to inform the public about an actual or alleged federal government
activity, if made by a person primarily engaged in disseminating information; (3) the loss of
substantial due process rights; or (4) a matter of widespread and exceptional media interest in
which there exist possible questions about the government's integrity which affect public
confidence.  See 28 C.F.R. § 16.5(d)(1) (2006).  This Office makes determinations regarding the
first three categories, while initial requests made pursuant to the fourth standard are acted upon
by the Department's Director of Public Affairs in the first instance.  See id. § 16.5(d)(2).

        Requesters seeking expedited treatment are required to submit a statement explaining in
detail the basis for their request for such treatment.  See id. § 16.5(d)(3).  This statement must be
certified to be true and correct.  See id.  You have not provided such a statement.  Rather, you
request expedited treatment "because these purportedly [sic] corrections of the present records
that the National Appeals faction has order has [sic] never been done, and those records
unequivocally prejudice me to this very day."  Under Department of Justice regulations, I can
discern no valid reason for granting expedited treatment to your appeal on this basis.  As a result,
I am denying your request for expedited treatment of your appeal.  If you choose to provide the
required certified explanation of the basis for seeking expedited treatment, I will make a decision
under the appropriate standard.

File

-2-

If you are dissatisfied with my action on your request for expedited treatment of your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(6)(E)(iii).

Sincerely,

Daniel J. Metcalfe
Director

# Exhibit LL

No. 07-02016 (D.D.C.)(CKK)



**U.S. Department of Justice**

Office of Information and Privacy

_____

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

**JAN 1 6 2007**

Mr. Michael Antonelli
Register No. 04053-164
United States Penitentiary          Re:    Appeal No. 06-2818
Post Office Box 2068                        Request No. 06-06825
Inez, KY  41224                             ALB:CAS

Dear Mr. Antonelli:

    You appealed from the action of the South Central Regional Office of the Federal Bureau of Prisons (BOP) on your request for records pertaining to an incident report that was filed at the Federal Correctional Institution, Forrest City, in June 2005.

    A member of my staff has found that you owe the United States Marshals Service (USMS) $42.10 in duplication fees for records processed in response to Request Number 2003USMS4609.  In previous letters to you, this Office enclosed the administrative correspondence between USMS and yourself that concerns your earlier request.  Additionally, those previous letters state that USMS has no record of receiving any payment from you with regard to the earlier request.

    Because you have not paid this past-due fee to USMS, your current appeal from BOP's action on Request Number 2006-04998 has been administratively closed by this Office.  See 28 C.F.R. § 16.11(i)(3) (2006).  You will be required to substantiate that you have paid this debt before this Office takes action on any new appeals you submit.

    If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

                    Sincerely,

                    Janice Galli McLeod
                    Associate Director

File

# Exhibit MM

No. 07-02016 (D.D.C.)(CKK)

DIRECTOR
3/5/07

OFFICE OF INFIRMATION + PRIVACY
DEPARTMENT OF JUSTICE
WASHINGTON, D.C. 20530

07-1004

FOIA
BOP-SCRO

RE: FOIA TO BOP NO. 2006-06375

DEAR SIR:
This is AN Appeal UNDER THE FOIA.

BY LETTER DATED 2/28/07 THE REGIONAL
COUNSEL OF THE SOUTH CENTRAL REGIONAL OFFICE
OF THE FEDERAL BUREAU OF PRISONS DENIED MY
REQUEST ENUMERATED ABOVE BECAUSE I
SUPPOSEDLY OWE THE USMS $42.10 IN
CONNECTION TO REQUEST NUMBER 2003USMS4609.

PLEASE KNOW THAT I PAID THE $42.10
TO THE UNITED STATES MARSHALS SERVICE TWO
(2) MONTHS AGO. THEREFORE, THE DENIAL OF
REQUEST 2006-06375 BY THE BOP IS
IMPROVIDENT.

I THEREFORE APPEAL THAT DENIAL AS
ARBITRARY, CAPRICIOUS AND IMPROVIDENT.

SINCERELY,

Michael Antonelli

OFFICE OF INFORMATION
AND PRIVACY

MAR 23 2007

RECEIVED

MICHAEL ANTONELLI
04053-164         9/P.
BOX 2068
USP BIG SANDY
INEZ, KY 41224

CC: FILE

# Exhibit NN

No. 07-02016 (D.D.C.)(CKK)



**U.S. Department of Justice**

Office of Information and Privacy

_____

*Telephone: (202) 514-3642*          *Washington, D.C. 20530*

APR 0 6 2007

Mr. Michael Antonelli
Register No. 04053-164
United States Penitentiary
P.O. Box 2068
Inez, KY 41224

     Re: Request No. 2006-06375

Dear Mr. Antonelli:

     This is to advise you that your administrative appeal from the action of the Federal Bureau of Prisons was received by this Office on March 23, 2007.

     The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number **07-1004**. Please mention this number in any future correspondence to this Office regarding this matter.

     We will notify you of the decision on your appeal as soon as we can. We regret the necessity of this delay and appreciate your continued patience.

                        Sincerely,

                        Priscilla Jones
                        Supervisory Administrative Specialist

# Exhibit OO

No. 07-02016 (D.D.C.)(CKK)

Director
Federal Bureau of Prisons                                    MAY 8, 2006
320 First Street, NW
Washington D.C. 20534

   This is a Request under the (FOIA),

   I Request a Copy of All Records in connection to the
Incedent Reports written at FCCM Forrest City since 2/1/06
including my submissions on Appeals BP-8 and BP-9's (382462) and
DHO No. 411235 and UDC Appeal 411066 including all Exhibits and BP-10
and DHO Reports at the South Central Region.

   I also Request a copy of All "Sensitive" BP-10 and
BP-11's that I filed and include all Rejection notices
After 2/3/05. I ask that all these be unsensitized
and made public record. Search South Central Region + Central
Offices.

   I will pay Reasonable Fees.

Full name: Michael Carmie Antonelli
DOB: ███████
POB: Chicago, Illinois

   I Declare under penalty of perjury that the
Above Data is True and Correct and this is my True Signature:

Executed: MAY 8 2006          By: _Michael Antonelli_

RECEIVED                         Michael Antonelli, Affiant
MAY 17 2006                      04053-164
FOIA/PA SECTION                  Federal Correctional Complex
FEDERAL BUREAU OF PRISON         Box 3000 (Medium)
                                 Forrest City, Arkansas
(28 USC Section 1746)                        72336,

# Exhibit PP

No. 07-02016 (D.D.C.)(CKK)



**U.S. Departmen of Justice**

Federal Bureau of Prisons

*South Central Regional Office*

---

*4211 Cedar Springs Road, Suite 300*
*Dallas, Texas 75219*

FEB 2 8 2007

Michael Antonelli
Register Number 04053-164
USP Big Sandy
Post Office Box 2068
Inez, Kentucky 41224

Re:  Freedom of Information Request Number 2006-06375

Dear Mr. Antonelli:

This is in response to your request for a copy of specific
Federal Bureau of Prisons records pertaining to you.  You
requested a copy of all records pertaining to incident reports
you received at the Federal Correctional Complex in Forrest City,
Arkansas, specifically the Discipline Hearing Officer's (DHO)
report for incident report number 411235 and the related
administrative remedy appeals numbered 382462 and 411066.  You
also requested a copy of all "Sensitive" requests for
administrative remedy you submitted after February 3, 2005, to
the South Central Regional Office in Dallas, Texas, and the
Central Office in Washington, DC.

The Bureau of Prisons obtained information from the Office of
Information and Privacy indicating you owe the United States
Marshals Service a fee of forty-two dollars and ten cents
($42.10) for the duplication of records processed in response to
Request Number 2003USMS4609.

Please be advised that in accordance with Title 28, Code of
Federal Regulations, Section 16.11(i)(3), no further action will
be taken on this request, or any new request, until the fee of

SENSITIVE BUT UNCLASSIFIED

FOIA Req. No. 2006-06375
Michael Antonelli; Reg. No. 04053-164
Page 2

forty-two dollars and ten cents ($42.10) is paid, for the
processing of FOIA Request Number 2003USMS4609.  You will be
required to substantiate that you have paid this debt before this
office accepts any new request you submit.

Sincerely,

Michael D. Hood
Regional Counsel

lc

SENSITIVE BUT UNCLASSIFIED

# Exhibit QQ

No. 07-02016 (D.D.C.)(CKK)

8/14/06                    06-2830                    FOIA
                                                      (F)
                                                      BOP

**FOIA APPEAL**

To: Co-Director                          Date: August 2, 2006

Office of Information & Privacy

Department of Justice                    RE: FOIA to    BOP

FLAG BUILDING, Suite 570                 Request No. none assigned

Washington, D.C. 20530                   Date of Request: 6/13/06

                                         NO request # 2006-09132
                                         # 1450    Still pending

**Dear Sir:**

This is an appeal under the Freedom of Information Act.
Please review the action or inaction of the following agency:

Federal Bureau of Prisons          in conjunction to my request for records.
            (check appropriate box or boxes below)

_____   The agency has not responded and the time limits within which
         to do so has expired.

_____   The agency has claimed that no records could be found and
         I want to appeal that "no records" response.

_____   The agency has blanket denied release of records.

_____   The agency has released certain records and withheld some
         by claiming certain exemptions.

___X___  The agency has withheld certain records but has not claimed
         any exemptions or stated any reason for the deletions.

_____   The agency has claimed there are no records available or
         they have been destroyed and I believe they have not made
         a sufficient search.

_____   The agency has stated records were destroyed but has not
         stated where, how, when and for what reason and by whome
         they were destroyed and under what provision of the law.

___X___  I believe the agency action or inaction otherwise unjust
         for the following reason :

The attached request should have been treated as an FOIA request but

was not. I appeal the bureaucratic run-a-round.

        Appellant believes the agency or public body has acted arbitrary
and/or capricious and he asks for review of the agency action/inaction.
        The burden is on the agency or public body to show the material
withheld fits within the parameters of the exemptions claimed.  The
Appellant asks that the agency itemize and index the withheld material
and include detailed affidavits & explanations in support of the
justifications for refusal to disclose.

                                    Sincerely,
                                    X  [signature]

OFFICE OF INFORMATION               (name)  Michael Antonelli
AND PRIVACY
                                    (No.)  04053-164
AUG 14 2006
                                    Federal Correctional Complex
RECEIVED
                                    Box 3000 (MEDIUM)

                                    Forrest City, Arkansas 72336

cc: file

NOTICE:  Failure to respond to this administrative appeal in a

DEAR SIR: This is A REQUEST UNDER
THE FOI/PA. I REQUEST A COPY OF THE
SENSITIVE BP-10 + SENSITIVE BP-11 I
SENT TO THE REGION (SCR) AND CENTRAL
OFFICE REMEDY ID # 411064-A1 THAT
THE CENTRAL OFFICE RECEIVED 5/15/06.
I ALSO ASK FOR A COPY OF THE SCR
REJECTION NOTICE.
Michael CARMIE ANTONELLI 34053-164
D.O.B: ██████ POB: CHICAGO ILLINOIS
I WILL PAY FEES INCURRED.
I DECLARE UNDER PENALTY OF PERJURY
THAT THE ABOVE IS TRUE AND THE BELOW
IS MY SIGNATURE ██████ .03
        Michael Antonelli
        Michael Antonelli
        FEDERAL TRANSFER CENTER
        OKLAHOMA CITY OKLAHOMA
        Box 898801

73189

...ou have not received your
...istrative Remedy
...e Warden's Administrative

...nse is still in progress.
...ing date, you are entitled
...me cases cannot be decided
... time for response may be
... will provide you with a
...orm you of the extension.

...ference has not been filed

... for us to respond to your
...inistrative remedy, please
...s office or date mailed by
...ject of your administrative
...formation, please provide as

...ues you should first bring
...are unable to resolve the
...aint to the Warden via the
...re is available to inmates
...bout any aspect of their

...omission is untimely by no
...are only considered when

...ponses are the final agency
...sponse, you may pursue any

...jurisdiction of the Federal Bureau

...to you on_____.

...ately handled through a Freedom of
...ust be made in writing and addressed
...t, NW, Washington, D.C. 20534. Both
...arly marked, "Freedom of Information

NAME:
REG#
FEDERAL TRANSFER CENTER
P.O. BOX 898801
OKLAHOMA CITY, OK 73189-8801



UNITED STATES GOVERNMENT
MEMORANDUM
FEDERAL BUREAU OF PRISONS

DATE:
July 5, 2006

REPLY TO
ATTN OF:  National Inmate Appeals, Central Office

Michael Antonelli #04053-064
FPC Oklahoma

_____ 1. Your appeal was answered on_____.  If you have not received your
copy by now, you may ask the institution Administrative Remedy
Coordinator to provide you with a copy from the Warden's Administrative
Remedy File.

_____ 2. Your appeal was filed on_____, and a response is still in progress.
If more than 40 days have elapsed since the filing date, you are entitled
to consider your appeal denied.  However, some cases cannot be decided
within this time period.  In that event, the time for response may be
extended for an additional 20 days.  Staff will provide you with a
computer-generated notice of extension to inform you of the extension.

_____ 3. Our records indicate that the appeal you reference has not been filed
with this office.

_____ 4. You have not provided sufficient information for us to respond to your
inquiry.  If your inquiry concerns an administrative remedy, please
provide the **case number**, the date filed in this office or date mailed by
you, your name and register number, and the subject of your administrative
remedy.  If you cannot provide all of this information, please provide as
much as possible.

_____ 5. A review of your inquiry reveals it contains issues you should first bring
to the attention of institution staff.  If you are unable to resolve the
issue(s) informally, you may present your complaint to the Warden via the
Administrative Remedy Procedure.  This procedure is available to inmates
confined in federal facilities to complain about any aspect of their
confinement.

_____ 6. Extensions are granted only if an inmate's submission is untimely by no
fault of his own.  Requests for extensions are only considered when
submitted with the complete appeal packet.

_____ 7. Central Office Administrative Remedy Appeal responses are the final agency
position.  If you are dissatisfied with the response, you may pursue any
legal recourse you deem appropriate.

_____ 8. We can only address issues within the jurisdiction of the Federal Bureau
of Prisons.

_____ 9. Your appeal was rejected and returned to you on_____.

_X_ 10. Other:  Your request is more appropriately handled through a Freedom of
Information/Privacy Act request.  Such requests must be made in writing and addressed
to the Director, Bureau Of Prison, 320 First Street, NW, Washington, D.C.  20534.  Both
the face of the letter and envelope should be clearly marked, "Freedom of Information
Request."

# Exhibit RR

No. 07-02016 (D.D.C.)(CKK)



**U.S. Department of Justice**

Office of Information and Privacy

_Telephone: (202) 514-3642_                     _Washington, D.C. 20530_

**SEP 19 2006**

Mr. Michael Antonelli
Register No. 04053-164
Federal Correctional Complex           Re:     Appeal No. 06-2830
Post Office Box 3000                            Request No. 2006-09132
Forrest City, AR  72336                         ALB:JTR:CIH

Dear Mr. Antonelli:

You attempted to appeal from the failure of the Federal Bureau of Prisons (BOP) to respond to your request for access to records pertaining to Administrative Remedy Number 411064-Al.

Department of Justice regulations provide for an administrative appeal only after there has been an adverse determination by a component. See 28 C.F.R. § 16.9 (2006).  As no adverse determination has yet been made, there is no action for this Office to consider on appeal.  In particular, the Freedom of Information Act itself contemplates judicial review, rather than an administrative appeal, when an agency has failed to respond to a request within the statutory time limits.  See 5 U.S.C. § 552(a)(6)(C)(i).

I have forwarded your letter to BOP.  You may also wish to contact it directly and inquire about the status of your request.  You may appeal any further adverse determination made by BOP.

Sincerely,

Daniel J. Metcalfe
Director

_File_

# Exhibit SS

No. 07-02016 (D.D.C.)(CKK)



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

OCT 1 0 2006

Mr. Michael Antonelli
Register No. 04053-164
Federal Correctional Complex
Box 3000
Forrest City, AR  72336

      Re:  Request No. 06-09337

Dear Mr. Antonelli:

      This is to advise you that your administrative appeal from the action of the Federal Bureau of Prisons was received by this Office on September 22, 2006.

      The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number **06-3182**.  Please mention this number in any future correspondence to this Office regarding this matter.

      We will notify you of the decision on your appeal as soon as we can.  We regret the necessity of this delay and appreciate your continued patience.

                    Sincerely,

                    Priscilla Jones
                    Chief, Administrative Staff

File

Exhibit TT

No. 07-02016 (D.D.C.)(CKK)



**U.S. Department of Justice**
Federal Bureau of Prisons

| | Reformatted to renumber pages and remove CN notations from chapters 4/2/07. |
|---|---|

# Program Statement

OPI: OGC
NUMBER: 1330.13
DATE: 8/13/2002
SUBJECT: Administrative Remedy Program

**RULES EFFECTIVE DATE:** 8/6/2002

1.  [PURPOSE AND SCOPE §542.10

    a.  <u>Purpose</u>.  The purpose of the Administrative Remedy Program is to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement.  An inmate may not submit a Request or Appeal on behalf of another inmate.

    b.  <u>Scope</u>.  This Program applies to all inmates in institutions operated by the Bureau of Prisons, to inmates designated to contract Community Corrections Centers (CCCs) under Bureau of Prisons responsibility, and to former inmates for issues that arose during their confinement.  This Program does not apply to inmates confined in other non-federal facilities.]

    The president of a recognized inmate organization may submit a request on behalf of that organization regarding an issue that specifically affects that organization.

    [c.  <u>Statutorily-mandated Procedures</u>.  There are statutorily-mandated procedures in place for Tort claims (28 CFR 543, subpart C), Inmate Accident Compensation claims (28 CFR 301), and Freedom of Information Act or Privacy Act requests (28 CFR 513, subpart D).  If an inmate raises an issue in a request or appeal that cannot be resolved through the Administrative Remedy Program, the Bureau will refer the inmate to the appropriate statutorily-mandated procedures.]

2.  **PROGRAM OBJECTIVES.**  The expected results of this program are:

    a.  A procedure will be available by which inmates will be able to have any issue related to their incarceration formally reviewed by high-level Bureau officials.

# Exhibit UU

No. 07-02016 (D.D.C.)(CKK)

rec'd 8/23/06   8-11   06-3182   1A7 2/3/4 X BOP

**To:**   Co-Director          **FOIA APPEAL**          Date: August 16, 2006

Office of Information & Privacy

Department of Justice          RE: FOIA to   BOP

FLAG BUILDING, Suite 570          Request No.   none assigned

Washington, D.C. 20530          Date of Request: 7/19/06

Dear Sir:

#2006-0933Z  Closed 9/12/06  Full Release

This is an appeal under the Freedom of Information Act.
Please review the denial or inaction of the following agency:

BOP

_____ in connection to my request for records.
(check appropriate box / boxes below)

_____  The agency has not responded and the time limits within which
to do so has expired.
_____  The agency has claimed that no records could be found and
I want to appeal that "no records" response.
_____  The agency has blanket denied release of records.

_____  The agency has released certain records and withheld some
by claiming certain exemptions.
__X__  The agency has withheld certain records but has not claimed
any exemptions or stated any reason for the deletions.
_____  The agency has claimed there are no records available or
they have been destroyed and I believe they have not made
a sufficient search.
_____  The agency has stated records were destroyed but has not
stated where, how, when and for what reason and by whome
__X__  they were destroyed and under what provision of the law.
I believe the agency action or inaction otherwise unjust
for the following reason :
The attached request should have been processed under the FOIA as
opposed to sending it back unanswered.

_____
_____

Appellant believes the agency or public body has acted arbitrary
and/or capricious and he asks for review of the agency action/inaction.
The burden is on the agency or public body to show the material
withheld fits within the parameters of the exemptions claimed. The
Appellant asks that the agency itemize and index the withheld material
and include detailed affidavits & explanations in support of the
justifications for refusal to disclose.

Sincerely,

X Michael Antonelli

(name)  Michael Antonelli

(No.)   04053-164

Federal Correctional Complex

Box 3000 (MEDIUM)

Forrest City, Arkansas 72336

OFFICE OF INFORMATION AND PRIVACY

SEP 2 2 2006

RECEIVED

cc: file

NOTICE: Failure to respond to this administrative appeal is

**UNITED STATES GOVERNMENT**
**MEMORANDUM**
**FEDERAL BUREAU OF PRISONS**

DATE          August 8, 2006

REPLY TO       Administrative Remedy Coordinator
ATTN OF        National Inmate Appeals, Central Office

SUBJECT        Administrative Remedy Appeal - Case No.

Michael Antonelli, Reg. No. 04053-164   Unit B1
United States Penitentiary - Big Sandy
Inez, KY

_____1. Your appeal was answered on _____. If you have not received your copy by now, you may ask the institution Administrative Remedy Coordinator to provide you with a copy from the Warden's Administrative Remedy File.

_____2. You appeal was filed on _____ and a response is still in progress. If more than 40 days have elapsed since the filing date, you are entitled to consider your appeal denied. However, some cases cannot be decided within this time period. In that event, the time for response may be extended for an additional 20 days. Staff will provide you with a computer-generated notice of extension to inform you of the extension.

_____3. Our records indicate that the appeal you reference has not been filed with this office.

_____4. You have not provided sufficient information for us to respond to your inquiry. If your inquiry concerns an administrative remedy, please provide the case number, the date filed in this office or date mailed by you, your name and register number, and the subject of your administrative remedy. If you cannot provide all of this information, please provide as much as possible.

_____5. A review of your inquiry reveals it contains issues you should first bring to the attention of institution staff. If you are unable to resolve the issue(s) informally, you may present your complaint to the Warden via the Administrative Remedy Procedure. This procedure is available to inmates confined in federal facilities to complain about any aspect of their confinement.

_____6. Extensions are granted only if an inmate's submission is untimely by no fault of his own. Requests for extensions are only considered when submitted with the complete appeal packets.

_____7. Central Office Administrative Remedy Appeal responses are the final agency position. If you are dissatisfied with the response, you may pursue any legal recourse you deem appropriate.

_____8. We can only address issues within the jurisdiction of the Federal Bureau of Prisons. Your issue is one of _____ jurisdiction.

_____9. Your appeal was rejected and returned to you on _____.

__X__10. Other: Appeal #392038-A1 and 306968-A1 were answered. You need to submit a Freedom of Information/Privacy Act request to receive the responses to those appeals. Such requests must be made in writing and addressed to the Director, Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. Both the face of the letter and envelope should be clearly marked, "Freedom of Information Request." Appeal #402868-A2 is pending a response from this office.



Federal Bureau of Prisons

*July 28 2006*                                           July 1ª, 2006

**Office of the Director**                    Washington, DC 20534

To:    _____  **Administration Division**                    02868
       _____  **Correctional Programs Division**
       _____  **Health Services Division**
       _____  **Human Resource Management Division**
       _____  **Industries, Education & Voc Training (FPI)**
       _____  **Information, Policy & Public Affairs Division**    bered National
       _____  **National Institute of Corrections**               ve never re-
       1/     **Office of General Counsel**
       _____  **Program Review Division**                          pired.
       _____  **Mid-Atlantic Region**
       _____  **North Central Region**                             sponse in each
       _____  **Northeast Region**
       _____  **South Central Region**
       _____  **Southeast Region**
       _____  **Western Region**

**The attached correspondence is forwarded to your office
for review and action as deemed appropriate.**

**Thank you.**

**Executive Secretariat**
**(202) 514-8534**

RECEIVED
AUG - 1 2006
Administrative Remedy Section

Director                                                    July 19, 2006
Federal Bureau of Prisons
320 First Street, NW
Washington, D.C.  20534

                            RE:  Remedy Id No's :
                                 386968; 392038 & 402868

Dear Sir:

      I am writing because in each of the above-numbered National
Appeals, I have sent you the proper BP-11's and have never re-
ceived any response whatsoever.

      The time limits in each instance have long expired.

      Can you please send me a copy of the BP-11 response in each
of the above administrative appeals ?

      THANK YOU.

                                       Sincerely,

                             Michael Antonelli
                             04053-164
                             USP Big Sandy
                             Box 2068
                             Inez, KY 41224

cc : file

# Exhibit VV

No. 07-02016 (D.D.C.)(CKK)



**U.S. Department of Justice**

Office of Information and Privacy

_____

*Telephone: (202) 514-3642*                          *Washington, D.C. 20530*


NOV 1 3 2006


Mr. Michael Antonelli                         Re:    Appeal No. 06-3182
Register No. 04053-164                                Request No. 06-09337
United States Penitentiary                            ALB:SJV
Post Office Box 2068
Inez, KY  41224

Dear Mr. Antonelli:

    You attempted to appeal from the failure of the Central Office of the Federal Bureau of Prisons (BOP) to respond to your request for access to records pertaining to various Administrative Remedies.

    BOP provided you with a release of responsive records by letter dated September 12, 2006.  As a result of this release, your appeal from BOP's failure to respond to your request is now moot.  Accordingly, I am closing your appeal file in this Office.

                                Sincerely,


                                Daniel J. Metcalfe
                                Director

File

# Exhibit WW

No. 07-02016 (D.D.C.)(CKK)

FOIA
(A)
FBI
Closed
4/17/07
No Record

# FOIA APPEAL

DIRECTOR — SUITE 11050

To: Office OF INFORMATION + PRIVACY    DATE 4/24/07

DEPARTMENT OF JUSTICE    FOIA To: FBI

1425 New York Ave, NW    Request No. 1. 1075126-000
                                      2. 1075127-000
Washington, DC 20530    3. 1075128-000

Date of Request Response of 4/17/07

This is an appeal under the Freedom of Information Act.
Please review the action or inaction of the following agency: _____ FBI
in conjunction to my request for records. (check appropriate box(es) below:

_____ The agency has not responded and the time limits within which to do so has expired.

___✓___ The agency has claimed that no records could be found and I want to appeal that "no records
           response.

___✓___ The agency has blanket denied release of records.

_____ The agency has released certain records and withheld some by claiming certain exemptions.

___✓___ The agency has withheld certain records but has not claimed any exemptions or stated any reason
           for the deletions.

_____ The agency has claimed there are no records available or they have been destroyed and I believe
           they have not made a sufficient search.

___✓___ The agency has stated records were destroyed but has not stated where, how, when and for what
           reason they were destroyed and under what provision of the law.

___✓___ I believe the agency action or inaction otherwise unjust for the following reason: _____

IMproper Search is Arbitrary + CAPRiciouS

_____

   Appellant believes the agency or public body has acted arbitrary and/or capricious and he asks for
review of the agency action/inaction.
   The burden is on the agency or public body to show the material withheld fits within the parameters of
the exemptions claimed. The appellant asks that the agency itemize and index the withheld material and
including detailed affidavits & explanations to support any justifications for refusal to disclose.

# RECEIVED

## MAY - 8 2007

**Office of Information and Privacy**

Sincerely,

x _Michael Antonelli_____
                    (signature)
_Michael Antonelli    04053-164_
   (name)                        (number)
USP Big Sandy; 1197 Airport Road
Box 2068; Inez, KY 41224

cc: file
**(Failure to timely respond to this administrative appeal will result in complaint for judicial review)**

# Exhibit XX

No. 07-02016 (D.D.C.)(CKK)



**U.S. Department of Justice**

Office of Information and Privacy

_Telephone: (202) 514-3642_                    _Washington, D.C. 20530_

**MAY 1 8 2007**

Mr. Michael Antonelli                 Re:     Appeal Nos.   07-1425, 07-1426,
Register No. 04053-164                                          07-1427
United States Penitentiary                       Request Nos. 1075126, 1075127,
Post Office Box 2068                                           1075128
Inez, KY  41224-2068                            JGM:CAS

Dear Mr. Antonelli:

     You appealed from the action of the Federal Bureau of Investigation (FBI) on the above-referenced Freedom of Information Act requests.

     A member of my staff has found that you owe the Executive Office for United States Attorneys (EOUSA) $50.00 in fees for records processed in response to Request Numbers 03-2204 and 03-2373.  In my previous letter to you dated April 2, 2007, I explained the specific fees owed to EOUSA.  In addition, in my letter dated May 7, 2007, I also addressed your concerns regarding your delinquent payment status.

     Because you have not paid these past-due fees to EOUSA, your current appeals from FBI's action on these requests have been administratively closed by this Office.  See 28 C.F.R. § 16.11(i)(3) (2006).  You will be required to substantiate that you have paid this debt before this Office takes action on any new appeals you submit.

     If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

                Sincerely,

                Janice Galli McLeod
                Associate Director

File

# Exhibit YY

No. 07-02016 (D.D.C.)(CKK)

Co-Director                                          December 11, 2004
Office of Information & Privacy
Department of Justice
FLAG BUILDING, Suite 570
Washington, D. C.  20530

                    RE:  FOIA No. FBI GR04-2238
                         MICHAEL CARMINE ANTONELLI

Dear Sir:

        This is an appeal under the FOIA.

        By letter dated December 3, 2004, the FBI advised me that records
refered to them from the Office of the Inspector General pertaining
to the above-named subject could not be released to me because they
refered to somebody else, and not me.

        I appeal that decision.  MICHAEL CARMINE ANTONELLI is my person!
I say that because frequently the law enforcement would mistakenly
call me CARMINE and misnomered my middle name CARMIE.  My birth
certificate says CARMIE.  I am also known as CARMINE and CARMEN
and CARMAN.

        Therefore, there is no unwarranted invasion of privacy.  Check
my FBI RAP SHEET or NCIC-CCH records if you like.  This will prove
my point.

                                Sincerely,

                                Michael Antonelli
                                04053-164
                                Federal Correctional Institution
                                Box 1500
                                El Reno, Oklahoma

                                                    73036

cc : file

OFFICE OF INFORMATION
AND PRIVACY

DEC 2 2 2004

RECEIVED

# Exhibit ZZ

No. 07-02016 (D.D.C.)(CKK)



**U.S. Department of Justice**

Office of Information and Privacy

_____

Telephone: (202) 514-3642                    *Washington, D.C. 20530*

**DEC 3 0 2004**

Mr. Michael Antonelli
Register No. 04053-164
Federal Correctional Institution
P.O. Box 1500
El Reno, OK 73036

     Re:  Request No. GR04-2238    FOIPA # 1012903

Dear Mr. Antonelli:

     This is to advise you that your administrative appeal from the action of the Federal Bureau of Investigation on your request for information from the files of the Department of Justice was received by this Office on December 22, 2004.

     The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number **05-0672**.  Please mention this number in any future correspondence to this Office regarding this matter.

     We will notify you of the decision on your appeal as soon as we can.  The necessity of this delay is regretted and your continuing courtesy is appreciated.

                   Sincerely,

                   Priscilla Jones
                   Administrative Specialist

file

# Exhibit AAA

No. 07-02016 (D.D.C.)(CKK)

Janice Galli McLeod, Associate Director          April 15, 2007
Office of Information & Privacy
Department of Justice - Suite 11050
1425 New York Ave., NW
Washington, D.C.  20530-000I

RE:  Appeal No. 05-1957
Mil FBI Request No. 971337-00I

Dear Smuck:

Kindly reopen the appeal you so rudely closed on April 9, 2007.

You and your staff are incompetent !  I paid $143.60 by money order dated March 14, 2007 with an accompanying letter dated March 3, 2007.  I paid the entire bill, not just $50.00 of it !

Therefore, before you even decided to close any appeal on April 2, 2007, the entire bill was paid.  Your action is improvident !

Kindly quit harassing me.  I pay all my bills.  You damn well know that you conjured, concocted, manufactured and created this facade in order to escape your duties, obligations and responsibilities owed me under the FOIA.

This is an outright obstruction of justice !

I grant you will refrain from any further nonsense such as your efforts to weasel out of doing your job in the future.

Utterly Dismayed, I Remain:

Michael Antonelli
No. 04053-164
Box 2068
Inez, KY  41224

cc : file

# Exhibit BBB

No. 07-02016 (D.D.C.)(CKK)

**U.S. Department of Justice**

Office of Information and Privacy

_____

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

APR - 9 2007

Mr. Michael Antonelli
Register No. 04053-164
United States Penitentiary                Re:    Appeal No. 05-1957
Post Office Box 2068                             Request No. 971337-001
Inez, KY  41224                                  JGM:KAH

Dear Mr. Antonelli:

You appealed from the action of the Milwaukee Field Office of the Federal Bureau of Investigation on your request records pertaining to James J. Valona.

A member of my staff has found that you owe the Executive Office for United States Attorneys (EOUSA) $50.00 in fees for records processed in response to Request Numbers 03-2204 and 03-2373.  In my previous letter to you dated April 2, 2007, I explain the specific fees owed to EOUSA and I address your argument that you do not owe any fees.

Because you have not paid these past-due fees to EOUSA, your current appeal from the FBI's action on Request Number 971337-001 has been administratively closed by this Office.  See 28 C.F.R. § 16.11(i)(3) (2006).  You will be required to substantiate that you have paid this debt before this Office takes action on any new appeals you submit.

If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Janice Galli McLeod
Associate Director

# Exhibit CCC

No. 07-02016 (D.D.C.)(CKK)



**U.S. Department of Justice**

Office of Information and Privacy

_____

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

**MAY − 7 2007**

Mr. Michael Antonelli                    Re:    Appeal Nos. 07-0786, 05-2715,
Register No. 04053-164                             05-1957, 05-1608, 05-0672,
United States Penitentiary                        05-1520, 06-0302, 06-0572,
Post Office Box 2068                              06-1062, 06-2702, 06-3268
Inez, KY  41224-2068                             JGM:CAS

Dear Mr. Antonelli:

This letter responds to the concerns addressed in your letters dated April 15, 2007.  In these letters, you state that our Office has incorrectly closed several of your pending administrative appeals on the basis of delinquent fees.  As detailed in my letter dated April 2, 2007, I have determined that you owe $50 in connection with two separate Freedom of Information Act requests submitted to the Executive Office for United States Attorneys (EOUSA).  You assert that you have paid the "entire bill" via a money order in the amount of $143.60, which was dated March 14, 2007.

This Office has again contacted EOUSA.  That office has confirmed that, as of this date, it has no record of your payment.  If you still maintain that this debt has been satisfied, it is your responsibility to substantiate that you have paid it.  Any documentation evidencing your payment to EOUSA, such as money order receipts or canceled checks, may be sent to our Office.  Otherwise, you may remit payment to EOUSA in the form of a check or money order made payable to the Treasury of the United States.  I further note that in accordance with 28 C.F.R. § 16.11(g), EOUSA has the administrative discretion to charge interest on unpaid bills that are delinquent for more than 31 days.

Furthermore, as you were formerly advised, delinquent payments will effect the request and the appeals processes.  In instances where your pending requests were closed for non-payment in relation to this matter, you should contact the appropriate Department of Justice component to advise them of your interest in pursuing the request once your debt with EOUSA is satisfied.  Additionally, our Office will not adjudicate any future appeals prior to payment of this debt.  Also, please note that in light of your history of delinquent payments, Department of Justice components may require that you pay any anticipated fees in advance regardless of the amount before they initiate processing of your future FOIA requests.  See 28 C.F.R. § 16.11(i).

File

-2-

Lastly, please be advised that our Office accords every appellant the utmost consideration and respect. I expect that you will extend the same courtesy to us. If you wish to continue to maintain a professional relationship with our Office, I trust that your future correspondence will not contain the expletives or the tone exhibited in your letter dated April 15, 2007.

If you remain dissatisfied with this Office's action on your appeal, judicial review thereof is available to you as indicated in the letter of April 2, 2007.

Sincerely,

Janice Galli McLeod
Associate Director

# Exhibit DDD

No. 07-02016 (D.D.C.)(CKK)



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

**JAN 1 5 2008**

Mr. Michael Antonelli
Register No. 04053-164
Federal Correctional Institution
Post Office Box 4000
Manchester, KY  40962

Dear Mr. Antonelli:

    This letter responds to your letter dated July 29, 2007, in which you indicated that you had paid past-due debts in connection with certain Freedom of Information Act requests submitted to the Executive Office for United States Attorneys (EOUSA).  You also requested that the Office of Information and Privacy (OIP) reopen several appeals you had submitted to this Office which had been closed because of those past-due debts.

    Attached to your July 29 letter was an enclosure which appears to be a copy of a customer's receipt for a postal money order dated March 14, 2007, in the amount of $143.60, as well as a copy of a letter to EOUSA dated March 3, 2007, in which you informed EOUSA that you were enclosing a "check" in the amount of $143.60.  Your July 29 letter indicated that the money order was in full payment for fees owed on Request Nos. 03-2204 and 03-2373.  This Office forwarded a copy of your July 29 letter with its enclosures to EOUSA.  Thereafter, EOUSA again conducted a search of its fee payment log and other record-keeping locations and confirmed that it could find no record of a $143.60 payment from you.[1]

    Your July 29 letter appears to have been prompted by this Office's letter of April 2, 2007, which concerned your Appeal No. 05-2715.  In that letter, OIP informed you that it was closing Appeal No. 05-2715 because of your failure to pay past-due fees to EOUSA on an earlier request (Request No. 03-2204).[2]  As you may remember Request No. 03-2204 was closed

---

    [1] EOUSA did receive your more recent payment of $362.00 as an advance on Request No. 02-244.  That payment, however, does not absolve you of the debt still owed on Request 03-2204 or cause any pending appeals to be reopened.

    [2] As you are aware, if past-due FOIA fees are owed, that debt would preclude the processing of new or pending requests (and their corresponding appeals) from the same requester until the outstanding debt is paid.  See 28 C.F.R. § 16.11(i) (3), (4) (2007).

-2-

by EOUSA for non-payment of a processing fee of $73.70 on March 27, 2004.[3]  See 28 C.F.R.
§ 16.11(i) (3), (4).

In the April 2 letter referenced above, OIP also informed you that the amount owed for
Request 03-2204 was $25 rather than the $73.70 assessed by EOUSA. I have since determined
that while this Office's closure of your Appeal No. 05-2715 was proper due to your non-payment
of fees for Request No. 03-2204, the fee limitation of $25 set by this Office on that request was
not appropriate for the reasons explained below.

At the time of you submitted Request No. 03-2204 to EOUSA, you included a statement in
that request that you agreed to pay reasonable fees. Acting in good faith on your commitment,
EOUSA responded to your request by letter dated February 27, 2004. It provided you with one
hundred pages of records (copied without charge in accordance with the FOIA), advised you that
the remainder of the records would be released upon payment of the processing fee of $73.70, and
informed you that your payment had to be received by EOUSA within thirty days. EOUSA also
notified you of your right to file an administrative appeal with this Office within sixty days of the
date of its letter.

You thereafter appealed EOUSA's decision on Request No. 03-2204 to this Office. In that
appeal (No. 04-1357) you did not challenge the fee assessed by EOUSA. Rather you stated that
you "generically appeal[ed] the withholdings as arbitrary and capricious." This Office thereafter
notified you that it had closed Appeal No. 04-1357 without adjudicating it because OIP became
aware that you had filed a lawsuit in the District of Columbia that encompassed the underlying
request that was the subject of that appeal. See 28 C.F.R. § 16.9(c).

Because you did not appeal in any manner the fee assessed by EOUSA for processing
Request 03-2204 (and the time to do so expired on or about April 27, 2004), it was not
appropriate for this Office to later consider in its adjudication of Appeal No. 05-2715, anything
other than whether or not you still owed EOUSA processing fees for Request No. 03-2204 -- and
OIP determined that you did owe fees. The purpose of OIP's review of that closed request was
solely to determine the status of a prior debt. I am, therefore, by this letter, correcting this Office's
mistake and reinstating EOUSA's original fee assessment. I note that you attempted to pay the
full debt owed -- $73.70 -- for Request No. 03-2204 by letter dated March 3, 2007, more than
three years after you were informed of this debt, and long after you initiated litigation that
encompasses this request.[4]  To the extent that this mistake is repeated in any other correspondence

_____

[3] At the time this Office received your letter of July 29, 2007, a second EOUSA request
(No. 03-2373) was also at issue for non-payment of a fee. I was subsequently informed that you
have questioned the validity of that debt in a lawsuit that is currently pending in the U.S. District
Court for the District of Columbia, Antonelli v. BATF, No. 04-1180 (D.D.C.).

[4] That same letter sought to pay in full a debt owed for Request 03-2373 as well. See note
two above.

-3-

that this Office may have already sent to you, I am incorporating by reference this correction of that mistake.

I again have confirmed that EOUSA has not received the money order mentioned in your letter of July 29, 2007.  This Office must await confirmation that your payment has been received by EOUSA.  Until it is received, no appeals submitted by you to this Office will be processed.  See 28 C.F.R. § 16.11(i)(3).  Once payment has been confirmed, this Office (or EOUSA) will contact you on how to proceed with any appeals (or requests) that you seek to have processed.

Sincerely,

Janice Galli McLeod
Associate Director

# Exhibit EEE

No. 07-02016 (D.D.C.)(CKK)

Retd 09-06-05

092715    FOIA
A

FOIA APPEAL

EOUSA

To:  Co-Director                                    Date: August 23, 2005

Office of Information & Privacy                     RE: FOIA to        EOUSA
Department of Justice
FLAG BUILDING, Suite 570                            Request No.  04-3952
Washington, D. C.  20530                            Date of Request: 8/15/05

Dear Sir:
         This is an appeal under the Freedom of Information Act.
     Please review the action or inaction of the following agency:

_____ EOUSA _____ in conjunction to my request for records.
              (check appropriate box or boxes below)

_____   The agency has not responded and the time limits within which
          to do so has expired.
_____   The agency has claimed that no records could be found and
          I want to appeal that "no records" response.
___X___   The agency has blanket denied release of records.

_____   The agency has released certain records and withheld some
          by claiming certain exemptions.
_____   The agency has withheld certain records but has not claimed
          any exemptions or stated any reason for the deletions.
_____   The agency has claimed there are no records available or
          they have been destroyed and I believe they have not made
          a sufficient search.
_____   The agency has stated records were destroyed but has not
          stated where, how, when and for what reason and by whome
          they were destroyed and under what provision of the law.
___x___   I believe the agency action or inaction otherwise unjust
          for the following reason :
I am being denied because I have not paid for 03-2373 and 03-2204
which I believe are third party surrogate requests I filed for inmates who
were illiterate.  It is those inmates that are responsible for the fees, not
me.  Collect it from them !  How much is 04-3952 going to cost me ?  I want
my records.  I believe the denial to be unfair and unjust.
         Appellant believes the agency or public body has acted arbitrary
and/or capricious and he asks for review of the agency action/inaction.
         The burden is on the agency or public body to show the material
withheld fits within the parameters of the exemptions claimed.  The
Appellant asks that the agency itemize and index the withheld material
and include detailed affidavits & explanations in support of the
justifications for refusal to disclose.

                                   Sincerely,
                                 X Michael Antonelli
OFFICE OF INFORMATION
AND PRIVACY

SEP 0 6 2005

RECEIVED
                                   (name)   Michael Antonelli      App
                                   (No.)    04053-164
                                   Federal Correctional Complex
                                   Box 3000 (MEDIUM)
                                   Forrest City, Arkansas 72336

cc: file

NOTICE:  Failure to respond to this administrative appeal in a
         timely manner will result in civil action suit.

# Exhibit FFF

No. 07-02016 (D.D.C.)(CKK)

DIRECTOR EOUSA
EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS   3/3/07
FOIA/PA UNIT
600 E. STREET NW
WASHINGTON, DC 20530

RECEIVED 3-13-08

2000 MAR 21 PM 1:50
DEPT. OF JUSTICE/EOUSA
FOIA/PRIVACY STAFF

RE: FOIA REQUESTS TO EOUSA
03-2204 AND 03-2373

DEAR SIR:

PLEASE FIND ENCLOSED A CHECK IN THE
AMOUNT OF $143.60 MADE OUT TO THE
"TREASURY OF THE UNITED STATES" TO PAY
FOR THE FEES IN ARREARS FOR BOTH REQUESTS
NOS: 03-2204 AND 03-2373.

PLEASE REOPEN THESE REQUESTS AND
PROCESS THEM.

THANK YOU.

SINCERELY,

Michael Antonelli

03-2373 = 60.90
03-2204 = 73.70
ENCLOSED → $143.60

Michael Antonelli
04053-164
USP Big Sandy
Box 2068
Inez, KY 41224

← new address
USP Center
Box 34550
Memphis, TN
31884

CC: FILE

P.S.   PLEASE NOTE MY NEW ADDRESS!



U.S. POSTAGE
60448 BARTLETT IL
60480 BARTLETT IL
$5.21
1265 PM 4.1

BEDFORD PARK IL

14 MAR 2008 PM 4 L

X-RAYED
MAR 19 2008
DOJ MAILROOM

Michael Antonelli
13011 Grant Rd.
Lemont Il 60439

Executive Office for the United States Attorneys
Treasury of the United States
Director Room 7300 FOIA/PA Unit
600 E. Street N.W.
Washington, DC  20530

CERTIFIED MAIL™

7007 2560 0000 9364 6970

# Exhibit GGG

No. 07-02016 (D.D.C.)(CKK)

**U.S. Department of Justice**

Office of Information and Privacy

_____

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

**MAY 9 = 2008**

Mr. Michael Antonelli
Register No. 04053-164
Federal Correctional Institution                    Re:  Appeal No. 07-1004
Post Office Box 34550                                       Request No. 2006-06375
Memphis, TN  38134                                          JGM:CG

Dear Mr. Antonelli:

    You appealed from the action of the Federal Bureau of Prisons (BOP) on your request for access to records pertaining to yourself.

    This Office has confirmed through the Executive Office for United States Attorneys that you recently paid an outstanding debt owed to EOUSA that was incurred under the Freedom of Information Act.  I am aware, however, that you have already filed a lawsuit pertaining to BOP's action on your request in the United States District Court for the District of Columbia, <u>Antonelli v. Federal Bureau of Prisons</u>, No. 07-2016 (DDC).  Inasmuch as this matter is before the Court, I am closing your appeal file in this Office in accordance with 28 C.F.R. § 16.9(a)(3) (2007).

                Sincerely,

                Janice Galli McLeod
                Associate Director



# Exhibit HHH

No. 07-02016 (D.D.C.)(CKK)



**U.S. Department of Justice**

Office of Information and Privacy

_____

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

**MAY 9 ‑ 2008**

Mr. Michael Antonelli
Register No. 04053-164
Federal Correctional Institution        Re:  Appeal No. 07-1732
Post Office Box 34550                         Request No. 2007-05576
Memphis, TN  38134                            JGM:CG

Dear Mr. Antonelli:

     You appealed from the action of the Federal Bureau of Prisons (BOP) on your request for a copy of an electronic recording of a telephone call between yourself and a third party on December 24, 2006.

     This Office has confirmed through the Executive Office for United States Attorneys that you recently paid an outstanding debt owed to EOUSA that was incurred under the Freedom of Information Act.  I am aware, however, that you have already filed a lawsuit pertaining to BOP's action on your request in the United States District Court for the District of Columbia, <u>Antonelli v. Federal Bureau of Prisons</u>, No. 07-2016 (DDC).  Inasmuch as this matter is before the Court, I am closing your appeal file in this Office in accordance with 28 C.F.R. § 16.9(a)(3) (2007).

               Sincerely,

               Janice Galli McLeod
               Associate Director

# Exhibit III

No. 07-02016 (D.D.C.)(CKK)

**U.S. Department of Justice**

Office of Information and Privacy

_____

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

**MAY 1 5 2008**

Mr. Michael Antonelli
Register No. 04053-164
Federal Correctional Institution
Post Office Box 34550
Memphis, TN 38134

Dear Mr. Antonelli:

This letter concerns your recent payment of $143.60 to the Executive Office for United States Attorneys (EOUSA) for a Freedom of Information Act debt incurred several years ago.

As you know, several of the administrative FOIA appeals that you submitted to this Office were administratively closed because of the overdue EOUSA debt which involved at least one, and possibly two requests, identified as Request Nos. 03-2204 and 03-2373, respectively. This Office has confirmed through EOUSA that you recently paid that debt in full.

Because certain of your administrative appeals, listed below, are the subject of litigation, Antonelli v. Federal Bureau of Prisons, et al., No. 07-2016 (DDC), they remain closed as the matters complained of in these appeals are before the Court.[1] See 28 C.F.R. § 16.9(a)(3)(2007). Additional appeals submitted by you to this Office are likewise before the Court in other litigation that you have filed in the District of Columbia, namely, Antonelli v. BATF, et al., No. 04-1180 (DDC) and Antonelli v. U.S. Parole Comm'n, No. 07-1932 (DDC) and likewise remain or will be closed. See 28 C.F.R. § 16.9(a)(3).

Sincerely,

Janice Galli McLeod
Associate Director

_____

[1] The administrative appeals submitted by you, originally closed because of your failure to pay fees, that remain closed because of the litigation filed under Civil Action No. 07-2016 are: Appeal Nos. 05-1957, 06-0302, 06-0480, 06-0572, 06-2818, 07-1324, 07-1425, 07-1426, and 07-1427. Two additional appeals, 07-1004 and 07-1732, were recently closed because they are the subject of this same litigation.