ORIGINAL

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

MICHAEL C. ANTONELLI,     )
                              )
          Plaintiff, )
                              )
          v          )   CASE No. 07-2016 (CKK)
                              )
FEDERAL BUREAU OF PRISONS, etal,)
                              )
         Defendants.)

**RECEIVED**

JUL 1 7 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

<u>RESPONSE TO MOTION TO DISMISS BY MARSHALS</u>

NOW COMES, Plaintiff, MICHAEL ANTONELLI, Pro Se, and respectfully responds to the MOTION TO DISMISS of the United States Marshal Service as follows:

Plaintiff believes Count XVII should not be dismissed.  He denied that res judicata and collateral estopple apply to Count XVII. He denies the allegation that he failed to exhaust administrative remedies.

In support of this traverse plaintiff asks this Court to refer to the attached Memorandum In Support of his response.  The Declaration of Michael Antonelli attached to his Memorandum in Support of his response and the Declaration of Michael Antonelli that has been previously filed in this Court in this cause.  He also submits excerpts of that declaration, the complaint filed, and his Statement of Material Facts Not In Genuine Dispute and exhibits that has been previously filed in this cause, in support.

Respectfully Submitted this ___14Th___ day of July, 2008.

                  By _____
                    MICHAEL ANTONELLI, Pro Se
                    No. 04053-164
                    Federal Correctional Institution
                    Box 34550
                    Memphis, Tennessee
                                38134

### Certificate of Service

I, MICHAEL C. ANTONELLI, after having been duly sworn and under oath, hereby depose and state that on this day I mailed a copy of this Response to the USA @ 555 4th St, NW in Washington, DC 20530.

Executed this ___14Th___ day of July, 2008.

                  By _____
(28 USC Section 1746)        Michael Antonelli, Affiant

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

MICHAEL C. ANTONELLI,          )
                               )
                 Plaintiff,    )
                               )
        v                      )    CASE No. 07-2016  (CKK)
                               )
FEDERAL BUREAU OF PRISONS, etal,)
                               )
                 Defendants.)

<u>MEMORANDUM IN SUPPORT OF RESPONSE TO MOTION TO DISMISS BY MARSHALS</u>

<u>RESPONSE TO INTRODUCTION</u>

Defendant MARSHALS is correct in stating that only Count XVII contains claims against the Defendant MARSHALS. But, that is not all. Count XVII states a claim against the OIP also. MARSHALS omitted this in their memorandum. A close look at Count XVII shows that on page 7, in paragraph No. 5, it is stated that "Plaintiff asks for judicial review of the action/inaction of the USMS and OIP." (See No. 1 attached hereto).

Next, the MARSHALS note that plaintiff fails to provide the date of payment of the $42.10 debt to the MARSHALS. But, he need not do that. MARSHALS fail to say that plaintiff did not pay either. So, it must be assumed that they got their money. If not, MARSHALS would have said so. The plaintiff does provide though, a copy of the letter he mailed to the MARSHALS with the check he caused to be taken off his account in the amount of $42.10 to pay the debt owed MARSHALS. (See "PPPP" attached) Since MARSHALS do not claim they never got their money, what is their beef ?

Then, the MARSHALS argue that because plaintiff lost in a previous action against the MARSHALS in **Antonelli v. ATF** that the doctrines of res judicata and collateral estoppel bar his present claims. But, they fail to see that the claim against the MARSHALS in that case dealt only with the withholdings in the 100 pages of material that were released to plaintiff initially free of cost. The remaining 421 documents were never sent to plaintiff. The remaining 421 records were held because plaintiff failed to pay the $42.10 that he ultimately sent to MARSHALS in 2007. The district court ruled that because plaintiff failed to assert that he paid the fee nor proffered any evidence of his payment, that he failed to present a triable issue. The court went further to elaborate that the payment of the fee was a "**jurisdictional prerequisite** and summary judgement was therefore granted with respect to the records withheld, the 421 pages of material. (See page 6 of January 18, 2006 MEMORANDUM OPINION in **Antonelli v. ATF**, Case 1:04-cv-1180 (CKK) attached hereto; No. 2 attached hereto). The plaintiff is unable to view the January 29, 2007 Opinion of Judge Kolar-Kotelly in that case cited by the MARSHALS. The plaintiff's point is simple. If there was no **jurisdictional prerequisite** met as to the records at in question, then there is no res judicata or collateral estopple violation after plaintiff ultimately paid that fee

-1-

and removed that **jurisdictional prerequisite**. That is exactly what the plaintiff did here. He paid the fee. Then, to top it off, the MARSHALS ultimately did send the 421 pages of records to plaintiff after again violating the FOIA time limits, and the records sent the plaintiff were sent with the May 20, 2003 cover letter that had been waiting for the $42.10 to be paid back in 2003. (See Nos. 3,4 & 5 attached hereto). Plaintiff then did appeal the excisions and the deletions and withholdings after having received the 421 pages of highly exporgated pages some time after the fee had been paid and after he had appealed once because the MARSHALS had procrastinated in simply sending the records after they received the $42.10. The point is, **after** the money was paid, the **jurisdictional prerequisite** had been removed, and when the MARSHALS and the OIP had never responded to the second appeal letter, because the **jurisdictional prerequisite** had been fulfilled and this issue then became ripe for judicial review, which is where we are at now. (The appeal letter appealing the deletions of the remaining 421 pages that were sent cannot be found in plaintiff's records. It must have been lost or misplaced)(But it was sent; See Declaration of Michael Antonelli attached hereto).

Therefore, because the district court admittedly did not have subject matter jurisdiction to entertain plaintiff's claims as to the 421 pages in **Antonelli v. ATF**, and the MARSHALS subsequently then sent the 421 pages after the fee was paid, the district court now has jurisdiction to entertain this request for judicial review and this cause against the MARSHALS should not be dismissed on the ground that the issue is barred by res judicata or collateral estoppel.

Also, likewise, because plaintiff has submitted sworn testimony as prima facie evidence that he did ultimately appeal the deletions within the 421 pages and the OIP never responded, the cause should not be dismissed on the ground that plaintiff failed to exhaust because there is a genuine issue of material fact that yet remains now as to whether or not the plaintiff has exhausted.

<u>RESPONSE TO LEGAL STANDARD OF REVIEW</u>

## 12(b)(1)

Regardless of the fact that the Court may resolve the subject matter jurisdiction issue in two ways, either way plaintiff believes either the complaint itself would be enough to thwart a motion to dismiss, or looking beyond the allegations of the complaint considering the delarations attached hereto and to the motion for summary judgement previously filed by plaintiff, the ultimate weight of any conflicting evidence would favor plaintiff enough at least to survive a motion to dismiss.

## 12(b)(6)

Likewise, plaintiff believes he has stated enough facts to state a claim to relief that is plausible on its face and the language in the complaint in light most favorable to him and granting him the benefit of all inferences that can be derived from those facts, sets forth sufficient allegations to support his claims for relief.

### RESPONSE TO ARGUMENT

### Plaintiff is not re-litigating any issue

Plaintiff is not attempting to relitigate the withholding of the 421 records because of the fee issue. That issue has been resolved. He is litigatiing the issue as to whether the MARSHALS were in violation of the FOIA when they refused to give him the records after having paid the $42.10 within the time limits of the FOIA. He also is litigating the issue, most poignantly, that when the MARSHALS finally did release the records to him, that they had arbitrarily and capriciously withheld parts of those remaining 421 pages and asks for judicial review of the application of certain exemptions in deleting and excising portions of those 421 pages. He is not asking to litigate anything regarding the initial 100 pages that have already been ruled on in **Antonelli v. ATF**. There is no basic unfairness in any of that. This issue has not been already determined by a court of competent jurisdiction. In matter of fact, that court stated it had no jurisdiction. (See attached No. 2).

### Plaintiff did exhaust

The gist of the MARSHALS next argument is that plaintiff did not appeal after finally having received the 421 pages in 2007. But that is not true. First of all, plaintiff did appeal the delay by USMS in releasing the 421 pages to him. (See "QQQQ" attached) And, he later appealed the withholdings after he eventually received the 421 pages. (See Declaration of Michael Antonelli attached) His letter dated February 18, 2007 also could be construed as an appeal, but there is one ministerial error within that letter. (RRRR) At the top of the letter plaintiff refers to "Appeal No. 1737" and in the context of the letter refers to "Appeal No. 05-1520." It is 05-1737 that he is asking to reopen. The MARSHALS have failed to recognize that. Plaintiff at present has no idea what EOUSA request the MARSHALS are talking about in their pleadings, but these are only different because of a clerical mistake. (See Declaration of Michael Antonelli attached).

In plaintiff's MOTION FOR SUMMARY JUDGEMENT he specifically addresses Count XVII on page 7 (See attached No. 6) Attached is those exhibits refered to as "NNNN" through "RRRR" supporting his request for summary judgement in his favor)(all attached to the STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE previously submitted in this cause). In the initial DECLARATION OF MICHAEL ANTONELLI previously filed in this cause, on page 4, plaintiff swears to the authenticity of Exhibits NNNN through RRRR. (See No. 7 attached hereto).

In that previsously submitted DECLARATION OF MICHAEL ANTONELLI there was evidence of the ministerial error stating he asked for appeal 05-1520 reopened when he really meant appeal 05-1737. The MARSHALS have explained that 05-1520 was an EOUSA appeal but have never explained exactly what records were requested within the appeal 05-1520 or the underlying EOUSA request number. (See the page 17 excerpt from the DECLARATION OF JANICE MCLEOD attached hereto as No. 8).

Accordingly, plaintiff has submitted enough to survive a motion to dismiss at this stage.

<u>Response to Conclusion</u>

For the foregoing reasons, plaintiff's claims against the USMS should not be dismissed.

Respectfully Submitted this 14ᵀᴴ day of July, 2008.

By _____
MICHAEL C. ANTONELLI, Pro Se
No. 04053-164
Federal Correctional Institution
Box 34550
Memphis, Tennessee
                            38134

<u>CERTIFICATE OF SERVICE</u>

I, MICHAEL C. ANTONELLI, after having been duly sworn and under oath, hereby depose and state that on this day I mailed a copy of this memorandum in support of response with attachments to the United States Attorney @ 555 4th Street, NW in Washington, D. C. 20530.

Executed this 14ᵀᴴ day of July, 2008.

By _____
Michael Antonelli, Affiant

(28 USC Section 1746)

-4-

## Count XV

1.   By request to the Director of the BOP dated August 3, 2006, plaintiff asked for all records in connection to Administrative Remedy No. 386968.

2.   By letter to BOP dated August 6, 2006 plaintiff asked for all records in connection to Administrative Remedy No 392038.

3.   By letter to BOP the plaintiff also asked for all records in connection to Remedy ID No. 402868.

4.   The BOP sent these requests back unanswered on August 1st and August 8, 2006.

5.   Plaintiff appeal to OIP on August 16, 2006.

6.   The BOP answered the requests on September 12, 2006.

7.   Plaintiff appealed the insuffiecient search to OIP on October 24, 2006.

8.   OIP acknowledged receipt on October 10, 2006.

9.   Plaintiff asks for judicial review of the BOP and OIP actions/inactions.

## Count XVI

1.   A portion of a request to the USMS was forwarded to ICE for processing.

2.   ICE released one page with exporgations on May 10, 2007.

3.   Plaintiff appealed the withholdings to OIP on June 21, 2007.

4.   Plaintiff asks for judicial review of the actions/inactions of the ICE and their appeals faction.

## Count XVII

1.   By letter to the Director of the USMS dated November 4, 2006, plaintiff asked the USMS who he must send the $42.10 he owes to.

2.   Plaintiff then paid the $42.10 debt he owed the USMS.

3.   The USMS then released certain records to plaintiff and withheld some in part and blamket denied some.

4.   Plaintiff appealed the withholdings to OIP.

5.   Plaintiff asks for judicial review of the action/inaction of the USMS and OIP.

## Count XVIII

1.   By request to the Director of the FBI the plaintiff asked for addresses of all FBI Field Offices in every state.

2.   Plaintiff appealed to OIP the FBI failure to respond on August 8, 2005.

3.   On November 5, 2006 plaintiff asked for the FBI to search the I-Files and/or Hard Drives for information in connection to Nancy Antonelli and James Valona who had submitted releases.

4.   Plaintiff appealed the failure of FBI to respond to OIP.

5.   The OIP advised plaintiff his appeal was closed because he failed to pay USMS $42.10 he owed them.

6.   Plaintiff on January 10, 2007 sent the FBI an extension to his FOIA request that was being blocked by FBI Field Office in Chicago, Illinois.

-7-

# 1

upon the mere allegations or denials in the adverse party's response, but [instead] . . .

must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ.

P. 56(e). Plaintiff does not assert that he paid the fee. Nor has he proffered any evidence

of his payment. He therefore has failed to present a triable issue.

The payment or waiver of assessed fees or an administrative appeal from the

denial of a fee waiver request is a jurisdictional prerequisite to filing a lawsuit in the

district court. *Oglesby v. U.S. Dep't of Army,* 920 F.2d 57, 65 (D.C. Cir. 1990);

*Trueblood v. U.S. Dept. of Treasury, I.R.S.,* 943 F. Supp. 64, 69 (D.D.C. 1996) (citing

*Pollack v. Dep't of Justice,* 49 F.3d 115, 120 (4th Cir.), *cert. denied,* 518 U.S. 1032

(1995)); *see also accord Judicial Watch, Inc. v. F.B.I.,* 190 F. Supp.2d 29, 33 (D.D.C.

2002). Plaintiff has satisfied neither requirement. Summary judgment therefore is

granted with respect to records withheld based on plaintiff's failure to exhaust

administrative remedies by paying the assessed fee.

Plaintiff was entitled to the release of the first 100 pages without charge. The

Marshals Service initially released 81 pages in their entirety and 29 pages "with minimal

deletions." Keys Decl. ¶ 27. It redacted third-party identifying information under

exemption 7(C).

Exemption 7(C) protects from disclosure records compiled for law enforcement

purposes to the extent that their disclosure "could reasonably be expected to constitute

an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). The Marshals

Service located records in its offices in the Northern and Central District of Illinois.

Keys Decl. ¶ 6. The records were maintained in the Prisoner Processing and

6



May 20, 2003

Michael Antonelli
Reg. No. 04053-164
U.S. Penitentiary
Box 26030
Beaumont, TX   77720

Re:   **Freedom of Information/Privacy Act Request No. 2003USMS4609**
        **Subject: Self**

Dear Requester:

        The United States Marshals Service (USMS) is prepared to release **421**  pages of material responsive to your request.

        Pursuant to your request, [X] the Marshals Service conducted a search of its files and located documents which are responsive, or [ ] the Marshals Service received documents referred from another agency for disclosure determination and direct response to you.

        The statutory fee for copying the records, as implemented by Department of Justice regulations at 28 C.F.R. § 16.10, amounts to $42.10.  Your check or money order should be made payable to the United States Treasury.  To avoid further delay, please ensure that your name appears on your remittance and that it is sent to the U.S. Marshals Service, Office of General Counsel, ATTN: Shaaron Keys,  CS III, Washington, D.C.  20530-1000.

        We are closing our file on your request at this time, pending receipt of your payment of the fee for satisfying your request.  However, once we are in receipt of your check or money order in the amount of $42.10 we will forward the requested material to you.  The paragraphs checked below apply to your request:

        [ ] The Marshals Service is prepared to release [ ] all documents located or [ ] all documents referred from another agency without deletions.

        [X] Documents will be released to you; however, certain documents or portions of documents will be withheld pursuant to the Freedom of Information Act, 5 U.S.C. § 552, and/or the Privacy Act, 5 U.S.C. § 552a. Please refer to the list on page 2 of this letter for a description of information being withheld and the basis for withholding.

        [X] Our search located document(s) which originated with or contain(s) information which originated with (an)other component(s) of the Department of Justice or with (an)other government agency(ies).

#3

[ ] Information contained in Marshals Service records which originated with (an)other agency(ies) and a copy of your request will be referred to the originator(s) for consultation in accordance with 28 C.F.R. § 16.4 and/or § 16.42. The Marshals Service will correspond with you again upon completion of this consultation.

[X] Records which originated with (an)other agency(ies) and a copy of your request will be referred to the originator(s) for disclosure determination and direct response to you in accordance with 28 C.F.R. § 16.4 and/or § 16.42.

[ ] Your request is being denied pursuant to the Freedom of Information Act and/or Privacy Act exemption(s) identified by mark(s) on the following list.

[X] If you are dissatisfied with my action on this request, you may appeal from this partial denial by writing to the Co-Director, Office of Information and Privacy, United Department of Justice, Flag Building, Suite 570, Washington, D.C. 20530, within 60 days of the date of this letter. Both the letter and the envelope should be clearly marked "Freedom of Information/Privacy Act Appeal." In the event you are dissatisfied with the results of any such appeal, judicial review will thereafter be available to you in the United States District Court for the judicial district in which you reside or have your principal place of business, or in the District of Columbia.

[X] The enclosed material is provided for your further information.

Sincerely,

FLORASTINE P. GRAHAM
FOI/PA Officer
Office of General Counsel

Enclosures

| | |
|---|---|
| Number of Documents Located or Referred from anothr agency: | 620 |
| Pages previously released - no charge | 100 |
| Number of Documents to be Released: | 421 |
| Number of Documents to be Referred to another agency: | 99 |
| Number of Documents to be Withheld: | 0 |

| Freedom of Information Act | Privacy Act |
|---|---|
| 5 U.S.C. § 552 | 5 U.S.C. § 552a |

Exemptions cited

[ ](b)(1)  [ ](b)(2)   [ ](b)(3)  [ ](d)(5)  [ ] (j)(2)
[ ](b)(4)  [ ](b)(5)   [ ](b)(6)  [ ](k)(1)  [ ](k)(2)
[ ](b)(7)(A) [ ](b)(7)(B)  [ ](k)(5)  [ ](k)(6)
[X](b)(7)(C) [ ](b)(7)(D)
[X](b)(7)(E) [ ](b)(7)(F)

Description of Information Withheld

[ ] Administrative marking(s)
[X] Names of and/or information on
    government employees
[X] Names of and/or information
    pertaining to third-party individual(s)
[X] Names of and/or information
    pertaining to other prisoners
[ ] Confidential source information
[X] Other: Investigative techniques/
    procedures

#4

FREEDOM OF INFORMATION ACT
5 U.S.C. § 552

Disclosure mandates of the Freedom of Information Act do not apply to matters that are--

(b)(1)  specifically authorized and properly classified pursuant to an Executive order to be kept secret in the interest of national defense or foreign policy;

(b)(2)  related solely to the internal rules and practices of an agency;

(b)(3)  specifically exempted from disclosure by another statute;

(b)(4)  privileged or confidential trade secrets and commercial or financial information obtained from a person;

(b)(5)  predecisional information, including attorney work-product and attorney-client material, reflective of the deliberative process and contained in inter-agency or intra-agency correspondence which is not routinely available to a private party in litigation with an agency;

(b)(6)  personnel, medical and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)  records or information compiled for law enforcement purposes to the extent that the production of such records or information (A) could reasonably be expected to interfere with enforcement proceedings, (B) would deprive a person of a right to a fair trial or an impartial adjudication, (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, (D) could reasonably be expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and , in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, (E) would disclose techniques and procedures for law enforcement investigation or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life or physical safety of any individual.

PRIVACY ACT
5 U.S.C. § 552a

(d)(5)  Nothing in the Privacy Act shall allow an individual access to any information compiled in reasonable anticipation of civil action or proceeding.

Further, an agency may exempt from the access provisions and other provisions of the Privacy Act:
(j)(2)  Material related to the enforcement of criminal laws including efforts to prevent, control or reduce crime or to apprehend criminals;

(k)(1)  Material specifically authorized and properly classified pursuant to an Executive order to be kept secret in the interest of national defense or foreign policy;

(k)(2)  Material compiled during civil investigations for law enforcement purposes;

(k)(5)  Investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment, military service, Federal contracts, or access to classified information, the disclosure of which would reveal the identity of a source who furnished information to the Government under an express promise that the source's identity would be held in confidence, or pursuant to an implied promise of confidentiality if such information was furnished prior to September 27, 1975.

(k)(6)  Testing or examination material used solely to determine individual qualifications for appointment or promotion in the Federal service.

#5

## Count XVI

1. By letter dated May 10, 2007, the ICE released one page of information to plaintiff that was forwarded to ICE for review by the USMS. (See copy as "LLLL").
2. By letter to the Department of Homeland Security dated June 21, 2007, plaintiff appealed the withholdings by ICE as arbitrary and capricious. (See copy as "MMMM").
3. ICE is in violation of the FOIA.

## Count XVII

1. By letter dated November 4, 2006 to the USMS plaintiff asked the USMS to send him the 421 pages of material that had been waiting to be released to him. (See copy as "NNNN").
2. By letter to plaintiff dated December 11, 2006, the USMS advised plaintiff via the OIP that his appeals have been closed as to the 410 pages of material withheld by USMS awaiting release. (See copy as "OOOO").
3. By letter to USMS dated January 8, 2007, plaintiff paid the $42.10 owed the USMS for the release of the 421 pages of material. (See copy as "PPPP").
4. By appeal letter to OIP dated February 17, 2007 plaintiff appealed the delay by USMS in releasing the records to him. (See copy as "QQQQ").
5. By letter to OIP dated February 18, 2007, plaintiff asked OIP to reopen his appeal 05-1520. (See copy as "RRRR").
6. USMS and OIP are in violation of the FOIA.

## Count XVIII

1. By letter to the Director of the FBI plaintiff asked for the addresses of all FBI Field Offices in every state including satellite field office addresses. (See copy as "SSSS").
2. By letter to OIP dated August 8, 2005 plaintiff appealed the failure of FBI to respond to his request of July 11, 2005. (See copy as "TTTT").
3. By letter dated November 5, 2006, to the Director of the FBI plaintiff asked FBI to search the I-Files and/or Hard-Drives for information in connection to Nancy Antonelli and James Valona who had submitted releases. (See copy as "UUUU").(releases enclosed).
4. Plaintiff appealed the failure of FBI to respond.
5. OIP advised plaintiff that his appeal was closed due to an outstand debt to USMS by OIP. (See copy as "VVVV").
6. By letter to the Director of FBI dated January 10, 2007 he notified FBI that the Chicago Field Office had blocked his FOIA request to them. (See copy as "WWWW").
7. By letter to OIP dated January 11, 2007 plaintiff advised OIP that he had paid the $42.10 to USMS and asked that his appeal be reopened. (See copy as "XXXX").
8. By letter dated February 9, 2007 FBI asked plaintiff to submit privacy waivers from Nancy Antonelli and James Valona.("YYYY").
9. By appeal to OIP dated February 11, 2007 plaintiff appealed the refusal of the Chicago Field Office of FBI to accept mail from him. (See copy as "ZZZZ").

--7--

#6

RECIOK

UNITED STATES MARSHALS SERVICE
DEPARTMENT OF JUSTICE
WASHINGTON, D.C. 20530

RE: YOUR LETTER OF 5/20/03
FOIA REQUEST OF 11/5/01
AND 11/12/02

DEAR SIR:

PURSUANT TO COURT OPINION OF 1/18/06
IN CASE NO. 1:04-CV-01180-CKK, I HAVE COME
TO REALIZE YOU HAVE 421 PAGES OF MATERIAL
THAT CAN BE RELEASED TO ME IF I SEND YOU
$42.10 TO REOPEN THE FOIA FILE THAT HAS
BEEN CLOSED.

I WANT THOSE 421 PAGES NOW! WHO
MUST I SEND THE MONEY TO?

PLEASE EXPEDITE. I NEED THOSE RECORDS
FOR THE PAROLE HEARING COMING UP IN
JANUARY, 2007.

SINCERELY,

Michael Antonelli

Michael ANTONELLI
04053-164
USP BIG SANDY
1197 AIRPORT ROAD
BOX 2068
INEZ, KY 41224

CC: FILE

"NNNN"

Office of Information and Privacy

(202) 514-3642

Washington, D.C. 20530

**DEC 1 1 2006**

Mr. Michael Antonelli
Register No. 04053-164
United States Penitentiary
Post Office Box 2068
Inez, KY  41224

Re:    Appeal No. 05-1737
       Request No. 2005USMS7923
       JGM:CL

Dear Mr. Antonelli:

You appealed from the action of the United States Marshals Service (USMS) on your request for records pertaining to yourself.  I regret the delay in responding to your appeal.

After carefully considering your appeal, I am affirming USMS's action on your request. In your letter of April 11, 2005, you challenged USMS's closure of the above-referenced request and indicated that you "had no idea what [USMS was] talking about."  A member of my staff has looked into this and found that you owe USMS $42.10 in duplication fees for records processed in response to Request Number 2003USMS4609.  As a courtesy to you, I am enclosing the administrative correspondence between USMS and yourself that concerns your earlier request: USMS letter dated March 14, 2003, asking for your commitment to pay fees; your response dated March 19, 2003, committing to pay fees of $42.20; USMS's letter dated May 20, 2003, advising you that the processing of request number 2003USMS4609 was complete and requesting payment of $42.10.  USMS has no record of receiving any payment from you with regard to the earlier request.

Because you have not paid this past-due fee to USMS, your appeal has been administratively closed by this Office.  See 28 C.F.R. § 16.11(i)(3) (2006).  You will be required to substantiate that you have paid this debt before this Office takes action on any new appeals you submit.

If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Daniel J. Metcalfe
Director

Enclosure (3)

0000

U.S. Marshals Service                                January 8, 2007
Office of General Counsel
ATTN: Sharon Keys, CSIII
Washington, D. C. 20530-1000

RE: FOIA Request No. 2003USMS4609

Dear Marshals:


Enclosed please find a government check in the amount of $42.10 for payment of the release of the 421 pages of material you have that are responsive to my request.

Kindly send me the material at once !

Sincerely,



Michael Antonelli
No. 04053-164
United States Penitentiary
1197 Airport Road
Inez, KY  41224


cc: file



" PPPP "

# FOIA APPEAL

To: _CO-DIRECTOR_
_OFFICE OF INFORMATION + PRIVACY_
_DEPARTMENT OF JUSTICE_
_FLAG BUILDING, SUITE 570_
_WASHINGTON, D.C. 20530_

DATE ___2/17/07___

FOIA To: ___USMS___

Request No. ___2003 USMS 4607___

Date of Request ___1/8/07___
___USMS___

This is an appeal under the Freedom of Information Act.
Please review the action or inaction of the following agency: _____
in conjunction to my request for records. (check appropriate box(es) below:

_____ The agency has not responded and the time limits within which to do so has expired.

_____ The agency has claimed that no records could be found and I want to appeal that "no records response.

_____ The agency has blanket denied release of records.

_____ The agency has released certain records and withheld some by claiming certain exemptions.

_____ The agency has withheld certain records but has not claimed any exemptions or stated any reason for the deletions.

_____ The agency has claimed there are no records available or they have been destroyed and I believe they have not made a sufficient search.

_____ The agency has stated records were destroyed but has not stated where, how, when and for what reason they were destroyed and under what provision of the law. _I HAVE AN_

_URGENT NEED FOR THE EXPEDITION. I NEED THIS a RECORDS FOR AN_
✓ I believe the agency action or inaction otherwise unjust for the following reason:
_UPCOMING PAROLE REVOCATION HEARING ON 4/26/07._

Appellant believes the agency or public body has acted arbitrary and/or capricious and he asks for review of the agency action/inaction.

The burden is on the agency or public body to show the material withheld fits within the parameters of the exemptions claimed. The appellant asks that the agency itemize and index the withheld material and including detailed affidavits & explanations to support any justifications for refusal to disclose.

Sincerely, _Michael Antoni__

X _Michael Antoni_    _04050-164_
                        (signature)

_____    _____
(name)                    (number)
USP Big Sandy; 1197 Airport Road
Box 2068; Inez, KY 41224

cc: file
**(Failure to timely respond to this administrative appeal will result in complaint for judicial review)**



Daniel Metcalf, Director                                     February 18, 2007

Office of Information and Privacy

Department of Justice

Washington, D. C. 20530


RE:    Appeal No. 05-1737

       Request No. 2005USMS7923


Dear Mr Metcalf:

    Please be advised that I paid the Marshals #42.10 in connection to FOIA Request No. 2003USMS4609.


    Therefore, Kindly reopen Appeal No. 05-1520.


    Thank You.


                                        Sincerely,




                                        Michael Antonelli

                                        No. 04053-I64

                                        USP Big Sandy

                                        Box 2068

                                        Inez, KY 41224


cc : file                    RRRR

3.    The OIP never responded to that appeal.

## Count XV

1.    This Count deals with the records in connection to Administrative Remedy No. 386968.
2.    Exhibits DDDD through KKKK are true and correct copies of all correspondence to and from me and BOP and OIP in connection to this request.
3.    The OIP never responded to my appeal letter.

## Count XVI

1.    This Count deals with a request for information to USMS that was forwarded to ICE for review and release to me.
2.    Exhibits LLLL and MMMM are true and correct copies of the letter from ICE to me and the letter from me to ICE appealing.
3.    ICE is arbitrarily and capriciously withholding records.

## Count XVIII

1.    This Count deals with the numerous letters and appeals involving requests to the FBI in Washington, DC; Milwaukee, Wisconsin and Chicago, Illinois.
2.    Exhibits SSSS through KKKK are true and correct copies of the correspondence between me and the FBI and OIP regarding these request, that are attached to the Statement recently filed.
3.    These requests and appeals were closed improvidently because the EOUSA and OIP wrongly believed I owed them money when I did not. I proved this to them yet they refused to reopen the requests and appeals.

## Count XVII (out of order)

1.    This Count deals with the 421 pages of material that were ultimately released to me from USMS after I paid them the money I owed them
2.    I appealed the deletions and use of exemptions by USMS but the appeals were closed. I asked that appeal 05-1520 be reopened. It was not because then USMS believed and so did OIP that I owed money to EOUSA which was not true.
3.    Exhibits NNNN through RRRR attached to the Statement recently filed under separate cover, are true and correct copies of the letters to and from USMS and OIP in connection to these records and the appeals.

-4-

# 7

(63) OIP personnel conducted a search of its appeal tracking database; there is no record of any administrative appeal from plaintiff dated June 21, 2007, from the action of Immigration and Customs Enforcement.

### Count XVII - United States Marshals Service

(64) Plaintiff alleges in his Complaint that he "appealed the withholdings to OIP" from "certain records" released to plaintiff by USMS but plaintiff did not provide a request number, an appeal number, the subject matter of his appeal, or the date of his appeal to OIP. (See Complaint, Count XVII, ¶ 4.) Plaintiff failed to provide OIP with sufficient information that would allow OIP to effectively search its appeal tracking database for his appeal.

(65) Plaintiff thereafter alleged that by letter dated February 17, 2007, he appealed "the delay by USMS in releasing records to him." (See Pl.'s Statement of Material Facts, Count XVII, ¶ 4.) OIP personnel conducted a search of its appeal tracking database; there is no record of an administrative appeal from plaintiff dated February 17, 2007 from an action of the USMS. Plaintiff also asserts that by letter dated February 18, 2007, he asked OIP to reopen his previously closed Appeal No. 05-1520. (See Pl.'s Statement of Material Facts, Count XVII, ¶ 5.) I have hand-searched the file associated with Appeal No. 05-1520; no letter from plaintiff to OIP dated February 18, 2007, was found in that appeal file. Further, Appeal No. 05-1520, which was not identified in plaintiff's Complaint, does not concern an action of USMS, but rather an action of EOUSA, a component of the Department of Justice that is not a party to this action.

17

# 8

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

MICHAEL C. ANTONELLI,           )
                                )
                Plaintiff,      )
                                )
        v                       )    CASE No. 07-2016 (CKK)
                                )
FEDERAL BUREAU OF PRISONS, etal,)
                                )
                Defendants.     )

SECOND DECLARATION OF MICHAEL C. ANTONELLI

    I, MICHAEL C. ANTONELLI, declare the following to be true and
correct statements:

    That soon after I found out that the failure to pay the $42.10
to the MARSHALS for the 421 pages withheld, I caused $42.10 to be
sent to the MARSHALS.
    I also then after 20 working days had elapsed and the MARSHALS
had not yet sent me the 421 pages, sent an FOIA form appeal to the OIP
stating that the MARSHALS had not responded within the time limits and
they had expired, by letter dated 2/17/07 attached to the memorandum
in support of my response to the MARSHALS Motion to Dismiss.  The OIP
never responded to that appeal.
    The very next day on 2/18/07 I sent a letter to OIP stating I
had paid the $42.10 owed the MARSHALS and asked that the MARSHALS
reopen Appeal 05-1737 wrongly refered to as 05-1520 also within the
same letter. (See RRRR attached to memorandum in support).
    Soon thereafter, the MARSHALS ultimately sent me the 421 pages
of material and I appeal the exporgation on a form like the one that
is attached hereto. (See Attachment A)  I did appeal and claimed in
that appeal that MARSHALS acted arbitrarily and capriciously by their
withholdings and applications of the exemptions claimed.  I cannot now
find a copy of that appeal letter but I did send it to OIP.
    Only after the OIP had not responded whatsoever to the two form
appeals and the appeal letter asking to reopen 05-1737 did I file
suit asking for judicial review of the MARSHALS and the OIP's action/
inaction concerning these 421 pages only.
    The mistake showing 05-1520 and 05-1737 was only a ministerial
or clerical mistake.  I ask that the Court excuse this mere oversight.
I am utterly dismayed at the fact that the MARSHALS missed the numbers
05-1737 on top of that February 18, 2007 letter.  They conveniently
only address the 05-1520 in the middle of the letter.  I don't believe
this was a mistake on the part of the MARSHALS.  I believe it is they
who are intionally trying to deceive the Court.  Same can be said for
the tundra of documents submitted with their MOTION TO DISMISS when one
can plainly see that only a handful of exhibits are needed to litigate
this dispute with the MARSHALS.
    My initial Declaration also inadvertantly had 05-1520 when it
should be 05-1737.  This was an innocent mistake.

Declared this 14 day of July, 2008 by  *Michael C. Antonelli*
                                        Michael C. Antonelli, Declarant

(28 USC Section 1746)

# FOIA APPEAL

To: _____          DATE _____

_____          FOIA To: _____

_____          Request No. _____

_____          Date of Request _____

This is an appeal under the Freedom of Information Act.

Please review the action or inaction of the following agency: _____

in conjunction to my request for records. (check appropriate box(es) below:

___ ___  The agency has not responded and the time limits within which to do so has expired.

_____  The agency has claimed that no records could be found and I want to appeal that "no records
response.

_____  The agency has blanket denied release of records.

_____  The agency has released certain records and withheld some by claiming certain exemptions.

_____  The agency has withheld certain records but has not claimed any exemptions or stated any reason
for the deletions.

_____  The agency has claimed there are no records available or they have been destroyed and I believe
they have not made a sufficient search.

_____  The agency has stated records were destroyed but has not stated where, how, when and for what
reason they were destroyed and under what provision of the law.

_____  I believe the agency action or inaction otherwise unjust for the following reason: _____

_____

_____

_____

Appellant believes the agency or public body has acted arbitrary and/or capricious and he asks for
review of the agency action/inaction.

The burden is on the agency or public body to show the material withheld fits within the parameters of
the exemptions claimed. The appellant asks that the agency itemize and index the withheld material and
including detailed affidavits & explanations to support any justifications for refusal to disclose.

Sincerely,

X_____  _____
              (signature)

_____
(name)                        (number)

cc: file

**(Failure to timely respond to this administrative appeal will result in complaint for judicial review)**



<u>CERTIFICATE OF SERVICE</u>

    I, MICHAEL ANTONELLI, after having been duly sworn and under oath, hereby state that on this day I mailed a copy of this Second Declaration of Michael C. Antonelli along with the attached exhibit A to the United States Attorney @ 555 4th Street, NW in Washington, D. C. 20530.

Executed this 14th day of July, 2008.

                  By_____

                    MICHAEL C. ANTONELLI, Affiant

(28 USC Section 1746)