UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MICHAEL C. ANTONELLI, | ) |
| Plaintiff *pro se*, | ) |
| v. | ) Civil Action No.: 07-2016 (CKK) |
| FEDERAL BUREAU OF PRISONS, *et al.*, | ) |
| Defendants. | ) |

### DEFENDANT UNITED STATES MARSHAL SERVICE'S REPLY

Defendant, the United States Marshals Service ("USMS"), by and through undersigned counsel, hereby files its reply to Plaintiff's response to the USMS' motion to dismiss. For the reasons stated below, the USMS' motion to dismiss should be granted.

Plaintiff concedes that in *Antonelli v. ATF*, Civil Action No. 04-1180 (CKK), he litigated issues concerning the 100 pages of material released to him by the USMS without charge. *See* Plaintiff's Memorandum In Support of Response To Motion To Dismiss ("Plaintiff's Response Memo.") at 1, 3. Therefore, any claims concerning those 100 pages are barred by the doctrines of *res judicata* and collateral estoppel and should be dismissed.

Moreover, Plaintiff has failed to produce any evidence that he appealed the USMS' withholding respect to the release of the remaining 421 pages after he paid his processing fee.[1] In fact, Plaintiff acknowledges that his exhibit "RRRR" is contradictory and has what he refers to

---

[1] Plaintiff alleges that he appealed to the OIP, but that he cannot locate a copy of the appeal letter. *See* Plaintiff's Response Memo at 2.

as a "ministerial error" in that it contains two different appeal numbers.[2]  *See* Plaintiff's Response Memo at 3, 4.  Obviously, Plaintiff fails to recognize that Ms. McLeod's Declaration establishes that one of those numbers, Appeal No. 05-1520, is an appeal from a request made to the Executive Office of United States Attorneys, and not to the USMS.  *See* Defendant's Exhibit A, Declaration of Janice McLeod, Associate Director, OIP ("McLeod Declaration") ¶ 65.[3]

      Plaintiff argues that his declaration, which mimics the allegations in his complaint, along with his contradictory exhibits should be enough to survive a motion to dismiss at this stage.  To the contrary, Plaintiff's concessions and the evidence submitted by the USMS and the OIP far outweighs Plaintiff's unsupported and contradictory arguments and exhibits.  Defendant USMS has submitted a declaration which demonstrates that the OIP has no record of an administrative appeal from the USMS' withholding of the 421 pages of records.  Plaintiff has submitted nothing to rebut this evidence.  Accordingly, the USMS's motion to dismiss should be granted.

---

[2] Plaintiff states that he "has no idea what EOUSA request the Marshals are talking about in their pleadings, but these are only different because of a clerical mistake."  Plaintiff's Response Memo at 3.

[3] Plaintiff had alleged that he sent a letter to OIP dated February 18, 2007, requesting that his appeal 05-1520 be reopened.  *See* Statement of Material Facts Not In Genuine Dispute, Count XVII, ¶ 5.  Plaintiff's Exhibit "RRRR" is the February 18, 2007 letter and it contains two different appeal numbers.

**Conclusion**

For the foregoing reasons, the USMS' motion to dismiss Plaintiff's Freedom of Information Act claims in Count XVII should be granted.

        Respectfully submitted,

        /s/
        JEFFREY A. TAYLOR, D.C. BAR # 498610
        United States Attorney

        /s/
        RUDOLPH CONTRERAS, D.C. BAR # 434122
        Assistant United States Attorney

        /s/
        JUDITH A. KIDWELL
        Assistant United States Attorney
        555 Fourth Street, N.W.- Room E4905
        Washington, D.C. 20530
        (202) 514-7250

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a copy of the foregoing United States Marshals Service's Reply was mailed, postage pre-paid, to Michael Antonelli, Plaintiff *pro se*, on this 22th day of July, 2008, to the following address:

Michael Antonelli
No. 04053-164
federal Correctional Institution
Box 34550
Memphis, Tennessee 38134

                                  /s/
                              JUDITH A. KIDWELL
                              ASSISTANT U.S. ATTORNEY