UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Michael C. Antonelli,              :
                                   :
       Plaintiff,                  :
                                   :
v.                                 :    Civil Action No. 07-2016 (CKK)
                                   :
Federal Bureau of Prisons *et al.*,:
                                   :
       Defendants.                 :

MEMORANDUM OPINION

In this action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, plaintiff, proceeding *pro se*, sues components of the Department of Justice ("DOJ") and the Department of Homeland Security's Immigration and Customs Enforcement ("ICE") for their responses to his FOIA requests.[1] In addition, plaintiff sues the Bureau of Prisons ("BOP") for alleged violations of the Privacy Act, 5 U.S.C. § 552a. The complaint, which was assigned to the undersigned judge as related to *Antonelli v. BATF*, No. 04-1180, consists of 27 counts.

Plaintiff has moved against all defendants for partial summary judgment [Dkt. No. 13]. In opposing plaintiff's motion, defendants have cross moved for summary judgment. Pending before the Court are plaintiff's motion for partial summary judgment, ICE's cross motion for summary judgment [Dkt. No. 30] and the Marshals Service's motion to dismiss [Dkt. No. 32]. Upon consideration of the parties' submissions and the relevant parts of the record, and taking judicial notice of rulings made in Civ. Action No. 04-1180, the Court will deny plaintiff's motion for partial summary judgment against ICE and the Marshals Service and will grant ICE's cross

---

[1] The named DOJ defendants are the Office of Information and Privacy ("OIP") and the following DOJ components: Federal Bureau of Prisons, Federal Bureau of Investigation ("FBI"), and the United States Marshals Service.

motion for summary judgment and the Marshals Service's motion to dismiss as converted to one for summary judgment.[2]

## I. BACKGROUND

1. <u>Immigration and Customs Enforcement</u>

In the only count of the complaint applicable to ICE, Count XVI, plaintiff challenges ICE's release of one redacted page of information that the Marshals Service had forwarded to it for processing. Compl. at 7; Def. ICE's Statement of Material Facts as to Which There is No Genuine Issue ¶¶ 1-2. ICE withheld information pursuant to FOIA exemptions 2, 6 and 7(C). ICE's Mot., Ex. A (Declaration of Mark Vugrinovich ["Vugrinovic Decl."] ¶ 5). Plaintiff's administrative appeal of that determination was denied. *Id*. ¶ 7.

2. <u>United States Marshals Service</u>

In the only count of the complaint applicable to the Marshals Service, Count XVII, plaintiff challenges the Marshals Service's and OIP's release of 421 pages of records to him in February 2007 following his payment of the processing fee of $42.10.[3] Compl. at 7; Pl.'s Memorandum in Support of Response to Motion to Dismiss by Marshals ("Pl.s' Opp.") [Dkt. No. 41] at 1-3; Marshals Service's Reply at 1. Plaintiff alleges that the Marshals Service "released certain records . . . and withheld some in part and blanket denied some." Compl. at 7. Although plaintiff alleges that he submitted an administrative appeal of the release determination, OIP has no record of the appeal. Marshals Service Mot., Ex. A (Declaration of Janice Galli McLeod ["McLeod Decl."] ¶ 65).

---

[2] Remaining for resolution will be the claims against the FBI, BOP and OIP.

[3] *See Antonelli v. BATF*, No. 04-1180 (Dkt. No. 131, Mem. Op. at 6) (granting summary judgment to the Marshals Service based on plaintiff's failure to exhaust administrative remedies by paying the assessed fee).

2

II.  DISCUSSION

Summary judgment for the movant is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In his generalized motion for partial summary judgment, plaintiff concludes that the named defendants "are all in blatant and flagrant violation of the statutory time limits of the FOIA." Pl.'s Mot.[4]

Plaintiff has not established his entitlement to judgment against ICE because the underlying claim is not based on an original FOIA request made to ICE to trigger the statutory time limits of 5 U.S.C. 552(a)(6)(A)(i).[5] As for the Marshals Service, plaintiff is barred by the

---

[4] Plaintiff states in his summary judgment motion that he is filing "under separate cover" his declaration and other attachments, which he does weeks later. The undersigned judge, who has a long history of presiding over plaintiff's FOIA actions, has given substantial leeway to plaintiff as a *pro se* filer by overlooking the fact that his piecemeal motions and oppositions have not complied with the rules. Plaintiff is advised that motions for summary judgment and oppositions to motions must "*include or be accompanied by*" (as opposed to later supplemented with) a supporting memorandum of law and, in the case of summary judgment motions, a statement of material facts plaintiff contends are not in genuine dispute with any supporting documents and declarations. LCvR 7. Plaintiff is warned that from here on out, his submissions that do not comply with the foregoing requirements will be summarily denied or stricken from the record.

[5] Each agency, *upon any request for records* made under paragraph (1), (2), or (3) of this subsection, shall--

> (i) determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination; and
>
> (ii) make a determination with respect to any appeal within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal. . . .

5 U.S.C. § 552(a)(6)(A)(i) (emphasis added).

doctrine of *res judicata* from seeking judgment on this issue because the current claim stems from the earlier related case in which the Court had granted summary judgment to the Marshals Service based on plaintiff's non-payment of the processing fee for the 421 pages now at issue. *See* Civ. Action No. 04-1180 (Dkt. No. 131, Mem. Op. at 2-3, 6). Thus, to the extent that plaintiff had an issue with the timing of the Marshals Service's processing of his request, he should have raised it in the prior action. *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (*Res judicata* bars relitigation both of "issues that were" and of issues that "could have been raised" in the prior action). Besides, the Marshals Service's subsequent release of records negates the timing issue. *See Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982) ("[H]owever fitful or delayed the release of information under the FOIA may be, once all requested records are surrendered, federal courts have no further statutory function to perform."); *accord Boyd v. Criminal Div. of U.S. Dept. of Justice*, 475 F.3d 381, 388 (D.C. Cir. 2007) ("[B]ecause the report was located in the work file and subsequently disclosed, the issue is moot for purposes of this FOIA action.") (citing *Perry*). The Court therefore denies plaintiff's motion for partial summary judgment against these defendants.

  Turning to the defendants' respective dispositive motions, the FOIA authorizes the court only "to enjoin [a federal] agency from withholding agency records or to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B); *see Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 139 (1980). Because the FOIA concerns the improper withholding of responsive records, the agency must demonstrate that it properly withheld information. The Court may award summary judgment to an agency solely on the basis of information provided in affidavits or declarations that describe "the justifications for nondisclosure [of records] with reasonably specific detail . . . and are not

controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974). Such declarations are accorded "a presumption of good faith." *Long v. United States Dep't of Justice*, 450 F. Supp.2d 42, 54 (D.D.C. 2006).

    1. ICE's Motion for Summary Judgment

ICE asserts that it properly withheld portions of the one-page document referred from the Marshals Service under FOIA exemptions 2, 6 and 7(C). The document is a "fascimile cover sheet that was part of a transmission between two law enforcement agencies . . . related to a criminal law enforcement matter." Vugrinovich Decl. ¶ 11 & Ex. 1 at 7 (redacted document).

Exemption 2 protects from disclosure information that is "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. § 552(b)(2). Typically, courts limit exemption 2 protection to "trivial administrative matters of no genuine public interest" ("low 2" exempt information), and to information that, if disclosed, "may risk circumvention of agency regulation" ("high 2" exempt information). *Schiller v. NLRB*, 964 F.2d 1205, 1206 (D.C. Cir. 1992); *see Schwaner v. Dep't of the Air Force*, 898 F.2d 793, 795 (D.C. Cir. 1990). ICE properly invoked exemption 2 to redact the last four digits of direct telephone numbers of agency employees and one file number used for indexing, storing, retrieving and distributing information in investigative files, as internal information of no genuine public interest. Vugrinovich Decl. ¶¶ 8-9. ICE properly redacted the employees' direct telephone numbers also because their "disclosure . . . would pose a risk to ICE operations [by] subject[ing] ICE employees to harassing telephone calls by members of the public . . . and would thereby inhibit the ability of ICE to carry out its statutory and regulatory responsibilities." *Id*. ¶ 8.

Applying the privacy provisions of the FOIA, ICE invoked exemption 6 in conjunction with exemption 7(C) to redact the names of two federal law enforcement officers. *See* Vugrinovich Decl., Ex. 1 at 7. Exemption 6 protects information about individuals in "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552 (b)(6). All information that "applies to a particular individual" qualifies for consideration under this exemption. *U.S. Dep't of State v. Washington Post Co.*, 456 U.S. 595, 602 (1982); *see also New York Times Co. v. NASA*, 920 F.2d 1002, 1005 (D.C. Cir. 1990) (en banc); *Chang v. Dep't of Navy*, 314 F. Supp.2d 35, 42-43 (D.D.C. 2004). Exemption 7(C) protects from disclosure records compiled for law enforcement purposes to the extent that their disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C).

For the reasons advanced in the Vugrinovich declaration, *see* ¶¶ 10-11, third-party information contained in law enforcement files is "categorically exempt" from disclosure under exemption 7(C), in the absence of an overriding public interest in its disclosure. *Nation Magazine, Washington Bureau v. United States Customs Service*, 71 F.3d 885, 896 (D.C. Cir. 1995). Plaintiff has not disputed ICE's assertions. In the absence of a triable issue on the propriety of the redactions made pursuant to exemption 7(C), the Court concludes that ICE is entitled to judgment as a matter of law on Count XVI of the complaint.

2. U.S. Marshals Service's Motion to Dismiss[6]

The Marshals Service seeks dismissal of the claim arising from its release of 421 pages on the ground that plaintiff failed to exhaust his administrative remedies by administratively

---

[6] Because the Court is relying on matters beyond the pleadings, this motion is treated as one for summary judgment, *see* Fed. R. Civ. P. 12(d), the possibility of which plaintiff was advised by Order of June 10, 2008 [Dkt. No. 35].

appealing the determination to the OIP.[7] As a general rule, a FOIA requester must exhaust administrative remedies by completing the administrative appeal process prior to seeking judicial review. *Oglesby v. Dep't of the Army*, 920 F.2d 57, 65 (D.C. Cir. 1990). The court need not dismiss the claim for failure to exhaust if it determines that the "purposes and policies underlying the exhaustion requirement" would not be undermined by reaching the merits. *Wilbur v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004); *see also Hidalgo v. FBI*, 344 F.3d 1256, 1258-59 (D.C. Cir. 2003) (while exhaustion is not jurisdictional, "as a jurisprudential doctrine, failure to exhaust precludes judicial review" if a merits determination would undermine the purpose of permitting an agency to review its determinations in the first instance). On the other hand, to proceed on a claim where the agency has not had the opportunity to act would not only undercut the exhaustion requirement but would also encourage circumvention of the administrative process simply by filing a lawsuit. *See Hidalgo*, 344 F.3d at 1259 (exhaustion policy determined to have been frustrated where the FOIA requester filed his lawsuit before "plac[ing] the substance of the FBI's response [applying FOIA exemptions] before the [administrative appellate office]").

Plaintiff does not contend that he was not informed about his right to appeal to OIP.[8] Rather, he claims that by letter of February 17, 2007, he "appealed the delay by USMS in releasing the records to him," and by letter of February 18, 2007, had "asked OIP to reopen his

---

[7] The Marshals Service also asserts that plaintiff is procedurally barred from relitigating its release of the first 100 pages of responsive records free of charge because the Court adjudicated the merits of that release in the earlier related case. Although true, *see* No. 04-1180, Dkt. No. 131, Mem. Op. at 6, the argument fails because, as should be clear by now, those records are not included in the 421 pages forming the basis of this action against this defendant.

[8] Although neither party has supplied the letter accompanying the actual release of records in February 2007, the initial release letter dated May 20, 2003 informed plaintiff about his right to appeal the determination to OIP. Pl.'s Opp., Ex. 3.

7

appeal 05-1520." Pl.'s Statement of Material Facts Not in Genuine Dispute [Dkt. No. 15] at 7. In response to these assertions, "OIP personnel conducted a search of its appeal tracking database" and "hand-searched" closed file 05-1520, but located neither letter from plaintiff. McLeod Decl. ¶ 65. McLeod discovered, however, that the appeal plaintiff sought to reopen, 05-1520, "does not concern an action of [the Marshals Service], but rather an action of [the Executive Office for United States Attorneys]." *Id*. Plaintiff admits that "I cannot now find a copy of [the] appeal letter but I did send it to OIP." Pl.'s Opp., Second Declaration of Michael C. Antonelli. He also admits that his reference to 05-1520 "was only a ministerial or clerical mistake [and] ask[s] that the Court excuse this mere oversight." *Id*. The Court, however, may not compel the Marshals Service to act where an improper witholding has yet to be shown.

In the absence of any evidence contradicting the Marshals Service's evidence that it did not receive plaintiff's administrative appeal of the release determination at issue, the Court concludes that the Marshals Service is entitled to judgment as a matter of law on Count XVII of the complaint, based on plaintiff's failure to exhaust administrative remedies with respect to the 421 pages of released records.

### III. CONCLUSION

For the foregoing reasons, the Court denies plaintiff's motion for partial summary judgment against ICE and the Marshals Service, grants ICE's motion for summary judgment on Count XVI of the complaint, and grants the Marshals Service's converted motion for summary judgment on Count XVII of the complaint. A separate Order accompanies this Memorandum Opinion.

_____s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

Date: August 4, 2008