ORIGINAL

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MICHAEL ANTONELLI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v | ) | Case No. 07-2016 (CKK) |
| | ) | |
| FEDERAL BUREAU OF PRISONS, | ) | |
| | ) | |
| Defendants. | ) | |

**RECEIVED**

AUG 0 4 2008

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF BOP AND OIP
TRAVERSES TO DISPOSITIVE MOTIONS

   In support of Plaintiff's Reply to each increment of the BOP
and OIP dispositive motions he addresses each count chronologically as
follows:

Count I - Lemay Request No. 2007-02059

   All notifications to requesters of denials of initial requests
should contain specific information. A decision to deny an initial
request must inform the requester of the reasons for the denial and
the name and title of each person responsible for the denial, and of
the right to appeal. 5 U.S.C. Section 552(a)(6)(A)(i), (a)(6)(C);
**Mayock v. INS**, 714 F. Supp. 1558, 1567 (N.D. Cal 1989); **Hudgins v.IRS**,
620 F. Supp. 19, 20-21 (D.D.C. 1985), aff'd 808 F 2d 137 (D.C. Cir.),
cert. denied, 484 U.S. 803 (1987). The BOP's purported denial didn't
contain any indication what date the request was made, who or what was
requested, nor what reason for denial, nor the name or title for any
person responsible for the denial, nor the right to appeal. It did
not contain any specific information whatsoever.
   Plaintiff never received this purported denial and if he did he
had no way of knowing he did. An agency's failure to comply with the
time limits for an initial request or an appeal may be treated as a
"contructive denial" of or "constructive exhaustion" of administrative
remedies. See **Oglesby v. United States Dep't of the Army**, 920 F 2d
at 61-65; accord **Ruotolo v. Department of Justice**, 53 F 3d @ 9.
   Furthermore, the purported justification cited in the Karen Summers
Declaration that the request was not deemed proper because the PSI (sic)
is not a BOP document or record, is flakey. It unequivocally is an
"agency record" for purposes of the FOIA. See**United States Department
of Justice v. Julian**, 476 U.S. 1, 100 L Ed 2d 1, 108 S Ct 1606 (1988).
   In this case specifically, this count, the AUSA has the audacity
and brazen gall to prance Harley Lappin, Director of the BOP, in front
of this Court, like in the story of the Emperor Who Wore No Clothes,
**NAKED**, for the AUSA has him thoroughly convinced he is wearing a new
suit. (riding a White Horse)
   Plaintiff asks that he be granted summary judgement in his favor
and against the BOP and that this count not be dismissed. The BOP is
unequivocally flat out wrong in this count.

-1-

### Count II - Request for Video Tapes of B2 Unit

Plaintiff did not fail to exhaust administrative remedies. His past due fees had been paid. He is not barred by collateral estopple and he believes the **Antonelli v. ATF** , April 28, 2008 decision was wrong. Inasmuch as it is controlling as to the fee issue argued, the plaintiff only says he is going to appeal that case and that issue once that case is wholly closed.

### Count III -(Communications with 'Higher ups' of DOJ)

An agency's failure to comply with the time limits for an initial request may be inferred as a "contructive exhaustion" of administrative remedies. BOP failed twice here. They lose !

### Count IV - Request for ACE records No. 2006-10544

An agency's failure to comply with time limits for an appeal may be construed as a "constructive denial" of that appeal. OIP has failed to respond to my appeal.

### Count V - Request No. 2007-05576

The case of **Smith v. U.S. Dept. of Justice**, 251 F 3d 1047 (D.C. Cir. 2001) directly contradicts the BOP's position here. I can obtain those records via the FOIA and it was I who was talking so that part at least must be immediately given me; but, the person on the other end was only my 14 year old son, and the BOP can simply listen to the tapes to find proof of that. Michael Ciro Antonelli who was speaking to me is my legal son. So, he is a minor and I am his legal father. He has no right to privacy because I have a legitimate right to know exactly what he says on the telephone until he is 18 years of age. Nevertheless, everything he said has already been heard once by me in the phone conversation, therefore, the information has already once been leaked to me and the BOP has absolutely no claim to withhold the entire conversation. The proof of the pudding would be to simply listen to the conversation to prove this. I ask for an in-camera inspection of the tape of the phone conversation to show this.

### Count VI - Request No. 2007-04383

Plaintiff did not fail to exhaust remedies. His past due fees had been paid. He is not barred by collateral estopple and he believes the **Antonelli v. ATF**, April 28, 2008 decision was wrong.

### Count VII - Request No. 2005-08429/OIP)

Plaintiff believes the BOP was wrong in deleting and withholding what it did and asks for an-camera inspection of the records and a Vaughn index.

### Count VIII - Request No. 2006-09743

An agency's failure to comply with the time limits for an appeal may be treated as "constructive exhaustion" of the remedies. Plaintiff asks for judicial review of this denial.

### Count IX - Request No. 2006-00068

Plaintiff did not fail to exhaust remedies. His past due fees had been paid. He is not barred by collateral estopple and believes the **Antonelli v. ATF**, decision of April 28, 2008 was wrong.

### Count X - Request No. 2006-06825

Plaintiff did not fail to exhaust. All his past fees due have been paid. He is not barred and believes the prior decision in error.

### Count XI - Request Nos 2006-10600 and 2006-06375

Plaintiff did not fail to exhaust remedies. His past due fees have long been paid. He is not barred and the decision relied upon was entered in error.

### Count XII - Request No. 2005-08590

An agency's failure to comply with the time limits for an initial request may be treated as a "constructive exhaustion" of administrative remedies.

### Count XIII - Request No. 2006-10535

An agency's failure to comply with the time limits for an appeal may be treated as a "constructive exhaustion" of administrative remedies.

### Count XIV - Remedy ID No. 411064 and Appeal No. 06-2830

An agency's failure to comply with the time limits for an appeal may be treated as a "constructive exhaustion" of remedies.

### Count XV - Request No. 2006-09337

An agency's failure to comply with the time limits for an appeal may be treated as a "constructive exhaustion" of remedies.

## STANDARDS OF REVIEW

### Motion To Dismiss Under Rule 12(b)(1)

Plaintiff has no objection to the case laws cited.

### Motion To Dismiss Under Rule 12(b)96)

Plaintiff has no objection to the case laws cited.

### Motion For Summary Judgement Under Rule 56

Plaintiff has no objection to the case laws cited.

### Summary Judgement in FOIA Cases

Plaintiff has no objection to the Cases Laws cited.

## ARGUMENT

### Is Defendant OIP A Proper Party to this Action ?

If they are not, then who is ? If it the Department of Justice then Plaintiff asks that the Department of Justice be substituted as a Defendant in place of the OIP. Unequivocally, it is OIP who has done plenty of the wrongs here.

-3-

### Did Plaintiff Fail to Exhaust Administrative Remedies ?

The answer is no.  Plaintiff has no objections to the case laws cited
but they do not apply because Plaintiff has not failed to exhaust his
remedies in each count as delineated throughout this memorandum and
all plaintiff's pleadings.  Therefore, none of the counts should be
dismissed.

### Did BOP Conduct Reasonable Searches ?

The answer is no.  In some cases they didn't search at all.  All
his requests were proper requests.  The FOI Exempt File of the BOP
is not the only file the BOP need search because they failed to
allow Plaintiff an opportunity to view the records locally in some
of the counts.  When they did, they had no idea how to either apply
exemptions or what to do other than blanket deny access.  The only
way to solve this was to send the records to either the Central or
Regional Offices where people had enough wherewithal to at least make
that determination.  Reviewing the records at the institution frequently
turns out to be at the whim and caprice of BOP staff who dodge and hide
from inmates in order to do less work.  This system reeks of procrastin-
ation and sloth.  I have no objection to the case laws cited.

### DID DEFENDANTS COMPLY WITH FOIA REQUIREMENTS ?

The answer is no.  Plaintiff never failed to make a proper request.
He need not provide third party releases in some situations and he
did so in the Anthony Lemay situation.  BOP had more records and did
not release all the records responsive due to inadequate search.  They
found no records because of inadequate search in the cited counts.
      I have no qualms with the case laws cited.  But I believe none
of the counts should be dismissed.

### DID BOP PROPERLY WITHHOLD RECORDS ?

The answer is no.  Plaintiff asks for an in-camera inspection to see.

### Exemption 2

      I have no objections to the case law cited.

### Exemption 5

      I have no objections to the Case Law Cited.

### Attorney Work Product Privilege

      I have no objections to the case law cited.

### Deliberative Process Privilege

      I have no objections to the Case law cited.

### Exemption 7 - Threshold Issue

      I have no objections to the case law cited.

### Exemption 7(C)

      I have no objections to the case law cited.

-4-

Exemption 7(F)

    I have no objection to the case law cited.

## BOP's Withholdings of Records

    The table is flimsy.  Those exemptions were not properly invoked and Plaintiff asks for an in-camera review of the records.

## Count VII

    BOP has not met their burden.  I ask for in-camera review.  The exemptions were not properly invoked and I demand strict proof thereof.

## Count VIII

    The records withheld are not exempt.  I demand strict proof thereof.  I request in-camera review.  BOP has not met its burden.

## Count X

    BOP has not met their burden.  I ask for in-camera review.  The records were not properly withheld.

## Count XI

    The records withheld are not exempt.  I demand strict proof thereof.  I request in-camera review.  BOP has not met its burden.

## Count XIII

    BOP has not met its burden.  I ask for in-camera review.  The information was not properly withheld.

    There has been improper withholding of records.  Plaintiff's claims regarding the FOIA requests in these counts should not be dismissed and defendants should not be granted partial summary judgement.

## HAS ALL REASONABLY SEGREGABLE INFORMATION BEEN RELEASED ?

    The answer is no.  Plaintiff has no objections to the case laws cited.  I believe the BOP has arbitrarily and capriciously made their determinations.  I ask for in-camera review.  I further ask for a Vaughn Index and Itemization & Indexing with supporting affidavits. The Summers Declaration is Flakey.

## IS BOP EXEMPT FROM THE PRIVACY ACT ?

    The answer is no.  Plaintiff fits all the criteria set in the **Toolsasprashad v. Bureau of Prisons**, No. 00-5424, Decided April 19, 2002 (D.C. Cir. 2002).  He has hurdled the threhold issue.  Therefore, the Privacy Act claims should not be dismissed.  Habeas Corpus is not the remedy in his situation.  The BOP is dodging responsibility and accountability in these counts for sure.  They have not even addressed the claims on their merits.  Plaintiff has shown he suffered adverse determinations and has stated a claim.  Plaintiff has made a prima facie showing and all standards have been met.  Dismissal would be premature at this point.  See **Sellers v. Bureau of Prisons**, 959 F. 2d 307, 312-13 (D.C. Cir. 1992).

## Conclusion

Plaintiff's claims against BOP and OIP should not be dismissed and partial summary judgement should not be granted in favor of the Defendants in any respect.

A full blown Vaugh Index with sworn affidavit and justification for refusal to disclose, with segregable portions of entire pages that are blanket claimed exempt should be ordered. The present declarations are feeble.

In camera inspection and review should be ordered.

Defendant's should be ordered to address the Privacy Act Claims on their merits instead of superficially as presently addressed.

Any other further relief this Court deems just and proper should be ordered.

Respectfully Submitted this 29Th day of July, 2008.

By _____
MICHAEL ANTONELLI, Pro Se
No. 04053-164; Box 34550
Federal Correctional Institution
Memphis, Tennessee
38134

## CERTIFICATE OF SERVICE

I, MICHAEL ANTONELLI, after having been duly sworn and under oath, hereby depose and state that on this day I mailed a copy of this Reply Memorandum to the USA @ 555 4th St, NW in Washington, D. C. 20530.

Executed this 29Th day of July, 2008.

By _____
Michael Antonelli, Affiant

(28 USC Section 1746)

-6-