UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MICHAEL C. ANTONELLI, | ) |
| Plaintiff *pro se*, | ) |
| v. | ) Civil Action No.: 07-2016 (CKK) |
| FEDERAL BUREAU OF PRISONS, *et al.*, | ) |
| Defendants. | ) |

**DEFENDANT FEDERAL BUREAU OF INVESTIGATION'S REPLY
TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS
OR ALTERNATIVELY, CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant, the Federal Bureau of Investigation ("FBI"), by and through undersigned counsel, hereby files its reply to Plaintiff's response to Defendant's motion to dismiss or alternatively, motion for summary judgment. As discussed below, Plaintiff has failed to demonstrate that he exhausted his administrative remedies with respect to his Freedom of Information Act ("FOIA") requests, and therefore, his claims against Defendant FBI should be dismissed or alternatively, since no genuine issue of material fact exists, Defendant is entitled to judgment as a matter of law.

**ARGUMENT**

**I. Plaintiff Has Failed to Exhaust His Administrative
Remedies with Respect to Privacy Waivers**

By letter dated February 9, 2007, Defendant returned Plaintiff's request for records concerning Nancy Antonelli and James Valona because Plaintiff had failed to provide privacy waivers. *See* Declaration of David M. Hardy ("Hardy Decl.") ¶ 8. Plaintiff asserts that he

disagrees that separate or new privacy waivers were required for each new search. *See* Plaintiff's Opposition to Declaration of David Hardy ("Hardy Opp.") ¶ 8. Plaintiff's disagreement, however, does not change the fact that Defendant FBI requires these waivers with each new search and Plaintiff is obligated to comply with the agency's requirements. *See* Hardy Decl. ¶ 8, FN 1.[1] Accordingly, Plaintiff failed to exhaust his administrative remedies and these claims should be dismissed.

## II. Plaintiff Failed To Reasonably Describe the Records Sought

"[I]t is the requester's responsibility to frame requests with sufficient particularity to ensure that searches are not unreasonably burdensome, and to enable the searching agency to determine precisely what records are being requested." *Assassination Archives and Research Center, Inc.*, 720 F.Supp. 217, 219 (D.D.C. 1989) (citing *Yeager v. DEA*, 678 F.2d 315 (D.C. Cir. 1982). "The rationale for this rule is that FOIA was not intended to reduce government agencies to full-time investigators on behalf of requesters." *Id*. An agency's duty is only to conduct a search reasonably calculated to uncover all relevant documents. *See Kowalczyk v. Department of Justice*, 73 F.3d 386, 388 (D.C. Cir. 1996). The agency is not required to speculate about potential leads. *Id*. Furthermore, the agency is not required to exercise "clairvoyant capabilities" to determine the nature of a plaintiff's request. *See Hudgins v. IRS*, 620 F.Supp. 19, 21 (D.D.C. 1985) (citing *Weisberg v. Department of Justice*, 705 F.2d 1344 (D.C. Cir. 1983)).

In this case, Plaintiff failed to provide sufficient specificity to enable Defendant FBI to conduct a focused search of the Chicago Field Office's shared drive. *See* Hardy Decl. ¶¶ 15-16.

---

[1] This is a reasonable requirement because otherwise, someone would be able to obtain records on an individual way beyond the time period contemplated by the waiver.

Accordingly, Plaintiff's claims in this regard should be dismissed.

### III. Plaintiff Has Failed to Exhaust His Administrative Remedies By Appealing the FBI's Responses or Paying Fees

In order to exhaust his administrative remedies, Plaintiff was required to appeal Defendant FBI's responses to the Office of Information and Privacy ("OIP") and pay his processing fees.[2] Plaintiff failed to do so. *See* Declaration of Janice McLeod ¶¶ 67-71, 73. Plaintiff's speculative statements that OIP has "misplaced, lost or destroyed" his appeals or his outrageous allegation that OIP is "flat out deceiving the Court" are without merit and unsupported by even a scintilla of evidence.[3] Accordingly, Plaintiff's claims as to Defendant FBI should be dismissed.

### Conclusion

For the foregoing reasons, Plaintiff's claims as to Defendant FBI should be dismissed. Alternatively, there being no genuine issue of material fact, Defendant FBI should be granted summary judgment.

---

[2] Plaintiff asserts that the "FBI further dwells on the false fact that plaintiff had unpaid fees for years on end, and that he "paid all fees long ago but EOUSA had misplaced the money order or lost it." This court has already granted EOUSA summary judgment on this fee issue in Civil Action No. 04-1180. Plaintiff fails to recognize that the fact that he finally paid his fees in March 2008, does not allow him to now argue that OIP was wrong in closing his appeals years ago because of his nonpayment of FOIA processing fees. *See* Declaration of Janice McLeod ¶¶ 75-85.

[3] Defendant notes that Plaintiff recently demonstrated that he thought he had filed a motion for extension of time to respond to Defendant ICE's motion despite there being no record of one having been filed with the Court. What is far more likely in this instance, is that Plaintiff has so many cases being litigated that he cannot keep them straight and failed to appeal certain denials to the OIP.

Respectfully submitted,

 /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


 /s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


 /s/
JUDITH A. KIDWELL
Assistant United States Attorney
555 Fourth Street, N.W.- Civil Division
Room E4905
Washington, D.C. 20530
(202) 514-7250

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a copy of the foregoing Defendant FBI's Reply was mailed, postage pre-paid, to Michael Antonelli, Plaintiff *pro se*, on this 25th day of August, 2008, to the following address:

Michael Antonelli
No. 04053-164
Federal Correctional Institution
Box 34550
Memphis, TN 38134

                                            /s/
                                   JUDITH A. KIDWELL
                                   Assistant U.S. Attorney