UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MICHAEL C. ANTONELLI, | ) |
| Plaintiff *pro se*, | ) |
| v. | ) Civil Action No.: 07-2016 (CKK) |
| FEDERAL BUREAU OF PRISONS, *et al.*, | ) |
| Defendants. | ) |

**FEDERAL BUREAU OF PRISONS' AND OFFICE OF
INFORMATION AND PRIVACY'S  REPLIES TO PLAINTIFF'S
RESPONSES TO DEFENDANTS' MOTION TO DISMISS
OR ALTERNATIVELY, CROSS-MOTION FOR PARTIAL SUMMARY
JUDGMENT, AND DEFENDANTS' MOTION TO STRIKE DECLARATION**

Defendants, the Federal Bureau of Prisons ("BOP"), and the Office of Information and Privacy ("OIP"), by and through undersigned counsel, hereby files their replies to Plaintiff's Responses to Defendants motion to dismiss or alternatively, motion for summary judgment.[1]

Additionally, Defendants, pursuant to Fed. R. Civ. P. 12(f), move to strike the declaration of Michael Antonelli entitled "Plaintiff's Response to Declaration of Karen Summers As To BOP & OIP."

---

[1] Plaintiff filed a "Reply Memorandum In Support of BOP and OIP Traverses To Dispositive Motion" and "Reply To BOP and OIP's Statement of Material Facts As To Which There Is No Genuine Issue."  He also filed a "Plaintiff's Response to Declaration of Karen Summers As To BOP & OIP" and a "Declaration in Response to Janice McLeod Declaration As To The BOP and OIP."  Plaintiff should have filed a response to Defendants' motion for partial summary judgment and a reply to Defendants' opposition to Plaintiff's motion for partial summary judgment.  In light of Plaintiff's extensive litigation, Defendants have interpreted Plaintiff's replies as being replies to Defendants' opposition to his motion for partial summary judgment.  Defendants have treated Plaintiff's responses to be his opposition to Defendants' motion for partial summary judgment.  Defendants are also filing a separate motion to strike Plaintiff's "Declaration in Response to Janice McLeod Declaration As To The BOP and OIP."

As discussed below, Plaintiff has failed to provide sufficient evidence or argument in opposition to Defendants' motion for partial summary judgment. Therefore, his claims against Defendants BOP and OIP should be dismissed or alternatively, since no genuine issue of material fact exists, Defendants should be granted partial summary judgment.

        Respectfully submitted,

        /s/
        JEFFREY A. TAYLOR, D.C. BAR # 498610
        United States Attorney

        /s/
        RUDOLPH CONTRERAS, D.C. BAR # 434122
        Assistant United States Attorney

        /s/
        JUDITH A. KIDWELL
        Assistant United States Attorney
        555 Fourth Street, N.W.- Civil Division
        Room E4905
        Washington, D.C. 20530
        (202) 514-7250

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|   |   |
|---|---|
| **MICHAEL C. ANTONELLI,** )  | |
| ) | |
| Plaintiff *pro se*, ) | |
| ) | |
| v. ) | Civil Action No.: 07-2016 (CKK) |
| ) | |
| **FEDERAL BUREAU OF PRISONS,** *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY
TO PLAINTIFF'S RESPONSES TO DEFENDANTS' MOTION
TO DISMISS OR ALTERNATIVELY, CROSS-MOTION FOR PARTIAL
SUMMARY JUDGMENT, AND IN SUPPORT OF DEFENDANTS'
MOTION TO STRIKE DECLARATION**

**I. PLAINTIFF'S DECLARATION IS INSUFFICIENT TO
OPPOSE DEFENDANTS' PARTIAL MOTION FOR SUMMARY
JUDGMENT AND SHOULD BE STRICKEN**

Rule 56(e) of the Federal Rules of Civil Procedure provides that:

> Supporting and opposing affidavits shall be made on *personal knowledge*, shall set forth such facts as would be *admissible in evidence*, and shall show affirmatively that the affiant is *competent to testify* to the matters stated therein.

(emphasis added). Defects under Fed. R. Civ. P. 56(e) are waived if a motion to strike is not filed. *See Galvin v. Eil Lilly and Co.*, 2005 WL 3272142 (D.D.C. 2005) (citing *Humane Soc'y of the United States v. Babbitt*, 46 F.3d at 96 n. 5; *DeCintio v. Westchester County Med. Ctr.*, 821 F.2d 111, 114 (2d Cir. 1987).

In this case, Plaintiff's Declaration contains impermissible hearsay, conclusory and self-serving statements, and facts of which he is not competent to testify. *See Judicial Watch, Inc. v. United States Department of Commerce*, 224 F.R.D. at 264 (statements that are impermissible

hearsay, conclusory or self-serving are generally precluded under Fed. R. Civ. P. 56(e) (internal citations omitted)).   In fact, much of his purported declaration states "I agree", "I agree this may be true," "I agree this is true," "I believe this is true," or "I somewhat agree but there is more." The remainder of the declaration contains argument or speculation, unsupported by any facts, such as "I disagree," and "I believe BOP fabricated it to make it look like they responded to the request."  Moreover, "[a]n affidavit based merely on information and belief is unacceptable." *See Londrigan v. Federal Bureau of Investigation*, 670 F.2d 1164, 1174 (D.C. Cir. 1981) (holding that Fed. R. Civ. P. 56(e)'s requirement that affidavits be based on the personal knowledge of the affiant is unequivocal) (citing C. Wright & A. Miller, *Federal Practice* § 2738 (1973); J. Moore & J. Wicker, *Federal Practice* ¶ 56.22(1) (1980)).  Plaintiff's declaration simply does not meet the requirements of Fed. R. Civ. P. 56(e), and the entire declaration should be stricken.

## II. PLAINTIFF HAS FAILED TO PROVIDE ANY EVIDENCE TO SUPPORT HIS OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

In any event, other than his various forms of " agree" and "disagree," Plaintiff's responses contain: (1) outrageous statements suggesting that "both the BOP and the OIP are acting to cover up the improper communications had about me to Ms. Walters," and (2) his belief that "BOP fabricated it to make it look like they responded to the request."    *See* Plaintiff's Response To Declaration Of Karen Summers As To BOP & OIP ¶¶ 7, 15.  These type of self-serving and speculative statements are insufficient to oppose Defendants' motion for partial summary judgment.

**Conclusion**

For the foregoing reasons, Defendants' motion to strike Plaintiff's declaration should be granted. Additionally, their motion for partial summary judgment should be granted.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
JUDITH A. KIDWELL
Assistant United States Attorney
555 Fourth Street, N.W.- Civil Division
Room E4905
Washington, D.C. 20530
(202) 514-7250

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that copies of the foregoing Defendants' Replies and Motion to Strike Declaration were mailed, postage pre-paid, to Michael Antonelli, Plaintiff *pro se*, on this 25th day of August, 2008, to the following address:

Michael Antonelli
No. 04053-164
Federal Correctional Institution
Box 34550
Memphis, TN 38134

/s/
JUDITH A. KIDWELL
Assistant U.S. Attorney