UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Michael C. Antonelli, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 07-2016 (CKK) |
| Federal Bureau of Prisons *et al.*, | : | |
| Defendants. | : | |

MEMORANDUM OPINION

In what remains of this action brought *pro se* under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, the Bureau of Prisons ("BOP") has renewed its motion for summary judgment as to counts 8, 10, 11 and 13 of the complaint.[1] Upon consideration of the motion, plaintiff's opposition, BOP's reply and the relevant parts of the record, the Court will grant in part and deny in part BOP's motion for summary judgment.

I.  BACKGROUND

The Court previously determined that BOP had not met its burden under the FOIA by justifying its withholding of responsive material underlying counts 8, 10, 11 and 13 of the complaint. *See* Memorandum Opinion of December 22, 2008 ("Mem. Op.") [Dkt. No. 64] at 16-17; *id*. at 6-9 (setting forth applicable facts); *id* at 10-11 (discussing legal standard). In response to the accompanying Order to supplement the record, BOP proffers the Supplemental Declaration of Karen Summers ("Summers Supp. Decl."), Ex. S [Dkt. No. 68-2]. Summers describes each document withheld in part or in full and discusses the applicable exemptions. *See* Summers

---

[1] *See* Order of December 22, 2008 (granting partial summary judgment to BOP and summary judgment to the Federal Bureau of Investigation); Order of August 4, 2008 (granting summary judgment to Immigration and Customs Enforcement and the Marshals Service).

Supp. Decl. ¶¶ 6-13 (Count 8), ¶¶ 17-28 (Count 10), ¶¶ 32-37 (Count 11), ¶¶ 42-44 (Count 13). Plaintiff generally challenges BOP's withholding of 30 pages of "tort claims investigation reports" (Count 8) under exemption 5 and of information contained in incident reports and "the numerous appeals therefrom" (Counts 10, 11, 13). Response to BOP Renewed Motion for Summary Judgment ("Pl.'s Opp'n") [Dkt. No. 71] at 1.

## II.  DISCUSSION

Count 8

BOP claims that the 30 pages withheld in their entirety contain attorney work product protected from disclosure under FOIA exemption 5. Summers Supp. Decl. ¶ 10. Exemption 5 protects from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party . . . in litigation with the agency." 5 U.S.C. § 552(b)(5). This provision applies to materials that normally are privileged in the civil discovery context, including those protected by the attorney work product privilege, the attorney-client privilege, and the deliberative process privilege. *See NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149 (1975); *FTC v. Grolier, Inc.*, 462 U.S. 19, 26 (1983) ("The test under Exemption 5 is whether the documents would be 'routinely' or 'normally' disclosed upon a showing of relevance."); accord *Martin v. Dep't. of Justice,* 488 F.3d 446, 455 (D.C. Cir. 2007).

BOP withheld as attorney work product "staff memoranda containing the recommendation for each tort claim adjudication, and the tort claim investigations containing the investigator's notes, interviews and recommendations in connection with the adjudication of the claim." Summers Supp. Decl. ¶ 10; *see id* ¶ 11 (document descriptions). The documents were "requested at the direction of BOP legal counsel." *Id*. ¶ 10. Defendant properly withheld those

pages in their entirety as attorney work product.  *See Martin*, 488 F.3d at 455 ("memo contain[ing] extensive legal analyses of potential claims" prepared by agency investigator at the direction of an agency attorney qualifies as protected attorney work product); *Judicial Watch, Inc. v. Dep't of Justice*, 432 F.3d 366, 371 (D.C. Cir. 2005) ("If a document is fully protected as work product, then segregability is not required.").

Defendant also withheld a one-page staff memorandum under exemption 5 as deliberative process material and under exemption 7(F).  To qualify under the deliberative process privilege, the withheld information must have been pre-decisional, *i.e.*, "generated before the adoption of an agency policy" and deliberative, *i.e.*, "reflects the give-and-take of the consultative process." *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980).  Exemption 7(F) protects from mandatory disclosure information compiled for law enforcement purposes to the extent that disclosure "could reasonably be expected to endanger the life or physical safety of any individual." 5 U.S.C. § 552(b)(7)(F).  In general, this exemption has been interpreted to apply to names and identifying information of law enforcement officers, witnesses, confidential informants and other third persons who may be unknown to the requester.  *See Durham v. United States Department of Justice*, 829 F. Supp. 428, 434 (D.D.C. 1993); *Public Employees for Environmental Responsibility (Peer), Rocky Mountain Chapter v. U.S. E.P.A.*, 978 F. Supp. 955, 961 (D. Colo. 1997) (citing cases).  In reviewing claims under exemption 7(F), courts have inquired whether there is some nexus between disclosure and possible harm and whether the deletions were narrowly made to avert the possibility of such harm.  *Albuquerque Pub. Co. v. U.S. Dep't. of Justice*, 726 F. Supp. 851, 858 (D.D.C. 1989).

The withheld "staff memorandum contained security and policy related issues, as well as discussion regarding the appropriate course of action." Summers Supp. Decl. ¶ 11. Summers states that not only could disclosure of the information "endanger the physical safety of individuals," including inmates, thereby justifying exemption 7(F) protection, but it also "would inhibit the open and frank communications between government employees and is pre-decisional[,]" *id*., thereby justifying exemption 5 protection. *See Wilderness Soc'y v. United States Dep't of Justice*, 344 F. Supp.2d 1, 10 (D.D.C. 2004) (quoting *Dep't of the Interior and Bureau of Indian Affairs v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001)) (the deliberative process privilege protects from disclosure "'documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated'") (other citation omitted). Plaintiff has not contested this withholding and, thus, has conceded BOP's justification for withholding the described information under the asserted exemptions.[2] Moreover, plaintiff has not contested BOP's proper redaction of staff telephone extensions from 32 released pages under exemption 2, Summers Supp. Decl. ¶ 8, and of third-party identifying information from two released pages under exemption 7(C), *id*. ¶ 9. *See* Mem. Op. at 15-16 (approving application of exemption 7(C) to third-party information); Mem. Op. of August 8, 2008 [Dkt. No. 46] at 5 (approving application of exemption 2 to staff telephone extensions).

---

[2] As will become clear, this determination does not completely resolve the issue because the Court is without sufficient information to determine the propriety of BOP's withholding of the one-page staff memorandum in its entirety. *See infra* 7-8. Particularly, BOP has not specified which of the information contained in the memorandum is exemption 5 material and which is exemption 7(F) material. Unlike the broad protection afforded attorney work product, "[f]actual material that does not reveal the deliberative process is not protected by [exemption 5]," *Morley v. CIA*, 508 F.3d 1108, 1127 (D.C. Cir. 2007), and exemption 7(F) material is typically capable of being redacted from a record.

Count 10

In response to plaintiff's request for records pertaining to an incident report he received on June 15, 2005, Summers Supp. Decl. ¶ 16, BOP released 55 whole pages and 29 redacted pages; it withheld seven whole pages. *Id*. ¶ 17.  BOP properly justified redacting the names of other federal inmates under exemptions 7(C) and 7(F) from the released documents.  Summers Supp. Decl. ¶¶ 19, 22.

BOP redacted "information contained in staff memoranda, specifically internal procedures related to the Administrative Remedy Program" under exemption 2 and, as to three documents, in conjunction with exemption 7(F). *Id*. ¶¶ 21, 22.  By its terms, exemption 2 protects from disclosure information that is "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. § 552(b)(2).  BOP properly redacted such information from the released documents. *Cf. Crooker v. Bureau of Alcohol, Tobacco & Firearms*, 670 F.2d 1051, 1073 (D.C. Cir. 1981) (approving the redaction of portions of BATF manual pertaining to law enforcement investigative techniques).

BOP withheld seven documents in their entirety.  It withheld a one-page staff memorandum dated June 16, 2005, containing "communications between government employees in connection with security/safety issues" under exemptions 5 and 7(F); a one-page staff memorandum and two e-mail messages containing "communications of [a] government employee in review of administrative remedy investigation and recommendation for adjudication" as deliberative process material under exemption 5 and, as to one e-mail, in conjunction with exemption 2; a "Draft Administrative Remedy Response" under exemption 5; and a two-page, third-party Request for Administrative Remedy under exemption 7(C). Summers Supp. Decl. ¶¶ 24-27.  BOP has properly justified withholding the aforementioned

5

information as deliberative process material, except that contained in the first listed memorandum of June 16, 2005.[3] There is no indication from the description provided that the communications regarding security and safety issues were "pre-decisional and . . . deliberative," *In re Sealed Case*, 121 F.3d 729, 737 (D.C. Cir. 1997), and "documents that simply state or explain a decision the government has already made or protect material that is purely factual" is not protected by the deliberative process privilege. *Id*. The Court therefore denies summary judgment to BOP on its application of exemption 5 to the information contained in the memorandum dated June 16, 2005, and, as earlier noted, on its withholding of the seven documents in their entirety.

Count 11

In response to plaintiff's request for records pertaining to another incident report, BOP released 23 whole pages and 18 redacted pages; it withheld five pages in their entirety. Summers Supp. Decl. ¶ 32. BOP properly justified redacting third-party information from the 18 released pages under exemptions 7(C) and 7(F). S*ee id*. ¶¶ 34, 35. BOP's descriptions of the five withheld pages, however, are too sparse for the Court to determine the propriety of those withholdings. Invoking exemptions 2 and 7(F), BOP withheld a four-page document identified only as "[h]andwritten undated documents" and one-page identified only as a "[d]ocument/ drawing." *Id*. ¶ 37. It does not state which of the information contained therein is exemption 2 material and which is exemption 7(F) material and correlate said material with the asserted harm. *See Oglesby v. U.S. Dep't of Justice*, 79 F.3d 1172, 1178 (D.C. Cir. 1996) (adequate affidavit

---

[3] It is unclear whether this document is the same as the staff memorandum of the same date described under Count 8 that is described also as containing "discussion regarding the appropriate course of action." Summers Supp. Decl. ¶ 11. Because defendant must review both documents for segregability, the Court will leave this point for defendant to clarify in its supplemental filing.

"contains sufficient detail to forge the 'logical connection between the information [withheld] and the claimed exemption'") (quoting *Goldberg v. U.S. Dep't of State*, 818 F.2d 71, 78 (D.C. Cir. 1987)) (brackets in original).  The Court therefore denies summary judgment to BOP on its application of exemptions 2 and 7(F) to the five withheld pages.

Count 13

In response to plaintiff's request for records pertaining to yet another incident report, BOP released 10 whole pages and one redacted page.  *Id*. ¶ 42.  It properly justified redacting "communications of [a] government employee in review of administrative remedy investigation and recommendation for adjudication" as deliberative process material protected by exemption 5.  *Id*. ¶ 43; *see supra* 3-4.

Record Segregability

The Court must determine on its own whether defendant properly withheld responsive records in their entirety.  *See Trans-Pacific Policing Agreement v. United States Customs Service*, 177 F.3d 1022, 1027-28 (D.C. Cir. 1999).  Summers states that "[e]ach record was evaluated for, line by line, for segregability[,]" Summers Supp. Decl. ¶ 47, and that the "withheld information cannot be further segregated without disclosing certain [BOP] security techniques . . . and without revealing the identities and identifying factors of third parties[,]" *id*. ¶ 48.  She further states that "[w]here a document was withheld in its entirety, BOP determined that no meaningful portions could reasonably be released without destroying the integrity of such document as a whole." *Id*.  But in order to justify withholding entire documents, an agency must demonstrate that the "exempt and nonexempt information are 'inextricably intertwined,' such that the excision of exempt information would impose significant costs on the agency and produce an edited document with little informational value." *Mays v. Drug Enforcement*

*Administration*, 234 F.3d 1324, 1327 (D.C. Cir. 2000) (quoting *Neufeld v. IRS*, 646 F.2d 661, 666 (D.C. Cir. 1981)) (other citation and internal quotation marks omitted).  Whether release of information would destroy the "integrity" of the document is not significantly probative of the issue.  The Court therefore denies summary judgment to BOP on its withholding of records in their entirety--except the 30 pages of attorney work product--and defers its finding on record segregability pending BOP's supplementation of the record.

## CONCLUSION

For the foregoing reasons, the Court grants BOP's summary judgment motion with respect to its redacting of information based on FOIA exemptions 2, 5, 7(C) and 7(F) and its withholding of 30 pages of attorney work product under FOIA exemption 5.  As to the application of exemption 5 to the information contained in the one-page memorandum dated June 16, 2005 (Count 10), the application of exemptions 2 and 7(F) to five withheld pages (Count 11), and the withholding of all other documents in their entirety, the motion is denied.  A separate Order accompanies this Memorandum Opinion.

                                                      _____s/s_____
                                                      COLLEEN KOLLAR-KOTELLY
DATE: June 9, 2009                           United States District Judge