UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Michael C. Antonelli, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 07-2016 (CKK) |
| | : | |
| Federal Bureau of Prisons *et al.*, | : | |
| | : | |
| Defendants. | : | |

MEMORANDUM OPINION

In what remains of this Freedom of Information Act ("FOIA") case, the Bureau of Prisons ("BOP") has supplemented the record with evidence that further explains its justification for withholding certain records in their entirety.[1]  *See* Order of June 9, 2009 [Dkt. No. 75] and accompanying Memorandum Opinion ("Mem. Op.") [Dkt. No. 76] at 6-8.  Pending before the Court is BOP's renewed motion for summary judgment or, in the alternative, for an *in camera* review of the documents at issue.  Plaintiff, who is no stranger to litigating FOIA actions in this Court, has not opposed the motion despite the Court's advisements.[2]  The Court therefore treats BOP's renewed motion for summary judgment as conceded.  *See In re Miller*, 2004 WL 963819, 1 (D.C. Cir., May 4, 2004) (In managing its docket under the circumstances presented, "the court may choose to . . . resolve the motion for summary judgment on the merits without an opposition

---

[1] Plaintiff's claims against all other defendants have been resolved.  *See* Order of December 22, 2008 (granting summary judgment to the Federal Bureau of Investigation); Order of August 4, 2008 (granting summary judgment to the United States Marshals Service and Immigration and Customs Enforcement).

[2] *See* Order of July 30, 2009 (advising plaintiff about his obligation to respond to BOP's motion by August 31, 2009, and of the consequences if he did not); Minute Order of August 31, 2009 (granting plaintiff's motion to enlarge the response time to September 15, 2009).

. . . or [] treat summary judgment as conceded."); *FDIC v. Bender*, 127 F.3d 58, 67 (D.C. Cir. 1997) (finding no abuse of discretion in Court's enforcement of local rule by "treat[ing] the FDIC's motion for summary judgment as conceded").

Notwithstanding the foregoing disposition, the Court must determine whether BOP properly withheld records in their entirety. *See* Mem. Op. at 7-8 (citing *Trans-Pacific Policing Agreement v. United States Customs Service*, 177 F.3d 1022, 1027-28 (D.C. Cir. 1999)). Of the 12 previously withheld records, BOP has now determined that two--a one-page staff memorandum dated June 16, 2005, and a one-page drawing--can be released; the latter in its entirety and the former in part. Second Supplemental Declaration of Karen Summers in Response to the Court's Memorandum Opinion of June 9, 2009 [Dkt. No. 78-3] at 2, nn.1, 2. Based on Summers's descriptions of the remaining 10 records withheld in full, her correlation of the information they contain with each claimed exemption, *id.* ¶¶ 14-21; 25-28, and her sworn statement that following review of the information "for segreability[,] [i]t was determined that . . . no [additional] meaningful portions could reasonably be released," *id* ¶ 31, the Court is satisfied that BOP has now released all reasonably segregable responsive records.

Finding no genuine issue of material fact remaining as to BOP's satisfaction of its disclosure obligations under the FOIA, the Court concludes that BOP is now entitled to judgment as a matter of law. A separate final Order accompanies this Memorandum Opinion.

                _____s/s_____
                COLLEEN KOLLAR-KOTELLY
DATE: October 6, 2009       United States District Judge